1   Michael J. Aguirre, Esq., SBN 060402
    Christopher S. Morris, Esq., SBN 163188
2   Maria C. Severson, Esq., SBN 173967
    AGUIRRE, MORRIS & SEVERSON LLP
3   444 West C Street, Suite 210
    San Diego, CA 92101
4   Telephone:  (619) 876-5364
    Facsimile:  (619) 876-5368
5
    Attorneys for Plaintiffs
6

FILED

09 DEC -8 PM 3: 19

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

7

8                   UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10               '09 CV 2739 L ____ NLS

11  TAMER SALAMEH, an individual; REAL      Case No.
    ESTATE 4 HOSPITALITY, LLC,
12  individually and on behalf of a Class of all   **CLASS ACTION COMPLAINT FOR**
    others similarly situated,                **VIOLATIONS OF FEDERAL AND STATE**
13                                            **SECURITIES LAWS**
                          Plaintiffs,
14                                            1.  **§12(a)(2) Securities Act of 1933**
         v.                                       **(Misrepresentation and Omission)**
15                                            2.  **Corp Code §25503 (Failure to Qualify)**
    TARSADIA HOTEL, a California              3.  **Corp Code §25501 (Misrepresentations**
16  Corporation; TUSHAR PATEL, an                 **and Omissions)**
    individual; B.U. PATEL, an individual;    4.  **Corp Code §25501.5 (Rescission Against**
17  GREGORY CASSERLY, an individual; 5th          **Unlicensed Broker-Dealer)**
    ROCK LLC, a Delaware limited liability    5.  **Corp Code § 25504 (Control Person**
18  company; MPK ONE, LLC, a California            **Liability)**
    limited liability company; PLAYGROUND
19  DESTINATION PROPERTIES, a
    corporation; EAST WEST BANK, a            **JURY TRIAL DEMANDED**
20  California corporation; and DOES 1 to 100,
    inclusive,
21
                          Defendants.
22

23

24

25

26

27

28



# TABLE OF CONTENTS

NATURE OF ACTION ............................................................................................. 1

THE PARTIES ......................................................................................................... 2

CLASS ALLEGATIONS .......................................................................................... 4

JURISDICTION AND VENUE ................................................................................ 4

HARD ROCK HOTEL SAN DIEGO ....................................................................... 5

THE HRHSD PROSPECTUS .................................................................................. 5

MISREPRESENTATIONS AND OMISSIONS ....................................................... 5

THE HRHSD INVESTMENT CONTRACT ........................................................... 7

HRHSD PROMOTERS VIOLATED THE LAW .................................................... 9

REGISTRATION WOULD HAVE DISCLOSED FLAWS
IN THE INVESTMENT ......................................................................................... 10

OFFERING WAS NOT FAIR, JUST AND EQUITABLE..................................... 11

CONTROL PERSON AND JOINT AND SEVERAL LIABILITY .......................... 12

UNLICENSED BROKER DEALER LIABILITY .................................................. 12

DEFENDANT EAST WEST BANK AND OTHER DOE DEFENDANTS
PROVIDED FUNDING AND MATERIALLY ASSISTED VIOLATIONS ............... 13

FIRST CLAIM FOR RELIEF................................................................................ 14
§12(a)(2) Securities Act of 1933
Misrepresentation and Omission

SECOND CLAIM FOR RELIEF ........................................................................... 14
Corp Code §25503
Failure to Qualify

THIRD CLAIM FOR RELIEF ............................................................................... 15
Corp Code §25501
Misrepresentations and Omissions

FOURTH CLAIM FOR RELIEF ........................................................................... 15
Corp Code §25501.5
Rescission Against Unlicensed Broker-Dealer against
Playground Destination Properties only

FIFTH CLAIM FOR RELIEF ................................................................................ 16
Corp Code § 25504
Control Person Liability against Patel and Casserly Defendants

CERTIFICATIONPURSUANT TO SECTION 27
OF THE SECURITIES ACT OF 1933 .................................................................. 17

i

**NATURE OF ACTION**

1.      Public investors in the Hard Rock Hotel San Diego (HRHSD) are losing tens of millions of dollars from their failed HRHSD investment properties. The HRHSD promoters sold investment contracts (HRHSD Investment Contracts) to investors without registering the investment agreements with the US Securities & Exchange Commission (SEC) or qualifying them with the California Department of Corporations (DOC), in violation of federal and state investor protection laws.

2.      The HRHSD promoters and issuers did not want the HRHSD Investment Contract to be reviewed by federal and state investment regulators.  The promoters knew the SEC Corporate Finance Division would review, from the point of view of investors, the investment features of the HRHSD Investment Contracts to determine if the investor agreements contained material misrepresentations or omitted facts needed to make those stated not misleading.  The HRHSD also believed the DOC would not issue a permit for the HRHSD if the DOC determined the HRHSD Investment Contracts were not fair, just and equitable. In order to avoid this scrutiny of the HRHSD Investment Contracts, HRHSD promoters elected to disregard their legal duties to submit the HRHSD Investment Contracts to the federal and state investment regulators.

3.      The HRHSD promoters shifted the risk of their HRHSD investment through the HRHSD Investment Contracts to investors.  HRHSD promoters sold individual studio and suite investment properties to investors but under the terms of the HRHSD Investment Contract the promoters retained control of the HRHSD studio and suite keys. Under the terms of the HRHSD Investment Contract investors were only permitted to stay in their HRHSD studio and suites only 28 days of the year.

4.      Whether investors made money on their HRHSD investment under the terms of the HRHSD Investment Contract was dependent on the managerial efforts of the HRHSD promoters.

5.      As a direct and proximate result of defendants' violation of investor protection laws, plaintiffs have suffered tens of millions of dollars in damages. The HRHSD is paying plaintiffs only a fraction of what plaintiffs would need to break even on their HRHSD Investment

1  Contracts. For those who financed their investment in HRHSD with bank loans, the HRHSD

2  revenues are materially and substantially less than the loan debt service.

3       6.     HRHSD promoters prepared documents and provided them to potential purchasers

4  to give the false impression that HRHSD investors had a choice about whether to use the HRHSD

5  promoters to manage rentals of investors' HRHSD investment properties, when in fact the

6  promoters structured the HRHSD so that investors were required to rely on the HRHSD

7  promoters to manage rental of the HRHSD investment properties.

8       7.     The HRHSD promoters used classic bait-and-switch techniques to sell investors

9  HRHSD Investment Contracts. Promoters told investors they would be treated like "rock stars" --

10  the HRHSD Investment Contracts would give investors a proverbial back stage pass to the

11  investment opportunity that was HRHSD.

12       8.     In fact the HRHSD Investment Contract was an artifice of deception devised to be

13  used by HRHSD promoters to shift substantial risks of the HRHSD to dazzled investors.

14       9.     This operative complaint has been filed to force the HRHSD promoters to honor

15  their legal duties and make whole the investors who were tricked into buying HRHSD Investment

16  Contracts.

17                                       **THE PARTIES**

18       10.     Plaintiff Tamer Salameh, individually and on behalf of a Class of all other

19  similarly situated persons described below (collectively, "Plaintiffs"), file this Class Action

20  Complaint. Plaintiff Salameh is a resident of the Southern District of California, and an investor

21  who purchased HRHSD Investment Contracts.

22       11.     Plaintiff Real Estate 4 Hospitality, LLC is a California limited liability company

23  whose principal place of business is in the Southern District of California, and an investor who

24  purchased HRHSD Investment Contracts.

25       12.     The promoters who engaged in the unlawful activities alleged are defendants

26  Tarsadia Hotels, a California Corporation (Tarsadia); Tushar Patel, Chairman of Tarsadia; B.U.

27  Patel, founder and Vice Chairman of Tarsadia; Greg Casserly, agent and President of Tarsadia; 5th

28  Rock LLC, a Delaware limited liability company and seller of the HRHSD studios and suites, and

2

1   also the HRHSD operator; MPK ONE, LLC, a California limited liability company doing

2   business in the Southern District of California and the manager of 5th Rock LLC; Playground

3   Destination Properties, a corporation, sales broker for the HRHSD Investment Contracts; East

4   West Bank, a California corporation; and other banking company defendants that assisted,

5   participated in, and funded the investment contracts in whole or part (collectively, the

6   "Defendants").

7         13.    Each of the Plaintiffs, including plaintiff Tamer Salameh and Real estate 4

8   Hospitality, LLC (collectively, Plaintiffs) acquired or purchased a Hard Rock Hotel San Diego

9   Investment Contract, as described more fully herein.

10         14.    Defendant 5th Rock LLC is a Delaware limited liability company doing business in

11   the Southern District of California.   Defendant 5th Rock LLC was the developer and seller of the

12   HRHSD studio and suites.

13         15.    Defendants MPK ONE, LLC, is a California limited liability company doing

14   business in the Southern District of California.  MPK ONE LLC is the controlling entity that

15   manages 5th Rock LLC.  MPK ONE LLC executed the sales documents by which the investment

16   properties -- studio and suites -- were sold to investors.

17         16.    Defendant Tarsadia Hotels (Tarsadia) is a California Corporation doing business in

18   the Southern District of California.  Tarsadia is HRHSD's operator.

19         17.    Defendant Tushar Patel is the Chairman of defendant Tarsadia. In the Southern

20   District of California, he engaged in material and substantial wrongdoing underlying and forming

21   the basis of the claims alleged in this operative complaint.

22         18.    B.U. Patel is the Vice Chairman and founder of defendant Tarsadia.   In the

23   Southern District of California, defendant B.U. Patel engaged in material and substantial

24   wrongdoing underlying and forming the basis of the claims alleged in this operative complaint.

25         19.    Defendant Greg Casserly was at all relevant times the President of defendant

26   Tarsadia. He joined defendant Tarsadia in 1998.   In the Southern District of California, defendant

27   Casserly engaged in material and substantial wrongdoing underlying and forming the basis of the

28   claims alleged in this operative complaint.

1      20.    Defendant Playground Destination Properties, Inc. (Playground) is a Washington

2  corporation doing business in the Southern District of California. At all relevant times,

3  Playground engaged in material and substantial wrongdoing underlying and forming the basis of

4  the claims alleged in this operative complaint.

5      21.    Defendant East West Bank, a California Corporation, materially assisted in the

6  sale of the unqualified HRHSD Investment Contracts.

7                 **CLASS ALLEGATIONS**

8      22.    Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23(a), (b)(1), and (b)(3) on

9  behalf of all persons (the "Investors") who were sold and who purchased HRHSD Investment

10  Contracts (referred to as "HRHSD Investment Contract" or HRHSD Securities").

11      23.    Plaintiffs sue as representative parties on behalf of all members of the class of

12  purchasers of HRHSD Investment Securities. The class is so numerous that joinder of all of the

13  several hundred purchasers of the HRHSD Investment Securities would be impracticable. There

14  are fundamental questions of law and fact common to the class including whether the elements of

15  the federal and state investor protection law claims can be satisfied.

16      24.    The claims of the representative parties are typical of the claims of the class. The

17  representative parties and counsel will fairly and adequately protect the interests of the class.  The

18  common questions of law and fact common to the class members predominate over any questions

19  affecting only individual members, and a class action is superior to other available methods for

20  fairly and efficiently adjudicating the controversy.

21      25.    The contracts identified in this operative complaint that collectively form the

22  HRDSD Investment Contracts are contracts of adhesion. To the extent those contracts purport to

23  restrain a party's ability to proceed in this action, those provisions are unconscionable and

24  unenforceable.

25                **JURISDICTION AND VENUE**

26      26.    The claims herein arise under Section 12(a)(2) of the Securities Act, 15 U.S.C. §

27  77l (a)(2), and Section 15 of the Securities Act, 15 U.S.C. § 77o. This Court has subject matter

28  and supplemental jurisdiction of this action pursuant to Section 22 of the Securities Act, 15

4

1  U.S.C. § 77v, and 28 U.S.C. §§ 1331 and 1337, 1367(a).

2      27.    Venue is proper in this District pursuant to Section 22 of the Securities Act and 28

3  U.S.C. § 1391(b). The violations of law alleged herein occurred in substantial part in this District,

4  within which the sale of the Hard Rock Investment Securities to Class members occurred, and

5  within which the investment properties are located.

6      28.    In connection with the acts and practices alleged herein, Defendants used the U.S.

7  Mail and facilities of interstate commerce.

8

9  ### HARD ROCK HOTEL SAN DIEGO

10      29.    HRHSD is a 12-story building located at 207 5th Avenue, San Diego, California,

11  located at the entrance to the San Diego's historic Gaslamp Quarter, across the street from the San

12  Diego Convention Center, and one block from PETCO Park. It opened December 15, 2007.

13      30.    HRHSD has 420 guestrooms, consisting of 244 studios, 159 Hard Rock Suites,

14  and 17 Rock Star Suites. HRHSD also has 40,000 square feet of meeting and event space.

15  Tarsadia is the HRHSD hotel manager.

16  ### THE HRHSD PROSPECTUS

17      31.    The HRHSD Investment Contracts were offered and sold to investors by use of

18  uniform advertisements, emails, letters, or other communications, written or by television, which

19  offered the HRHSD Investment Contracts for sale and which confirmed the sale of the HRHSD

20  Investment Contracts. The writings making up the prospectus included, but were not limited to,

21  the 1 August 2007 Tarsadia's Optional Rental Management Program FAQ.

22  ### MISREPRESENTATIONS AND OMISSIONS

23      32.    Defendants' legal duty was to register and qualify the HRHSD Investment

24  Contracts -- a process that would have caused defendants to disclose the material information

25  required by those investor protection agencies explaining how defendants organized the HRHSD

26  investment to achieve its investment objectives.

27      33.    Instead, the promoters distracted investors with claims that HRHSD was a hot new

28  scene, and place to be seen. HRHSD promoters successfully marketed the sizzle of the HRHSD

5

1   investment opportunity without going through the legally required process of registration and

2   qualification.

3       34.     The key misrepresentation and omission revolved around the defendants' rental

4   management agreement and program. Defendants falsely represented that defendant Tarsadia's

5   rental program was not mandatory and not a condition of ownership, when as a matter of

6   economic and practical reality, the Tarsadia rental program was mandatory and a condition of

7   ownership. It was not feasible, as plaintiffs were to later discover, for investors to operate his or

8   her own rental management system separate from the HRHSD, given the control 5th Rock LLC

9   exercised over investors' studios and suites, under the terms of the Operations Agreement.

10  Defendant Tarsadia, an affiliate of 5th Rock LLC and under the common control of the Patel

11  defendants and defendant Casserly, was the manager of the HRHSD and investors' exclusive

12  rental agent.

13      35.     Defendants represented that investors were not required to participate in Tarsadia's

14  rental management program and that the decision was entirely up to investors. This representation

15  was false and untrue in that plaintiffs were required to participate in Tarsadia's rental

16  management program and the decision was not entirely up to investors.   Under the terms of the

17  operations agreement, 5th Rock LLC, under the common control of Tarsadia, Patel defendants and

18  Casserly, retained control of investors' studios and suites as alleged in this operative complaint

19  such that separate rental management by investors was not feasible. Defendants made these

20  misrepresentations in Tarsadia's Optional Rental Management Program FAQ.

21      36.     Defendants omitted to disclose that the reason they misrepresented the rental

22  management agreement as *not* mandatory is that they were attempting to conceal the fact that the

23  HRHSD Investment Contract transaction was an unregistered, public offering of a security.

24  Defendants prepared and approved the Tarsadia's Optional Rental Management Program FAQ

25  with the intent of creating a false written record that the rental management was not a condition of

26  ownership to make it less likely that the investment would be recognized for what it was -- the

27  public offering of a security. Defendants aided and materially assisted each other in the

28  misrepresentations so as to close the deals with the plaintiff investors.

6

37.     Plaintiffs had no control over the rental management of their studios and suites and were prohibited under the mandatory Operations Agreement from having control over their studios and suites. This lack of control prevented and continues to prevent Plaintiffs from ever being able to separately manage the rental of their studios and suites.

38.     Plaintiffs are bringing this action within: one (1) year after discovery of the untrue statements or the omissions of material facts alleged herein; within one (1) year after discovery of the untrue statements and omissions should have been made by the exercise of reasonable diligence; and within three (3) years of the sale of the HRHSD Investment Contracts. Plaintiffs did not discover the facts on which this action is based until after consulting with counsel, which was less than a year before the filing of this operative complaint.

## THE HRHSD INVESTMENT CONTRACT

39.     The HRHSD Investment Contract provided for investors to obtain an ownership interest in individual HRHSD studios or suites. Promoters made a public offering of the HRHSD Investment Contracts through press releases and public marketing programs, including television ads on target market specific channels like MTV, with the intent and effect of inducing investors to purchase HRHSD Investment Contracts for up to the 244 Studios, 159 Hard Rock Suites, and 17 Rock Star suites.

40.     The HRHSD promoters used advertising, sales literature, promotional arrangements and oral representation that emphasized to investors the economic benefits investors would derive from the HRHSD promoters and their agents' efforts in renting investors' studio and suites.

41.     The HRHSD promoters told investors Tarsadia was an "approved rental manager provider" hired to manage HRHSD.  Promoters emphasized the economic benefits investors would derive from Tarsadia's managing the rental of investors' studio and suites.  The promoters told investors Tarsadia's objective was "to maximize revenue by renting the participating suites the most number of nights at the highest possible rate." Promoters, in reference to the rental program, told investors "We've got the team. We've got the ideas. We've got the experience. Now we want you."

7

42.     Under the HRHSD Investment Contract investors bought one or more of the studios or suites from $350,000 to more than $2,000,000.  Investors paid cash for or arranged for financing to purchase the HRHSD studios or suites.

43.     Investors were required to execute three writings that formed the core of the HRHSD Investment Contract: (1) Purchase Contract and Escrow Instructions; (2) Unit Maintenance and Operating Agreement (Operations Agreement); (3) Tarsadia Hotel's Hard Rock Hotel San Diego Rental Management Agreement (RMA).  Further, the banks named in this complaint as named parties or by their involvement assisted with funding so as to help promoters further their plan.

44.     Under the HRHSD Operation Agreement, defendant 5th Rock LLC had the right to manage HRHSD and was vested with the exclusive authority and right to:

- accept reservations, enforce check-in and check-out procedures, perform housekeeping services;
- issue room keys (including to plaintiffs and investors);
- collect service and other charges;
- collect and remit transient occupancy taxes;
- provide such personnel as necessary to accomplish the defined services.
- purchase and replace linens, towels, blankets and the like within the Studio and suites (costs to be paid by plaintiffs);
- connect plaintiffs' unit telephones to the Hard Rock Hotel switchboard;
- arrange for basic cable or satellite television service to the Hotel Unit;
- operate the mini-bars and otherwise sell alcoholic beverages and foot in the studio and suites.

45.     Investors were limited to staying in their Studio and suites to an aggregate maximum of 28 days during each calendar year.  The investment was organized so that plaintiffs could only sell their units subject to the same 28-day aggregate non-residential condition.

46.     Investors were not issued keys to their studios and suites. All keys to the electronic locking device system are maintained by the HRHSD.  Investors can gain access to their studios and suites only through the HRHSD, and are first required to deliver a credit card to the HRHSD to establish a credit account with respect to plaintiffs' studio or suite.

47.     Under one of the agreements that forms the HRHSD Investment Contract -- the Operating Agreement -- plaintiffs pay defendant 5th Rock LLC a service and management fee for each day plaintiffs use their studios and suites of $90 per day for a studio, $125 per day for a one-

8

1   bedroom suite, and $150 per day for a Rock Star suite.  The service and management fee is due

2   and payable upon each check-out.  The service and management fee is set to increase not less

3   than 4% per year.

4       48.    If defendant 5th Rock LLC performs extraordinary or additional services in

5   connection with their studios and suites, plaintiffs are required to pay defendant 5th Rock LLC all

6   costs incurred in performing such extraordinary and additional services. Plaintiffs have to pay

7   defendant 5th Rock LLC 10% of the costs incurred in performing such extraordinary or additional

8   services.

9       49.    Defendant 5th Rock LLC may at its election deduct all costs incurred in connection

10   with the extraordinary or additional services from any revenue that may be collected from a Guest

11   that is otherwise payable to plaintiffs under the HRHSD Investment Contract.

12       50.    Plaintiffs were required to agree that plaintiffs would cooperate and in no way

13   interfere with or impede 5th Rock LLC in the operation and management of the Hard Rock Hotel.

14   Plaintiffs were required to agree to indemnify defendant 5th Rock LLC.

15       51.    Plaintiffs were not permitted to sell their studios and suites without first giving

16   written notice to defendant 5th Rock LLC of the terms of the proposed sale of plaintiffs' studios

17   and suites.  Defendant 5th Rock had five days from the date of receipt of plaintiffs' notice of

18   intent to sell to elect to exercise a right of first refusal.

19   **HRHSD PROMOTERS VIOLATED THE LAW**

20       52.    Defendants violated Section 12(a)(1) of the Securities Act of 1933, 15 U.S.C. §

21   771(a)(1) (the "Securities Act"), by failing to register with the U.S. Securities and Exchange

22   Commission ("SEC") the offering of Hard Rock Hotel Investment Contracts. (No claim for relief

23   under Section 12(a)(1) of the Securities Act of 1933 is being asserted.)

24       53.    Defendants violated California Corporations Code § 25110 because they offered

25   and sold in California an issuer transaction. The HRHSD Investment Contracts sales had not been

26   qualified under the relevant sections of the California Corporations Code and therefore

27   defendants are liable to plaintiffs under California Corporations Code § 25503.

28   / / /

9

54.     Defendants violated §12(a)(2) of the Securities Act, 15 U.S.C. § 77l because they made material misrepresentations of fact and omitted to state material facts needed to make those stated not misleading in connection with the offer and sale of the HRHSD Investment Securities.

55.     Defendants violated California Corporations Code § 25401 because they offered and sold in California the HRHSD Investment Securities in this State by means of written or oral communications which included an untrue statement of a material fact or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

56.     Under Corporations Code § 25501 defendants are persons who violated § 25401 and are therefore liable to the plaintiffs because plaintiffs are persons who purchased the HRHSD Investment Securities from defendants and because defendants are persons who sold the securities to plaintiffs.  Plaintiffs sue alternatively for rescission and/or for damages.

57.     Under California statutory law plaintiffs are entitled to recover damages from defendants and/or to rescind the HRHSD Investment Contracts because defendants made material misrepresentations or omitted to state material facts upon which plaintiffs relied and therefore suffered foreseeable damages.

**REGISTRATION WOULD HAVE DISCLOSED FLAWS IN THE INVESTMENT**

58.     Had defendants complied with their legal duties they would have been required to file a registration statement with the SEC describing in detail the Hard Rock Investment Contract. The Hard Rock Hotel Registration Statements would have had two principal parts: Part I is the prospectus, the legal offering or "selling" document. In the prospectus defendants would have been required as the issuers of the HRHSD Investment Contracts to describe the important facts about the defendants' business operations, financial condition, and management.

59.     Defendants would have been required to provide the HRHSD Prospectus to those to whom the opportunity to buy a HRHSD was presented.

60.     Part II of the HRHSD Registration Statement would have contained additional information that the defendants would not have been required to provide to plaintiffs.

/ / /

10

61.     The SEC Division of Corporation Finance's mission would have reviewed the HRHSD registration statement information to make sure investors were provided with material information in order to make an informed investment decision to buy the HRHSD Investment Security.

62.     SEC staff would have examined the HRHSD registration statements for compliance with disclosure requirements. Those parts of the filing that appeared incomplete or inaccurate would have been identified in a letter to defendants from SEC staff.  Defendants would have been required to file a correcting or clarifying amendment to the Hard Rock Registration Statement.

63.     During this process defendants would have been required to disclose the essential financial information and mode of operations.

64.     Defendants failed to comply with their legal duty to register the Hard Rock Investment Contracts with the SEC in violation of §12(a)(1) of the Securities Act.  Defendants also misrepresented to plaintiffs that defendants were not required to register the offering with SEC, when in fact they were required to register in violation of § 12(a)(2) of the Securities Act.

## OFFERING WAS NOT FAIR, JUST AND EQUITABLE

65.     The HRHSD Investment Contract was a security in an issuer transaction that was not qualified under the California Corporations Code (Corp Code).

66.     Defendants were required under Corp Code § 25110 to qualify the HRHSD Investment Contracts in California before offering and selling it to California investors including plaintiffs.

67.     Plaintiffs purchased HRHSD Investment Contracts that were required to be but were not qualified under the California investor protection law.  Plaintiffs sue to recover the consideration they paid for the HRHSD Investment Contracts with interest thereon at the legal rate, less the amount of any income received there from.

68.     Plaintiffs hereby tender their HRHSD Investment Contracts, including the studios and suites units plaintiffs purchased.

/ / /

69.   In violation of Corp Code § 25401 defendants sold to plaintiffs HRHSD Investment Contracts by means of written or oral communication which included an untrue , statement of a material fact or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

70.   Defendants violated Corp § 25401 because they sold to plaintiffs HRHSD Investment Contracts by means of untruthful information and thus are liable to plaintiffs who purchased the HRHSD Investment Contracts from defendants. Plaintiffs sue in this action for rescission and/or for damages.

### CONTROL PERSON AND JOINT AND SEVERAL LIABILITY

71.   The Patel defendants and defendant Greg Casserly directly or indirectly control Tarsadia, a corporation liable to plaintiffs under Corp Code §§ 25501 or 25503.  The Patel defendants and defendant Casserly are principal executive officers or directs of the Tarsadia corporation, which is so liable.

72.   Defendant Playground Destination Properties, agent of defendants Tarsadia and 5th Rock LLC, materially aided in the act or transaction constituting the violations and is also liable jointly and severally with and to the same extent as the remaining defendants.

### UNLICENSED BROKER DEALER LIABILITY

73.   Plaintiffs purchased HRHSD Investment Contracts from Defendant Playground Destination Properties when defendant Playground Destination Properties was required to be registered as a broker-dealer and had not at the time of the sale applied for and secured from the commissioner a required broker-dealer certificate.

74.   Plaintiffs bring this action for rescission of the sale of the HRHSD Investment Contracts to recover the consideration plaintiffs paid for the HRHSD Investment Contracts plus interest at the legal rate, less the amount of any income received on the HRHSD Investment Contract pursuant to Corp Code § 25501.5.

/ / /

/ / /

/ / /

12

COMPLAINT

**DEFENDANT EAST WEST BANK AND OTHER DOE DEFENDANTS
PROVIDED FUNDING AND MATERIALLY ASSISTED VIOLATIONS**

75.     Defendant East West Bank, a California Corporation, and other Doe defendants materially assisted in the sale of the unqualified HRHSD Investment Contracts that were sold in violation of Corp Code §Section 25110 and 25401.  Defendant East West bank knew or was reckless in not knowing their co-defendants were misrepresenting that the rental program was not mandatory.  Defendant East West bank knew or was reckless in not knowing the reason their co-defendants were misrepresenting that the rental program was voluntary was to conceal the fact that defendants were making a public offering of the HRHSD Investment Securities.

76.     Defendant East West Bank and other Doe defendants materially assisted the violations by providing the financing needed to consummate the sales of the HRHSD Investment Contracts. Defendant East West bank had a prior existing relationship with the other defendants and assisted their co-defendants in transferring the risks of the investment to plaintiffs and from defendants by transferring funds to the defendants and preparing documents obligating plaintiffs to pay through a loan for the fund transfer to defendants.  Defendant East West Bank's and other Doe defendants' material assistance of defendants' violations was a substantial factor in causing plaintiffs' damages.

77.     Defendant East West Bank, a California Corporation, and other Doe defendants materially assisted in the sale of the unqualified HRHSD Investment Contracts that were sold in violation of Corp Code §Section 25110 and 25401.  Defendant East West bank and other Doe defendants knew or with reasonable diligence should have known that the rental program was not mandatory, and that the reason their co-defendants were misrepresenting the rental program was voluntary was to conceal the fact that defendants were making a public offering of the HRHSD Investment Securities.

78.     Defendant East West Bank and other Doe defendants materially assisted the violations by providing the financing needed to consummate the sales of the HRHSD Investment Contracts. Defendant East West Bank and other Doe defendants had a prior existing relationship with the other defendants and materially assisted their co-defendants in transferring the risks of

13

1  the investment to plaintiffs and from defendants by transferring funds to the defendants and

2  preparing documents obligating plaintiffs to pay through a loan for the fund transfer to

3  defendants.  Defendant East West and other Doe defendants secured short term financing for

4  purchasers such as Plaintiff, and knew or should have known that refinancing was not a future

5  feasible option. Defendant East West Bank's and other Doe defendants' material assistance of

6  defendants' violations was a substantial factor in causing plaintiffs damages.

7  **FIRST CLAIM FOR RELIEF**

8  **§12(a)(2) Securities Act of 1933**
   **Misrepresentation and Omission**
9

10  79.  Plaintiffs incorporate each and every allegation alleged in the preceding

11  paragraphs as though fully set forth herein.

12  80.  Defendants are persons who offered and sold HRHSD Investment Contracts by the

13  use of means or instruments of transportation or communication in interstate commerce or of the

14  mails, by means of a prospectus or oral communication, which includes an untrue statement of a

15  material fact or omits to state a material fact necessary in order to make the statements, in the

16  light of the circumstances under which they were made, not misleading.

17  81.  Upon these premises defendants are liable to plaintiffs for the consideration

18  plaintiffs paid for such HRHSD Investment Contract with interest thereon, less the amount of any

19  income received thereon, upon the tender of such security, or for damages if appropriate.

20  **SECOND CLAIM FOR RELIEF**

21  **Corp Code §25503**
   **Failure to Qualify**
22

23  82.  Plaintiffs incorporate each and every allegation alleged in the preceding

24  paragraphs as though fully set forth herein.

25  83.  Defendants are persons who are liable under Corp Code § 25510  for selling

26  HRHSD Investment Contracts when they were required under California law to be qualified by

27  the California Corporations Commissioner but were not so qualified.

28  / / /

14

84.     Upon these premises defendants are liable to plaintiffs for the consideration plaintiffs paid for the HRHSD Investment Contracts plus interest at the legal rate less any income plaintiffs received.  Alternatively, plaintiffs seek damages according to proof at trial.

## THIRD CLAIM FOR RELIEF

### Corp Code §25501
### Misrepresentations and Omissions

85.     Plaintiffs incorporate each and every allegation alleged in the preceding paragraphs as though fully set forth herein.

86.     Defendants are persons who violated Corp Code §25401 because they offered for sale and sold in the State of California the HRHSD Investment Contracts by means of written or oral communications which included an untrue statement of a material fact or omitted s to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading. Plaintiffs are persons who purchased the HRHSD Investment Contracts from defendants.  Upon these premises plaintiffs sue for rescission and/or for damages.

## FOURTH CLAIM FOR RELIEF

### Corp Code §25501.5
### Rescission Against Unlicensed Broker-Dealer against
### Playground Destination Properties only

87.     Plaintiffs incorporate each and every allegation alleged in the preceding paragraphs as though fully set forth herein.

88.     Defendants are persons who violated Corp Code §25501.5 because an unlicensed broker-dealer, they offered for sale and sold in the State of California the HRHSD Investment Contracts that were securities.

89.     Plaintiffs are persons who purchased the HRHSD Investment Contracts from defendants.  Upon these premises plaintiffs sue for rescission and/or for damages.

/ / /

/ / /

/ / /

15

# FIFTH CLAIM FOR RELIEF

## Corp Code § 25504
## Control Person Liability against Patel and Casserly Defendants

90.     Plaintiffs incorporate each and every allegation alleged in the preceding paragraphs as though fully set forth herein.

91.     Defendants Patel and Casserly, directly and indirectly, controlled persons liable under §§ 25501 and 25503 as set forth in this operative complaint and are liable jointly and severally with and to the same extent as such persons under their control.

92.     Upon these premises plaintiffs sue for rescission and/or for damages.

WHEREFORE plaintiffs pray as follows:

UPON ALL CLAIMS FOR RELIEF

1.     Damages in an amount according to proof at trial

2.     Alternatively, an order of recession together with the return by defendants of all consideration paid by plaintiffs less any appropriate income offset.

3.     For reasonable attorneys fees and costs; and

4.     All other relief deemed appropriate by the Court;

Respectfully submitted,

AGUIRRE, MORRIS & SEVERSON LLP

Dated:  December 8, 2009

Maria C. Severson

COMPLAINT

**CERTIFICATION PURSUANT TO
SECTION 27 OF THE SECURITIES ACT OF 1933**

I, Tamer Salameh, declare in the form of this sworn certification:

1.     I have an ownership interest in Real Estate 4 Hospitality, LLC and am authorized to act on its behalf to bring this action. I, on behalf of myself and Real Estate 4 Hospitality, LLC, am seeking to serve as a representative party on behalf of the class of all purchasers of Hard Rock Hotel San Diego) Investment Contracts sold as "condo-hotel" units.

2.     I have reviewed the Complaint and hereby authorize its filing.

3.     I did not did not purchase the HRHSD Investment Contracts – the securities -- that are the subject of the complaint at the direction of Plaintiff's counsel or in order to participate in any private action arising under this title.

4.     I am willing to serve as a representative party on behalf of the class of purchasers of the purported HRHSD Investment Securities, including providing testimony at deposition and trial, if necessary.

5.     I purchased 10 purported HRHSD Investment Contracts that are the subject of the complaint during the class period specified in the complaint.

6.     I have not served or proposed to serve as a representative party on behalf of a class. I will not accept any payment for serving as a representative party on behalf of a class beyond my pro rata share of any recovery, except as ordered or approved by the court in accordance paragraph 4 of §27 of the Securities Act of 1933.  Nothing in this paragraph shall be construed to limit the award of reasonable costs and expenses (including lost wages) directly relating to the representation of the class to any representative party serving on behalf of the class.

Dated:  December 8, 2009                       _____
                                                                Tamer Salameh

17

COMPLAINT



JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

TAMER SALAMEH, an individual;*
*Additional Plaintiffs listed on Attachment "A"

**DEFENDANTS**

TARSADIA HOTEL, a California corporation;*
*Additional Defendants listed on Attachment "A"

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

FILED
09 DEC -8 PH 3:19
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Aguirre, Morris & Severson, LLP   (619) 876-5364
444 West C Street, Suite 210, San Diego, CA 92101

Attorneys (If Known)

**'09 CV 2739 L NLS**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USCS 77, et seq, 28 USC 1331

Brief description of cause:
Federal and State Security laws violations involving condo hotel investment

## VII. REQUESTED IN COMPLAINT:

☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
12/08/2009

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 8057   AMOUNT 350.00   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

MS   12/08/09

CF

**ATTACHMENT "A" TO CIVIL COVER SHEET –
ADDITIONAL PARTIES:**

**PLAINTIFFS**
REAL ESTATE 4 HOSPITALITY, LLC, individually and on behalf of a Class of all others
similarly situated

**DEFENDANTS**
TUSHAR PATEL, an individual; B.U. PATEL, an individual; GREGORY CASSERLY, an
individual; 5th ROCK LLC, a Delaware limited liability company; MPK ONE, LLC, a California
limited liability company; PLAYGROUND DESTINATION PROPERTIES, a corporation;
EAST WEST BANK, a California corporation; and DOES 1 to 100, inclusive,

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS008057
Cashier ID: msweaney
Transaction Date: 12/08/2009
Payer Name: AGUIRRE MORRIS AND SEVERSON
--------------------------------
CIVIL FILING FEE
  For: SALAMEH V TARSADIA HOTEL
  Case/Party: D-CAS-3-09-CV-002739-001
  Amount:      $350.00
--------------------------------
CHECK
  Check/Money Order Num: 1243
  Amt Tendered:  $350.00
--------------------------------
Total Due:     $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```