1 COX, CASTLE & NICHOLSON LLP
  FREDERICK H. KRANZ (STATE BAR NO. 055815)
2 fkranz@coxcastle.com
  LYNN T. GALUPPO (STATE BAR NO. 204096)
3 lgaluppo@coxcastle.com
  19800 MacArthur Boulevard, Suite 500
4 Irvine, CA 92612-2435
  Telephone:  (949) 476-2111
5 Facsimile:  (949) 476-0256

6 COX, CASTLE & NICHOLSON LLP
  JONATHAN S. KITCHEN (STATE BAR NO. 080270)
7 jkitchen@coxcastle.com
  ALI P. HAMIDI (STATE BAR NO. 191198)
8 ahamidi@coxcastle.com
  555 California Street, 10th Floor
9 San Francisco, CA 94101
  Telephone:  (415) 392-4200
10 Facsimile:    (415) 392-4250

11 Attorneys for Defendants, TARSADIA HOTELS, TUSHAR
   PATEL, B.U. PATEL, GREGORY CASSERLY, 5th ROCK,
12 LLC, MKP ONE, LLC and GASLAMP HOLDINGS, LLC

13                    **UNITED STATES DISTRICT COURT**

14                   **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 15 TAMER SALAMEH, an individual; REAL ESTATE 4 HOSPITALITY, LLC, a California limited liability company; ALEKSEY KATS; DIANA KATS; MITCHELL J. PEREIRA; GARY A. TORRETTA; ROBERT ALVARENGA; ALEXIS COSIO; CESAR MOTA; DENIS B. ROTHE JR; CHARLENE SCHRUFER; DAVID R. BUSHY; DALE CURTIS; ZONDRA SCHMIDT; DOLORES GREEN; CHRISTY JESKE; TAZIA REYNA; MARY L. WEE SONG; KERRY L. STEIGER WALT; BETH STEIGER WALT;  STUART M. WOLMAN; JEFFREY E. LUBIN AND BARBARA L. LUBIN, INDIVIDUALLY AND AS CO-TRUSTEES OF THE LUBIN FAMILY TRUST DATED MARCH 26, 2002; MIKAEL HAVLUCIYAN AND THERESE HAVLUCIYAN INDIVIDUALLY AND AS CO-TRUSTEES OF THE HAVLUCIYAN FAMILY TRUST; SADOUX KIM; individually and on behalf of a Class of all others similarly situated;<br><br>                      Plaintiffs, | Case No. 09 cv 2739 L (CAB)<br><br>**ANSWER OF TARSADIA HOTELS, TUSHAR PATEL, B.U. PATEL, GREGORY CASSERLY, 5TH ROCK, LLC, GASLAMP HOLDINGS, LLC, AND MKP ONE, LLC TO PLAINTIFFS' CLASS ACTION FIRST AMENDED COMPLAINT** |

27

28

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
IRVINE, CA          60934\335822v3

                                    ANSWER TO FIRST AMENDED
                                    COMPLAINT – 09 CV 2739 L (CAB)

1          vs.

2   TARSADIA HOTEL, a California Corporation;
    TUSHAR PATEL, an individual; B.U. PATEL,
3   an individual; GREGORY CASSERLY, an
    individual; 5th ROCK LLC, a Delaware limited
4   liability company; MPK ONE, LLC, a California
    limited liability company; GASLAMP
5   HOLDINGS, LLC, a California limited liability
    company; PLAYGROUND DESTINATION
6   PROPERTIES, a corporation; EAST WEST
    BANK, a California corporation; BANK OF
7   AMERICA, a Delaware Corporation; JP
    MORGAN CHASE; PROFESSIONAL
8   MORTGAGE PARTNERS, INC.; XBR
    FINANCIAL SERVICES, LLC, a California
9   limited liability company; ERSKINE CORP., a
    California Corporation; and DOES 1 to 100,
10  inclusive,

11                Defendants.

12          Defendants Tarsadia Hotels, Tushar Patel, B.U. Patel, Gregory Casserly, 5th Rock, LLC, MKP

13  One, LLC, erroneously sued herein as MPK One, LLC and Gaslamp Holdings, LLC (collectively, the

14  "Tarsadia Defendants"), by and through their undersigned attorneys, hereby answer Plaintiffs Tamer

15  Salameh ("Salameh"), Real Estate 4 Hospitality, LLC, Aleskey Kats, Diana Kats, Mitchell J. Pereira,

16  Gary A. Torretta, Robert Alvarenga, Alexis Cosio; Cesar Mota, Denis B. Rothe Jr., Charlene Schrufer,

17  David R. Bushy, Dale Curtis, Zondra Schmidt, Dolores Green, Christy Jeske, Tazia Reyna, Mary L.

18  Wee Song, Kerry L. Steigerwalt, Beth Steigerwalt, Stuart M. Wolman, Jeffrey E. Lubin and Barbara

19  L. Lubin as individuals and as Co-Trustees of the Lubin Family Trust Dated March 26, 2002, Mikael

20  Havluciyan and Therese Havluciyan as individuals and as Co-Trustees of the Havluciyan Family

21  Trust, and Sadoux Kim (collectively, "Plaintiffs") Class Action First Amended Complaint (the

22  "Complaint") for Violations of Federal and State Securities Laws (1) §12(a)(2) Securities Act of 1933;

23  (2) Cal. Corp. Code §25503; (3) Cal. Corp. Code §25501; and (4) Cal. Corp. Code §25504, as follows:

24          1.      In response to Paragraph 1 of the Complaint, the Tarsadia Defendants state that the

25  allegations are Plaintiffs' contentions and/or argument that are not subject to admission or denial.  To

26  the extent that Paragraph 1 of the Complaint contains any factual allegations that requires a response,

27  the Tarsadia Defendants deny each and every such allegation.

28

2.      In response to Paragraph 2 of the Complaint, the Tarsadia Defendants state that the allegations are Plaintiffs' contentions and/or argument that are not subject to admission or denial.  To the extent that Paragraph 2 of the Complaint contains any factual allegations that requires a response, the Tarsadia Defendants deny each and every such allegation.

3.      In response to Paragraph 3 of the Complaint, the Tarsadia Defendants state that the allegations are Plaintiffs' contentions and/or argument that are not subject to admission or denial.  To the extent that Paragraph 3 of the Complaint contains any factual allegations that requires a response, the Tarsadia Defendants deny each and every such allegation.

4.      In response to Paragraph 4 of the Complaint, the Tarsadia Defendants admit that purchasers of guestroom condominium units ("Condominium Units") in the Hard Rock Hotel Project, a project which includes common area, restaurants, bars and third party sellers of merchandise and food as well as related meeting rooms and performance venues in San Diego (the "Hotel Project") were limited in using the unit purchased to 28 days of the year as mandated by the City of San Diego. To the extent that Paragraph 4 of the Complaint contains any allegations that requires an admission or denial, the Tarsadia Defendants  deny each and every such remaining allegations.

5.      In response to Paragraph 5 of the Complaint, the Tarsadia Defendants state that the allegations are Plaintiffs' contentions and/or argument that are not subject to admission or denial.  To the extent that Paragraph 5 of the Complaint contain any factual allegations that require a response, the Tarsadia Defendants deny each and every such allegation.

6.      In response to Paragraph 6 of the Complaint, the Tarsadia Defendants state that the allegations are Plaintiffs' contentions and/or argument that are not subject to admission or denial.  To the extent that Paragraph 6 of the Complaint contain any factual allegations that require a response, the Tarsadia Defendants deny each and every such allegation.

7.      In response to Paragraph 7 of the Complaint, the Tarsadia Defendants state that the allegations are Plaintiffs' contentions and/or argument that are not subject to admission or denial.  To the extent that Paragraph 7 of the Complaint contain any factual allegations that require a response, the Tarsadia Defendants deny each and every such allegation.

8.     In response to Paragraph 8 of the Complaint, the Tarsadia Defendants deny each and every such allegation.

9.     In response to Paragraph 9 of the Complaint, the Tarsadia Defendants deny each and every such allegation

10.    In response to Paragraph 10 of the Complaint, the Tarsadia Defendants deny each and every such allegation.

11.    In response to Paragraph 11 of the Complaint, the Tarsadia Defendants state that the allegations are Plaintiffs' contentions and/or argument that are not subject to admission or denial.  To the extent that Paragraph 10 of the Complaint contain any factual allegations that require a response, the Tarsadia Defendants deny each and every such allegation.

12.    In response to paragraph 12 of the Complaint, the Tarsadia Defendants deny that the named plaintiffs have any claims of any nature against these answering defendants and further deny that that any purported class or sub-class have any claims whatsoever against these answering defendants.  The Tarsadia defendants further deny that any class of sub-class of plaintiffs exist or are legally cognizable.

13.    In response to Paragraphs 13 of the Complaint, the Tarsadia Defendants admit that Tamer Salameh purchased one or more Condominium Units at the HRSD.  Further, these answering defendants are without knowledge sufficient to know whether this plaintiff is a resident of the Southern District of California and, based upon such lack of information and belief, these answering defendants deny such allegations,  Except as so admitted and denied on information and belief, the Tarsadia Defendants deny each and every remaining allegation of said paragraph.

14.    In response to Paragraph 14 of the Complaint, the Tarsadia Defendants deny each and every allegation of said paragraph.

15.    In response to Paragraphs 15 of the Complaint, the Tarsadia Defendants admit that Jeffery E. Lubin and Barbara L. Lubin individually or as co-trustees to the Lubin Family Trust purchased one or more Condominium Units at the HRSD.  Further, these answering defendants are without knowledge sufficient to know whether these plaintiffs are residents of the Southern District of California and, based upon such lack of information and belief, these answering defendants deny such

1   allegations,  Except as so admitted and denied on information and belief, the Tarsadia Defendants

2   deny each and every remaining allegation of said paragraph.

3        16.    In response to Paragraphs 16 of the Complaint, the Tarsadia Defendants admit that

4   Aleksey Kats and Diana Kats purchased one or more Condominium Units at the HRSD.  Further,

5   these answering defendants are without knowledge sufficient to know whether these plaintiffs are

6   residents of the Southern District of California and, based upon such lack of information and belief,

7   these answering defendants deny such allegations,  Except as so admitted and denied on information

8   and belief, the Tarsadia Defendants deny each and every remaining allegation of said paragraph.

9        17.    In response to Paragraphs 17 of the Complaint, the Tarsadia Defendants admit that

10   Mitchell J. Pereira purchased one or more Condominium Units at the HRSD.  Further, these

11   answering defendants are without knowledge sufficient to know whether this plaintiff is a resident of

12   the Southern District of California and, based upon such lack of information and belief, these

13   answering defendants deny such allegations,  Except as so admitted and denied on information and

14   belief, the Tarsadia Defendants deny each and every remaining allegation of said paragraph.

15        18.    In response to Paragraphs 18 of the Complaint, the Tarsadia Defendants admit that

16   Gary A. Toretta purchased one or more Condominium Units at the HRSD.  Further, these answering

17   defendants are without knowledge sufficient to know whether this plaintiff is a resident of the

18   Southern District of California and, based upon such lack of information and belief, these answering

19   defendants deny such allegations,  Except as so admitted and denied on information and belief, the

20   Tarsadia Defendants deny each and every remaining allegation of said paragraph.

21        19.    In response to Paragraphs 19 of the Complaint, the Tarsadia Defendants admit that

22   Stuart M Wolman purchased one or more Condominium Units at the HRSD.  Further, these answering

23   defendants are without knowledge sufficient to know whether this plaintiff is a resident of the

24   Southern District of California and, based upon such lack of information and belief, these answering

25   defendants deny such allegations, Except as so admitted and denied on information and belief, the

26   Tarsadia Defendants deny each and every remaining allegation of said paragraph.

27        20.    In response to Paragraphs 20 of the Complaint, the Tarsadia Defendants admit that

28   Robert Alvarenga purchased one or more Condominium Units at the HRSD.  Further, these answering

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
IRVINE, CA

60934\335822v3

- 5 -

ANSWER TO FIRST AMENDED
COMPLAINT – 09 CV 2739 L (CAB)

1    defendants are without knowledge sufficient to know whether this plaintiff is a resident of the

2    Southern District of California and, based upon such lack of information and belief, these answering

3    defendants deny such allegations,  Except as so admitted and denied on information and belief, the

4    Tarsadia Defendants deny each and every remaining allegation of said paragraph.

5          21.     In response to Paragraphs 21 of the Complaint, the Tarsadia Defendants admit that

6    Alexis Cosio purchased one or more Condominium Units at the HRSD.  Further, these answering

7    defendants are without knowledge sufficient to know whether this plaintiff is a resident of the

8    Southern District of California and, based upon such lack of information and belief, these answering

9    defendants deny such allegations,  Except as so admitted and denied on information and belief, the

10   Tarsadia Defendants deny each and every remaining allegation of said paragraph.

11         22.     In response to Paragraphs 22 of the Complaint, the Tarsadia Defendants admit that

12   Cesar Mota purchased one or more Condominium Units at the HRSD.  Further, these answering

13   defendants are without knowledge sufficient to know whether this plaintiff is a resident of the

14   Southern District of California and, based upon such lack of information and belief, these answering

15   defendants deny such allegations,  Except as so admitted and denied on information and belief, the

16   Tarsadia Defendants deny each and every remaining allegation of said paragraph.

17         23.     In response to Paragraphs 23 of the Complaint, the Tarsadia Defendants admit that

18   Denis B. Rothe, Jr. purchased one or more Condominium Units at the HRSD.  Further, these

19   answering defendants are without knowledge sufficient to know whether this plaintiff is a resident of

20   the State of Florida and, based upon such lack of information and belief, these answering defendants

21   deny such allegations,  Except as so admitted and denied on information and belief, the Tarsadia

22   Defendants deny each and every remaining allegation of said paragraph.

23         24.     In response to Paragraphs 24 of the Complaint, the Tarsadia Defendants admit that

24   Charlene Schrufer purchased one or more Condominium Units at the HRSD.  Further, these answering

25   defendants are without knowledge sufficient to know whether this plaintiff is a resident of the State of

26   Florida and, based upon such lack of information and belief, these answering defendants deny such

27   allegations,  Except as so admitted and denied on information and belief, the Tarsadia Defendants

28   deny each and every remaining allegation of said paragraph.

25.     In response to Paragraphs 25 of the Complaint, the Tarsadia Defendants admit that Mikael and Therese Halluciyan individually or as co-trustees to the Havluciyan Trust purchased one or more Condominium Units at the HRSD.  Further, these answering defendants are without knowledge sufficient to know whether these plaintiffs are residents of the Southern District of California and, based upon such lack of information and belief, these answering defendants deny such allegations, Except as so admitted and denied on information and belief, the Tarsadia Defendants deny each and every remaining allegation of said paragraph.

26.     In response to Paragraphs 26 of the Complaint, the Tarsadia Defendants admit that David J. Bushey purchased one or more Condominium Units at the HRSD.  Further, these answering defendants are without knowledge sufficient to know whether this plaintiff is a resident of the Southern District of California and, based upon such lack of information and belief, these answering defendants deny such allegations,  Except as so admitted and denied on information and belief, the Tarsadia Defendants deny each and every remaining allegation of said paragraph.

27.     In response to Paragraphs 27 of the Complaint, the Tarsadia Defendants admit that Dale Curtis purchased one or more Condominium Units at the HRSD.  Further, these answering defendants are without knowledge sufficient to know whether this plaintiff is a resident of the Southern District of California and, based upon such lack of information and belief, these answering defendants deny such allegations,  Except as so admitted and denied on information and belief, the Tarsadia Defendants deny each and every remaining allegation of said paragraph.

28.     In response to Paragraphs 28 of the Complaint, the Tarsadia Defendants admit that Dale Curtis and David J. Bushey together purchased one or more Condominium Units at the HRSD. Further, these answering defendants are without knowledge sufficient to know whether these plaintiffs are residents of the Southern District of California and, based upon such lack of information and belief, these answering defendants deny such allegations,  Except as so admitted and denied on information and belief, the Tarsadia Defendants deny each and every remaining allegation of said paragraph.

29.     In response to Paragraphs 29 of the Complaint, the Tarsadia Defendants admit that Kerry Steigerwalt purchased one or more Condominium Units at the HRSD.  Further, these answering

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
IRVINE, CA          60934\335822v3                    - 7 -

ANSWER TO FIRST AMENDED
COMPLAINT – 09 CV 2739 L (CAB)

1  defendants are without knowledge sufficient to know whether this plaintiff is a resident of the

2  Southern District of California and, based upon such lack of information and belief, these answering

3  defendants deny such allegations,  Except as so admitted and denied on information and belief, the

4  Tarsadia Defendants deny each and every remaining allegation of said paragraph.

5          30.     In response to Paragraphs 30 of the Complaint, the Tarsadia Defendants admit that

6  Beth Steigerwalt purchased one or more Condominium Units at the HRSD.  Further, these answering

7  defendants are without knowledge sufficient to know whether this plaintiff is a resident of the

8  Southern District of California and, based upon such lack of information and belief, these answering

9  defendants deny such allegations,  Except as so admitted and denied on information and belief, the

10  Tarsadia Defendants deny each and every remaining allegation of said paragraph.

11          31.     In response to Paragraphs 31 of the Complaint, the Tarsadia Defendants admit that

12  Dolores Green purchased one or more Condominium Units at the HRSD.  Further, these answering

13  defendants are without knowledge sufficient to know whether this plaintiff is a resident of the

14  Southern District of California and, based upon such lack of information and belief, these answering

15  defendants deny such allegations,  Except as so admitted and denied on information and belief, the

16  Tarsadia Defendants deny each and every remaining allegation of said paragraph.

17          32.     In response to Paragraphs 32 of the Complaint, the Tarsadia Defendants admit that

18  Zondra Schmidt purchased one or more Condominium Units at the HRSD.  Further, these answering

19  defendants are without knowledge sufficient to know whether this plaintiff is a resident of the

20  Southern District of California and, based upon such lack of information and belief, these answering

21  defendants deny such allegations,  Except as so admitted and denied on information and belief, the

22  Tarsadia Defendants deny each and every remaining allegation of said paragraph.

23          33.     In response to Paragraphs 33 of the Complaint, the Tarsadia Defendants admit that

24  Christy Jeske purchased one or more Condominium Units at the HRSD.  Further, these answering

25  defendants are without knowledge sufficient to know whether this plaintiff is a resident of the

26  Southern District of California and, based upon such lack of information and belief, these answering

27  defendants deny such allegations,  Except as so admitted and denied on information and belief, the

28  Tarsadia Defendants deny each and every remaining allegation of said paragraph.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
IRVINE, CA          60934\335822v3                    - 8 -

ANSWER TO FIRST AMENDED
COMPLAINT – 09 CV 2739 L (CAB)

34.     In response to Paragraphs 34 of the Complaint, the Tarsadia Defendants admit that Mary L. Wee Song purchased one or more Condominium Units at the HRSD.  Further, these answering defendants are without knowledge sufficient to know whether this plaintiff is a resident of the State of Arizona and, based upon such lack of information and belief, these answering defendants deny such allegations,  Except as so admitted and denied on information and belief, the Tarsadia Defendants deny each and every remaining allegation of said paragraph.

35.     In response to Paragraphs 35 of the Complaint, the Tarsadia Defendants admit that Tazia Reyna purchased one or more Condominium Units at the HRSD.  Further, these answering defendants are without knowledge sufficient to know whether this plaintiff is a resident of the County of Orange, State of California and, based upon such lack of information and belief, these answering defendants deny such allegations,  Except as so admitted and denied on information and belief, the Tarsadia Defendants deny each and every remaining allegation of said paragraph.

36.     In response to Paragraphs 36 of the Complaint, the Tarsadia Defendants admit that Sadoux Kim purchased one or more Condominium Units at the HRSD.  Further, these answering defendants are without knowledge sufficient to know whether this plaintiff is a resident of the of the State of California and, based upon such lack of information and belief, these answering defendants deny such allegations,  Except as so admitted and denied on information and belief, the Tarsadia Defendants deny each and every remaining allegation of said paragraph.

37.     In response to Paragraph 37 of the Complaint, the Tarsadia Defendants deny that the Plaintiffs, and each of them, acquired or purchased an investment contract.

38.     In response to Paragraph 38 of the Complaint, the Tarsadia Defendants admit that Tarsadia Hotels is a California Corporation; Tushar Patel is the Chairman of Tarsadia; B.U. Patel is Vice Chairman of Tarsadia; Greg Casserly is President of Tarsadia; 5th Rock is a Delaware limited liability company and developer of the Hotel Project; and MKP One, LLC is a California limited liability company, doing business in the Southern District of California and the manager of 5th Rock. As for the remaining allegations, the Tarsadia Defendants either deny each and every such allegation, or they lack sufficient information to admit or deny the allegations and, therefore, deny each and every remaining allegation.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
IRVINE, CA        60934\335822v3                        - 9 -

ANSWER TO FIRST AMENDED
COMPLAINT – 09 CV 2739 L (CAB)

39.     In response to Paragraph 39 of the Complaint, the Tarsadia Defendants state that the allegations are Plaintiffs' contentions and/or argument that are not subject to admission or denial.

40.     In response to Paragraph 40 of the Complaint, the Tarsadia Defendants admit that Defendant 5th Rock LLC is a Delaware limited liability company doing business in the Southern District of California.  The Tarsadia Defendants deny each and every remaining allegation of Paragraph 40 of the Complaint.

41.     In response to Paragraph 41 of the Complaint, the Tarsadia Defendants admit that Gaslamp Holdings LLC is a California limited liability company doing business in the Southern District of California.  The Tarsadia Defendants deny the remaining allegations of Paragraph 41.

42.     In response to Paragraph 42 of the Complaint, the Tarsadia Defendants admit that MKP ONE, LLC is a California limited liability company doing business in Southern District of California and is the manager of 5th Rock LLC.  The Tarsadia Defendants state that the purported sales documents referred to therein, which are allegedly in writing, speak for themselves and are the best evidence of their contents.  Except as so admitted and asserted, the Tarsadia Defendants deny each and every remaining allegation of Paragraph 42 of the Complaint.

43.     The Tarsadia Defendants admit that Tarsadia Hotels is a California corporation doing business in the Southern District of California and that Tarsadia Hotels is the manager of HRSD.

44.     In response to Paragraph 44 of the Complaint, the Tarsadia Defendants admit that Tushar Patel is the Chairman of defendant Tarsadia Hotels.  As to all remaining allegations in said paragraph, the Tarsadia Defendants deny each and every such allegation.

45.     In response to Paragraph 45 of the Complaint, the Tarsadia Defendants admit that B.U. Patel is the Vice Chairman and founder of defendant Tarsadia Hotels.  As to all remaining allegations in said paragraph, the Tarsadia Defendants deny each and every such allegation.

46.     In response to Paragraph 46 of the Complaint, the Tarsadia Defendants admit that Gregory Casserly is the President of Tarsadia Hotels.  As to all remaining allegations in said paragraph, the Tarsadia Defendants deny each and every such allegation.

47.     In response to Paragraph 47 of the Complaint, the Tarsadia Defendants deny that investment contracts were sold to Plaintiffs, and each of them and, as such, deny that there was any

1  sale of any unregistered or unqualified security . As to the jurisdictional allegation contained in this

2  paragraph the Tarsadia Defendants lack sufficient information to admit or deny the remaining

3  allegations set forth in Paragraph 47 of the Complaint and, therefore, deny each and every such

4  allegation.

5       48.    In response to Paragraph 48 of the Complaint, the Tarsadia Defendants deny that

6  investment contracts were sold to Plaintiffs, and each of them and, as such, deny that there was any

7  sale of any unregistered or unqualified security . As to the jurisdictional allegation contained in this

8  paragraph the Tarsadia Defendants lack sufficient information to admit or deny the remaining

9  allegations set forth in Paragraph 48 of the Complaint and, therefore, deny each and every such

10  allegation.

11       49.    In response to Paragraph 49 of the Complaint, the Tarsadia Defendants lack sufficient

12  information to admit or deny the remaining allegations set forth in Paragraph 49 of the Complaint.

13       50.    In response to Paragraph 50 of the Complaint, the Tarsadia Defendants deny that

14  investment contracts were sold to Plaintiffs, and each of them and, as such, deny that there was any

15  sale of any unregistered or unqualified security . As to the jurisdictional allegation contained in this

16  paragraph the Tarsadia Defendants lack sufficient information to admit or deny the remaining

17  allegations set forth in Paragraph 50 of the Complaint and, therefore, deny each and every such

18  allegation.

19       51.    In response to Paragraph 51 of the Complaint, the Tarsadia Defendants deny that

20  investment contracts were sold to Plaintiffs, and each of them and, as such, deny that there was any

21  sale of any unregistered or unqualified security . As to the jurisdictional allegation contained in this

22  paragraph the Tarsadia Defendants lack sufficient information to admit or deny the remaining

23  allegations set forth in Paragraph 51 of the Complaint and, therefore, deny each and every such

24  allegation.

25       52.    In response to Paragraph 52 of the Complaint, the Tarsadia Defendants deny that

26  investment contracts were sold to Plaintiffs, and each of them and, as such, deny that there was any

27  sale of any unregistered or unqualified security . As to the jurisdictional allegation contained in this

28  paragraph the Tarsadia Defendants lack sufficient information to admit or deny the remaining

1   allegations set forth in Paragraph 52 of the Complaint and, therefore, deny each and every such

2   allegation.

3       53.    In response to Paragraph 53 of the Complaint, the Tarsadia Defendants lack sufficient

4   information to admit or deny the remaining allegations set forth in Paragraph 49 of the Complaint.

5       54.    In response to Paragraph 54 of the Complaint, the Tarsadia Defendants deny each and

6   every allegation and note that the named defendant is Erskine Corp. not Erskine Corporation.  The

7   Tarsadia Defendants further deny that investment contracts were sold to Plaintiffs, and each of them

8   and, as such, deny that there was any sale of any unregistered or unqualified security .

9       55.    In response to Paragraph 55 of the Complaint, the Tarsadia Defendants deny each and

10  every allegation.  The Tarsadia Defendants further deny that investment contracts were sold to

11  Plaintiffs, and each of them and, as such, deny that there was any sale of any unregistered or

12  unqualified security .

13      56.    In response to Paragraph 56 of the Complaint, the Tarsadia Defendants state that the

14  allegations are Plaintiffs' contentions and/or argument that are not subject to admission or denial.  To

15  the extent that Paragraph 56 of the Complaint contains any factual allegations that require a response,

16  the Tarsadia Defendants lack sufficient information to admit or deny the allegations and, therefore,

17  deny each and every such allegation.

18      57.    The allegations of Paragraph 57 of the Complaint do not require a response.  To the

19  extent such allegations require a response, the Tarsadia Defendants deny each and every allegation.

20      58.    The Tarsadia Defendants deny each and every allegation set forth in Paragraph 58 of

21  the Complaint.

22      59.    The Tarsadia Defendants deny each and every allegation set forth in Paragraph 59 of

23  the Complaint.

24      60.    The Tarsadia Defendants admit that Plaintiffs have purported to assert claims under the

25  rules set forth in Paragraph 60 of the Complaint, but deny that Plaintiffs have any claims against these

26  defendants and are not entitled to any relief thereunder and further deny that Plaintiffs, and each of

27  them, purchased investment contracts.

28

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
IRVINE, CA

60934\335822v3

- 12 -

ANSWER TO FIRST AMENDED
COMPLAINT – 09 CV 2739 L (CAB)

61.     The Tarsadia Defendants deny each and every allegation set forth in Paragraph 61 of the Complaint.

62.     The Tarsadia Defendants deny each and every allegation set forth in Paragraph 62 of the Complaint.

63.     The Tarsadia Defendants deny each and every allegation set forth in Paragraph 63 of the Complaint.

64.     The Tarsadia Defendants admit that Plaintiffs have purported to assert claims under the statutes set forth in Paragraph 64 of the Complaint, but deny that Plaintiffs have any claims against these defendants and are not entitled to any relief thereunder and further deny that Plaintiffs, and each of them, purchased investment contracts.

65.     The Tarsadia Defendants deny each and every allegation set forth in Paragraph 65 of the Complaint.

66.     The Tarsadia Defendants deny each and every allegation set forth in Paragraph 66 of the Complaint.

67.     The Tarsadia Defendants deny each and every allegation set forth in Paragraph 66 of the Complaint.

68.     The Tarsadia Defendants admit the allegations set forth in Paragraph 67 of the Complaint.

69.     The Tarsadia Defendants deny each and every allegation set forth in Paragraph 69 of the Complaint.

70.     The Tarsadia Defendants deny each and every allegation set forth in Paragraph 70 of the Complaint.

71.     The Tarsadia Defendants deny each and every allegation set forth in Paragraph 71 of the Complaint.

72.     The Tarsadia Defendants deny each and every allegation set forth in Paragraph 72 of the Complaint.

73.     The Tarsadia Defendants deny each and every allegation set forth in Paragraph 73 of the Complaint.

74. The Tarsadia Defendants deny each and every allegation set forth in Paragraph 74 of the Complaint.

75. The Tarsadia Defendants deny each and every allegation set forth in Paragraph 75 of the Complaint.

76. In response to Paragraph 76 of the Complaint, the Tarsadia Defendants assert that the Rental Management Agreement referred to therein, which is in writing, speaks for itself and is the best evidence of its terms, provisions and content. The Tarsadia Defendants specifically refer to the Rental Management Agreement for its terms, provisions and content thereof, and deny each and every allegation contained in Paragraph 76 of the Complaint inconsistent therewith. As for the remaining allegations, the Tarsadia Defendants admit that Tarsadia is the manager of the Hotel Project and deny each and every remaining allegation of Paragraph 76.

77. In response to Paragraph 77 of the Complaint, the Tarsadia Defendants state that the operations agreement and Tarsadia's Optional Rental Management Program FAQ referred to therein, which are in writing, speak for themselves and are the best evidence of their terms, provisions and content. The Tarsadia Defendants specifically refer to the operations agreement (to the extent such refers to that certain written agreement entitled "Unit Maintenance and Operation Agreement") and Tarsadia's Optional Rental Management Program FAQ for their terms, provisions and content thereof, and deny each and every allegation contained in Paragraph 77 of the Complaint inconsistent therewith. The Tarsadia Defendants deny each and every remaining allegation of Paragraph 77.

78. The Tarsadia Defendants deny each and every allegation of Paragraph 78.

79. In response to Paragraph 79 of the Complaint, the Tarsadia Defendants state that the operations agreement referred to therein, which is in writing, speaks for itself and is the best evidence of its terms, provisions and content. The Tarsadia Defendants specifically refer to the operations agreement (to the extent such refers to that certain written agreement entitled "Unit Maintenance and Operation Agreement") for its terms, provisions and content thereof, and deny each and every allegation contained in Paragraph 79 of the Complaint inconsistent therewith. The Tarsadia Defendants deny each and every remaining allegation of Paragraph 79.

80. The Tarsadia Defendants deny each and every allegation of Paragraph 80 of the Complaint.

81. The Tarsadia Defendants deny each and every allegation of Paragraph 80 of the Complaint.

82. The Tarsadia Defendants deny each and every allegation of Paragraph 80 of the Complaint.

83. The Tarsadia Defendants deny each and every allegation set forth in Paragraph 83 of the Complaint.

84. The Tarsadia Defendants deny each and every allegation set forth in Paragraph 84 of the Complaint.

85. In response to Paragraph 85 of the Complaint, the Tarsadia Defendants admit that purchasers purchased Condominium Units in the Hotel Project. As for the remaining allegations, the Tarsadia Defendants either deny each and every such allegation, and/or they lack sufficient information to admit or deny the allegations and, therefore, deny each and every remaining allegation.

86. In response to Paragraph 86 of the Complaint, the Tarsadia Defendants assert that the Purchase Contract and Escrow Instructions, Unit Maintenance and Operation Agreement and Tarsadia Hotel's Hard Rock Hotel San Diego Rental Management Agreement referred to therein, which are in writing, speak for themselves and are the best evidence of their terms, provisions and contents. The Tarsadia Defendants specifically refer to the Purchase Contract and Escrow Instructions, Unit Maintenance and Operation Agreement and Tarsadia Hotel's Hard Rock Hotel San Diego Rental Management Agreement for their terms, provisions and content thereof, and deny each and every allegation contained in Paragraph 86 of the Complaint inconsistent therewith. As for the remaining allegations, the Tarsadia Defendants either deny each and every such allegation, and/or they lack sufficient information to admit or deny the allegations and, therefore, deny each and every remaining allegation.

87. In response to Paragraph 87 of the Complaint, the Tarsadia Defendants state that the Operation Agreement referred to therein, which is in writing, speaks for itself and is the best evidence of its terms, provisions and contents. The Tarsadia Defendants specifically refer to the Operation

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
IRVINE, CA          60934\335822v3          - 15 -

ANSWER TO FIRST AMENDED
COMPLAINT – 09 CV 2739 L (CAB)

1  Agreement (to the extent such refers to that certain written agreement entitled "Unit Maintenance and

2  Operation Agreement") for its terms, provisions and content thereof, and deny each and every

3  allegation contained in Paragraph 87 of the Complaint inconsistent therewith.

4        88.    In response to Paragraph 88 of the Complaint, the Tarsadia Defendants admit that

5  purchasers of the Condominium Units in the Hotel Project were limited to using the unit purchased to

6  28 days during each calendar year as mandated by the City of San Diego. As for the remaining

7  allegations, the Tarsadia Defendants deny each and every such allegation.

8        89.    In response to Paragraph 89, the Tarsadia Defendants deny that plaintiffs are investors

9  but admit that purchasers were not given keys to the suites.

10        90.    In response to Paragraph 90 of the Complaint, the Tarsadia Defendants state that the

11  Operation Agreement referred to therein, which is in writing, speaks for itself and is the best evidence

12  of its terms, provisions and contents. The Tarsadia Defendants specifically refer to the Operation

13  Agreement (to the extent such refers to that certain written agreement entitled "Unit Maintenance and

14  Operation Agreement") for its terms, provisions and content thereof, and deny each and every

15  allegation contained in Paragraph 90 of the Complaint inconsistent therewith. In response to Paragraph

16  90 of the Complaint, the Tarsadia Defendants state that the Operation Agreement referred to therein,

17  which is in writing, speaks for itself and is the best evidence of its terms, provisions and contents. The

18  Tarsadia Defendants specifically refer to the Operation Agreement (to the extent such refers to that

19  certain written agreement entitled "Unit Maintenance and Operation Agreement") for its terms,

20  provisions and content thereof, and deny each and every allegation contained in Paragraph 90 of the

21  Complaint inconsistent therewith.

22        91.    In response to Paragraph 91 of the Complaint, the Tarsadia Defendants state that the

23  Operation Agreement referred to therein, which is in writing, speaks for itself and is the best evidence

24  of its terms, provisions and contents. The Tarsadia Defendants specifically refer to the Operation

25  Agreement (to the extent such refers to that certain written agreement entitled "Unit Maintenance and

26  Operation Agreement") for its terms, provisions and content thereof, and deny each and every

27  allegation contained in Paragraph 91 of the Complaint inconsistent therewith.

28

92.     In response to Paragraph 92 of the Complaint, the Tarsadia Defendants state that the Operation Agreement referred to therein, which is in writing, speaks for itself and is the best evidence of its terms, provisions and contents. The Tarsadia Defendants specifically refer to the Operation Agreement (to the extent such refers to that certain written agreement entitled "Unit Maintenance and Operation Agreement") for its terms, provisions and content thereof, and deny each and every allegation contained in Paragraph 92 of the Complaint inconsistent therewith.

93.     In response to Paragraph 93 of the Complaint, the Tarsadia Defendants state that the Operation Agreement referred to therein, which is in writing, speaks for itself and is the best evidence of its terms, provisions and contents. The Tarsadia Defendants specifically refer to the Operation Agreement (to the extent such refers to that certain written agreement entitled "Unit Maintenance and Operation Agreement") for its terms, provisions and content thereof, and deny each and every allegation contained in Paragraph 93 of the Complaint inconsistent therewith.

94.     In response to Paragraph 94 of the Complaint, the Tarsadia Defendants state that the Operation Agreement referred to therein, which is in writing, speaks for itself and is the best evidence of its terms, provisions and contents. The Tarsadia Defendants specifically refer to the Operation Agreement (to the extent such refers to that certain written agreement entitled "Unit Maintenance and Operation Agreement") for its terms, provisions and content thereof, and deny each and every allegation contained in Paragraph 904 of the Complaint inconsistent therewith.

95.     The Tarsadia Defendants deny each and every allegation contained in Paragraph 95 of the Complaint.

96.     The Tarsadia Defendants admit that Plaintiffs have purported to assert claims under the rules set forth in Paragraph 96 of the Complaint, but deny that Plaintiffs have any claims against these defendants and are not entitled to any relief thereunder and further deny that Plaintiffs, and each of them, purchased investment contracts.

97.     The Tarsadia Defendants admit that Plaintiffs have purported to assert claims under the rules set forth in Paragraph 97 of the Complaint, but deny that Plaintiffs have any claims against these defendants and are not entitled to any relief thereunder and further deny that Plaintiffs, and each of them, purchased investment contracts.

ANSWER TO FIRST AMENDED
COMPLAINT – 09 CV 2739 L (CAB)

98. The Tarsadia Defendants admit that Plaintiffs have purported to assert claims under the rules set forth in Paragraph 98 of the Complaint, but deny that Plaintiffs have any claims against these defendants and are not entitled to any relief thereunder and further deny that Plaintiffs, and each of them, purchased investment contracts.

99. The Tarsadia Defendants deny each and every allegation contained in Paragraph 99 of the Complaint.

100. The Tarsadia Defendants admit that Plaintiffs have purported to assert claims under the rules set forth in Paragraph 100 of the Complaint, but deny that Plaintiffs have any claims against these defendants and are not entitled to any relief thereunder and further deny that Plaintiffs, and each of them, purchased investment contracts. .

101. The Tarsadia Defendants deny each and every allegation contained in Paragraph 101 of the Complaint.

102. In response to Paragraph 102 of the Complaint, the Tarsadia Defendants state that the allegations are Plaintiffs' contentions and/or argument that are not subject to admission or denial. To the extent that Paragraph 102 of the Complaint contain any factual allegations that require a response, the Tarsadia Defendants deny each and every such allegation.

103. In response to Paragraphs 103 of the Complaint, the Tarsadia Defendants state that the allegations are Plaintiffs' contentions and/or argument that are not subject to admission or denial. To the extent that Paragraph 103 of the Complaint contain any factual allegations that require a response, the Tarsadia Defendants deny each and every such allegation.

104. In response to Paragraph 104 of the Complaint, the Tarsadia Defendants state that the allegations are Plaintiffs' contentions and/or argument that are not subject to admission or denial. To the extent that Paragraph 104 of the Complaint contain any factual allegations that require a response, the Tarsadia Defendants deny each and every such allegation.

105. In response to Paragraph 105 of the Complaint, the Tarsadia Defendants state that the allegations are Plaintiffs' contentions and/or argument that are not subject to admission or denial. To the extent that Paragraph 105 of the Complaint contain any factual allegations that require a response, the Tarsadia Defendants deny each and every such allegation.

106. In response to Paragraphs 106 of the Complaint, the Tarsadia Defendants state that the allegations are Plaintiffs' contentions and/or argument that are not subject to admission or denial. To the extent that Paragraph 106 of the Complaint contain any factual allegations that require a response, the Tarsadia Defendants deny each and every such allegation.

107. In response to Paragraph 107 of the Complaint, the Tarsadia Defendants state that the allegations are Plaintiffs' contentions and/or argument that are not subject to admission or denial. To the extent that Paragraph 107 of the Complaint contain any factual allegations that require a response, the Tarsadia Defendants deny each and every such allegation.

108. In response to Paragraph 108 of the Complaint, the Tarsadia Defendants state that the allegations are Plaintiffs' contentions and/or argument that are not subject to admission or denial. To the extent that Paragraph 108 of the Complaint contain any factual allegations that require a response, the Tarsadia Defendants deny each and every such allegation.

109. The Tarsadia Defendants deny each and every allegation set forth in Paragraph 109 of the Complaint.

110. In response to Paragraph 110 of the Complaint, the Tarsadia Defendants state that the Notice of Transaction referred to therein, which is in writing, speaks for itself and is the best evidence of its terms, provisions and contents. The Tarsadia Defendants specifically refer to the Notice of Transaction for its terms, provisions and content thereof, and deny each and every allegation contained in Paragraph 110 of the Complaint inconsistent therewith. Plaintiffs failed to attach a copy of the Notice of Transaction to the Complaint, despite reference in the Complaint that it was attached thereto.

111. In response to Paragraph 111, the Tarsadia Defendants deny each and every allegation set forth in Paragraph 111 of the Complaint.

112. In response to Paragraph 112, the Tarsadia Defendants deny each and every allegation set forth in Paragraph 112 of the Complaint.

113. In response to Paragraph 113 of the Complaint, the Tarsadia Defendants state that the allegations are Plaintiffs' contentions and/or argument that are not subject to admission or denial. To

1  the extent that Paragraph 113 of the Complaint contains any factual allegations that require a response,

2  the Tarsadia Defendants deny each and every such allegation.

3      114.   The Tarsadia Defendants admit that Plaintiffs have purported to assert claims under the

4  statutes set forth in Paragraph 114 of the Complaint, but deny that Plaintiffs have any claims against

5  these defendants and are not entitled to any relief thereunder.   To the extent that Paragraph 114

6  contains any factual allegations that require a response, the Tarsadia Defendants deny each and every

7  such allegation.

8      115.   The Tarsadia Defendants admit that Plaintiffs have purported to assert claims under the

9  statutes set forth in Paragraph 115 of the Complaint, but deny that Plaintiffs have any claims against

10  these defendants and are not entitled to any relief thereunder.   To the extent that Paragraph 115

11  contains any factual allegations that require a response, the Tarsadia Defendants deny each and every

12  such allegation.

13      116.   In response to Paragraph 116 of the Complaint, the Tarsadia Defendants admit that

14  defendants B.U. Patel, Tushar Patel and Greg Casserly are officers of Tarsadia.  The Tarsadia

15  Defendants admit that Plaintiffs have purported to assert claims under the statutes set forth in

16  Paragraph 116 of the Complaint, but deny that Plaintiffs have any claims against these defendants and

17  are not entitled to any relief thereunder.   To the extent that Paragraph 116 contains any factual

18  allegations that require a response, the Tarsadia Defendants deny each and every such allegation.

19      117.   In response to Paragraph 117 of the Complaint, the Tarsadia Defendants admit that

20  Playground Destination Properties was engaged as a third party contractors so admitted, the Tarsadia

21  Defendants deny each and every allegation of Paragraph 117.

22      118.   In response to Paragraph 118 of the Complaint, the Tarsadia Defendants lack sufficient

23  information to admit or deny the allegations set forth therein and, therefore, deny each and every such

24  allegation.

25      119.   In response to Paragraph 119 of the Complaint, the Tarsadia Defendants deny that

26  Plaintiffs purchased investment contracts.  The Tarsadia Defendants lack sufficient information to

27  admit or deny the remaining allegations set forth therein and, therefore, deny each and every such

28  allegation.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
IRVINE, CA       60934\335822v3                - 20 -

ANSWER TO FIRST AMENDED
COMPLAINT – 09 CV 2739 L (CAB)

120. In response to Paragraph 120 of the Complaint, the Tarsadia Defendants state that the allegations are Plaintiffs' contentions and/or argument that are not subject to admission or denial. To the extent that Paragraph 120 of the Complaint contains any factual allegations that requires a response, the Tarsadia Defendants deny each and every such allegation.

121. In response to Paragraph 121 of the Complaint, the Tarsadia Defendants lack sufficient information to admit or deny the allegations set forth therein and, therefore, deny each and every such allegation.

122. In response to Paragraph 122 of the Complaint, the Tarsadia Defendants lack sufficient information to admit or deny the allegations set forth therein and, therefore, deny each and every such allegation.

123. In response to Paragraph 123 of the Complaint, the Tarsadia Defendants lack sufficient information to admit or deny the allegations set forth therein and, therefore, deny each and every such allegation.

124. In response to Paragraph 124 of the Complaint, the Tarsadia Defendants lack sufficient information to admit or deny the allegations set forth therein and, therefore, deny each and every such allegation.

125. In response to Paragraph 125 of the Complaint, the Tarsadia Defendants lack sufficient information to admit or deny the allegations set forth therein and, therefore, deny each and every such allegation.

126. In response to Paragraph 126 of the Complaint, the Tarsadia Defendants lack sufficient information to admit or deny the allegations set forth therein and, therefore, deny each and every such allegation.

127. In response to Paragraph 127 of the Complaint, the Tarsadia Defendants lack sufficient information to admit or deny the allegations set forth therein and, therefore, deny each and every such allegation.

128. In response to Paragraph 128 of the Complaint, the Tarsadia Defendants either deny each and every allegation set forth therein, and/or lack sufficient information to admit or deny the allegations set forth therein and, therefore, deny each and every such allegation.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
IRVINE, CA
60934\335822v3
- 21 -
ANSWER TO FIRST AMENDED
COMPLAINT – 09 CV 2739 L (CAB)

129.    In response to Paragraph 129 of the Complaint, the Tarsadia Defendants admit that East West Bank provided a loan in the principal amount of $88,000,000 for the construction of the Hotel Project and $30 million in letters of credit.

130.    In response to Paragraphs 130 of the Complaint, the Tarsadia Defendants deny each and every allegation.

131.    In response to Paragraph 131 of the Complaint, the Tarsadia Defendants deny each and every allegation.

132.    In response to Paragraph 132 of the Complaint, the Tarsadia Defendants admit.

133.    In response to Paragraph 132 of the Complaint, the Tarsadia Defendants admit.

134.    In response to Paragraph 134 of the Complaint, the Tarsadia Defendants deny that Plaintiffs purchased investment contacts that were required to be registered by the SEC or qualified by the California Department of Corporations.  The Tarsadia Defendants either deny each and every allegation set forth therein.

135.    In response to Paragraph 135 of the Complaint, the Tarsadia Defendants deny that Plaintiffs purchased investment contacts that were required to be registered by the SEC or qualified by the California Department of Corporations.  The Tarsadia Defendants either deny each and every allegation set forth therein.

136.    In response to Paragraph 136 of the Complaint, the Tarsadia Defendants deny that Plaintiffs purchased investment contacts that were required to be registered by the SEC or qualified by the California Department of Corporations.  The Tarsadia Defendants either deny each and every allegation set forth therein.

137.    In response to Paragraph 137 of the Complaint, the Tarsadia Defendants deny that Plaintiffs purchased investment contacts that were required to be registered by the SEC or qualified by the California Department of Corporations.  The Tarsadia Defendants either deny each and every allegation set forth therein.

138.    In response to Paragraph 138 of the Complaint, the Tarsadia Defendants deny that Plaintiffs purchased investment contacts that were required to be registered by the SEC or qualified by

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
IRVINE, CA         60934\335822v3         - 22 -

ANSWER TO FIRST AMENDED
COMPLAINT – 09 CV 2739 L (CAB)

the California Department of Corporations.  The Tarsadia Defendants either deny each and every allegation set forth therein.

139.    In response to Paragraph 139 of the Complaint, the Tarsadia Defendants deny that Plaintiffs purchased investment contacts that were required to be registered by the SEC or qualified by the California Department of Corporations.  The Tarsadia Defendants either deny each and every allegation set forth therein.

140.    In response to Paragraph 140 of the Complaint, the Tarsadia Defendants deny that Plaintiffs purchased investment contacts that were required to be registered by the SEC or qualified by the California Department of Corporations.  The Tarsadia Defendants either deny each and every allegation set forth therein.

141.    In response to Paragraph 141 of the Complaint, the Tarsadia Defendants deny that Plaintiffs purchased investment contacts that were required to be registered by the SEC or qualified by the California Department of Corporations.  The Tarsadia Defendants either deny each and every allegation set forth therein.

142.    In response to Paragraph 142 of the Complaint, the Tarsadia Defendants deny that Plaintiffs purchased investment contacts that were required to be registered by the SEC or qualified by the California Department of Corporations.  The Tarsadia Defendants either deny each and every allegation set forth therein.

143.    In response to Paragraph 143 of the Complaint, the Tarsadia Defendants deny that Plaintiffs purchased investment contacts that were required to be registered by the SEC or qualified by the California Department of Corporations.  The Tarsadia Defendants either deny each and every allegation set forth therein.

## ANSWER TO FIRST PURPORTED CLAIM FOR RELIEF

144.    In response to Paragraph 144 of the Complaint, the Tarsadia Defendants reassert and incorporate by reference their responses to Paragraphs 1 through 66 above, as though fully set forth therein.

145.    In response to Paragraph 145 of the Complaint, the Tarsadia Defendants deny each and every allegation set forth therein.

146.    In response to Paragraph 146 of the Complaint, the Tarsadia Defendants deny that Plaintiffs purchased investment contacts that were required to be registered by the SEC OR qualified by the California Department of Corporations.  The Tarsadia Defendants either deny each and every allegation set forth therein, and/or lack sufficient information to admit or deny the remaining allegations set forth therein and, therefore, deny each and every such allegation.

147.    In response to Paragraph 147 of the Complaint, the Tarsadia Defendants deny each and every allegation set forth therein.

## ANSWER TO SECOND PURPORTED CLAIM FOR RELIEF

148.    In response to Paragraph 148 of the Complaint, the Tarsadia Defendants reassert and incorporate by reference their responses to Paragraphs 1 through 70 above, as though fully set forth herein.

149.    In response to Paragraph 149 of the Complaint, the Tarsadia Defendants deny each and every allegation set forth therein.

150.    In response to Paragraph 150 of the Complaint, the Tarsadia Defendants deny that Plaintiffs purchased investment contacts and further deny the remaining allegations set forth therein and, therefore, deny each and every such allegation.

151.    In response to Paragraph 151 of the Complaint, the Tarsadia Defendants deny each and every allegation set forth therein.

## ANSWER TO THIRD PURPORTED CLAIM FOR RELIEF

152.    In response to Paragraph 152 of the Complaint, the Tarsadia Defendants reassert and incorporate by reference their responses to Paragraphs 1 through 74 above, as though fully set forth herein.

153.    In response to Paragraphs 153 and 154 of the Complaint, the Tarsadia Defendants deny each and every such allegation set forth therein.

154.    In response to Paragraph 154 of the Complaint, the Tarsadia Defendants  deny each and every such allegation set forth therein.

**ANSWER FOURTH PURPORTED CLAIM FOR RELIEF**

155. In response to Paragraph 155 of the Complaint, the Tarsadia Defendants reassert and incorporate by reference their responses to Paragraphs 1 through 76 above, as though fully set forth herein.

156. In response to Paragraph 156 of the Complaint, the Tarsadia Defendants deny each and every allegation set forth therein.

157. In response to Paragraph 157 of the Complaint, the Tarsadia Defendants deny each and every allegation set forth therein.

**ANSWER TO FIFTH PURPORTED CLAIM FOR RELIEF**

158. In response to Paragraph 158 of the Complaint, the Tarsadia Defendants reassert and incorporate by reference their responses to Paragraphs 1 through 78 above, as though fully set forth herein.

159. In response to Paragraph 91 of the Complaint, the Tarsadia Defendants deny each and every allegation set forth therein.

160. In response to Paragraph 92 of the Complaint, the Tarsadia Defendants deny each and every allegation set forth therein.

**<u>AFFIRMATIVE DEFENSES</u>**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

161. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

162. Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

**(Lack of Particularity)**

163. Plaintiffs failed to plead some or all of Plaintiffs' claims with sufficient particularity.

LAW OFFICES OF
**COX, CASTLE &**
**NICHOLSON LLP**
IRVINE, CA

60934\335822v3

- 25 -

ANSWER TO FIRST AMENDED
COMPLAINT – 09 CV 2739 L (CAB)

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Privity)

164.   Plaintiffs' Complaint and the causes of action asserted therein are barred because there is a lack of privity.

## FIFTH AFFIRMATIVE DEFENSE

### (Plaintiffs at Fault)

165.   Plaintiffs' damages, if any, are the result of their own contributory or comparative fault.

## SIXTH AFFIRMATIVE DEFENSE

### (Third-Party Fault)

166.   Plaintiffs' damages, if any, are in whole or in part the result of the fault of others, whom Defendants lack the authority or ability to control.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

167.   Plaintiffs lack standing to assert the claims alleged or to enforce the rights sought to be protected.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

168.   Plaintiffs' Complaint and the causes of action asserted therein are barred under the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel or Waiver)

169.   Plaintiffs' claims are barred in whole or in part by equitable doctrines of estoppel or waiver.

## TENTH AFFIRMATIVE DEFENSE

### (No Misrepresentation)

170.   Any alleged representations made by Defendants that form the basis of Plaintiffs' Complaint were true and honest at the time made.  Said representations were made, if any were,

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
IRVINE, CA

60934\335822v3

- 26 -

ANSWER TO FIRST AMENDED
COMPLAINT – 09 CV 2739 L (CAB)

without knowledge of any falsity, and were not made with the intent to deceive or damage Plaintiffs. Plaintiffs are therefore barred from recovery.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Not an Investment Contract)

171.    Plaintiffs' Complaint and the causes of action asserted therein are barred because the purported security is not an investment of money, in a common enterprise and there is not an expectation of profits from the managerial efforts of others.

## TWELFTH AFFIRMATIVE DEFENSE

### (Not a Security)

172.    Plaintiffs' Complaint and the causes of action asserted therein are barred because the Tarsadia Defendants did not sell a security.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Offer to Sell A Security)

173.    Plaintiffs' Complaint and the causes of action asserted therein are barred because the Tarsadia Defendants did not offer to or sell a security.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Actual Knowledge and Good Faith)

174.    Plaintiffs' Complaint and the causes of action asserted therein are barred because the Tarsadia Defendants did not have actual knowledge of the false or misleading nature of the purported statements or of facts that gave the Tarsadia Defendants reasonable grounds to know that the purported statements were false or misleading.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Lack of Reliance)

175.    Plaintiffs' Complaint and the causes of action asserted therein are barred because Plaintiffs, and each of them, knew the truth concerning the matter allegedly misrepresented.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Improper Class Action)

176.    Plaintiffs' Complaint and the causes of action asserted therein cannot be maintained as a class action because: (i) the purported class is not so numerous that joinder of all members individually is impracticable; (ii) there is no question of law or fact common to the purported class; (iii) the claims and defenses of the class representatives, Plaintiffs, are not typical of the alleged claims or defenses of the purported class; and (iv) Plaintiffs are not fairly and adequately able to protect the interests of all members of the class.

### PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiffs'' Complaint, the Tarsadia Defendants request the following relief:

A.    For dismissal with prejudice of Plaintiffs' Complaint and all claims stated therein;

B.    For a judgment that Plaintiffs take nothing on their claims and denying all relief sought by Plaintiffs;

C.    For an award of the Tarsadia Defendants' reasonable attorneys' fees according to proof and the Tarsadia Defendants' costs incurred herein; and

D.    For such other and further relief as the Court deems just and equitable.

DATED:  April 12, 2010

COX, CASTLE & NICHOLSON LLP

By: _____
　　Frederick H. Kranz
　　Jonathan S. Kitchen
　　Ali P. Hamidi
　　Lynn T. Galuppo
　　Attorneys for Defendants
　　TARSADIA HOTELS, TUSHAR PATEL,
　　B.U. PATEL, GREGORY CASSERLY,
　　5th ROCK, LLC, MKP ONE, LLC and
　　GASLAMP HOLDINGS, LLC

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
IRVINE, CA

60934\335822v3

- 28 -

ANSWER TO FIRST AMENDED
COMPLAINT – 09 CV 2739 L (CAB)

PROOF OF SERVICE AND CERTIFICATION

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 19800 MacArthur Boulevard, Suite 500, Irvine, California 92612-2435.

☐ (For messenger) my business address is _____.

On April 12, 2010, I served the foregoing document(s) described as **ANSWER OF TARSADIA HOTELS, TUSHAR PATEL, B.U. PATEL, GREGORY CASSERLY, 5TH ROCK, LLC, GASLAMP HOLDINGS, LLC, AND MKP ONE, LLC TO PLAINTIFFS' CLASS ACTION FIRST AMENDED COMPLAINT** on ALL INTERESTED PARTIES in this action

☒ by placing a true copy thereof in a sealed envelope (except when served via fax or email) addressed to the parties on the attached Service List

☐ by placing the original(s) enclosed in a sealed envelope (except when served via fax or email) addressed as follows:

See attached Service List.

On the above date:

☐ (BY ☐ U.S. MAIL/BY ☐ EXPRESS MAIL) The sealed envelope with postage thereon fully prepaid was placed for collection and mailing following ordinary business practices. I am aware that on motion of the party served, service is presumed invalid if the postage cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing set forth in this declaration. I am readily familiar with Cox, Castle & Nicholson LLP's practice for collection and processing of documents for mailing with the United States Postal Service and that the documents are deposited with the United States Postal Service the same day as the day of collection in the ordinary course of business.

☐ (BY FEDERAL EXPRESS OR OTHER OVERNIGHT SERVICE) I deposited the sealed envelope in a box or other facility regularly maintained by the express service carrier or delivered the sealed envelope to an authorized carrier or driver authorized by the express carrier to receive documents.

☐ (BY FACSIMILE TRANSMISSION) On April 12, 2010, at Irvine, California, I served the above-referenced document on the addressee on the attached service list by facsimile transmission pursuant to Rule 2.306 of the California Rules of Court. The telephone number of the sending facsimile machine was 949.476.0256; see attached Service List for a list of the telephone number(s) of the receiving facsimile number(s). A transmission report was properly issued by the sending facsimile machine, and the transmission was reported as complete and without error. Copies of the facsimile transmission cover sheet and the transmission report are attached to this proof of service.

☒ (NOTICE OF ELECTRONIC FILING): The counsel listed on the attached service list have consented to electronic service and have been automatically served by the Notice of Electronic Filing, which is automatically generated by CM/ECF at the time said document was filed, and which constitutes service pursuant to Federal Rule of Civil Procedure 5(b)(2)(D).

☐ (BY PERSONAL DELIVERY) By causing a true copy of the within document(s) to be personally hand-delivered to the office(s) of the addressee(s) set forth on the attached Service List, on the date set forth above.

☐ (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee(s) listed on the attached Service List.

☒ (FEDERAL ONLY) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I hereby certify that the above document was printed on recycled paper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 12, 2010, at Irvine, California.

_____
Marla K. Rodriguez

CASE:               <u>Tamar Salameh, et al. v. Tarsadia Hotel, et al.</u>
USDC CASE NO.:    09 cv 2739 L (CAB)
CCN CLIENT:       Defendants Tarsadia Hotels, Tushar Patel, B.U. Patel, Gregory Casserly, 5th
                             Rock, LLC, MKP One, LLC and Gaslamp Holdings, LLC
CCN FILE NO.:     60934

SERVICE LIST

**Counsel for Plaintiffs**
Michael J. Aguirre, Esq.
Maria C. Severson, Esq.
AGUIRRE MORRIS & SEVERSON LLP
444 West C Street, Suite 210
San Diego, CA 92101
(619) 876-5364
(619) 876-5368 – Fax
e-mail: maguirre@amslawyers.com
e-mail: mseverson@amslawyers.com

**Counsel for Third Party Plaintiff Spyglass Partners, Inc.**
Bryan D. Sampson, Esq.
SAMPSON AND ASSOCIATES
2139 First Avenue
San Diego, CA 92101-2013
(619) 557-9420
(619) 557-9425 – Fax
e-mail: bsampson@sampsonlaw.net