1  JOHN M. SORICH (CA Bar No. 125223)
   jsorich@adorno.com
2  CHRISTOPHER YOO (CA Bar No. 169442)
   cyoo@adorno.com
3  LAUREN M. TAKOS (CA Bar No. 255164)
   ltakos@adorno.com
4  ADORNO YOSS ALVARADO & SMITH
   A Professional Corporation
5  1 MacArthur Place, Suite 200
   Santa Ana, California 92707
6  Tel: (714) 852-6800
   Fax: (714) 852-6899
7
   Attorneys for Defendant
8  JPMORGAN CHASE BANK, N.A.
   erroneously sued as JPMORGAN CHASE
9
                    UNITED STATES DISTRICT COURT
10
                  SOUTHERN DISTRICT OF CALIFORNIA
11

12
   TAMER SALAMEH, an individual; REAL        CASE NO.: 09-CV-02739-L-NLS
13 ESTATE 4 HOSPITALITY, LLC, a California
   limited liability company; ALEKSKEY KATS; JUDGE:    James M. Lorenz
14 DIANA KATS; MITCHELL J. PEREIRA;
   GARY A. TORETTA; ROBERT                    MEMORANDUM OF POINTS AND
15 ALVARENGA; ALEXIS COSIO; CESAR             AUTHORITIES IN SUPPORT OF
   MOTA; DENIS B. ROTHE JR., CHARLENE         MOTION TO DISMISS PLAINTIFFS'
16 SCHRUFER; DAVID R. BUSHY; DALE             FIRST AMENDED COMPLAINT FOR
   CURTIS; ZONDRA SCHMIDT; DOLORES            FAILURE TO STATE A CLAIM
17 GREEN; CHRISTY JESKE; TAZIA REYNA;
   MARY L. WEE SONG; KERRY L.                 CTRM:     14
18 STEIGERWALT; BETH STEIGERWALT;             DATE:     June 21, 2010
   STUART M. WOLMAN; JEFFERY E. LUBIN         TIME:     10:30 a.m.
19 AND BARBARA L. LUBIN, INDIVIDUALLY
   AND AS CO-TRUSTEES OF THE LUBIN
20 FAMILY TRUST DATED MARCH 26, 2002;
   MIKAEL HAVLUCIYAN AND THERESE              Action Filed: December 08, 2009
21 HAVLUCIYAN  INDIVIDUALLY AND AS
   CO-TRUSTEES OF THE HAVLUCIYAN
22 FAMILY TRUST; SADOUX KIM; individually
   and on behalf of a Class of all others similarly
23 situated;

24          Plaintiffs,

25 v.

26 TARSADIA HOTEL, a California Corporation;
   TUSHAR PATEL, an individual; B.U. PATEL,
27 an individual; GREGORY CASSERLY, and
   individual; 5th ROCK LLC, a Delaware limited
28 liability company; MPK ONE, LLC, a California

                                  0
   ─────────────────────────────────────────────────────────
   NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT
1123159.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

I.      SUMMARY OF ARGUMENT .................................................................................1

II.     SUMMARY OF RELEVANT FACTS ...................................................................2

III.    STANDARD FOR A MOTION TO DISMISS .....................................................6

IV.     PLAINTIFFS FAIL TO STATE A CLAIM FOR "SECTION 12 (a)(2) SECURITIES
        ACT OF 1933 (MISREPRESENTATION AND OMISSION)" ...........................6

V.      PLAINTIFFS FAIL TO STATE A CLAIM FOR "VIOLATION OF
        CORPORATION CODE §§ 25110, 25503, 25504.1 (FAILURE TO QUALIFY,
        MATERIAL ASSISTANCE) AND "VIOLATION OF CORPORATION CODE §§
        25401, 25501, 25504.1 (MISREPRESENTATION AND OMISSIONS,
        MATERIAL ASSISTANCE) ....................................................................................9

        A.      Plaintiffs Claims for Violation of Corp. Code §§ 25110, 25503, 25504.1 All
                Fail ................................................................................................................10

        B.      Plaintiffs Claim for Violation of Corp. Code §§ 25401, 25501 and 25504.1 All
                Fail ................................................................................................................11

VI.     CONCLUSION .....................................................................................................13

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

1123159.1

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

**Cases**

*Associated Gen. Contrs. of Am. v. Metropolitan Water Dist.*,
   159 F.3d 1178, 1181 (9th Cir. 1998) ........................................................................ 7

*Basic Inc.v. Levinson*,
   485 U.S. 224 (1988) ................................................................................................. 6

*Bell Atlantic Corp. v. Twombly*,
   127 S.Ct. 1955, 1959 (2007) .................................................................................. 6

*Clegg v. Cult Awareness Network*,
   18 F.3d 752, 754-55 (9th Cir. 1994) ..................................................................... 7

*Exchange Nat'l Bank v. Touche Ross & Co.*
   (1976), 544 F.2d 1126, at 1138 ............................................................................. 7

*Hill York Corp. v. American International Franchise, Inc.*,
   (1971) 488 F.2d 680, 692-693 ......................................................................... 9, 12

*In re Activision Sec. Litigation*
   (1985), 621 F. Supp. 415 at 424 ............................................................................ 9

*Lawler v. Gilliam*,
   (1978) 569 F.2d 1283 at 1288 ................................................................................ 9

*Miller v. Thane Intern., Inc.*,
   519 F.3d 879, 885 (9th Cir. 2008) ........................................................................ 6

*United Housing Foundation, Inc. v. Forman*
   (1975), 421 U.S. 837at 847 .................................................................................... 7

*Wolf v. Banco Nacional de Mexic*,
   549 F. Supp. 841 (1982) at 850-852 ..................................................................... 7

*Wright v. Darrell Marlow Shock*
   (1983) 571 F. Supp. 642 at 647 ............................................................................. 7

**Statutes**

15 U.S.C. § 77 l(a)(2) ................................................................................................... 6

15 U.S.C. § 77(b)(a)11 ................................................................................................. 8

15 U.S.C. §77b (1) ....................................................................................................... 7

Cal. Corp. Code § 25022 ............................................................................................ 12

Cal. Corp. Code § 25110 ........................................................................................ 9, 10

Cal. Corp. Code § 25400 ............................................................................................ 11

Cal. Corp. Code § 25401 ..................................................................................... passim

ii

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

1123159.1

1    Cal. Corp. Code § 25500 .................................................................................. 11

2    Cal. Corp. Code § 25503 ....................................................................... 2, 9, 10, i

3    Cal. Corp. Code § 25504.1 ........................................................................ passim

4    Cal. Corp. Code § 25507 .............................................................................. 10, 11

5    Cal. Corp. Code § 25507 (a) ............................................................................. 10

6

7    **Other Authorities**

8    Securities Act § 2(1) ........................................................................................... 7

9

10    **Rules**

11    FRCP Rule 12(b)(6) ............................................................................................ 6

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

iii

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

1123159.1

1 | limited liability company; GASLAMP HOLDINGS LLC, a California limited liability company; PLAYGROUND DESTINATION PROPERTIES, a corporation; EAST WEST BANK, a California Corporation; BANK OF AMERICA, a Delaware Corporation; JPMORGAN CHASE; PROFESSIONAL MORTGAGE PARTNERS, XBR FINANCIAL SERVICES, LLC a California limited liability company; ERSKINE CORP, a California Corporation and DOES 1 to 100, inclusive

2

3

4

5

6

7 | Defendants.

8

### MEMORANDUM OF POINTS AND AUTHORITIES

Defendant JPMorgan Chase Bank, N.A. ("JPMorgan"), erroneously sued as JPMorgan Chase, submits the following memorandum of points and authorities in support of the Motion to Dismiss the first amended complaint ("FAC") of all named plaintiffs in the above-captioned matter ("Plaintiffs").

## I.   SUMMARY OF ARGUMENT

The gravamen Plaintiffs' FAC is that they were induced into purchasing certain condominium-hotel units ("condominium units") at the Hard Rock Hotel in San Diego ("HRHSD"). Now, in light of the fact that their real estate interests are proving to be unprofitable to Plaintiffs, which Plaintiffs themselves admit (*See,* FAC ¶ 7), in an effort to rescind or void the purchases of real property and recoup their deposit payments, Plaintiffs erroneously allege that the condominium units are "unregistered securities," and as such, state a claim for security violations against the HRSD manager, officers, directors and affiliates of the HRSD, the alleged real estate broker who helped in the sale of the condominium units, and several lenders ("Lender Defendants") responsible for providing mortgage loans to the Plaintiffs as financing for the purchase of their condominium units. JPMorgan provided twenty-one (21) mortgage loans to Plaintiffs in this regard. However, Plaintiffs fail to state a claim against JPMorgan. Indeed, in support of their claims, Plaintiffs allege that defendants, other than JPMorgan, failed to register the purported "investment contracts" with the US Securities & Exchange Commission (SEC) or qualify them with the California Department of Corporations (DOC), in violation of federal and state laws. *See,* FAC, ¶ 1. Since JPMorgan

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1

1123159.1

provided mortgage loans to twenty-one (21) Plaintiffs with regard to their purchase of the condominium units, Plaintiffs attempt to hold JPMorgan liable to Plaintiffs, stating that JPMorgan "materially assisted in the unlawful sale of…unqualified and unregistered HRHSD investment contracts." *See,* FAC, ¶ 50. Plaintiffs further attempt to hold JPMorgan responsible by referencing JPMorgan, and the other Lender Defendants, as "underwriters" to the "investment contracts." *See,* FAC, ¶ 134.

However, Plaintiffs' claims are fatally flawed and fail for one simple reason—the sale of the condominium units was for the purchase of real estate, and as such does not fall within the scope of security laws. Moreover, even if Plaintiffs could state a claim against JPMorgan for securities violations and violations of the *California Corporations Code*, Plaintiffs claims still fail to meet the pleading requirements since Plaintiffs cannot allege any involvement with the purchase or sale of the purported "investment contracts" beyond the simple fact that JPMorgan loaned Plaintiffs mortgage loans.

Accordingly, all of Plaintiffs' claims fail as asserted against JPMorgan. For these reasons, the FAC must be dismissed.

## II.   SUMMARY OF RELEVANT FACTS

The following are the relevant allegations in the Motion to Dismiss and judicially noticeable facts set forth in the documents included in the Request for Judicial Notice:

The real property that is the subject of this dispute is located at 207 5th Avenue, Unit 933, San Diego, California 92101:

- Sam A. Hassen ("Hassen") obtained a loan in the sum of $346,425.00. The Loan was secured by a deed of trust encumbering the Subject Property that was recorded on or about November 8, 2007, with the San Diego County Recorder's Office as instrument number 2007-0711453. The DOT identifies JPMorgan Chase Bank, N.A. as the lender and beneficiary, and Commonwealth Land Title Co. as the trustee, and Hassen as the borrower. *See* Request for Judicial Notice ("RJN"), Exhibit 1.

The real property that is the subject of this dispute is located at 207 5th Avenue, Unit 908, San Diego, California 92101:

- Michael P. Molitor and Kourtney A. Molitor ("Molitor") obtained a loan in the sum of $379,920.00. The Loan was secured by a deed of trust ("DOT") encumbering the Subject Property that was recorded on or about April 24, 2008, with the San Diego County Recorder's Office as instrument number 2008-0218470. The DOT identifies JPMorgan Chase Bank, N.A., as the lender, and Commonwealth Land Title Company as the trustee, and Molitors as the borrowers. *See* RJN, Exhibit 2.

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

1123159.1

The real property that is the subject of this dispute is located at 207 5th Avenue, Unit 906, San Diego, CA 92101:

- Joshua M. Batrez and Veronica Batrez ("Batrez") obtained a loan in the sum of $315,000.00. The Loan was secured by a deed of trust ("DOT") encumbering the Subject Property that was recorded on or about November 13, 2007, with the San Diego County Recorder's Office as instrument number 2007-0715059. The DOT identifies JPMorgan Chase Bank, N.A. as the lender and beneficiary, and Commonwealth Land Title Company as the trustee, and Batrez as the borrowers. *See* RJN, Exhibit 3.

The real property that is the subject of this dispute is located at 207 5th Avenue, Unit 902, San Diego, CA 92101:

- Ernest V. Castro ("Castro") obtained a loan in the sum of $579,100.00. The loan was secured by a deed of trust ("DOT") encumbering the Subject Property that was recorded on or about January 24, 2008, with the San Diego County Recorder's Office as instrument number 2008-0033511. The DOT identifies JPMorgan Chase Bank, N.A. as the lender and beneficiary, and Fidelity National Title Company as the trustee, and Castro as the borrowers. *See* RJN, Exhibit 4.

The real property that is the subject of this dispute is located at 207 5th Avenue, Unit 608, San Diego, CA 92101:

- Seldon Young and Heston Young ("Young") obtained a loan in the sum of $316,050.00. The loan was secured by a deed of trust ("DOT") encumbering the Subject Property that was recorded on or about November 2, 2007, with the San Diego County Recorder's Office as instrument number 2007-0700216. The DOT identifies JPMorgan Chase Bank, N.A. as the lender and beneficiary, and Commonwealth Land Title Company as the trustee, and Young as the borrowers. *See* RJN, Exhibit 5.

The real property that is the subject of this dispute is located at 207 5th Avenue, Unit 804, San Diego, CA 92101:

- David D. Wells and Donna K. Wells ("Wells") obtained a loan in the sum of $314,925.00. The loan was secured by a deed of trust ("DOT") encumbering the Subject Property that was recorded on or about October 18, 2007, with the San Diego County Recorder's Office as instrument number 2007-0668717. The DOT identifies JPMorgan Chase Bank, N.A. as the lender and beneficiary, and Commonwealth Land Title Company as the trustee, and Wells as the borrowers. *See* RJN, Exhibit 6.

The real property that is the subject of this dispute is located at 207 5th Avenue, Unit 312, San Diego, CA 92101:

- Manuel I. Martinez ("Martinez"), and Fernando Diaz De La Vega ("Vega") obtained a loan in the sum of $292,425.00. The loan was secured by a deed of trust ("DOT") encumbering the Subject Property that was recorded on or about October 19, 2007, with the San Diego County Recorder's Office as instrument number 2007-0671202. The DOT identifies JPMorgan Chase Bank, N.A. as the lender and beneficiary, and Commonwealth Land Title Company as the trustee, Martinez and Vega as the borrowers. *See* RJN, Exhibit 7.

The real property that is the subject of this dispute is located at 207 5th Avenue, Unit 835, San Diego, CA 92101:

- Sherri R. Frost and Larry E. Frost ("Frost") obtained a loan in the sum of $341,175.00. The loan was secured by a deed of trust ("DOT") encumbering the Subject Property that was recorded on or about November 5, 2007, with the San Diego County Recorder's Office as instrument number 2007-0702283. The DOT identifies JPMorgan Chase Bank, N.A. as the lender and beneficiary, and Commonwealth Land Title Company as the trustee, and Frost as the borrowers. *See* RJN, Exhibit 8.

3

1123159.1

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

The real property that is the subject of this dispute is located at 207 5th Avenue, Unit 232, San Diego, CA 92101:

- Robert S. Horner ("Horner") obtained a loan in the sum of $280,000.00. The loan was secured by a deed of trust ("DOT") encumbering the Subject Property that was recorded on or about October 30, 2007, with the San Diego County Recorder's Office as instrument number 2007-0691673. The DOT identifies JPMorgan Chase Bank, N.A. as the lender and beneficiary, and Commonwealth Land Title Company as the trustee, and Horner as the borrower. *See* RJN, Exhibit 9.

The real property that is the subject of this dispute is located at 207 5th Avenue, Unit 514, San Diego, CA 92101:

- Kevin Childre ("Childre") and Margaret Lum ("Lum") obtained a loan in the sum of $263,835.00. The loan was secured by a deed of trust ("DOT") encumbering the Subject Property that was recorded on or about October 22, 2007, with the San Diego County Recorder's Office as instrument number 2007-0673596. The DOT identifies JPMorgan Chase Bank, N.A. as the lender and beneficiary, and Commonwealth Land Title Company as the trustee, Childre and Lum as the borrowers. *See* RJN, Exhibit 10.

The real property that is the subject of this dispute is located at 207 5th Avenue, Unit 625, San Diego, CA 92101:

- Samuel Delgado and Rose Mary Delgado ("Delgado") obtained a loan in the sum of $300,230.00. The loan was secured by a deed of trust ("DOT") encumbering the Subject Property that was recorded on or about October 31, 2007, with the San Diego County Recorder's Office as instrument number 2007-0694688. The DOT identifies JPMorgan Chase Bank, N.A. as the lender and beneficiary, and Commonwealth Land Title Company as the trustee, and Delgado as the borrowers. *See* RJN, Exhibit 11.

The real property that is the subject of this dispute is located at 207 5th Avenue, Unit 1027, San Diego, CA 92101:

- Marco Sturm ("Sturm") obtained a loan in the sum of $371,920.00. The loan was secured by a deed of trust ("DOT") encumbering the Subject Property that was recorded on or about October 22, 2007, with the San Diego County Recorder's Office as instrument number 2007-0673678. The DOT identifies JPMorgan Chase Bank, N.A. as the lender and beneficiary, and Commonwealth Land Title Company as the trustee, and Sturm as the borrower. *See* RJN, Exhibit 12.

The real property that is the subject of this dispute is located at 207 5th Avenue, Unit 1225, San Diego, CA 92101:

- Raymond Marceau ("Marceau") and Kenneth Deposki ("Deposki") obtained a loan in the sum of $337,400.00. The loan was secured by a deed of trust ("DOT") encumbering the Subject Property that was recorded on or about October 31, 2007, with the San Diego County Recorder's Office as instrument number 2007-0694500. The DOT identifies JPMorgan Chase Bank, N.A. as the lender and beneficiary, and Fidelity National Title as the trustee, Marceau and Deposki as the borrowers. *See* RJN, Exhibit 13.

The real property that is the subject of this dispute is located at 207 5th Avenue, Unit 1222, San Diego, CA 92101:

- Kenneth Simington, Maureen Simington ("Simington"), Steve Sargenti, and Sheri Sargenti ("Sargenti") obtained a loan in the sum of $200,000.00. The loan was secured by a deed of trust ("DOT") encumbering the Subject Property that was recorded on or about December 3, 2007, with the San Diego County Recorder's Office as instrument number 2007-0748652. The DOT identifies JPMorgan Chase Bank, N.A. as the lender

4

and beneficiary, and Commonwealth Land Title Co. as the trustee, Simington and Sargenti as the borrowers. *See* RJN, Exhibit 14.

The real property that is the subject of this dispute is located at 207 5th Avenue, Unit 1127, San Diego, CA 92101:

- Edward A. Rose Jr., and Janice A. Rose ("Rose") obtained a loan in the sum of $375,120.00. The loan was secured by a deed of trust ("DOT") encumbering the Subject Property that was recorded on or about October 22, 2007, with the San Diego County Recorder's Office as instrument number 2007-0673599. The DOT identifies JPMorgan Chase Bank, N.A. as the lender and beneficiary, and Commonwealth Land Title Co. as the trustee, and Rose as the borrowers. *See* RJN, Exhibit 15.

The real property that is the subject of this dispute is located at 207 5th Avenue, Unit 1116, San Diego, CA 92101:

- David E. Merrell ("Merrell") obtained a loan in the sum of $388,720.00. The loan was secured by a deed of trust ("DOT") encumbering the Subject Property that was recorded on or about October 24, 2007, with the San Diego County Recorder's Office as instrument number 2007-0676421. The DOT identifies JPMorgan Chase Bank, N.A. as the lender and beneficiary, and Commonwealth Land Title Co. as the trustee, and Merrell as the borrower. *See* RJN, Exhibit 16.

The real property that is the subject of this dispute is located at 207 5th Avenue, Unit     738, San Diego, CA 92101:

- Joy Ou ("Ou") obtained a loan in the sum of $351,330.00. The loan was secured by a deed of trust ("DOT") encumbering the Subject Property that was recorded on or about October 11, 2007, with the San Diego County Recorder's Office as instrument number 2007-0673713. The DOT identifies JPMorgan Chase Bank, N.A. as the lender and beneficiary, and Commonwealth Land Title Co. as the trustee, and Ou as the borrower. *See* RJN, Exhibit 17.

The real property that is the subject of this dispute is located at 207 5th Avenue, Unit     740, San Diego, CA 92101:

- William A. Pinkerton and Nicole Denise Pinkerton ("Pinkerton") obtained a loan in the sum of $379,920.00. The loan was secured by a deed of trust ("DOT") encumbering the Subject Property that was recorded on or about November 9, 2007, with the San Diego County Recorder's Office as instrument number 2007-0712439. The DOT identifies JPMorgan Chase Bank, N.A. as the lender and beneficiary, and Commonwealth Land Title Co. as the trustee, and Pinkerton as the borrowers. *See* RJN, Exhibit 18.

The real property that is the subject of this dispute is located at 207 5th Avenue, Unit     759, San Diego, CA 92101:

- Mark Myhedyn ("Myhedyn") and Tracie Van Alstyne ("Van Alstyne") obtained a loan in the sum of $446,250.00. The loan was secured by a deed of trust ("DOT") encumbering the Subject Property that was recorded on or about November 28, 2007, with the San Diego County Recorder's Office as instrument number 2007-0742674. The DOT identifies JPMorgan Chase Bank, N.A. as the lender and beneficiary, and Fidelity National Title Co. as the trustee, Myhedyn and Van Alstyne as the borrowers. *See* RJN, Exhibit 19.

The real property that is the subject of this dispute is located at 207 5th Avenue, Unit     1054, San Diego, CA 92101:

- Kelly W. Sample and Kristy L. Sample ("Sample") obtained a loan in the sum of $342,230.00. The loan was secured by a deed of trust ("DOT") encumbering the Subject Property that was recorded on or about October 24, 2007, with the San Diego County Recorder's Office as instrument number 2007-0676443. The DOT identifies JPMorgan

5

1123159.1

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1    Chase Bank, N.A. as the lender and beneficiary, and Commonwealth Land Title Co. as
     the trustee, and Sample as the borrowers. *See* RJN, Exhibit 20.

2    The real property that is the subject of this dispute is located at 207 5th Avenue, Unit     948, San
3    Diego, CA 92101:

4    • Kathryn Tvorik and Stephen J. Kvorik ("Kvorik") obtained a loan in the sum of
       $427,920.00. The loan was secured by a deed of trust ("DOT") encumbering the Subject
       Property that was recorded on or about November 19, 2007, with the San Diego County
5      Recorder's Office as instrument number 2007-0725291. The DOT identifies JPMorgan
       Chase Bank, N.A. as the lender and beneficiary, and Commonwealth Land Title Co. as
6      the trustee, and Kvorik as the borrowers. *See* RJN, Exhibit 21.

7    **III.   STANDARD FOR A MOTION TO DISMISS**

8         A motion to dismiss under FRCP Rule 12(b)(6) may be brought where a plaintiff fails to state

9    a claim upon which relief can be granted.  While a complaint attacked by a Rule 12(b)(6) motion to

10   dismiss does not need detailed factual allegations a plaintiff's obligation to provide the grounds of

11   his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a

12   cause of action's elements will not do.  *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1959

13   (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level on

14   the assumption that all of the complaint's allegations are true." *Id.*

15   **IV.   PLAINTIFFS FAIL TO STATE A CLAIM FOR "SECTION 12 (a)(2) SECURITIES**

16   **ACT OF 1933 (MISREPRESENTATION AND OMISSION)"**

17        To prevail under Section 12(a)(2), a plaintiff must demonstrate (1) an offer or sale of a

18   security, (2) by the use of a means or instrumentality of interstate commerce, (3) by means of a

19   prospectus or oral communication, (4) that includes an untrue statement of material fact or omits to

20   state a material fact that is necessary to make the statements not misleading. 15 U.S.C. § 77 l(a)(2);

21   *Miller v. Thane Intern., Inc.,*  519 F.3d 879, 885 (9th Cir. 2008).

22        Plaintiff has the burden to prove the materiality of a misstatement or omission by

23   demonstrating that a reasonable investor would have considered omitted facts important in

24   determining whether to invest. *See, Basic Inc.v. Levinson,* 485 U.S. 224 (1988) (finding that an

25   omitted fact is material if there is a substantial likelihood that disclosure would have been viewed by

26   the reasonable investor as having significantly altered the "total mix" of information available).

27        Here, Plaintiffs fail to allege facts that JPMorgan offered or sold a "security."  The

28   Complaint alleges that the "Defendants are persons who offered and sold HRHSD Investment

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT
1123159.1

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1  Contracts." *See,* FAC, ¶ 145.  Indeed, Plaintiffs state in a conclusory manner that "Defendants [other

2  than JPMorgan] attempted to conceal the fact that the HRHSD Investment Contract Transaction was

3  an unregistered, public offering of a security." *See,* FAC, ¶ 78.  However, the Court should not

4  accept legal conclusions if "those conclusions cannot reasonably be drawn from the facts alleged."

5  *Clegg v. Cult Awareness Network,* 18 F.3d at 754-55.  *See also Associated Gen. Contrs. of Am. v.*

6  *Metropolitan Water Dist.,* 159 F.3d 1178, 1181 (9th Cir. 1998). Here, Plaintiffs fail to provide any

7  facts beyond conclusory allegations that the real estate transactions for the purchase of the

8  condominium units were anything more than an ordinary real estate transaction.  Indeed, the fact that

9  JPMorgan's only participation with the lawsuit involved providing mortgage loans, secured by deeds

10  of trust encumbering the real property, is indicative of the fact that the transaction was only that of a

11  real estate transaction.

12      Indeed, statutory definitions of a "security" in the Securities Act of 1933 ("Securities Act")

13  and the Securities Exchange Act of 1934 ("Exchange Act") are sweeping.  The Securities Act's

14  definition provides that the term "security" means any "note, stock, treasury stock, bond, debenture,

15  evidence of indebtedness..." *See,* Securities Act § 2(1) 15 U.S.C. §77b (1).  The Exchange Act's

16  definition is very similar except that it expressly excludes "any note, draft, bill of exchange...which

17  has a maturity at the time of issuance of not exceeding nine months." *See,* Exchange Act §3(a) 10.

18  Courts have usually treated the two statutes as having coextensive application. *See, United Housing*

19  *Foundation, Inc. v. Forman* (1975), 421 U.S. 837 at 847.  Although a literal application of the

20  statutory definition, which includes, "any note" would appear to include any note secured by a

21  mortgage note or deed of trust on real property, *both* definitional provisions are prefaced by the

22  phrase, "unless the context requires," and accordingly, the Courts have construed this statutory

23  provision to exclude from the coverage of the securities laws lending transactions that Congress

24  clearly did not intend to reach. *See,  Exchange Nat'l Bank v. Touche Ross & Co.* (1976), 544 F.2d

25  1126, at 1138; *Wolf v. Banco Nacional de Mexic,* 549 F. Supp. 841 (1982) at 850-852.  It has never

26  been held, that an ordinary loan secured by real estate is a security. *See , Wright v. Darrell Marlow*

27  *Shock* (1983) 571 F. Supp. 642 at 647.

28      Thus, Plaintiffs' claim fails because Plaintiffs fail to allege that JPMorgan offered or sold a

7

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

1123159.1

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1    "security." Even if Plaintiffs alleged this pleading requirement, Plaintiffs' claim still fails because

2    an ordinary loan secured by real estate is not a security as defined under the Securities Act or the

3    Exchange Act. As indicated above, JPMorgan's, and the other Lender Defendants', only

4    participation with the lawsuit involved providing <u>mortgage loans, secured by deeds of trust</u>

5    <u>encumbering the real property</u>. Accordingly, Plaintiffs claim for securities violations under Section

6    12(a)(2) fails.

7         Finally, with respect to the other pleading requirements, as is stated above, Plaintiffs fail to

8    state that JPMorgan made an "oral communication" that was "untrue" or "omits to state a material

9    fact." In fact, the only allegations against JPMorgan are conclusory and lack factual support.

10   Specifically, Plaintiffs state that JPMorgan "materially assisted in the…sale [of the purported

11   investment contracts,] by acting as the underwriter for the sale [of the purported investment

12   contracts]", and that "JPMorgan knew or should have known that sales were made to plaintiffs based

13   upon material misrepresentations…[.]" *See,* FAC ¶ 134. Plaintiffs fail to allege <u>any facts in support</u>

14   <u>of these claims</u>. Indeed, all statements or omissions were made by defendants *other than* JPMorgan

15   or the Lender Defendants. Furthermore, to the extent that Plaintiffs attempt to hold JPMorgan liable

16   for the purported omissions or misrepresentations of other Defendants based on the fact that

17   JPMorgan "acted as an underwriter," Plaintiffs reliance on the term "underwriter" is misplaced. *See,*

18   FAC, p. 146.

19        Under the applicable Section 2(a) 11 of the 1933 Act, 15 U.S.C. § 77(b)(a)11, an underwriter

20   is defined as "any person who has purchased from an issuer with a view, to, or offers or sells for an

21   issuer in connection with, the distribution of any security, or participates or has a direct or indirect

22   participation in any such undertaking…[.]" *See,* 15 U.S.C. § 77(b)(a)11. The purpose of this statute

23   is to protect persons who purchase securities in the distribution process or on the open market from

24   misstatements or omissions in the registration statements. <u>Liability is fixed upon those who</u>

25   <u>participate in the registration process</u>. Issuers or management must assume primary responsibility for

26   the information disseminated in the registration statement. Professionals and underwriters who

27   participate in the preparation of the registration statement are liable subject to due diligence and

28   reasonable investigation defenses. *See, In re Activision Sec. Litigation* (1985), 621 F. Supp. 415 at

8

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

1123159.1

1 | 424.

2 |       Here, Plaintiffs cannot possibly state a claim against JPMorgan since Plaintiffs' fail to allege

3 | any facts beyond conslusory statements that JPMorgan acted as an underwriter.  For this reason

4 | alone, the claim must fail.  Moreover, Plaintiffs' claim should be dismissed without leave to amend

5 | because there is no plausible way Plaintiffs can amend their FAC to allege facts that JPMorgan acted

6 | as an underwriter.  Indeed, initially, Plaintiffs do not allege that JPMorgan "purchased or sold" the

7 | securities from the issuer (here, Defendant 5th Rock), nor do Plaintiffs allege that JPMorgan

8 | "offered" to sell for the issuer the "investment contracts."  Finally, Plaintiff fails to allege how

9 | JPMorgan participated (directly or indirectly) in the direct underwriting of the "investment

10 | contracts" beyond that of a typical real estate lender-borrower transaction.  *See*, FAC.  The test with

11 | regard to determining "participation" is one of proximate cause. *See, Hill York Corp. v. American*

12 | *International Franchise, Inc.,* (1971) 488 F.2d 680, 692-693.  A defendant is considered a

13 | substantial factor if he or she "actively solicits an order, participates in the negotiations, or arranges

14 | the sale." *Lawler v. Gilliam,* (1978) 569 F.2d 1283 at 1288.

15 |       Here, Plaintiffs present <u>no facts</u> or case law to indicate that JPMorgan, or any of the other

16 | Lender Defendants, have engaged in *anything* other than normal commercial actions involving real

17 | estate. Assuming that the Defendants other than the lender defendants (including JPMorgan), did

18 | indeed violate the securities laws, it would be an unprecedented and entirely unwarranted extension

19 | of the scope of securities to hold the lender Defendants liable as underwriters.

20 |       Thus, because Plaintiffs fail to plead the essential elements of a 12(a)(2) claim, the first cause

21 | of action must be dismissed as asserted against JPMorgan.

22 | **V.**      <u>**PLAINTIFFS FAIL TO STATE A CLAIM FOR "VIOLATION OF CORPORATION**</u>

23 |       <u>**CODE §§ 25110, 25503, 25504.1 (FAILURE TO QUALIFY, MATERIAL**</u>

24 |       <u>**ASSISTANCE) AND"VIOLATION OF CORPORATION CODE §§ 25401, 25501,**</u>

25 |       <u>**25504.1 (MISPREPRESENTATION AND OMISSIONS, MATERIAL ASSISTANCE)**</u>

26 |       Plaintiffs' second and third claims assert various violations of the *California Corporations*

27 | *Code*, yet again fail to provide <u>any facts</u> to support their conclusory claims beyond simple

28 | statements. *See*, FAC.  For this reason alone the claims must fail.  Moreover, all of the various

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

1123159.1

1    violations Plaintiffs assert against JPMorgan arise from purported violations in connection with a

2    *security*.  Because the mortgage loans issued by JPMorgan to Plaintiffs do not qualify as a

3    "security", Plaintiffs cannot assert any claims under these various codes of the *California*

4    *Corporations Code.*

5    **A.      Plaintiffs Claims for Violation of Corp. Code §§ 25110, 25503, 25504.1 All Fail**

6    Section 25110 states in pertinent part that "it is unlawful for any person to offer or sell in

7    this state *any security* in an issuer transaction (other than in a transaction subject to Section 25120),

8    whether or not by or through underwriters, unless such sale has been qualified under Section

9    25111…" *See,* Cal. Corp. Code § 25110 (emphasis added). Here, under the second claim, Plaintiffs

10   allege that JPMorgan violated Corporations Code § 25110 ("Section 25110") by "materially

11   assisting" Defendants, other than the Lender Defendants, in the selling of the "investment contracts"

12   as unqualified securities. *See,* FAC ¶¶148-151.

13   Plaintiffs' claims against JPMorgan fail because, as indicated above, Plaintiffs fail to allege

14   that the "investment contracts" constituted securities. Moreover, Plaintiffs claim under Section

15   25100 has expired since Section 25100 has a one year statute of limitations.

16   The civil liability provisions under *Corporations Code* § 25503 provides for a private right of

17   action by a purchaser of stock against the seller who sold the stock in violation of Section 25110.

18   Here, JPMorgan <u>did not</u> sell the "investment contracts."  Section 25503 states, "[a]ny person who

19   violates Section 25110…shall be liable to any person acquiring from him the security sold in

20   violation of such action…[.]" *See, Cal. Corp. Code* § 25503.  Section 25507, which governs the

21   limitations period for claims under section 25503 (or Section 25504 or Section 25504.1 insofar as

22   they relate to that section), further provides that such claims must be "brought before the expiration

23   of two years after the violation upon which it is based or the expiration of one year after the

24   discovery by the plaintiff of the facts constituting such violation, *whichever shall first expire.*" *Cal.*

25   *Corp. Code* § 25507 (a) (emphasis added).

26   Here, Plaintiffs' Complaint fails to allege *any* dates to indicate when JPMorgan committed

27   the alleged violations.  Indeed, perhaps this omission was purposefully intended, since based upon

28   the dates of the issuance of the mortgage loans by JPMorgan to Plaintiffs, nearly all transactions

10

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

1123159.1

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1    took place in **2007**, specifically between October and November of 2007. *See,* RJN, Exhibits 1-21.

2    Thus, the majority of Plaintiffs' transactions, with which they base their claims, are placed outside of

3    the statute of limitations, and thus, *the claim is time-barred.* Although Plaintiffs state that "Plaintiffs

4    did not discover facts…until after consulting with counsel, which was one year within filing the

5    Complaint," Plaintiffs' disregard the fact that the two year statute of violation upon which Plaintiffs

6    base their Complaint expired in October or November 2009. Since this constituted the *first*

7    expiration of the two possibilities referenced by the statute, pursuant to Section 25507, Plaintiffs can

8    no longer assert this claim against JPMorgan as applicable to the majority of loan transactions.

9          Finally, since JPMorgan neither, sold, offered nor acquired the "investment contracts"

10   Plaintiffs cannot assert purported violations of the *California Corporations Code.*   Indeed, it appears

11   as if Plaintiffs are attempting to hold JPMorgan and the other Lender Defendants liable for

12   Plaintiffs' real estate purchases, which according to Plaintiffs' own account, have declined in value.

13   *See,* FAC, ¶ 7.  Plaintiffs cannot hold JPMorgan responsible for the current economic downturn.  In

14   light of this fact, Plaintiffs fail to state a claim against JPMorgan, and the claim should be dismissed.

15      **B.      Plaintiffs Claim for Violation of Corp. Code §§ 25401, 25501 and 25504.1 All**

16              **Fail**

17          Under Plaintiffs' third claim, Plaintiff alleges that "Defendants are persons who violated

18   Corp. Code §§ 25401, 25501, 25504.1 because they offered for sale and sold in the State of

19   California the HRHSD investment contracts by means of written or oral communications which

20   included an untrue statement of a material fact or omitted to state a material fact, or materially

21   assisted in such violation." *See,* FAC, ¶153.  Accordingly, because Plaintiffs assert this claim against

22   JPMorgan and the other Lender Defendants for their "material assistance," Plaintiffs assert claims

23   against JPMorgan as a purported "underwriter".

24          Section 25400 forbids the use of a false or misleading statement "for the purpose of inducing

25   the purchase or sale" of a security if the defendant knew or had reason to know that the statement

26   was false or misleading. Section 25500 sets forth liability for *willful* violations of Section 25400.

27   Liability under these specific sections is limited to those "sellers" found liable under Section 12(2)

28   of the Securities Act.   Thus, to the extent that Plaintiffs attempt to hold JPMorgan liable for Sections

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

11

1123159.1

1    25500 and 25400, Plaintiffs claims fail and remain against other defendants (5th Rock), to the extent

2    that  Plaintiffs purchased their purported "securities" from defendants, *other than* JPMorgan.

3          Section 25401 prohibits the offer or sale of a security by means of any oral or written

4    communication which contains a materially false or misleading statement. Section 25401 imposes

5    liability on those who "materially assist" violations of Section 25401 "with intent to deceive or

6    defraud." Section 25501 creates the cause of action for a violation of Section 25401.  These sections

7    together are similar to the claim for securities violation 12(a)(2) and require that plaintiffs allege

8    participation (directly or indirectly) in the direct underwriting of the "investment contracts"  or

9    "substantial factor" status. *See, Hill York Corp. v. American International Franchise, Inc.,* (1971)

10   488 F.2d 680, 692-693. *See, Hudson v. Capital Management International, Inc.,* (1984) No. 81-

11   1737, slip op. at 3 n.1.

12         Here, again, Plaintiffs cannot possibly state a claim against JPMorgan since Plaintiffs' fail to

13   allege any facts beyond conclusory statements that JPMorgan acted as an "underwriter," although, as

14   explained above, Plaintiffs' reliance on the term "underwriter" for the purposes of a securities or

15   Corporations Code violation is misplaced.[1]   For this reason alone, the claim must fail.  Moreover,

16   Plaintiffs' claim should be dismissed without leave to amend because there is no plausible way

17   Plaintiffs can amend their FAC to allege facts that JPMorgan acted as an underwriter.  Indeed,

18   initially, Plaintiffs do not allege that JPMorgan agreed with the issuer of the security to "purchase

19   securities for distribution," to "distribute securities," or to "manage or supervise a distribution of

20   securities." *See,* FAC, *See* Footnote 1.

21         Again, like the securities violation claim, Plaintiffs present <u>no facts</u> or case law to indicate

22   that JPMorgan, or any of the other Lender Defendants, have engaged in *anything* other than normal

23   commercial actions involving real estate. Finally, even if Plaintiffs could assert a claim against

24   JPMorgan as an "underwriter", which JPMorgan does not concede, in order to assert a claim for

25   violation of Section 25401, Plaintiffs must allege that JPMorgan acted "with intent to deceive or

26   _____

27   [1] Under California Corporations Code § 25022: "Underwriter" means a person who has agreed with
     an issuer or other person on whose behalf a distribution is to be made (a) to purchase securities for
     distribution of (b) to distribute securities for or on behalf of such issuer or other person or (c) to
28   manage or supervise a distribution of securities for or on behalf of such issuer or other person.

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

12

1   defraud" Plaintiffs (willful element).  Here, Plaintiffs fail to allege any facts that JPMorgan

2   intentionally acted with other Defendants to deceive or defraud them.

3        Thus, because Plaintiffs fail to plead the essential elements of their purported *California*

4   *Corporations Code* violations, Plaintiffs second and third claims against JPMorgan fail and must be

5   dismissed without leave to amend.

6   **VI.**    **CONCLUSION**

7        Based on the foregoing, JPMorgan respectfully requests that the Court enter an order

8   dismissing the FAC as to all claim asserted against JPMorgan, without leave to amend, pursuant to

9   FRCP Rule 12(b)(6).

10   DATED:  April 29, 2010          ADORNO YOSS ALVARADO & SMITH
                                A Professional Corporation

11

12

13                                By: /s/ S. Christopher Yoo
                                  JOHN M. SORICH

14                                     CHRISTOPHER YOO
                                  LAUREN M. TAKOS

15                                     Attorneys for Defendant
                                  JPMORGAN CHASE BANK, N.A. erroneously

16                                     sued as JPMORGAN CHASE

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

1123159.1

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA