MAYER BROWN LLP
JOHN NADOLENCO (SBN 181128)
jnadolenco@mayerbrown.com
CHRISTOPHER P. MURPHY (SBN 120048)
cmurphy@mayerbrown.com
350 South Grand Avenue, 25th Floor
Los Angeles, California  90071-1503
Telephone: (213) 229-9500
Facsimile:  (213) 625-0248

Attorneys for Defendant
EAST WEST BANK, a California corporation

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMER SALAMEH, an individual, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>TARSADIA HOTEL, a California Corporation, et al.,<br><br>  Defendants. | Case No. 09-CV-2739-L-BGS<br><br>**DEFENDANT EAST WEST BANK'S OPPOSITION TO PLAINTIFFS' MOTION TO CONTINUE NOTICED HEARING ON EAST WEST BANK'S MOTION TO DISMISS**<br><br>DATE:   No Date Set<br>TIME:   No Time Set<br>PLACE: Courtroom of the Honorable M. James Lorenz, United States District Judge |

### BACKGROUND

In their First Amended Complaint ("FAC"), Plaintiffs allege three claims under the state and federal securities laws against Defendant East West Bank ("EWB").  Specifically, Plaintiffs allege claims against EWB under Section 12(a)(2) of the 1933 Securities Act, 15 U.S.C. § 77l(a)(2) (First Claim for Relief), Corporations Code § 25503 (Second Claim for Relief) and Corporations Code § 25501 (Third Claim for Relief).  According to Plaintiffs, the securities involved here were condominium interests in the Hard Rock Hotel San Diego, which is owned by defendant Tarsadia Hotels, Inc. ("Tarsadia") and its affiliates.

Although there is a disputed question of law whether these condominium interests were securities under state and federal securities laws, it is undisputed that all the claims for relief

against EWB assume that EWB was the seller of the purported securities to Plaintiffs. However, the face of the FAC, combined with matters of which the Court may take judicial notice, make clear that EWB did not sell any of these alleged "securities" to any of the Plaintiffs. The condominium interests were in fact sold to Plaintiffs by Defendant 5th Rock LLC, an affiliate of Tarsadia.

As a result, EWB moved to dismiss the claims against it on April 14, 2010. After checking with the Court's clerk, counsel for EWB set its Motion to Dismiss for hearing on **May 24, 2010**.

On May 4, 2010, Magistrate Judge Skomal, the magistrate judge assigned to this case, set an Early Neutral Evaluation ("ENE") for **May 28, 2010**, *after* the hearing on EWB's Motion to Dismiss. On May 4, 2010, Plaintiffs moved the Court to continue the hearing on EWB's Motion to Dismiss for four weeks, to June 21, 2010, after the presently scheduled date of May 28, 2010 for the ENE. The Court should deny Plaintiffs' Request for a Continuance because EWB should not be required to participate in any proceeding until the Court rules on its Motion to Dismiss.

## ARGUMENT

**1.  Under the Securities Laws, EWB Should Not Be Required to Participate in the ENE**

Because this case is private action arising under the 1933 Securities Act, the Private Securities Litigation Reform Act of 1995 (the "PSLRA") requires that "all discovery *and other proceedings* shall be stayed during the pendency of any motion to dismiss . . . ." 15 U.S.C. 77z-1(b) (emphasis added). Thus, pending the resolution of EWB's Motion to Dismiss, all "other proceedings shall be stayed". The ENE is clearly an "other proceeding" under 15 U.S.C. § 77z-1(b), and thus should be stayed pending the resolution of EWB's Motion to Dismiss. *See also Medhekhar v. United States District Court for the Northern District of California*, 99 F.3d 325, 328 (9th Cir. 1996) (initial disclosures are an "other proceeding" stayed pursuant to the PSLRA). *Medhekhar* is also directly relevant here because part of the ENE Order contemplates that if the case does not settle the parties will proceed to initial disclosures under Rule 26. (Docket #22, ¶

6.) To the extent that the ENE Order requires EWB to participate in initial disclosures before its Motion to Dismiss is resolved, the ENE Order is inconsistent with Ninth Circuit law as set forth in *Medhekhar*.

### 2. The Requested Continuance Defeats the Purpose of the ENE

According to Plaintiffs' counsel, "Plaintiffs are hopeful that the case might be resolved with some or all of the parties obviating the need for a Motion to Dismiss." Motion for Continuance at 3:3-4. However, this "hope" is misplaced to the extent it concerns EWB. For the reasons stated above – that is, that EWB was not a seller of the alleged securities and thus has no liability as a matter of law under any of the claims alleged against it – EWB believes that this matter should be resolved by the Motion to Dismiss, without any need for EWB to participate in the ENE. If the ENE takes place before the hearing on the Motion to Dismiss, as Plaintiffs request, EWB simply will repeat the arguments it makes in the Motion to Dismiss. By contrast, if the ENE takes place after EWB's Motion to Dismiss is heard and decided, then the parties will be informed by the Court's ruling on EWB's Motion to Dismiss in determining the merits of their claims and defenses, at least with respect to the lenders named as defendants. Thus, the parties remaining in the case will be in a better position to successfully participate in the ENE.

### 3. A Continuance Would Not Serve Judicial Economy

Plaintiffs' only other argument for a continuance is that it would serve "judicial economy" because "the Court is already scheduled to hear a Motion to Dismiss filed by another bank raising similar issues as those raised by East West Bank." Motion for Continuance at 3:6-7. Defendant JP Morgan Chase Bank, N.A. ("JP Morgan") has filed a Motion to Dismiss[1] but a review of its arguments compared to EWB's arguments reveals that EWB's arguments are different than JP Morgan's. Unlike EWB, JP Morgan argues that the underlying condominium transactions were real estate transactions, not securities transactions. By contrast, EWB argues that even if this *Howey*-issue is resolved in favor of Plaintiffs – that is, the condominium

---

[1] JP Morgan's Motion to Dismiss was filed on April 29, 2010 and is set for hearing on June 21, 2010. As explained above, EWB's Motion was filed on April 14, 2010 and is set for hearing on May 24, 2010.

interests are in fact securities – the Court should nevertheless dismiss EWB because, as matter of law, EWB is not liable under the relevant securities laws.

In any event, there is no "judicial economy" reason to continue the hearing on EWB's Motion to Dismiss. In fact, holding EWB's hearing may streamline the issues that the Magistrate Judge and the parties must confront during the ENE. Rather than putting off the hearing on EWB's motion to dismiss for another month (from May 24 to June 21), the Court should hear and rule upon EWB's Motion to Dismiss. The Court's ruling will inform the parties' subsequent briefing on the JP Morgan Motion to Dismiss and the Court's ruling thereon.

If the Court does continue the hearing on EWB's Motion to Dismiss to June 21, 2010, the Court should also continue the ENE to some date subsequent to June 21, 2010, for reasons stated above.

## CONCLUSION

For the reasons stated above, the Court should deny Plaintiffs' Motion for a Continuance of the hearing on Defendant East West Bank's Motion to Dismiss. If the Court does continue the hearing on East West Bank's Motion to Dismiss to June 21, 2010, the Court should also continue the ENE to some date subsequent to June 21, 2010

DATED:  May 5, 2010                          MAYER BROWN LLP
                                             JOHN NADOLENCO
                                             CHRISTOPHER MURPHY


                                             By: s/Christopher P. Murphy
                                                 Christopher P. Murphy
                                             Attorneys for Defendant EAST WEST BANK
                                             E-Mail: cmurphy@mayerbrown.com

# CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; and that I served the individuals on the service list attached hereto the following documents:

Original of:

**DEFENDANT EAST WEST BANK'S OPPOSITION TO PLAINTIFFS' MOTION TO CONTINUE NOTICED HEARING ON EAST WEST BANK'S MOTION TO DISMISS**

Filed May 5, 2010 on the ECF system and served pursuant to General Order No. 550, with:

- Michael J Aguirre

    maguirre@amslawyers.com,

- Lynn T Galuppo

    lgaluppo@coxcastle.com

- Bryan D Sampson

    bsampson@sampsonlaw.net

- Maria C Severson

    mseverson@amslawyers.com

- Spyglass Partners, Inc.

    bsampson@sampsonlaw.net


s/Chris Murphy
Chris Murphy
E-mail: cmurphy@mayerbrown.com