SAMUELS, GREEN & STEEL, LLP
PHILIP W. GREEN, State Bar No. 93159
phil.green@sgsattorneys.com
SCOTT R. ALBRECHT, State Bar No. 201614
scott.albrecht@sgsattorneys.com
JENNIFER A. NEEDS, State Bar No. 261153
jennifer.needs@sgsattorneys.com
19800 MacArthur Blvd., Ste. 1000
Irvine, California 92612
Telephone: (949) 263-0004
Facsimile:  (949) 263-0005

Attorneys for Defendant
XBR FINANCIAL SERVICES, LLC

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMER SALAMEH, an individual; REAL ESTATE 4 HOSPITALITY, LLC, a California limited liability company; ALEKSEY KATS; DIANA KATS; MITCHELL J. PEREIRA; GARY A TORETTA; ROBERT ALVARENGA; ALEXIS COSIO; CESAR MOTA; DENIS B. ROTHE JR; CHARLENE SCHRUFER; DAVID R. BUSHY; DALE CURTIS; ZONDRA SCHMIDT; DOLORES GREEN; CHRISTY JESKE; TAZIA REYNA; MARY L. WEE SONG; KERRY L. STEIGERWALT; BETH STEIGERWALT; STUART M. WOLMAN; JEFFREY E. LUBIN AND BARBARA L. LUBIN INDIVIDUALLY AND AS CO-TRUSTEES OF THE LUBIN FAMILY TRUST DATED MARCH 26, 2003; MIKAEL HAVLUCIYAN AND THERESE HAVLUCIYAN INDIVIDUALLY AND AS CO-TRUSTEES OF THE HAVLUCIAYAN FAMILY TRUST; SADOUX KIM, individually and on behalf a Class of all others similarly situated,<br><br>        Plaintiffs,<br><br>CAPTION CONTINUED ON NEXT PAGE | CASE NO. 09-CV-2739-DMS(BGS)<br><br>**DEFENDANT XBR FINANCIAL SERVICES, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR VIOLATION OF FEDERAL AND STATE SECURITIES LAWS**<br><br>Hearing:<br>Judge:  Dana M. Sabraw<br>Date:   June 25, 2010<br>Time:   1:30 P.M.<br>Room:   10 |

1149-001

| | |
|---|---|
| 1 | v. |
| 2 | |
| 3 | TARSADIA HOTEL, a California Corporation; TUSHAR PATEL, an individual; B.U. PATEL, an individual; 5th ROCK LLC, a Delaware limited liability company; MPK ONE LLC, a California limited liability company; GASLAMP HOLDINGS, LLC, a California limited liability company; PLAYGROUND DESTINATION PROPERTIES, a corporation; EAST WEST BANK, a California corporation; BANK OF AMERICA, a Delaware corporation; JP MORGAN CHASE; PROFESSIONAL MORTGAGE PARTNERS, INC,; XBR FINANCIAL SERVICES, LLC, a California limited liability company; ERSKINE CORP, a California corporation; and DOES 1 to 100, inclusive, |
| | Defendants. |

///

///

1149-001

DEFENDANT XBR FINANCIAL SERVICES, LLC'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR VIOLATION OF FEDERAL AND STATE SECURITIES LAWS
09-CV-2739-DMS(BGS)

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................... 1

II. LEGAL STANDARD FOR A MOTION TO DISMISS ....................................... 2

III. THE FIRST CLAIM FOR RELIEF MUST BE DISMISSED BECAUSE PLAINTIFFS HAVE NOT STATED A CLAIM AGAINST XBR ........................................................... 3

    A. Plaintiffs' Federal Law Claim for Misrepresentation or Omission Is Barred by the Statute of Limitations ................................................................................. 3

    B. The FAC Fails to Allege Necessary Facts for a Federal Law Claim for Misrepresentation or Omission ................................................................................. 4

IV. THE SECOND CLAIM FOR RELIEF SHOULD BE DISMISSED BECAUSE PLAINTIFFS HAVE NOT STATED A CLAIM AGAINST XBR FOR VIOLATION OF CALIFORNIA CORPORATIONS CODE §§ 25110, 25503 AND 25504.1 ............. 7

    A. Plaintiffs' Claim Under State Law for Failure to Qualify Is Barred by the Statute of Limitations ................................................................................. 7

    B. The FAC Lacks the Facts Necessary to State a Cause of Action for Failure to Qualify ........................................................................................................ 8

V. THE THIRD CLAIM FOR RELIEF MUST BE DISMISSED BECAUSE PLAINTIFFS HAVE NOT STATED A CLAIM AGAINST XBR FOR VIOLATION OF CALIFORNIA CORPORATIONS CODE §§ 25401, 25501 AND 25504.1 ............. 9

VI. CONCLUSION ................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Ackerman v. Federal Desposit Ins. Corp.* (5th Cir. 1992) 973 F.2d 1221 .................................. 5

*Amoroso v. Southwestern Drilling Multi-Rig P'ship No. 1* (N.D. Cal. 1986) 646 F.Supp. 141 ..... 3

*Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544 ................................................................. 2

*Bowden v. Robinson* (1977) 67 Cal. App. 3d 705....................................................................... 7

*E.B. Smith v. Am. Natl Bank & Trust Co.* (6th Cir. 1992) 982 F.2d 936 ...................................... 5

*Finkel v. The Stratton Corp.* (2d Cir. 1992) 962 F.2d 169........................................................... 3

*In re Activision* (N.D. Cal. 1985) 621 F.Supp. 415 ..............................................................6, 9

*Lubin v. Sybedon Corp.* (S.D. Cal. 1988) 688 F. Supp. 1425 ...................................................... 7

*Miller v. Thane Intl., Inc.* (9th Cir. 2008) 915 F.3d 879 ............................................................. 4

*Pinter v. Dahl* (1988) 486 U.S. 622, 642 ................................................................................... 4

*Republican Party of North Carolina v. Martin* (4th Cir. 1992) 980 F.2d 943 .............................. 2

*Ryder Int'l Corp. v. First Am. Natl Bank* (11th Cir. 1991) 9743 F.2d 1521 ................................. 5

*S.E.C. v. Seabord Corp.* (9th Cir. 1982) 677 F.2d 1301 .............................................................. 3

*Schlifke v. Seafirst Corp.* (7th Cir. 1989) 866 F.2d 935.............................................................. 5

**Statutes**

15 U.S.C. § 77b(a) .................................................................................................................... 4

15 U.S.C. § 77b(a)(11)............................................................................................................... 6

15 U.S.C. § 77l(a)(2).................................................................................................................. 4

15 U.S.C. § 77m......................................................................................................................... 3

Cal. Corp. Code § 25022 ............................................................................................................ 8

Cal. Corp. Code § 25110 ............................................................................................................ 8

Cal. Corp. Code § 25401 ............................................................................................................ 9

Cal. Corp. Code § 25501 ............................................................................................................ 9

Cal. Corp. Code § 25503 ............................................................................................................ 8

Cal. Corp. Code § 25504.1 ................................................................................................. 8, 9

Cal. Corp. Code § 25507(a) ................................................................................................... 7

Fed. R. Civ. Pro. 12(b)(6) ....................................................................................................... 2

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant XBR Financial Services, LLC ("XBR") hereby submits is Memorandum of Points and Authorities in Support of its Motion to Dismiss Plaintiff's First Amended Complaint for Violation of Federal and State Securities Laws:

**I.   INTRODUCTION**

Plaintiffs in this action purchased guestroom condominium units ("Condominium Units") in the Hard Rock Hotel San Diego ("HRHSD"). In their First Amended Complaint ("FAC"), they allege that the real estate interests they bought are actually unregistered securities. They call their title interests "investment contracts" and aver that they should have been registered with the Securities & Exchange Commission or qualified with the California Department of Corporations. Plaintiffs allege Defendants misrepresented the applicability of the securities laws. Plaintiffs also claim Defendants misled them about the management, promotion, and rental of their Condominium Units.

The defendants named in the FAC are diverse. They include individuals and business entities involved in developing and operating the HRHSD, the company that promoted the guestroom condominium sales, and various financial institutions that made purchase money loans to Plaintiffs. The moving party's relationship to the project is attenuated, to say the least: XBR was not involved with the development, marketing, or direct lending for the HRHSD. It neither promoted, offered, sold, issued, underwrote, nor assisted with the sale of any of the Condominium Units. It is alleged to have merely purchased promissory notes from Defendant East West Bank,[1] which gave lending assistance to some of the Plaintiffs. XBR bought these notes after the HRHSD had already opened.

Whether Plaintiffs' condominium purchases are actually securities likely will be a hotly debated issue in this case, but it is irrelevant for purposes of this Motion. Even assuming, *arguendo,* that the condominiums are securities and Plaintiffs purchased unregistered or unqualified

---

[1] Defendants East West Bank and JPMorgan Chase have also filed motions to dismiss.

securities, the FAC fails to set-forth viable securities claims against XBR. Two of the alleged causes of action are time-barred by the applicable statutes of limitation. Moreover, the FAC is devoid of the facts necessary to constitute or infer a *prima facie* case against XBR. The FAC does not allege that XBR did anything other than purchase negotiable instruments from a bank that merely provided some of the Plaintiffs with mortgage loans. This does not and cannot give rise to liability for violation of federal or state securities laws. Accordingly, all claims against XBR fail, and the FAC should be dismissed without leave to amend.

## II.  LEGAL STANDARD FOR A MOTION TO DISMISS

The Federal Rules of Civil Procedure provide a defendant with the opportunity to move for dismissal when a complaint fails "to state a claim upon which relief can be granted." (Fed. R. Civ. Pro. 12(b)(6).) A motion to dismiss tests the formal sufficiency of a plaintiff's statement of claim for relief, but it is not a mechanism to resolve the merits or factual disputes between the parties. (*Republican Party of North Carolina v. Martin* (4th Cir. 1992) 980 F.2d 943, 952.) When considering a motion to dismiss, the Court assumes all facts pled are true, but the Court does not have to automatically accept the truth of conclusions contained in a complaint. (*Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 556.) To survive a motion to dismiss, a complaint must offer more than labels, conclusions, and a "formulaic recitation of the elements of a cause of action." (*Id.* at 556.) The pleading must cross over from the realm of conceivable to plausible, and it must allege "enough facts to state a claim to relief that is plausible on its face." (*Id.* at 558.) The following discussion shows that Plaintiffs have not met this standard here and, thus, cannot survive this Motion to Dismiss.

///

///

1149-001

2

DEFENDANT XBR FINANCIAL SERVICES, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR VIOLATION OF FEDERAL AND STATE SECURITIES LAWS
09-CV-2739-DMS(BGS)

### III. THE FIRST CLAIM FOR RELIEF MUST BE DISMISSED BECAUSE PLAINTIFFS HAVE NOT STATED A CLAIM AGAINST XBR FOR VIOLATION OF § 12(a)(2) OF THE SECURITIES ACT OF 1933

#### A. Plaintiffs' Federal Law Claim for Misrepresentation or Omission Is Barred by the Statute of Limitations

The Securities Act of 1933 clearly states: "In no event shall any such action be brought to enforce a liability created… under [§ 12(a)(2)] of this title more than three years after the sale." (15 U.S.C. § 77m.) The bar on actions brought after the limitations period is absolute. (*S.E.C. v. Seabord Corp.* (9th Cir. 1982) 677 F.2d 1301, 1308.) Accrual on the limitations period begins when the parties enter a binding contract for the sale of securities. In particular, "a sale occurs for § 12(a)(2) purposes when 'the parties obligate themselves to perform what they had agreed to perform even if the formal performance of their agreement is to be after a lapse of time.'" (*Finkel v. The Stratton Corp.* (2d Cir. 1992) 962 F.2d 169, 173 (quoting *Amoroso v. Southwestern Drilling Multi-Rig P'ship No. 1* (N.D. Cal. 1986) 646 F.Supp. 141, 143).)[2]

In this case, Plaintiffs cannot prevail against XBR based on § 12(a)(2) because their claims are time-barred. Plaintiffs and Defendant 5th Rock LLC contractually bound themselves by each executing a Purchase Contract and Escrow Instructions ("Purchase Contract"). (Defendant XBR Financial Services, LLC's Request for Judicial Notice in Support of Motion to Dismiss ("RJN"), filed concurrently herewith, Ex. 1-8.) With the exception of Plaintiff Tamer Salameh ("Salameh"), Plaintiffs who borrowed from East West Bank (from whom XBR bought the notes relevant to this action) executed and became bound by the Purchase Contract in May 2006. (RJN Ex. 1-3 and 5-8.) The Purchase Contract for Salameh is dated November 27, 2006. (RJN Ex. 4.) Salameh executed the Purchase Contract on November 22, 2006, while the sellers executed the document on December 1, 2006. (RJN Ex. 1-8.) Thus, the latest date upon which

---

[2] Neither the Ninth Circuit nor the Supreme Court has addressed the issue of when the three-year statute of limitations begins to run on a claim under Section 12(a)(2) of the 1933 Securities Act.

Salameh and 5th Rock LLC were contractually bound was December 1, 2006.  But Salameh did not file suit until December 8, 2009, and the remaining Plaintiffs who borrowed from East West Bank did not file until March 15, 2010.  These filing dates each come well after the absolute three-year statutory limitations period established by the execution of the Purchase Contract.  Therefore, Plaintiffs' claim for relief under § 12(a)(2) of the 1933 Securities Act is barred by the applicable statute of limitations.  This Motion should be granted without leave to amend this claim.

### B. The FAC Fails to Allege Necessary Facts for a Federal Law Claim for Misrepresentation or Omission

The Securities Act of 1933 forbids the use of falsehoods and omissions in connection with securities transactions and creates a private right of action for those who were wronged by fraud.  The Act imposes liability on anyone who "offers or sells a security" through the artifice of an untrue statement of material fact or the omission of a material fact. (15 U.S.C. § 77l(a)(2); *see Pinter v. Dahl* (1988) 486 U.S. 622, 642.)  Under the Act, an "offer" encompasses all efforts "to dispose of" a security "for value," and a "sale" includes "every contract of sale or disposition of" a security "for value."  (15 U.S.C. § 77b(a).)  Liability also extends to those who did not actually pass title when they have sufficient participation in the solicitation of a security and intend that the sale benefit themselves or the seller. (*Dahl*, *supra*, at 650-55.)

To prevail on a § 12(a)(2) claim, a plaintiff must demonstrate four things:  (1) an offer or a sale of a security or the requisite level of participation in the deal, (2) by the use of a means or instrumentality of interstate commerce, (3) by the means of a prospectus or oral communication, (4) that includes an untrue statement of material fact or omits to state a material fact that is necessary to make the statements not misleading." (15 U.S.C. § 77l(a)(2); *Miller v. Thane Intl., Inc.* (9th Cir. 2008) 915 F.3d 879, 885; *Dahl*, *supra*, at 650-55.)

///

///

1149-001

4

DEFENDANT XBR FINANCIAL SERVICES, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR VIOLATION OF FEDERAL AND STATE SECURITIES LAWS
09-CV-2739-DMS(BGS)

The FAC's allegations specifically directed against XBR are very sparse.[3] Plaintiffs allege that XBR bought notes from Defendant East West Bank, and after this lawsuit was filed, East West Bank notified various plaintiffs that XBR purchased their promissory notes. (FAC ¶¶ 38 and 49.) But Plaintiffs only specifically allege purchase of Plaintiffs Aleksey and Diana Kats's note.[4] (FAC ¶ 16.) Plaintiffs aver that the defendant banks, including East West Bank, "assisted with funding so as to help promoters further their plan." (FAC ¶ 86.) XBR is not alleged to be an author or distributor of the allegedly misleading prospectuses, a direct financer, or a principal seller. Nor is XBR alleged to have had knowledge of events underlying the sales at issue. While Plaintiffs call XBR a "promoter," when read in conjunction with the rest of the allegations in the FAC, this is a bald conclusion and should be disregarded by the Court.[5] There are simply no facts alleged that support this legal conclusion.

The first cause of action generally claims that all defendants offered and sold securities and specifically alleges that XBR "participated" in selling unregistered securities as an underwriter that provided "essential financing needed" for the sales. (FAC ¶ 145.) However, there is no allegation that XBR was the one who passed title to the Condominium Units, and Plaintiffs cannot make such an allegation because XBR did not own the properties at the time of the initial sale, and it is not a party to any of the contracts identified in the FAC. (RJN Ex. 1-25.) Hence, Plaintiffs' only theory against XBR under federal law is that of participant liability based on the claim that XBR was a securities underwriter. These theories are flawed for three reasons.

---

[3] Notably, most of the allegations in the FAC refer generically to "defendants" without specifying which of the thirteen named defendants is intended or identifying any facts specific to a party, so these allegations are insufficiently pled.

[4] In an abundance of caution and without making any admissions or concession, for the purposes of this Motion, XBR operates on the presumption that Plaintiffs allege XBR bought any and all notes related to loans East West Bank made to Plaintiffs with respect to the HRHSD.

[5] Plaintiffs allege "the banks named in this complaint… assisted with funding so as to help promoters further their plan." This language reveals that Plaintiffs neither consider nor allege the lenders and XBR to be promoters.

1  First, Federal courts across the country routinely find that lenders are not liable as sellers or offerors under § 12(a)(2). (*E.B. Smith v. Am. Natl Bank & Trust Co.* (6th Cir. 1992) 982 F.2d 936, 941-42 (holding that a bank that did not pass title to or solicit purchase of securities was not liable as a seller); *Ackerman v. Federal Desposit Ins. Corp.* (5th Cir. 1992) 973 F.2d 1221, 1223 (holding that a bank that played no part in the offering and became involved in the transaction months later was not a seller); *Ryder Int'l Corp. v. First Am. Natl Bank* (11th Cir. 1991) 9743 F.2d 1521, 1530-34 (determining no liability because bank neither sold nor offered commercial paper); and *Schlifke v. Seafirst Corp.* (7th Cir. 1989) 866 F.2d 935-41 (finding no liability because bank did not actively participate in solicitation.) This principal logically applies to those (like XBR) who acquire their interests directly from a shielded bank.

Second, Plaintiffs have failed to allege facts sufficient to support an allegation that XBR was a participant in the securities transaction. XBR was not in any way involved in the sale of the Condominium Units to Plaintiffs. (RJN Ex. 1-59.) The FAC does not allege that XBR solicited any of the sales or sought to benefit anyone else by the sales. XBR is not a party to any Purchase Contract. (RJN Ex. 1-8.) XBR did not fund the loans made to Plaintiffs and purchased the loans *post facto*. (RJN Ex. 9-25.) The FAC admits that XBR acquired the loans after the condominium sales had been made. (FAC ¶¶ 16 and 49.) The FAC does not indicate that Plaintiffs ever had any direct conversations with XBR. Without any involvement in the sales and marketing process, it is inconceivable that XBR solicited or was necessary in bringing about any sale. It is likewise impossible to conclude that XBR caused any damages Plaintiffs might have suffered. Plaintiffs have, therefore, failed to allege the fundamental elements of participant liability.

Third, XBR does not meet the definition of an underwriter. An "underwriter" in the securities context does not simply mean a financier. Under the Securities Act, an underwriter is one who purchases securities from an issuer for sale to third-parties. (15 U.S.C. § 77b(a)(11).) Case law provides that this definition is restrictive in scope, and a plaintiff cannot state a cause of action for securities fraud when the supposed underwriter did not actually conduct a sale. (*In re*

1149-001

6

DEFENDANT XBR FINANCIAL SERVICES, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR VIOLATION OF FEDERAL AND STATE SECURITIES LAWS
09-CV-2739-DMS(BGS)

*Activision* (N.D. Cal. 1985) 621 F.Supp. 415, 426.)  Plaintiffs do not allege that XBR bought securities from the purported issuer, 5th Rock LLC (FAC ¶ 110), for further sale or that XBR actually sold any of the alleged securities to Plaintiffs.  Accordingly, Plaintiffs fail to make a plausible claim against XBR based on its status as an underwriter.

As this moving defendant neither participated in nor underwrote the sale of the assets at issue, it is apparent that the FAC fails to state a claim against XBR under § 12(a)(2) of the Securities Act of 1933.  Furthermore, because XBR never sold or solicited any of the purported securities, and Plaintiffs cannot change these fundamental facts, this claim should be dismissed without leave to amend.

## IV. THE SECOND CLAIM FOR RELIEF SHOULD BE DISMISSED BECAUSE PLAINTIFFS HAVE NOT STATED A CLAIM AGAINST XBR FOR VIOLATION OF CALIFORNIA CORPORATIONS CODE §§ 25110, 25503 AND 25504.1

### A. Plaintiffs' Claim Under State Law for Failure to Qualify Is Barred by the Statute of Limitations

Corporations Code § 25507(a) establishes the limitations period for claims brought under §25503 and reads, in pertinent part:  "No action shall be maintained to enforce any liability created under Section 25503 unless brought before two years after the violation upon which it is based."  (Cal. Corp. Code § 25507(a).)This statute of limitations is absolute and not subject to tolling.  (*Lubin v. Sybedon Corp*. (S.D. Cal. 1988) 688 F. Supp. 1425, 1452–453.)  "This limitation is imposed to prevent purchasers from employing the remedies for violation of the qualification provisions to shift the risk of a bad investment to the seller."  (*Bowden v. Robinson* (1977) 67 Cal. App. 3d 705, 712.)

Neither the California Supreme Court nor any published decision from the California Court of Appeal has directly addressed the issue of when the two-year statute of limitations for a claim under § 25503 begins running.  If the statute of limitations runs from the date the offering should have been registered (*see Lubin, supra*, at 1452-53), then the Purchase Contracts suggest

that was some time in or before May 2006.  (RJN Ex. 1-8.)  If the statute runs from the date the parties were contractually bound to the purchase and sale of the purported securities (as with § 12(a)(2) of the 1933 Securities Act), then, as explained above, the contracts for the Plaintiffs who borrowed from East West Bank (from whom XBR bought all of the notes relevant to this action that it owns) were binding on the parties as of May 2006 or December 1, 2006 at the latest.  (RJN Ex. 1-8.)  In either case, Plaintiffs' claims under § 25503 were not brought until December 8, 2009, a date that is more than two years from either assumption concerning when the statute began to run.  Therefore, this claim should be dismissed without leave to amend.

### B. The FAC Lacks the Facts Necessary to State a Cause of Action for Failure to Qualify

The California Corporations Code states that it "is unlawful for any person to offer or sell in this state any security in an issuer transaction…, whether or not by or through underwriters, unless such sale has been qualified" or is exempt from qualification.  (Cal. Corp. Code § 25110.)

The Corporations Code also provides a private right of action for violation § 25110.  It provides that the § 25110 violator "shall be liable to any person acquiring from him the security sold."  (Cal. Corp. Code § 25503.)  The Corporations Code extends this liability, jointly and severally, to any "person who materially assists in any violation" of the qualification requirement.  (Cal. Corp. Code § 25504.1.)

Again, the FAC does not contain any allegation that XBR is one who actually offered and sold unqualified securities.  Rather, Plaintiffs claim that XBR "materially assisted the violation" by acting as an underwriter of the securities alleged in the FAC.  (FAC ¶ 150.)  But under California law, like federal law, an underwriter is not simply the source of monetary funds.  An underwriter is one who (a) agrees to purchase securities for distribution, (b) agrees to distribute securities on behalf of an issuer, or (c) manages and supervises a distribution on behalf of the issuer.  (Cal. Corp. Code § 25022.)  Based on this definition and the lack of pertinent allegations against XBR in the FAC, it is impossible to reach the conclusion that XBR was an underwriter under California law.  Plaintiffs fail to allege that XBR undertook any of the acts necessary to be

1149-001

8

DEFENDANT XBR FINANCIAL SERVICES, LLC'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR VIOLATION OF FEDERAL AND STATE SECURITIES LAWS
09-CV-2739-DMS(BGS)

an underwriter. Hence, they have failed to state a claim against XBR for the distribution of unqualified securities, and this cause of action must be dismissed without leave to amend.

## V. THE THIRD CLAIM FOR RELIEF MUST BE DISMISSED BECAUSE PLAINTIFFS HAVE NOT STATED A CLAIM AGAINST XBR FOR VIOLATION OF CALIFORNIA CORPORATIONS CODE §§ 25401, 25501 AND 25504.1

The California Corporations Code forbids fraud in the inducement of an offer, sale, or purchase of a security in California. It provides that it "is unlawful for any person to offer or sell a security… in this state by means of any written or oral communication which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading." (Cal. Corp. Code § 25401.)

The Code further provides that anyone who violates § 25401 "shall be liable to the person who purchases a security from him" unless the purchaser knew or reasonably should have known about the falsehood or omission. (Cal. Corp. Code § 25501.) Anyone who, with the intent to deceive or defraud, "materially assists" with any violation of § 25401 bears joint and several liability with the principal violator. (Cal. Corp. Code § 25504.1.) Liability under these statutes is coextensive with liability under § 12 of the Securities Act of 1933. (*In re Activision*, *supra*, at 426-27.)

Plaintiffs' claim against XBR for misrepresentation and omission under state law arises out of the same set of vague allegations used for their federal claim. Plaintiffs again generally allege that defendants offered and sold securities or provided material assistance with the violation. (FAC ¶ 153.) As discussed above, the FAC does not allege that XBR actually solicited, offered, or sold any of the assets in question, and the truth is XBR did not. (RJN Ex. 1-8 and 26-59.) There are no specific, additional allegations against XBR to support Plaintiffs' state claim. Plaintiffs, therefore, rely on the state-equivalent of the federal participatory theory and try to assert liability based on the allegation that XBR "materially assisted" with the offer or

1  sale of a security in the face of fraud.  The material assistance alleged is underwriting.  (FAC at

2  ¶¶ 146 and 153.)

3        The underwriting argument is untenable, and this claim is doomed to fail just as it does

4  with respect to the first and second causes of action.  This is because XBR did not purchase,

5  distribute, or manage distribution of securities from an issuer, nor is this alleged.

6        Furthermore, under the material assistance statute, the assisting party must have the intent

7  to deceive or defraud.  (Cal. Corp. Code § 25504.1.)  The FAC in this case does not allege that

8  XBR had any such motives.  In fact, it would be illogical to conclude that XBR, the purchaser of

9  a negotiable instrument well after the issuance of the loan, had any desire to wrong Plaintiffs.  It

10  is not even alleged that XBR communicated with any of the plaintiffs.  XBR was simply too far

11  removed from the alleged securities transactions to plausibly conclude that it had the intent to

12  deceive or defraud anyone here.

13        As Plaintiffs have failed to state a claim under Corporations Code §§ 25401, 25501, and

14  25504.1, and because Plaintiffs cannot change the fact that XBR never sold or materially assisted

15  with the sale of any securities to Plaintiffs, this claim must be dismissed without leave to amend.

16  **VI.   CONCLUSION**

17        WHEREFORE, as the foregoing discussion shows that Plaintiffs have not and cannot

18  state a viable claim against XBR for violation of federal and state securities laws, XBR

19  respectfully requests that the Court grant this Motion to Dismiss in its entirety and enter an order

20  dismissing all claims made against XBR in the FAC without leave to amend.

21  Dated:  May 7, 2010         SAMUELS, GREEN & STEEL, LLP

23  /s Jennifer A. Needs
    By: Jennifer A. Needs
    Attorneys for Defendant
24  XBR FINANCIAL SERVICES, LLC
    E-Mail: jennifer.needs@sgsattorneys.com

# CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party of this action; and that I served the individuals on the service list attached hereto the following documents;

Original of:

**DEFENDANT XBR FINANCIAL SERVICES, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR VIOLATION OF FEDERAL AND STATE SECURITIES LAWS**

**Filed May 7, 2010 on the ECF system and served pursuant to General Order No. 550, with:**

- **Michael J Aguirre**
  maguirre @amslawyers.com

- **Lynn T Galuppo**
  1galuppo@coxcastle.com

- **Bryan D Sampson**
  bsampson@sampsonlaw.net

- **Maria C Severson**
  mseverson@amslawyers.com

- **Spyglass Partners, Inc.**
  bsampson@sampsonlaw.net

- **Sung-Min Christopher Yoo**
  cyoo@adorno.com

- **John Nadolenco**
  jnadolenco@mayerbrown.com

/s Jennifer A. Needs
By: Jennifer A. Needs
Attorneys for Defendant
XBR FINANCIAL SERVICES, LLC
E-Mail: jennifer.needs@sgsattorneys.com

1149-001