BRYAN CAVE LLP
Robert E. Boone, California Bar No. 132780
Email: reboone@bryancave.com
Edward M. Rosenfeld, California Bar No. 49943
Email: emrosenfeld@bryancave.com
Timothy L. Hayes, California Bar No. 175958
Email: tlhayes@bryancave.com
120 Broadway, Suite 300
Santa Monica, CA 90401
Telephone: (310) 576-2100
Facsimile: (310) 576-2200

Attorneys for Defendant
BANK OF AMERICA, N.A. erroneously sued
as "Bank of America, a Delaware corporation"

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TAMER SALAMEH, an individual; REAL ESTATE 4 HOSPITALITY, LLC, a California limited liability company; ALEKSEY KATS; DIANA KATS, MITCHELL J. PEREIRA; GARY A. TORRETTA; ROBERT ALVARENGA; ALEXIS COSIO; CESAR MOTA; DENIS B. ROTHE JR; CHARLENE SCHRUFER; DAVID R. BUSHY; DALE CURTIS; ZONDRA SCHMIDT; DOLORES GREEN; CHRISTY JESKE; TAZIA REYNA; MARY L. WEE SONG; KERRY L. STEIGERWALT; BETH STEIGERWALT; STUART M. WOLMAN, JEFFREY E. LUBIN AND BARBARA L. LUBIN, INDIVIDUALLY AND AS CO-TRUSTEES OF THE LUBIN FAMILY TRUST DATED MARCH 26, 2002; MIKAEL HAVLUCIYAN AND THERESE HAVLUCIYAN INDIVIDUALLY AND AS CO-TRUSTEES OF THE HAVLUCIYAN FAMILY TRUST, SADOUX KIM; individually and on behalf of a Class of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TARSADIA HOTEL, a California Corporation; TUSHAR PATEL, an individual; B.U. PATEL, an individual; GREGORY CASSERLY, an individual; 5th ROCK LLC, a Delaware limited liability company; MPK ONE, LLC, a California limited liability company; GASLAMP HOLDINGS, LLC, a California limited liability company; | **CASE NO. 09-CV-2739-DMS-CAB**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BANK OF AMERICA, N.A.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR ALLEGED VIOLATIONS OF FEDERAL AND STATE SECURITIES LAWS**<br><br>Date:      June 25, 2010<br>Time:     1:30 p.m.<br>Place:    Courtroom of the Honorable Dana M. Sabraw, United States District Judge |

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  PLAYGROUND DESTINATION
   PROPERTIES, a corporation; EAST WEST
2  BANK, a California corporation; BANK OF
   AMERICA, a Delaware Corporation; JP
3  MORGAN CHASE; PROFESSIONAL
   MORTGAGE PARTNERS, INC.; XBR
4  FINANCIAL SERVICES, LLC, a California
   limited liability company; ERSKINE CORP., a
5  California Corporation; and DOES 1 to 100,
   inclusive,

6
            Defendants.
7

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SM01DOCS\787127.15                        CASE NO. 09-CV-2739-DMS-CAB
            MEMORANDUM OF POINTS & AUTHORITIES
               IN SUPPORT OF MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

I.  PLAINTIFFS ARE NOT ENTITLED TO RELIEF ON THEIR "FIRST CLAIM." .......... 2

   A.  Plaintiffs' "aiding and abetting" theory does not state a claim for relief. ............... 2

   B.  Plaintiffs' "underwriter" theory does not state a claim for relief. ..................... 4

   C.  Plaintiffs fail to allege that BANA was "directly involved" in the alleged "sale." ............... 5

   D.  The judicially noticeable facts confirm that BANA was not "directly involved in the alleged "sale." ..................... 6

   E.  The "First Claim" does not satisfy the requirements of Rule 8(a). ..................... 8

      1.  The Courts have traditionally ignored bare legal conclusions when ruling on a motion to dismiss. ..................... 8

      2.  Recent Supreme Court and Ninth Circuit case law confirms that Plaintiffs' bare legal conclusions should be ignored. ..................... 9

      3.  The FAC improperly relies on "formulaic" claims for relief. ..................... 10

   F.  The FAC likewise does not satisfy Rule 9(b). ..................... 10

      1.  Fed. R. Civ. P. 9(b) applies to Plaintiffs' claims under Section 12(a)(2). ..................... 11

      2.  The FAC woefully fails to set forth "where" and "how" the alleged "deception" occurred. ..................... 13

      3.  The FAC improperly relies on "group" pleading. ..................... 13

      4.  The FAC does not even comply with Rule 8(a)(2)'s requirements when seeking to allege facts establishing an inference of *scienter*. ............... 14

   G.  The FAC does not plead facts indicating the exercise of "reasonable diligence" to extend the 1-year limitations period. ..................... 14

II.  PLAINTIFFS ARE NOT ENTITLED TO RELIEF ON THEIR "SECOND CLAIM." ..................... 15

   A.  Plaintiffs' "Second Claim" is time-barred. ..................... 15

   B.  In any event, Plaintiffs' Second Claim does not state a claim for relief. ............... 16

      1.  Plaintiffs do not state a claim for relief under Corp. Code §§ 25110 and 25503. ..................... 16

      2.  Plaintiffs do not state a claim for relief under Corp. Code § 25110 and 25504.1. ..................... 16

III.  PLAINTIFFS ARE NOT ENTITLED TO RELIEF ON THEIR "THIRD CLAIM." ........ 17

   A.  Plaintiff do not state a claim for relief under Corp. Code §§ 25401 and 25501. ..................... 17

   B.  Plaintiffs do not state a claim for relief under Corp. Code § 25401 and 25504.1. ..................... 17

   C.  Plaintiffs' "Third Claim" may be time-barred. ..................... 18

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

## **TABLE OF AUTHORITIES**

**Page**

### **CASES**

*Ackerman v. Northwestern Mut. Life Ins. Co.,*
  172 F3d 467 (7th Cir. 1999) ........................................................................... 13

*Alan Neuman Productions, Inc. v. Albright,*
  862 F.2d 1388 (9th Cir.1988) ........................................................................ 11

*Ashcroft v. Iqbal,*
  ---U.S. ----, 129 S.Ct. 1937 (2009) ............................................................ 9, 10

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007) ..................................................................................... 9, 10

*Central Bank, N.A. v. First Interstate Bank, N.A.,*
  511 U.S. 164 (1994) ..................................................................................... 3, 11

*Desaigoudar v. Meyercord,*
  223 F.3d 1020 (9th Cir. 2000) ....................................................................... 11

*Doe I v. Wal-Mart Stores, Inc.,*
  572 F.3d 677 (9th Cir. 2009) ........................................................................... 9

*Dyachishin v. America's Wholesale Lenders,*
  2010 WL 1525639 (E.D.Cal. 2010) .............................................................. 11

*Finkel v. Stratton Corp.,*
  962 F.2d 169 (2nd Cir. 1992) .................................................................... 2, 5, 6

*Freedman v. Louisiana-Pacific Corp.,*
  922 F.Supp. 377 (D.Or. 1996) ........................................................................ 8

*Hocking v. Dubois,*
  885 F.2d 1449 (9th Cir.1989) .......................................................................... 8

*In re Alliance Equipment Lease Program Securities Litigation,*
  2002 WL 34451621 (S.D.Cal.2002) ...................................................... 5, 12, 16

*In re Burlington Coat Factory Securities Litigation,*
  114 F.3d 1410 (3d Cir.1997) ........................................................................... 8

*In re Daou Systems, Inc.,*
  411 F.3d 1006 (9th Cir.2005) .......................................................................... 5

*In re Westinghouse Securities Litigation,*
  90 F.3d 696 (3d Cir.1996) ............................................................................... 5

*Iqbal v. Hasty,*
  490 F.3d 143 (2d Cir. 2007) ............................................................................ 9

*Knievel v. ESPN,*
  393 F.3d 1068 (9th Cir. 2005) ......................................................................... 6

*Lubin v. Sybedon Corp.,*
  688 F. Supp. 1425 (S.D. Cal. 1988) .............................................................. 15

*Moore v. Kayport Package Exp., Inc.,*
  885 F.2d 531 (9th Cir. 1989) ....................................................................... 3, 5

*Moss v. U.S. Secret Serv.,*
  572 F.3d 962 (9th Cir. 2009) ................................................................ 10, 14, 17

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

*New Jersey Carpenters Vacation Fund v. Royal Bank of Scotland Group, PLC,*
  2010 WL 1172694 (S.D.N.Y. 2010) ...................................................................... 4

*Nymark v. Heart Fed. Savings & Loan Assn.,*
  231 Cal.App.3d 1089, 283 Cal.Rptr. 53 (1991) ............................................. 2, 14

*Pinter v. Dahl,*
  486 U.S. 622 (1988) ............................................................................................... 3

*Rubke v. Capitol Bancorp Ltd,*
  551 F.3d 1156 (9th Cir. 2009) ..................................................................... 11, 12

*SEC v. The Seaboard Corp.,*
  677 F. 2d 1289 (9th Cir. 1982) ......................................................................... 17

*Sprewell v. Golden State Warriors,*
  266 F.3d 979 (9th Cir. 2001) .............................................................................. 9

*Stoneridge Investment Partners, LLC v.Scientific-Atlanta, Inc.,*
  552 U.S. 148 (2008) ............................................................................................ 4

*Swartz v. KPMG LLP,*
  476 F.3d 756 (9th Cir. 2007) ............................................................................ 13

*United States v. Ritchie,*
  342 F.3d 903 (9th Cir. 2003) .......................................................................... 6, 7

*Vess v. Ciba-Geigy Corp. USA,*
  317 F.3d 1097 (9th Cir. 2003) ......................................................................... 12

*Wagner v. First Horizon Pharmaceutical Corp.,*
  464 F.3d 1273 (11th Cir. 2006) ....................................................................... 11

## **STATUTES**

Cal. Corp. Code § 25022 ....................................................................................... 5

Cal. Corp. Code § 25401 ................................................................................. 19, 20

Cal. Corp. Code § 25501 ................................................................................. 19, 20

Cal. Corp. Code § 25503 ................................................................................. 17, 18

Cal. Corp. Code § 25504.1 ......................................................................... passim

Cal. Corp. Code § 25506 ....................................................................................... 20

Cal. Corp. Code § 25507 ....................................................................................... 17

Cal. Corp. Code§ 25110 ........................................................................................ 18

## **RULES**

Fed. R. Civ. P. 12(b)(6) ................................................................................. passim

Fed. R. Civ. P. 8(a) ........................................................................................... 1, 8

Fed. R. Civ. P. 8(a)(2) ........................................................................... 4, 9, 17, 18

Fed. R. Civ. P. 9(b) ........................................................................................ passim

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   Bank of America, N.A., a national banking association organized under the laws of the

2   United States with its principal offices in Charlotte, NC ("BANA"), incorrectly sued as "Bank of

3   America, a Delaware corporation," seeks dismissal of the first amended complaint filed March 15,

4   2010 ("FAC") pursuant to Federal Rules of Civil Procedure 12(b)(6).

5   **<u>INTRODUCTION</u>**

6   The FAC was filed by twenty-three persons ("Plaintiffs") who allege they "are losing tens

7   of millions of dollars" on their respective purchases of condominium units at the Hard Rock hotel

8   in San Diego [FAC ¶ 1]. Four of these Plaintiffs, Alvarenga, Havluciyan, Green and Schmidt

9   ("BANA Plaintiffs"), consummated the purchase of his or her condominium unit using funds

10  borrowed from BANA (see Exhibits J, K, L, M and O to the Request for Judicial Notice ("RJN")

11  filed herewith).  The four BANA Plaintiffs bought 3 of the 420 units at the hotel.[1] Only the four

12  BANA Plaintiffs allege they had business dealings with "Bank of America." Yet all twenty-three

13  Plaintiffs seek relief against "Bank of America." All Plaintiffs allege in conclusory fashion that

14  each defendant is responsible for the acts and omissions of every other defendant [FAC ¶ 59] and

15  that each defendant supposedly was a "promoter" of the underlying "securities" transaction [FAC

16  ¶ 38].  These allegations, as shown below, do not comply with Federal Rules of Civil Procedure

17  8(a) and 9(b).

18  The Plaintiffs allege that, when buying their Hard Rock condominium units, they signed a

19  series of contracts [FAC ¶ 86] that, taken together, constitute a "security" which should have been

20  "registered" by BANA with the Securities and Exchange Commission ("SEC") and "qualified" by

21  BANA with the Department of Corporations ("DOC"). The three contracts that supposedly created

22  a "security" were a "Purchase Contract and Escrow Instructions," a "Unit Maintenance and

23  Operating Agreement" and a "Rental Management Agreement" [FAC ¶ 86]. Plaintiffs claim that,

24  if the sale of these contracts had been "registered" and "qualified," the SEC and the DOC "would

25  have caused defendants to disclose . . . material information" that Plaintiffs did not receive [¶ 70].

26

27  [1]   See FAC ¶ 20, 25, 31, 32, 68 and the exhibits attached to BANA's Request for Judicial

28  Notice ("RJN").

1  But Plaintiffs do not identify the "material information" they supposedly did not receive. Instead,

2  Plaintiffs seek relief based on bare legal conclusions, not accepted as true on this motion, that

3  defendants "sold investment contracts . . .  in violation of federal and state investor protection

4  laws" [FAC ¶ 1] in breach of an alleged duty to "disclose that they were selling a security" [FAC ¶

5  2]. Plaintiffs do not, however, allege facts creating this alleged duty to "disclose." Nor do they

6  address the "general rule" that "a financial institution owes no duty of care to a borrower when the

7  institution's involvement in the loan transaction does not exceed the scope of its conventional role

8  as a mere lender of money." *Nymark v. Heart Fed. Savings & Loan Assn.,* 231 Cal.App.3d 1089,

9  1096, 283 Cal.Rptr. 53 (1991).

10         Parts I, II and III below separately address Plaintiffs' three claims for relief. The flaw in

11  these alleged claims is this: Even assuming *arguendo* that the 2006 offering of Hard Rock

12  condominium units did involve a "securities" offering, the federal and state securities Acts were

13  violated, if at all, when Plaintiffs, in 2006, entered into a binding contract to buy one or more units

14  at the project. *Finkel v. Stratton Corp.*, 962 F.2d 169, 173 (2nd Cir. 1992) (internal quotations

15  omitted)("a sale occurs for § 12(2) purposes when the parties obligate themselves to perform what

16  they had agreed to perform even if the formal performance of their agreement is to be after a lapse

17  of time."). Months after Plaintiffs, by contract, obligated themselves to buy their condominium

18  unit(s), the four BANA Plaintiffs borrowed money from BANA which functioned in the

19  transaction as an independent lender having no involvement in the already-completed "securities"

20  offering. Conceding this sequence of events, the FAC, at ¶ 85, alleges that BANA and others

21  "provid[ed] the essential financing needed to consummate" the purchase of condominium units.

22  However, "providing the essential financing needed to consummate" an already-completed

23  "securities" transaction does not state a claim for relief under the federal or state securities Acts.

24  **I.     PLAINTIFFS ARE NOT ENTITLED TO RELIEF ON THEIR "FIRST CLAIM."**

25         **A.     Plaintiffs' "aiding and abetting" theory does not state a claim for relief.**

26         In their "First Claim," Plaintiffs seek relief against BANA based on Section 12(a)(2) of the

27  Securities Act of 1933 ("33 Act"), which provides that a "securities" buyer may sue "[a]ny person

28  who  . . . offers or sells a security . . . by means of a prospectus or oral communication" containing

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  a material misstatement or omission. In an effort to plead a claim for relief under this code section,

2  Plaintiffs allege that BANA was a "seller" of the underlying "securities." The Plaintiffs' "seller"

3  allegation, however, is based solely on their conclusory allegations that BANA "assisted,

4  participated in, and funded" the alleged "sale" [FAC ¶ 38] and, in so doing, "materially assisted in

5  the unlawful sale of . . . of the unregistered and unqualified HRHSD Investment Contracts" [FAC

6  ¶ 52]. In substance, Plaintiffs claim that a bank that lends money to a buyer of "securities" to

7  enable that person to "consummate" a previously-agreed-upon "securities" transaction is an "aider

8  and abetter" and, as such, is a statutory "seller" of the underlying "security." This untenable theory

9  of relief was rejected more than 20 years ago when the Supreme Court, in *Pinter v. Dahl,* 486 U.S.

10  622, 650 (1988), rejected the contention, "grounded in tort doctrine," that persons who participate

11  in the sale of securities become statutory "sellers" under Section 12 of the 33 Act. One year after

12  *Pinter*, in *Moore v. Kayport Package Exp., Inc.* 885 F.2d 531, 537 (9th Cir. 1989), the Ninth

13  Circuit rejected the notion that persons who "merely assist in another's solicitation efforts" are

14  "sellers" under Section 12(a)(2), noting that, under *Pinter*, the lower courts, when imposing

15  "seller" liability under Section 12(a)(2), must "distinguish between those who solicit and those

16  whose participation is only collateral to the offer or sale." 885 F.2d at 537. *Moore* denied leave to

17  amend in order to protect "collateral" participants from Section 12(a)(2)'s "draconian" liability. *Id.*

18  at 537, n. 5.

19       Six years after *Pinter*, in *Central Bank, N.A. v. First Interstate Bank, N.A.*, 511 U.S. 164

20  (1994), the Supreme Court barred private suits for aiding and abetting a violation of Section 10(b)

21  of the Securities Exchange Act of 1934, thereby ending the wide-spread practice of suing banks

22  claiming that extending an ordinary commercial loan somehow "aided and abetted" an alleged

23  "securities" fraud. In *Central Bank*, the Court re-stated its rejection in *Pinter* of the notion that

24  persons who collaterally participate in the sale of securities can be deemed Section 12 "sellers."

25  *Central Bank* at 175. The Court expressly rejected "aiding and abetting" as a basis for civil

26  remedies under the federal securities acts. *Central Bank*, 511 U. S., at 184 ("Even assuming  . . . a

27  deeply rooted background of aiding and abetting tort liability, it does not follow that Congress

28  intended to apply that kind of liability to the private causes of action in the securities acts"). In

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   2008, the Supreme Court confirmed its long-standing refusal to sustain claims for relief under the

2   federal securities Acts based on "aiding and abetting" concepts. *Stoneridge Investment Partners,*

3   *LLC v.Scientific-Atlanta, Inc.*, 552 U.S. 148 (2008).

4          In sum, Plaintiffs have ignored or overlooked the controlling Supreme Court and Ninth

5   Circuit decisions rejecting "aiding and abetting" as a basis for liability under Section 12(a)(2) of

6   the 33 Act. Having done so, Plaintiffs mistakenly seek relief based on their allegation that BANA

7   "materially assisted in the unlawful sale . . . of the unregistered and unqualified HRHSD

8   Investment Contracts" [FAC ¶ 52]. These allegations do not provide the Court with "a short and

9   plain statement of the claim showing that the pleader is entitled to relief," as required by Federal

10   Rules of Civil Procedure 8(a)(2) and the underlying statute, Section 12(a)(2) of the 33 Act.

11       **B.**    **Plaintiffs' "underwriter" theory does not state a claim for relief.**

12          The FAC, at ¶ 85, alleges that BANA and others were "acting as underwriters of the

13   offering in providing the essential financing needed to consummate" the underlying transaction.

14   Plaintiff's use of the term "underwriter" is a red herring, even if the Court accepts as true

15   Plaintiff's legal conclusion that the Hard Rock condominium offering was a "securities" offering.

16   Thus, as explained in *New Jersey Carpenters Vacation Fund v. Royal Bank of Scotland Group,*

17   *PLC*, 2010 WL 1172694, 3 ftn. 5 (S.D.N.Y. 2010), "[t]he term 'underwriter' refers to the defined

18   term for one of the five enumerated classes of individuals subject to liability under § 11 of the

19   Securities Act." Section 11(a) of the '33 Act creates express statutory remedies "[i]n case any part

20   of the registration statement, *when such part became effective*, contained an untrue statement of a

21   material fact or omitted to state a material fact required to be stated therein . . . ." (Emphasis

22   added.) Here, Plaintiffs complain that no "registration statement" was filed and hence no

23   "registration statement" became "effective." On these admitted facts, Plaintiffs cannot seek relief

24   based on Section 11 of the 33 Act. This moots Plaintiffs' federal "underwriter" claims.  Likewise,

25   Plaintiffs offer no allegations supporting "underwriter" claims under the Corporations Code. The

26   FAC does not allege that BANA is a "a person who . . . agreed with an issuer or other person on

27   whose behalf a distribution is to be made (a) to purchase securities for distribution or (b) to

28   distribute securities for or on behalf of such issuer or other person or (c) to manage or supervise a

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  distribution of securities for or on behalf of such issuer or other person." Cal. Corp. Code § 25022.

2  **C.**   **Plaintiffs fail to allege that BANA was "directly involved" in the alleged**

3  **"sale."**

4  Under Section 12(a)(2), a person "sells a security" if -- but only if -- he or she was

5  "directly involved in the actual solicitation of a securities purchase." *In re Daou Systems, Inc.*, 411

6  F.3d 1006, 1029 (9th Cir.2005) (internal quotations and citations omitted) (asking whether

7  "defendants were 'directly involved' in the actual solicitation of a securities purchase"). *See In re*

8  *Westinghouse Securities Litigation,* 90 F.3d 696, n. 19 (3d Cir.1996) (Alito, J.) (direct and active

9  participation in solicitation is necessary for solicitation liability); *In re Alliance Equipment Lease*

10  *Program Securities Litigation*, 2002 WL 34451621, at *7-8 (S.D.Cal.2002) (collecting cases).  *See*

11  *Pinter v. Dahl, supra,* 486 U.S. at 650, as cited in *Moore, supra,*  885 F.2d at 537:

> Here, the investors did not allege that the lawyers or accountants played any role at all in soliciting the purchases. Rather, the investors alleged that these defendants performed professional services in their respective capacities as accountants and lawyers. As the Court stated in *Pinter,* "[t]he buyer does not, in any meaningful sense, 'purchas[e] the security from' such a person." *Id.* at 651 (footnote omitted).

Under Section 2(a)(3) of the 33 Act, the "term 'sale' or 'sell' shall include every contract of sale or disposition of a security or interest in a security, for value." Under Section 12(a)(2), the "contract of sale," as defined in Section 2(a)(3), took place when Plaintiffs first became obligated to purchase their condominium unit. *Finkel, supra,*  962 F.2d at 173 (internal quotations omitted)("a sale occurs for § 12(2) purposes when the parties obligate themselves to perform what they had agreed to perform even if the formal performance of their agreement is to be after a lapse of time.").

Based on these authorities, in order for Plaintiffs to allege that BANA was a "seller" of the "securities" that supposedly were issued by defendants, Plaintiffs must allege that BANA was "directly involved" in "soliciting" Plaintiffs' decision to execute and deliver the "Purchase Contract and Escrow Instructions," "Unit Maintenance and Operating Agreement" and "Rental Management Agreement" that, according to Plaintiffs, created the underlying "security." But Plaintiffs do not allege that BANA, at any time or in any way, solicited or encouraged them to

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   execute these agreements. Instead, Plaintiffs allege, at ¶ 85, that BANA and others, after the "sale"

2   of the "securities" took place, "act[ed] as underwriters of the offering in providing the essential

3   financing needed to consummate" the condominium transaction. Conceding that BANA was not

4   involved in the solicitation process, the FAC, at ¶69, fails to mention any role played BANA when

5   "[t]he HRHSD Investment Contracts were offered and sold to investors by use of uniform

6   advertisements, emails, letters, or other communications, written or by television, which offered

7   the HRHSD Investment Contracts for sale and which confirmed the sale of the HRHSD

8   Investment Contracts." Likewise, the FAC does not allege that BANA was involved in planning,

9   organizing, staffing, directing or controlling efforts to build or market the underlying

10  condominium units. Indeed, Plaintiffs concede they were under no compulsion to obtain financing

11  for the purchase of their unit. See FAC ¶ 85: "Investors paid cash for or arranged for financing to

12  purchase the HRHSD studios or suites."

13      **D.**      **The judicially noticeable facts confirm that BANA was not "directly involved**

14              **in the alleged "sale."**

15          As noted above, the "sale" at issue took place when Plaintiffs first became obligated to

16  purchase their condominium units. *Finkel v. Stratton Corp.*, *supra*, 962 F.2d. Though not

17  mentioned in the FAC, the BANA Plaintiffs became obligated to purchase their condominium

18  units in 2006 when they signed the "Purchase Contract and Escrow Instructions," the "Unit

19  Maintenance and Operating Agreement" and the "Rental Management Agreement." Likewise not

20  mentioned in the FAC is that the BANA Plaintiffs' business dealings with BANA took place in

21  2007.  The documents evidencing this sequence of events are properly before the Court under the

22  Ninth Circuit's "incorporation by reference" doctrine.[2] Under this doctrine, the Court may look

23  beyond the pleadings without converting a Rule 12(b)(6) motion into a Rule 56 motion for

24  summary judgment. *Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005). A court may treat a

25  judicially-noticed document as "part of the complaint, and thus may assume that its contents are

26  true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie, supra*, 342 F.3d at 908.

27  _____

28  [2]      *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

1   BANA, therefore, asks the Court to decide its Rule 12(b)(6) motion based on documentary

2   evidence cited in its Request for Judicial Notice ("RJN"), as outlined in the following table:

| Plaintiff | Date of the Purchase Contract and Escrow Instructions | Date of Unit Maintenance and Operation Agreement | Date of the Rental Management Agreement | Date of the Promissory Note in favor of Bank of America, N.A. | Notarization Date of Deed of Trust in favor of Bank of America, N.A. |
|---|---|---|---|---|---|
| Havluciyan | 12/12/2006[3] | 12/12/2006[4] | 8/9/2007[5] | 9/27/2007[6] | 10/16/2007[7] |
| Alvarenga | 12/12/2006[8] | 12/12/2006[9] | 8/13/2007[10] | 10/5/2007[11] | 10/15/2007[12] |
| Green/Schmidt | 5/18/2006[13] | 9/27/2007[14] | 8/21/2007[15] | 10/3/2007[16] | 10/8/2007[17] |

10   The BANA Plaintiffs, as the table shows, made their investment decision to enter into the

11  alleged "securities" transaction in 2006 and then waited until 2007 to enter into business dealings

[3]   RJN Exhibit B at 69, 81.

[4]   RJN Exhibit E at 171, 186.

[5]   RJN Exhibit H at. 227.

[6]   RJN Exhibit N at 376.

[7]   RJN Exhibit K at 321.

[8]   RJN Exhibit A at 1, 16.

[9]   RJN Exhibit D at 147, 162.

[10]  RJN Exhibit G at 203.

[11]  RJN Exhibit M at 368.

[12]  RJN Exhibit J at 288.

[13]  RJN Exhibit C at 131, 142.

[14]  RJN Exhibit F at 193, 197.

[15]  RJN Exhibit I at 250.

[16]  RJN Exhibit O at 382.

[17]  RJN Exhibit L at 353.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  with BANA. The FAC alleges, nevertheless, albeit without supporting detail, that BANA

2  "tricked" plaintiffs "into buying HRHSD Investment Contracts" [FAC ¶ 11] and used "bait-and-

3  switch techniques" to "sell investors HRHSD Investment Contracts" [FAC ¶ 9]. These conclusory

4  allegations do not, among other things, satisfy the pleading standards imposed by Federal Rules of

5  Civil Procedure 8(a) and 9(b), as discussed below.

6      **E.**    **The "First Claim" does not satisfy the requirements of Rule 8(a).**

7          **1.**    **The Courts have traditionally ignored bare legal conclusions when**

8                **ruling on a motion to dismiss.**

9          Plaintiffs' federal "securities" claims, as outlined above, are based on the bare legal

10  conclusion that defendants "sold investment contracts . . .  in violation of federal and state investor

11  protection laws" [FAC ¶ 1] acting in alleged breach of a supposed duty to "disclose that they were

12  selling a security" [FAC ¶ 2]. Plaintiffs' conclusion that the Hard Rock condominium contracts

13  constituted a "security" seems to be based on their averment, FAC ¶ 76, that "[i]t was not feasible,

14  as plaintiffs were to later discover, for investors to operate his or her own rental management

15  system separate from the HRHSD, given the control 5th Rock LLC exercised over investors'

16  studios and suites, under the terms of the Operations Agreement."  *Cf., Hocking v. Dubois,* 885

17  F.2d 1449, 14560-61 (9th Cir.1989) (en banc) (plaintiff alleging that the sale a condominium unit

18  involved the sale of a "security" must show that he or she relinquished control of the unit). But

19  nowhere do Plaintiffs set forth facts plausibly tending to support the conclusory averment that it

20  was not "feasible . . . for investors to operate his or her own rental management system" or when

21  and how they "later discovered" this alleged fact. In the absence of such averments, these

22  allegations are what Prof. Wright calls "footless conclusions of law" which are to be ignored on a

23  Rule 12(b)(6) motion.[18] "It is well established that, in deciding a motion to dismiss, the Court need

24  not credit . . . bald assertions or legal conclusions." *In re Burlington Coat Factory Securities*

25  *Litigation,* 114 F.3d 1410, 1429-30 (3d Cir.1997) (citation and quotations omitted). This rule is so

26

27  [18]    *See* Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (2d

28  ed.1997).

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   well-established that courts will exercise their power under Federal Rules of Civil Procedure 12(f)

2   to strike conclusory allegations of this nature. *Freedman v. Louisiana-Pacific Corp.*, 922 F.Supp.

3   377, 393  (D.Or. 1996) ("Eisses's Motion to Strike paragraph 29 is GRANTED because Plaintiffs

4   allege a legal conclusion regarding the existence and scope of Defendants' duty to disclose . . . .").

5   If the Court ignores Plaintiffs' conclusory allegation, there is nothing left of the FAC. Thus, all

6   allegations of wrongdoing are based on conclusory allegations, *e.g.*, that BANA was "selling a

7   security simply dressed up to resemble a real estate transaction" [FAC ¶ 6], that BANA's "legal

8   duty was to register and qualify" the alleged "security" [FAC ¶ 6], that BANA "used classic bait-

9   and-switch techniques to sell investors HRHSD Investment Contracts" [FAC ¶ 9], BANA used an

10  "artifice of deception . . . to shift substantial risks of the HRHSD to dazzled investors" [FAC ¶ 10]

11  and BANA "tricked" plaintiffs "into buying HRHSD Investment Contracts" [FAC ¶ 11].

12          **2.      Recent Supreme Court and Ninth Circuit case law confirms that**

13                  **Plaintiffs' bare legal conclusions should be ignored.**

14          Two recent Supreme Court decisions establish a more stringent standard of review for

15  12(b)(6) motions. *See Ashcroft v. Iqbal*, ---U.S. ----, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v.*

16  *Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss under this new standard, "a

17  complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

18  plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570).

19          "A claim has facial plausibility when the plaintiff pleads factual content that allows the

20  court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

21  (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for

22  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

23  experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir.

24  2007)).

25          "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires

26  more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

27  will not do." *Twombly* at 545 (quoting Fed.R.Civ.P. 8(a)(2)). A court must accept as true all "well-

28  pleaded factual allegations" and is not "required to accept as true allegations that are merely

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State*

2   *Warriors,* 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g., Doe I v. Wal-Mart Stores, Inc.,* 572 F.3d

3   677, 683 (9th Cir. 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their

4   day-to-day employment is a conclusion, not a factual allegation stated with any specificity. We

5   need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss."). "In sum,

6   for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable

7   inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to

8   relief." *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted). In *Iqbal,*

9   the Court began this task "by identifying the allegations in the complaint that are not entitled to the

10  assumption of truth." *Id.* at 1951. It then considered "the factual allegations in respondent's

11  complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. In this case,

12  as noted above, there is nothing left in the FAC to "plausibly suggest an entitlement to relief" once

13  the conclusory allegations, as listed in the margin, are ignored.[19]

14  ### 3.    The FAC improperly relies on "formulaic" claims for relief.

15  *Twombly* outlaws the use of "a formulaic recitation of the elements of a cause of action."

16  *Id.* at 545. This outlawed procedure, however, is procedure on which Plaintiffs rely in this case, as

17  illustrated below:

18      145.    Defendants are persons who offered and sold HRHSD Investment Contracts by
    the use of means or instruments of transportation or communication in interstate
19  commerce or of the mails, by means of a prospectus or oral communication, which
    includes an untrue statement of a material fact or omits to state a material fact
20  necessary in order to make the statements, in the light of the circumstances under
    which they were made, not misleading.
21

22      146.    Defendants East West Bank, XBR Financial Services (Doe defendant 2), JP
    Morgan Chase (Doe defendant 3), Professional Mortgage Partners (Doe defendant 4),
23  and Bank of America (Doe defendant 5), Erskine Corp. (Doe Defendant 6) and the
    remaining Doe defendants participated in the sale of the unregistered HRHSD
24  Investment securities by acting as underwriters of the HRHSD Investment Contract

25  _____
    [19]    The FAC is based on the following conclusory allegations: ¶¶ 1 (second sentence); 3, 4, 5,
26  6 (second and third sentence); 7 (first sentence), 8, 9, 10, 11, 12-37 (text after the introductory
    clause); 38, 44-47 (second clause), 52-54 (second clause), 55 (the "materially assisted" allegation),
27  56 (the "underwritten" allegation), 60-63, 70-82, 86 (second sentence), 95-112, 114-120, 130, 131,
    134-136-143, 145-147, 149-151, 153-154, 156-157 and 159-160.
28

offering in providing the essential financing needed to consummate the sales of HRHSD Investment Contracts.

### F.      The FAC likewise does not satisfy Rule 9(b).

Under Federal Rules of Civil Procedure 9(b), when "alleging fraud . . . , a party must state with particularity the circumstances constituting fraud . . . ." *Desaigoudar v. Meyercord*,  223 F.3d 1020, 1022-1023 (9th Cir. 2000) (fraud must be pled "with a high degree of meticulousness"). Failure to meet this standard calls for dismissal with prejudice. *Dyachishin v. America's Wholesale Lenders*, 2010 WL 1525639, 3 (E.D.Cal. 2010) ("Plaintiffs have not alleged fraud with the required particularity to state a plausible claim for relief. Nowhere in the Complaint do Plaintiffs describe the facts of the alleged fraud, other than making vague legal conclusions that they were mislead regarding the loan terms. Accordingly, the fraud claim is dismissed, with prejudice") citing *Alan Neuman Productions, Inc. v. Albright,* 862 F.2d 1388, 1393 (9th Cir.1988).

### 1.      Fed. R. Civ. P. 9(b) applies to Plaintiffs' claims under Section 12(a)(2).

The heightened pleading requirements of Rule 9(b) apply to all claims that sound in fraud. *Rubke v. Capitol Bancorp Ltd*, 551 F.3d 1156, 1161 (9th Cir. 2009) where the Ninth Circuit wrote as follows in referring to complaints that allege a "unified course of fraudulent conduct" as grounds for simultaneously seeking relief based on *scienter*-based claims for relief and non-*scienter* based claims for relief:

> To ascertain whether a complaint "sounds in fraud," we must normally determine, after a close examination of the language and structure of the complaint, whether the complaint "allege[s] a unified course of fraudulent conduct" and "rel[ies] entirely on that course of conduct as the basis of a claim." *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1103-04 (9th Cir. 2003). <u>Where as here, however, a complaint employs the exact same factual allegations to allege violations of section 11 [of the 33 Act] as it uses to allege fraudulent conduct under section 10(b) of the Exchange Act, we can assume that it sounds in fraud. *See Daou*, 411 F.3d at 1028.</u> (Emphasis added.)

See *Wagner v. First Horizon Pharmaceutical Corp*., 464 F.3d 1273, 1278 (11th Cir. 2006) dealing with Section 12(a)(2) of the 33 Act:

> We conclude that a § 11 or § 12(a)(2) claim must be pled with particularity when the facts underlying the misrepresentation at stake in the claim are said to be part of a fraud claim, as alleged elsewhere in the complaint. It is not enough to claim that alternative pleading saves the nonfraud claims from making an allegation of fraud because the risk to a defendant's reputation is not protected.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

In this case, the Plaintiffs pleaded a "unified course of fraudulent conduct" by reason of the following circumstances: Although the U.S. Supreme Court, in *Central Bank*, ended the practice of suing banks as "aiders and abettors," the California Legislature did not repeal Cal. Corp. Code § 25504.1, which creates an express statutory remedy against a person who "materially assists" another person's violation of specified sections of the Corporations Code. As a result, long after *Central Bank*, the elements of a claim for relief under Cal. Corp. Code § 25504.1 are still the same as the elements of now-abrogated "aiding and abetting" claims under Section 10b of the 34 Act. *In re Alliance Equipment Lease Program Securities Litigation*, 2002 WL 34451621, 12 (S.D.Cal. 2002). Therefore, in order to obtain relief under California's "aiding and abetting" statute, Cal. Corp. Code § 25504.1, a claimant must, among other things, plead and prove *scienter*. *Id.*  *Scienter* is not an element of a claim for relief under Section 12(a)(2) of the '33 Act. Nevertheless, the allegations that Plaintiffs interpose in support of their scienter-based claims under Cal. Corp. Code § 25504.1 ("aiding and abetting" the sale of "unqualified" securities, etc.), in the words of the Ninth Circuit in *Rubke*, 551 F.3d at 1161, are "the exact same factual allegations" as Plaintiffs interpose in support of their non-scienter-based claims under Section 12(a)(2) of the '33 Act ("aiding and abetting" the sale of "unregistered" securities).[20]  Therefore, the FAC alleges a

---

[20]    *See, e.g.,* following allegations in the FAC seeking to allege a "unified course of fraudulent conduct" applicable to Plaintiffs' first claim for relief:

- BANA supposedly "did not want the HRHSD Investment Contract to be reviewed by federal and state investment regulators" [FAC ¶ 3].

- BANA supposedly "concealed the fact that they were selling a security simply dressed up to resemble a real estate transaction" [FAC ¶ 6].

- BANA supposedly "prepared [unspecified] documents and provided them to [unspecified] potential purchasers to give the false impression that HRHSD investors had a choice about whether to use . . . HRHSD promoters to manage rentals of investors' HRHSD investment properties . . . " [FAC ¶ 8].

- BANA supposedly "used classic bait-and-switch techniques to sell investors HRHSD Investment Contracts" [FAC ¶ 9].

- BANA supposed used an "artifice of deception . . . to shift substantial risks of the HRHSD to dazzled investors" [FAC ¶ 10].

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  "unified course of fraudulent conduct" and must comply with Rule 9(b). *Vess v. Ciba-Geigy Corp.*

2  *USA*, *supra*, 317 F.3d at 1103-04.

### 2.   The FAC woefully fails to set forth "where" and "how" the alleged "deception" occurred.

5      "By requiring the plaintiff to allege the who, what, where, and when of the alleged fraud,

6  [Rule 9(b)] requires the plaintiff . . . to assure that the charge of fraud is responsible and supported,

7  rather than defamatory and extortionate." *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F3d

8  467, 469 (7th Cir. 1999). However, the "the who, what, where, and when of the alleged fraud" is

9  not set out in the FAC. For example, no information is provided as to "how" and "when," etc.,

10  BANA supposedly "used classic bait-and-switch techniques to sell investors HRHSD Investment

11  Contracts" [FAC ¶ 9] or "how" and "when" BANA supposedly used an "artifice of deception"

12  [FAC ¶ 10] or "how" and "when" BANA supposedly "tricked" plaintiffs "into buying HRHSD

13  Investment Contracts" [FAC ¶ 11].

### 3.   The FAC improperly relies on "group" pleading.

15      The FAC lumps all of the defendants together into a broad undifferentiated group of

16  alleged wrongdoers referred to as "promoters" and/or "defendants" and attributes to each one of

17  them the acts and alleged wrongful conduct of all of them (*see, e.g.*, FAC ¶¶ 6, 8-11, 38-159). This

18  form of pleading violates Rule 9(b). *Swartz v. KPMG LLP* (9th Cir. 2007) 476 F.3d 756, 764-765

19  (where several defendants are sued in connection with an alleged fraudulent scheme, plaintiffs

20  must "*inform each defendant separately* of the allegations surrounding his alleged participation in

21  the fraud") (emphasis added). Plaintiffs ignored or overlooked this rule, as illustrated by the

22  allegations of the FAC re-printed below:

23      55.     Defendants offered and sold, or materially assisted the offer and sale of
        approximately $195,757, 613 of HRHSD Investment Contracts. . . .

24      59.     Plaintiffs are informed and believe and thereon allege, that at all relevant times
25      herein, each of the defendants was the agent, employee, partner, joint venture, alter
        ego, and/or co-conspirator of one or more of the remaining defendants and in doing
26

27  • BANA supposedly "tricked" plaintiffs "into buying HRHSD Investment Contracts" [FAC ¶
28      11].

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   the acts alleged herein, was acting within the purpose, course and scope of such
2   agency, employment joint venture or conspiracy, and with the consent, permission or
    ratification of one or more remaining defendants.

3   70.     Defendants' legal duty was to register and qualify the HRHSD Investment
4   Contracts -- a process that would have caused defendants to disclose the. material
    information required by those investor protection agencies explaining how defendants
5   organized the HRHSD investment to achieve its investment objectives.

6   73.     Defendants did not disclose, and in fact concealed, that they were selling a
    security for which they had filed for an exemption with the California Department of
7   Corporations.

8       **4.      The FAC does not even comply with Rule 8(a)(2)'s requirements when**

9           **seeking to allege facts establishing an inference of *scienter*.**

10      A glaring example of Plaintiffs' conclusory pleading is found in FAC ¶ 38, which alleges

11   that BANA "did not want the HRHSD Investment Contract to be reviewed by federal and state

12   investment regulators" and, therefore, "[i]n order to avoid this scrutiny," BANA supposedly

13   "elected to disregard [its] legal duties to submit the HRHSD Investment Contracts to the federal

14   and state investment regulators." This form of pleading is outlawed by the rules applied in *Moss,*

15   *supra,* at 970, where the Ninth Circuit, in reversing the denial of motion to dismiss, wrote as

16   follows: "The bald allegation of impermissible motive on the Agents' part, standing alone, is

17   conclusory and is therefore not entitled to an assumption of truth." The FAC's conclusory premise

18   that BANA "elected to disregard [its] legal duties" presupposes the existence of a "legal duty"

19   without setting forth any facts *create* such a "legal duty." In so doing, the FAC ignores that, "as

20   a general rule, a financial institution owes no duty of care to a borrower when the institution's

21   involvement in the loan transaction does not exceed the scope of its conventional role as a mere

22   lender of money." *Nymark v. Heart Fed. Savings & Loan Assn.,* 231 Cal.App.3d 1089, 1096, 283

23   Cal.Rptr. 53 (1991).

24      **G.      The FAC does not plead facts indicating the exercise of "reasonable diligence"**

25              **to extend the 1-year limitations period.**

26      In FAC ¶ 81, Plaintiffs allege that filed their action within "one (1) year after discovery of

27   the untrue statements . . . and within three (3) years of the sale . . . ." However, Plaintiffs' failure

28   to comply with Rule 9(b) obscures the facts as to how and when (i) discovery should have been

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1   made and (ii) the start date of the absolute 3-year limitations period. This pleading failure is

2   outcome-determinative: The judicially-noticeable facts show, for example, that Green and

3   Schmidt, even if their claims relate back to the filing of the action on December 9, 2009, filed their

4   action outside the 3-year limitations period that started to run on May 18, 2006:

| Plaintiff | Date of the Purchase Contract and Escrow Instructions | Date of Unit Maintenance and Operation Agreement | Date of the Rental Management Agreement | Date of the Promissory Note in favor of Bank of America, N.A. | Notarization Date of Deed of Trust in favor of Bank of America, N.A. |
|---|---|---|---|---|---|
| Green/Schmidt | 5/18/2006[21] | 9/27/2007[22] | 8/21/2007[23] | 10/3/2007[24] | 10/8/2007[25] |

10      On these facts, Green's and Schmidt's "First Claim" should be dismissed with prejudice

11  and the other Plaintiffs, if allowed to re-plead, should do so in compliance with Rule 9(b) in order

12  to properly describe the circumstances of the alleged fraud and permit the Court to identify time-

13  barred claims.

14  **II.    PLAINTIFFS ARE NOT ENTITLED TO RELIEF ON THEIR "SECOND CLAIM."**

15      **A.    Plaintiffs' "Second Claim" is time-barred.**

16      Corporations Code Section 25507 bars claims under Section 25503 and Section 25504.1

17  unless "brought before the expiration of two years after the violation upon which it is based or the

18  expiration of one year after the discovery by the plaintiff of the facts constituting such violation,

19  *whichever shall first expire*"  (emphasis added). The "violation upon which" the claim is based

20  arose out of the Plaintiffs' December 2006 purchase of condominium units. The BANA Plaintiffs

21  thus purchased their units more than two years before Plaintiffs filed suit and, therefore, as a

22  matter of law, under Section 25503 and Section 25504.1, the claims of the BANA Plaintiffs

23  [21]      RJN Exhibit C at pp. 131, 142.

24  [22]      RJN Exhibit F at pp. 193, 197.

25  [23]      RJN Exhibit I at pp. 250.

26  [24]      RJN Exhibit O at pp. 382.

27  [25]      RJN Exhibit L at pp. 353.

28

1   should be dismissed with prejudice.  Section 25507's 2-year limitations period is absolute and not

2   subject to tolling. *Lubin v. Sybedon Corp.*, 688 F. Supp. 1425, 1452-53 (S.D. Cal. 1988).  If

3   Plaintiffs other than the BANA Plaintiffs are allowed to re-plead, they should do so in compliance

4   with Rule 9(b) to properly describe the circumstances of the alleged fraud and permit the Court to

5   identify time-barred claims.

6       **B.    In any event, Plaintiffs' Second Claim does not state a claim for relief.**

7           **1.    Plaintiffs do not state a claim for relief under Corp. Code §§ 25110 and**

8               **25503.**

9       Plaintiffs' "Second Claim for Relief" is based on  defendants' alleged violation of Corp.

10  Code § 25110, which, as relevant here, makes it "unlawful . . . to offer or sell . . . any security . . .

11  unless such sale has been qualified." Under Corp. Code § 25503, a person who sells "unqualified"

12  "securities" in violation of Section 25110 is "liable to any person acquiring from him the security

13  sold in violation of such section." As noted above, the FAC does not allege when or from whom

14  Plaintiffs "acquired" their condominium units from BANA. The judicially noticeable facts show,

15  however, that Plaintiffs can *never* plead that they "acquired" their condominium units from BANA

16  or from any affiliate of BANA.

17          **2.    Plaintiffs do not state a claim for relief under Corp. Code § 25110 and 25504.1.**

18      Under Corp. Code § 25504.1, "[a]ny person who materially assists in any violation of

19  Section 25110 . . . with intent to deceive or defraud, is jointly and severally liable with any other

20  person liable under this chapter for such violation."  In support of their claim under this  code

21  section, Plaintiffs allege that BANA "materially assisted in the unlawful sale of unqualified and

22  unregistered HRHSD Investment Contracts" [FAC ¶ 137] and, likewise, "materially assisted" in

23  the sale of these "securities" knowing that they were being sold based on "an untrue statement of a

24  material fact" [FAC ¶ 153]. The elements of these claims were recently set out by Judge Jones in

25  *In re Alliance Equipment Lease Program Securities Litigation*, 2002 WL 34451621, 12 (S.D.Cal.

26  2002):

27          In order to assert a violation of § 25504.1, a plaintiff must prove (1) the existence of
            an independent primary wrong; (2) actual knowledge of the primary wrong by the
28          alleged aider and abetter and of his or her role in furthering it; and (3) substantial

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

assistance in the wrong. *Orloff v. Allman,* 819 F.2d 904, 907 (9th Cir.1987) *overruled on other grounds by Hollinger v. Titan Capital Corp.,* 914 F.2d 1564, 1575 (9th Cir.1990) (noting the elements to § 25504.1 liability are similar to those of aiding and abetting liability under § 10(b) of the Securities Exchange Act of 1934 as articulated by *Harmsen v. Smith,* 693 F.2d 932, 943 (9th Cir.1982)). Notably, § 25504.1 specifically requires "an intent to deceive or defraud," making the imposition of liability under California law stricter than under *Harmsen. Id. See also Hudson v. Capital Management International, Inc.,* 1984 WL 2129, *1(C.D.Cal.1984).

As shown above, Plaintiffs' conclusory allegations do not, with the specificity required by Federal Rules of Civil Procedure 8(a)(2) and 9(b), plead "the existence of an independent primary wrong." Plaintiffs do not, for example, plead facts sufficient to show that the Hard Rock condominium offering involved the sale of a "security." Nor do Plaintiffs, in the manner required by Rules 8(a)(2) and 9(b), plead "actual knowledge of the primary wrong by the alleged aider and abetter and of his or her role in furthering it." *See, e.g.,* the Ninth Circuit's decision in *Moss, supra,* at 970, reversing the denial of a motion to dismiss and writing as follows: "The bald allegation of impermissible motive on the Agents' part, standing alone, is conclusory and is therefore not entitled to an assumption of truth." Likewise, Plaintiffs do not plead "substantial assistance in the wrong." The judicially noticeable facts show that the alleged "wrong" took place months before BANA lent money to Plaintiffs.

## III.   **PLAINTIFFS ARE NOT ENTITLED TO RELIEF ON THEIR "THIRD CLAIM."**

### A.   **Plaintiff do not state a claim for relief under Corp. Code §§ 25401 and 25501.**

Cal. Corp. Code § 25401 makes it "unlawful . . . to offer or sell a security . . . by means of any written or oral communication which includes an untrue statement of a material fact or omits to state a material fact . . . ." Cal. Corp. Code § 25501 provides that "[a]ny person who violates Section 25401 shall be liable to the person who purchases a security from him . . . ." Corp Code §§ 25401 and 25501, therefore, are mirror-images of Section 12(2) of the 33 Act. As a result, "liability [is] limited to actual sellers." *SEC v. The Seabord Corp.*, 677 F. 2d 1289, 1296 (9th Cir. 1982). This is fatal to plaintiffs' claim. Plaintiffs cannot and do not allege that BANA was the "actual seller" of the "security" at issue.

### B.   **Plaintiffs do not state a claim for relief under Corp. Code § 25401 and 25504.1.**

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    Under Corp. Code § 25504.1, "[a]ny person who materially assists in any violation of . . .

2  Section 25401 . . . with intent to deceive or defraud, is jointly and severally liable with any other

3  person liable under this chapter for such violation." The fatal errors and omissions in Plaintiffs

4  "unified" claims for relief under Section 12(a)(2) and Cal. Corp. Code § 25401 are fatal to their

5  claim for relief  under Cal. Corp. Code § 25504.1. For example, in an effort to create an inference

6  of *scienter*, the FAC – ignoring Rules of Civil Procedure Rules 8(a)(2) and 9(b) -- improperly

7  alleges that BANA "tricked" plaintiffs "into buying HRHSD Investment Contracts" [FAC ¶ 11];

8  that BANA used "bait-and-switch techniques" to "sell investors HRHSD Investment Contracts"

9  [FAC ¶ 9]; and that BANA "elected to disregard [its] legal duties" albeit without setting forth any

10  facts to *create* any such a "legal duties."

11    **C.    Plaintiffs' "Third Claim" may be time-barred.**

12    Corporations Code Section 25506 bars claims under Corp. Code §§ 25401 and 25501

13  unless "brought before the expiration of five years after the act or transaction constituting the

14  violation *or the expiration of two years after the discovery by the plaintiff of the facts constituting*

15  *the violation, whichever shall first expire*" (emphasis added).  Plaintiffs' failure to comply with

16  Rule 9(b) obscures the facts as to when discovery should have been made and likewise obscure the

17  start of the 2-year discovery period.

18

19  DATED:  May 27, 2010                    **BRYAN CAVE LLP**

20

21                    By:  s/ Edward M. Rosenfeld
                          Attorneys for Defendant
22                    BANK OF AMERICA, N.A., erroneously
                          sued as "BANK OF AMERICA, a Delaware
23                    Corporation"

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; and that I served the individuals on the service list attached hereto the following documents:

Original of:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BANK OF AMERICA, N.A.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR ALLEGED VIOLATION OF FEDERAL AND STATE SECURITIES LAWS**

Filed May 27, 2010 on the ECF system and served pursuant to General Order No. 550, with:

- Michael J. Aguirre
  maguirre@amslawyers.com

- Lynn T. Galuppo
  lgaluppo@coxcastle.com

- Bryan D. Sampson
  bsampson@samsonlaw.net

- Maria C. Severson
  mseverson@amslawyers.com

- Spyglass Partners, Inc.
  bsampson@sampsonlaw.net

- Sung-Min Christopher Loo
  cyoo@adorno.com

- John Nadolenco
  jnadolenco@mayerbrown.com

- Jennifer A Needs
  jennifer.needs@sgsattorneys.com

s/ Edward M. Rosenfeld
Edward M. Rosenfeld
E-mail: emrosenfeld@bryancave.com

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386