Michael J. Aguirre, Esq., SBN 060402
maguirre@amslawyers.com
Christopher S. Morris, Esq., SBN 163188
cmorris@amslawyers.com
Maria C. Severson, Esq., SBN 173967
mseverson@amslawyers.com
AGUIRRE, MORRIS & SEVERSON LLP
444 West C Street, Suite 210
San Diego, CA 92101
Telephone: (619) 876-5364
Facsimile: (619) 876-5368

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMER SALAMEH, an individual; REAL ESTATE 4 HOSPITALITY, LLC, a California limited liability company; ALEKSEY KATS; DIANA KATS; MITCHELL J. PEREIRA; GARY A. TORRETTA; ROBERT ALVARENGA; ALEXIS COSIO; CESAR MOTA; DENIS B. ROTHE JR; CHARLENE SCHRUFER; DAVID R. BUSHY; DALE CURTIS; ZONDRA SCHMIDT; DOLORES GREEN; CHRISTY JESKE; TAZIA REYNA; MARY L. WEE SONG; KERRY L. STEIGERWALT; BETH STEIGERWALT; STUART M. WOLMAN; JEFFREY E. LUBIN AND BARBARA L. LUBIN, INDIVIDUALLY AND AS CO-TRUSTEES OF THE LUBIN FAMILY TRUST DATED MARCH 26, 2002; MIKAEL HAVLUCIYAN AND THERESE HAVLUCIYAN INDIVIDUALLY AND AS CO-TRUSTEES OF THE HAVLUCIYAN FAMILY TRUST; SADOUX KIM; individually and on behalf of a Class of all others similarly situated,<br><br>      Plaintiffs,<br><br> v.<br><br>TARSADIA HOTEL, a California Corporation; TUSHAR PATEL, an individual; B.U. PATEL, an individual; GREGORY CASSERLY, an individual; 5th | Case No. 09-CV-02739-DMS-CAB<br><br>**PLAINTIFFS' OPPOSITION TO JPMORGAN CHASE BANK MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR VIOLATION OF FEDERAL AND STATE SECURITIES LAWS**<br><br><br><br>DATE June 25, 2010<br>TIME: 1:30 a.m.<br>PLACE: Courtroom of the<br> Honorable Dana M. Sabraw,<br>United States District Court Judge |

| | |
|---|---|
| 1 | ROCK LLC, a Delaware limited liability company; MPK ONE, LLC, a California limited liability company; GASLAMP HOLDINGS, LLC, a California limited liability company; PLAYGROUND DESTINATION PROPERTIES, a corporation; EAST WEST BANK, a California corporation; BANK OF AMERICA, a Delaware Corporation; JP MORGAN CHASE; PROFESSIONAL MORTGAGE PARTNERS, INC.; XBR FINANCIAL SERVICES, LLC, a California limited liability company; ERSKINE CORP, a California Corporation; and DOES 1 to 100, inclusive, |
| | Defendants. |

**TABLE OF CONTENTS**

I. SUMMARY OF ARGUMENT ........................................................................1

II. SUMMARY OF RELEVANT FACTS ............................................................1

III. STANDARD FOR A MOTION TO DISMISS ................................................3

IV. PLAINTIFFS STATE A 12(2) CLAIM ...........................................................3

V. PLAINTIFFS STATE A CORP. CODE 25110, 25503, 25504.1 CLAIM ........6

    A. Plaintiffs Claims for 25110, 25503, and 25504.1 Do Not Fail ...............6

    B. Plaintiffs Claims for 25401, 25501, and 25504.1 Do Not Fail ............12

VI. CONCLUSION .................................................................................................13

# TABLE OF AUTHORITIES

**FEDERAL AUTHORITIES**

*Associated Gen. Contrs. Of Am. v. Metropolitan Water Dist.*
   159 F.3d 1178 (9thCir. 1998) ................................................................4

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007) .........................................................................2, 3

*Clegg v. Cult Awareness Network*
   18 F.3d 752 (9th Cir. 1994) ...............................................................4

*De La Cruz v. Tormey*
   582 F2d 45 (9th Cir. 1978) ..............................................................2, 3

*Gen.Contrs.ofAm. v. Metropolitan Water Dist.*
   159 F.3d 1178 (9th Cir. 1998) ...........................................................4

*Hocking v. Dubois*
   885 F2d. 1449 (9th Cir 1989) ..........................................................1, 5

*In re Daou Systems, Inc.*
   411 F. 3d 1006, 1029 (9th Cir. 2005) ...............................................3

*Pinter v. Dahl*
   486 U.S. 622 (1988) .........................................................................3

S.E.C. Release No. 33-5347 ..................................................................4

SEC Release No. 33-5347.... ..................................................................5

*Watkinson v. Mortgageit*
   2010 U.S. Dist. LEXIS 53540 ...........................................................

*Williamson v. Tucker*
   645 F.2d 404, 424-25 (5th Cir. 1981) .............................................5

*Wilshire Westwood Assocs. V. Atlantic Richfield Corp.*
   881 F.2d 801, 803 (9th Cir. 1988) ..................................................2, 7

**STATUTES**

15 USCS
   § 77b(1) ..........................................................................................3
   § 77b(2) ..........................................................................................3
   § 77b(11) ........................................................................................3

**RULES**

Fed. R. Civ. P. 201 ..................................................................................................2

**NON-FEDERAL AUTHORITIES**

*Apollo Capital Fund LLC v. Roth Capital Partners, LLC*
   158 Cal. App. 4th 226 (2007) ...........................................................................6, 8

*Butterfield v. Chicago Title Ins. Co.*
   (1999) 70 Cal.App.4th 1047 ...........................................................................7

*Johnson v. Haberman & Kassoy*
   201 Cal. App. 3d 1468 (1988) ......................................................................1, 6, 7

*Lazar v. Superior Court*
   12 Cal.4th 631 (1996) ...........................................................................................8

*Sylve v. Riley*
   15 Cal. App. 4th 23 (1993) ...................................................................................7

**STATUTES**

**California Corporations Code**
   §24503 ..................................................................................................................6
   §25110 ...............................................................................................................6,7
   §25401 ..................................................................................................................7
   §25501 ..................................................................................................................6
   §25503 ..................................................................................................................6
   §25504 ..................................................................................................................7
   §25504.1 ...............................................................................................................7
   §25507 ..................................................................................................................6

## I.

## SUMMARY OF ARGUMENT

Defendant JPMorgan Chase Bank (Bank) is alleged in the First Amended Complaint (FAC) to have underwritten the sale of $7,349,895 unregistered and unqualified Hard Rock Hotel San Diego (HRHSD) investment contract securities the attributes of which were misrepresented to investors to conceal the fact that federal and state securities officials had not approved the sale as required by the fundamental protection provided investors under the law. The result was the harm the federal and state securities laws were directed at preventing.

In other words, Bank ventured into a profit making transactions it was prohibited from engaging in by federal and state securities laws. The Hard Rock Hotel San Diego, located in a sweet spot next to San Diego's downtown ball park is a bust. A property that should be thriving even in these difficult days of our economy is collapsing because Bank and its co-defendants disregarded the investment safety rules.

The Bank misreads the FAC. The Bank makes two basic arguments: (1) the HRHSD investment contracts are not securities protected by the securities laws; (2) the limitations period has run on all of the claims. (Motion Memo 1-2) The short answer to the Bank is that the HRHSD investment contracts are securities *Hocking v. Dubois* 885 F2d. 1449, 1460-61 (9th Cir 1989) and the limitations period has not expired, it being a question of fact that cannot be resolved at this stage of the case. *Johnson v. Haberman & Kassoy* (1988) 201 Cal. App. 3d 1468, 1476.

Bank asks the court to misread procedural rules, ignore legal mandates, and close it eyes to economic reality in order to relieve Bank of the consequences of Bank's unlawful conduct. The motion should be denied.

## II.

## SUMMARY OF RELEVANT FACTS

Under its summary of facts Bank substitutes the FAC's allegations for those Bank proffers as judicial notice. (Motion Memo 2-6) The Bank provides the names of parties and dollar

1

amounts appearing on recorded trust deeds and dates of recordation. Bank contends these documents show dispute is one over the real property. (Motion Memo 2:19)  A Rule 12 (b) 6 motion tests the legal sufficiency of the allegations and assumes the facts alleged in the complaint are true. *De La Cruz v. Tormey* 582 F2d 45, 48 (9th Cir. 1978)

However, the Bank omits from its summary of relevant facts any mention of the FAC allegations.  For example, the FAC alleges the plaintiffs were required to execute three writings that formed the core of the HRHSD investment contract: (1) the purchase contract; (2) the unit maintenance agreement; and (3) the rental agreement. (FAC ¶86)  In fact, the Bank ignores any discussion of the allegations of the FAC alleging plaintiffs purchased HRHSD investment contract securities. (FAC ¶1)

Judicial notice cannot be used as a device to ignore the allegations of the complaint or present as established, facts that are in dispute.  The Court may take judicial notice of adjudicative facts only if they are "not subject to reasonable dispute" and are "clearly within the domain of the indisputable." Fed Rule Civil Proc Rule 201; See Notes, Fed Rule Civil Proc Rule 201; *Wilshire Westwood Assocs. v. Atlantic Richfield Corp.*, 881 F.2d 801, 803 (9th Cir. 1988) (Court may take judicial notice of statements contained in writings but not of a party's assertion of what the contents mean).

## III.
## STANDARD FOR A MOTION TO DISMISS

The Bank argues plaintiffs are required to allege the grounds showing there are entitled to relief citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) As Justice Souter noted the complaint pleading requirements "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556

/ / /

/ / /

/ / /

PLAINTIFFS' OPPOSITION TO JPMORGAN CHASE'S MOTION TO DISMISS

1  A 12(b)6 motion tests the legal sufficiency of the claims in the complaint. The
2  Court must decide whether facts alleged, if true, would entitle plaintiff to some form of
3  legal remedy. *De La Cruz v. Tormey*, 582 F2d at 48

## IV.

## PLAINTFFS STATE A 12(2) CLAIM

Bank argues the FAC does not allege Bank offered or sold a security. (Motion Memo 6:27) However, the FAC alleges the Bank participated in the sale of sale $7,349,895 of HRHSD investment contracts securities to plaintiffs by providing the essential financing needed to consummate the sales. (FAC ¶¶ 86, 141, 146) Under § 12(2) the term "security" includes investment contract and any note or evidence of indebtedness [15 USCS § 77b(1)] and the terms "sale" or "sell" include every contract of sale or disposition of a security or interest in a security for value [15 USC §77b(2)]. Under 12(2) the term "underwriter" includes any person who participates or has a direct or indirect participation in the distribution of any security or participates or has a participation in the direct or indirect underwriting of any such undertaking. 15 USC 77b(1)(11)

The Ninth Circuit follows the reasoning of *Pinter v. Dahl*, 486 U.S. 622 (1988) in determining seller liability under section 12(2). *In re Daou Systems, Inc.*, 411 F. 3d 1006, 1029 (9th Cir. 2005) in which the court found plaintiffs' allegations were sufficient to state a §12(2) claim, reversed the district court's contrary ruling and directed further review by the district court of the remaining § 12(2) elements. *Id* at 1029. In *Pinter*, the Court acknowledged seller liability extends to those who solicit a purchase of a security when "motivated at least in part by a desire to serve his own financial interests or those of the securities owner." *Pinter v. Dahl*, 486 U.S. at 647

In this case, Bank was in privity with plaintiffs. (FAC ¶¶ 50, 134) Bank underwrote the sale of $7, 349,895 of the HRHSD investment contracts securities (FAC ¶¶ 50, 134) Bank stepped outside normal bank boundaries and used depositor funds to fund the sale of the HRHSD investment contract. Bank holds a security interest in the HRHSD investment contract. If a plaintiff decides not to pay the full purchase price, the HRHSD investment contract reverts

1 | through foreclosure to the Bank. These allegations sufficiently allege the Bank was a seller of the
2 | HRHSD investment contract securities.
3 |     The Bank also argues the HRHSD investment contracts were not securities (Motion
4 | Memo 7) and that the Court should not accept what the Bank characterizes as plaintiffs' legal
5 | conclusions they are securities because such a conclusion cannot reasonably be drawn from the
6 | facts alleged citing *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994) and
7 | *Associated Gen. Contrs. of Am. v. Metropolitan Water Dist.*, 159 F.3d 1178, 1181(9th Cir. 1998)[1]
8 | (Motion Memo 7:1:11)
9 |     In the *Clegg* case, plaintiff was a self avowed member of the Church of Scientology. The
10 | defendant was Cult Awareness, a national nonprofit organization, providing both information to
11 | the public concerning cults and support to former cult members. Clegg alleged Cult Awareness
12 | was a public organization that discriminated him because Clegg was a Scientologist. The Court
13 | did not accept Clegg's conclusionary allegations that Cult Awareness was a public entity. *Clegg*
14 | *v. Cult Awareness Network*, 18 F. F3d. at 754-755
15 |     The Bank argues plaintiffs, like Clegg, have alleged only conclusions. However, a review
16 | of the FAC shows otherwise. Plaintiffs allege detailed allegations showing the HRHSD interest
17 | were securities. (FAC ¶¶ 82-94) The Securities & Exchange Commission (SEC) S.E.C. Release
18 | No. 33-5347 lays out the factors tending to show an offering of a security involving
19 | condominiums:

> In summary, the offering of condominium units in conjunction with any one of the following will cause the offering to be viewed as an offering of securities in the form of investment contracts:
>
> 1. The condominiums, with any rental arrangement or other similar service, are offered and sold with emphasis on the economic benefits to the purchaser to be derived from the managerial efforts of the promoter, or a third party designated or arranged for by the promoter, from rental of the units.
>
> 2. The offering of participation in a rental pool arrangement; and

---

[1] It is not entirely clear how Bank thinks the *Associated Gen.* case advances its arguments.

3. The offering of a rental or similar arrangement whereby the purchaser must hold his unit available for rental for any part of the year, must use an exclusive rental agent or is otherwise materially restricted in his occupancy or rental of his unit. In all of the above situations, investor protection requires the application of the federal securities laws.

The operative complaint alleges: First, the HRHSD investment contracts shifted the investment risk to plaintiffs. (FAC ¶ 4) Second, the promoters emphasized the economic benefits investors would derive from the promoters managing of the rental of the units. (FAC ¶ 84) Third, the HRHSD agreement gave promoters the right to manage HRHSD with broad exclusive authority. (FAC ¶ 87) Fourth, investors were not issued keys and all keys were controlled by the promoters. (FAC ¶ 89) Fifth, investors were limited to staying in the units to 28 days per year. (FAC ¶ 88) Sixth, investors were required to pay the promoters for managing their units (FAC ¶ 90) whether investors made money was dependent on the managerial efforts of promoters. (FAC 5) Seventh, the failure of rental income caused plaintiffs losses (FAC ¶ 7)

Bank failed to cite *Hocking v. Dubois,* 885 F2d. at 1460-61, a case in which the Court reversed the district court's dismissal of a condominium investment securities case. The Court as a threshold matter noted that an investment contract is not necessarily missing "where the tangible interest which is sold has intrinsic value independent of the success of the enterprise as a whole." *Id.* at 1455. The Court further cited the 1973 SEC Release No. 33-5347 related to condominium securities: "Release 5347 puts developers and promoters on notice of three situations which the SEC views as involving the offering of a security." *Hocking v. Dubois,* 885 F2d. at 1456

Ironically, the *Hocking* court relying on *Williamson v. Tucker,* 645 F.2d 404, 424-25 (5th Cir. 1981) found a security to be present because a condominium was operated as a hotel:

> The third factor suggested in *Williamson* provides the closest fit to an investment in a resort condominium involving an RPA. Hocking's investment is a unit in a resort condominium, **allegedly operated as a hotel**, with many investors pooling their units together. In order for Hocking to replace HCP, he would have to gain the votes of 75 percent of participating investors. These facts alone create a real question whether Hocking was stuck with HCP as a rental manager. Had Hocking

purchased a residential condominium for investment purposes, to be rented out to long-term tenants, then it would have been a relatively easy matter to switch rental agents. **Managing a resort operated as a hotel**, which solicits guests from the mainland and charges nightly rates for short-term visits, may be a much more difficult service to replace than that of a long-term leasing agent. The commercial viability of a one-room hotel does not strongly argue for separate management. The individual investor may have no choice but to place his condominium in the rental pool, if he is to receive significant rental income.

Like the *Hocking* plaintiffs, Plaintiffs have satisfied the pleading requirements related to the securities element of § 12(2). Thus, plaintiffs have satisfied the seller pleading requirement.

V.

PLAINTIFFS STATE A CORP. CODE 25110, 25503, 25504.1 CLAIM

A.  Plaintiffs Claims for 25110, 25503, 25504.1 Do Not Fail

The Bank claims that plaintiffs do not allege the HRHSD investment contracts are securities is wrong. (See discussion under IV above ) Bank argues § 25110 has a 1 year statute of limitations that has expired. However, Corp Code § 25507 (a) provides for a 2 year statute of limitations. The question of whether the statute of limitations has expired is a question of fact that cannot be resolved at this stage of the case. *Johnson v. Haberman & Kassoy*, 201 Cal. App. 3d at 1476

The Bank next argues that it is not primarily liable under Corp Code § 25503. Plaintiffs do not intend to allege a primary liability claim against the Bank under Corp Code § 24503. See, *Apollo Capital Fund LLC v. Roth Capital Partners LLC,* (2007) 158 Cal App. 4th 226, 257.

The Bank cites the 2 year statute of limitations for Corp Code § 25505.1 claims and asks the court to resolve the factual question of when the statute began to run as a matter of law when it must be reserved for resolution as a question of fact. *Johnson v. Haberman & Kassoy,* (1988) 201 Cal. App. 3d 1468, 1476.

The operative complaint alleges the plaintiffs were required to execute three writings that formed the core of the HRHSD investment contract: (1) the purchase contract; (2) the unit

6

maintenance agreement; and (3) the rental agreement. (FAC ¶ 86) The bank relies solely on the date of the purchase contract and does not mention the dates of the unit maintenance agreement or the rental agreement. Plaintiff contends the sales of the securities were not made until after the three agreements were executed and the sale escrows closed. The question of the date of sale is a question of fact, under these circumstances. The question of when there has been a belated discovery of the cause of action is ordinarily a question of fact. *Johnson v. Haberman & Kassoy*, 201 Cal. App. 3d at 1476; see *Sylve v. Riley* (1993) 15 Cal. App. 4th 23, 26 (whether reasonable diligence was exercised is generally a question of fact that precludes summary judgment); see also *Butterfield v. Chicago Title Ins. Co.*, (1999) 70 Cal. App. 4th 1047, 1054 (resolution of statute of limitations issue normally question of fact).

The complaint alleges plaintiffs discovered the basis of their legal action *after* plaintiffs consulted legal counsel. (FAC ¶ 81) Relying on Bank's proffered documents in support of its complaint, Bank cannot properly rely on its selective use and interpretation of documents under the guise of a request for judicial notice. *Wilshire Westwood Assocs. v. Atlantic Richfield Corp.*, 881 F.2d at 803 (Court may take judicial notice of statements contained in writings but not of a party's assertion of what the contents mean).

Corp Code § 25504.1 provides liability for those who "materially assist" sales of unqualified securities in violation of section 25110 with intent to deceive. The FAC alleges the Bank materially assisted in the unlawful sale of $7,349,895 of unqualified and unregistered HRHSD investment securities with knowledge that the HRHSD investment contracts had not been registered or qualified by acting as the underwriter of the HRHSD investment contract offering in providing the essential financing needed to consummate the sales of the HRHSD investment contracts. (FAC ¶¶ 137, 138, 141) Plaintiffs have alleged a valid materially assistance violation under § 25504.1 based on the underlying §§ 25110, 25503 violations.

**B.     Plaintiffs Claims for 25401, 25501, and 25504.1 Do Not Fail**

Corp Code § 25504.1 provides that any person who "materially assists" in a violation of § 25401, "with intent to deceive or defraud, is jointly and severally liable with any other person

1  liable" for the violation. In California, the Supreme Court has repeatedly indicated that "intent to
2  defraud" is the intent "to induce reliance" on the knowing misrepresentation or omission. *Lazar v.*
3  *Superior Court,* (1996) 12 Cal.4th 631, 638. Thus, when a complaint alleges facts to show the
4  Bank materially assisted the sales of the HRHSD investment contracts and intended to induce the
5  investors to rely on representations known to be false or misleading, the complaint properly
6  alleges a claim for liability under § 25504.1. *Apollo Capital Fund LLC v. Roth Capital Partners,*
7  *LLC*, 158 Cal. App. 4th at 257

8      In this case, the operative complaint alleges that Bank materially assisted in the unlawful
9  sale of $7,349,895 of unqualified and unregistered HRHSD investment securities with knowledge
10 that the HRHSD investment contracts had not been registered or qualified by acting as the
11 underwriter of the HRHSD investment contract offering in providing the essential financing
12 needed to consummate the sales of the HRHSD investment contracts. (FAC ¶¶137, 138, 141)
13 Further, the Bank knew or should have known that the HRHSD rental program was mandatory
14 and that the reason their co-defendants were misrepresenting the rental agreement program was
15 voluntary was to conceal the fact that the defendants were making a public offering of HRHSD
16 investment securities. (FAC ¶ 143) Plaintiffs have alleged valid § 25504.1 claims based on the
17 underlying § 25501 claims.

## VI.
## CONCLUSION

For the reasons stated the motion to dismiss should be denied. Alternatively, plaintiffs should be allowed to amend the complaint to bring it into conformity with the Court's rulings.

Respectfully submitted,

AGUIRRE, MORRIS & SEVERSON LLP

Dated: June 11, 2010

s/ Maria C. Severson
Attorney for Plaintiff
mseverson@amslawyers.com