1  SAMUELS, GREEN & STEEL, LLP
   PHILIP W. GREEN, State Bar No. 93159
2  JENNIFER A. NEEDS, State Bar No. 261153
   19800 MacArthur Blvd., Suite 1000
3  Irvine, California 92612
4  Telephone: (949) 263-0004
   Facsimile:  (949) 263-0005
5
   Attorneys for Defendant
6  XBR FINANCIAL SERVICES, LLC

7

8              UNITED STATES DISTRICT COURT

9          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11 | TAMER SALAMEH, an individual; REAL        ) CASE NO. 09-CV-2739-DMS(CAB)
12 | ESTATE 4 HOSPITALITY, LLC, a              )
   | California limited liability company;      ) Judge Dana M. Sabraw
13 | ALEKSEY KATS; DIANA KATS;                 ) Magistrate Judge Cathy Ann Bencivengo
   | MITCHELL J. PEREIRA; GARY A               )
14 | TORETTA; ROBERT ALVARENGA;                )
   | ALEXIS COSIO; CESAR MOTA; DENIS B.        )
15 | ROTHE JR; CHARLENE SCHRUFER;              )
16 | DAVID R. BUSHY; DALE CURTIS;              ) **DEFENDANT XBR FINANCIAL**
   | ZONDRA SCHMIDT; DOLORES GREEN;            ) **SERVICES, LLC'S REPLY IN SUPPORT**
17 | CHRISTY JESKE; TAZIA REYNA; MARY          ) **OF MOTION TO DISMISS PLAINTIFFS'**
   | L. WEE SONG; KERRY L.                     ) **FIRST AMENDED COMPLAINT FOR**
18 | STEIGERWALT; BETH STEIGERWALT;            ) **VIOLATION OF FEDERAL AND STATE**
   | STUART M. WOLMAN; JEFFREY E.              ) **SECURITIES LAWS**
19 | LUBIN AND BARBARA L. LUBIN                )
20 | INDIVIDUALLY AND AS CO-TRUSTEES           ) Hearing:
   | OF THE LUBIN FAMILY TRUST DATED           ) Judge: Dana M. Sabraw
21 | MARCH 26, 2003; MIKAEL HAVLUCIYAN         ) Date:   June 25, 2010
   | AND THERESE HAVLUCIYAN                    ) Time:   1:30 P.M.
22 | INDIVIDUALLY AND AS CO-TRUSTEES           ) Room:   10
   | OF THE HAVLUCIAYAN FAMILY                 )
23 | TRUST; SADOUX KIM, individually and on    )
24 | behalf a Class of all others similarly situated, )
   |                                           )
25 |           Plaintiffs,                     )
   |                                           )
26 |                                           )
   |                                           )
27 |                                           )
   | CAPTION CONTINUED ON NEXT PAGE            )
28 |                                           )

1149-001

DEFENDANT XBR FINANCIAL SERVICES, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT

| | |
|---|---|
| 1 | v. )<br>) |
| 2 | TARSADIA HOTEL, a California )<br>Corporation; TUSHAR PATEL, an individual; ) |
| 3 | B.U. PATEL, an individual; 5th ROCK LLC, a ) |
| 4 | Delaware limited liability company; MPK )<br>ONE LLC, a California limited liability ) |
| 5 | company; GASLAMP HOLDINGS, LLC, a )<br>California limited liability company; ) |
| 6 | PLAYGROUND DESTINATION )<br>PROPERTIES, a corporation; EAST WEST ) |
| 7 | BANK, a California corporation; BANK OF )<br>AMERICA, a Delaware corporation; JP ) |
| 8 | MORGAN CHASE; PROFESSIONAL )<br>MORTGAGE PARTNERS, INC,; XBR ) |
| 9 | FINANCIAL SERVICES, LLC, a California )<br>limited liability company; ERSKINE CORP, a ) |
| 10 | California corporation; and DOES 1 to 100, ) |
| 11 | inclusive, )<br>) |
| 12 | Defendants. ) |
| 13 | |
| 14 | / / / / |
| 15 | / / / / |

1149-001

DEFENDANT XBR FINANCIAL SERVICES, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT

## TABLE OF CONTENTS

1.  Introduction ........................................................................................................... 1

2.  Request for judicial notice ..................................................................................... 1

3.  Condominium units as securities ........................................................................... 2

4.  Status as a holder in due course ............................................................................. 2

5.  Statute of limitations and tolling ............................................................................ 3

    a.  First cause of action for misrepresentation or omission under federal law ...... 3

    b.  Second cause of action for failure to qualify under state law ........................... 4

6.  Conclusion ............................................................................................................. 4

# TABLE OF AUTHORITIES

**Cases**

*Apollo Capital Fund, LLC v. Roth Capital Partners, LLC* (2007) 157 Cal.App.4th 226................. 3

*Finalco, Inc. v. Roosevelt* (1991) Cal.App.3d 1301 ........................................................................ 3

*Finkel v. The Stratton Group* (2d Cir. 1992) 962 F.2d 196, 173 ...................................................... 3

*Hocking v. Dubois* (9 Cir. 1989) 855 F.2d 1449.............................................................................. 2

*Lubin v. Sybedon Corporation* (S.D. Cal. 1988) 688 F.Supp. 1425 ................................................ 4

*S.E.C. v. Seabord Corp* (9th Cir. 1982) 667 F.2d 1301 ................................................................... 3

*Sperry v. Spaulding* (1873) 45 Cal. 544........................................................................................... 3

*Wilshire Westwood Associates v. Atlantic Richfield Corporation* (9th Cir. 1989) 881 F.2d 801.... 1

**Statutes**

15 U.S.C. § 77m................................................................................................................................ 3

Cal. Com. Code § 3302(a) ................................................................................................................ 3

Cal. Com. Code § 3302(d) ................................................................................................................ 3

Cal. Com. Code § 3305..................................................................................................................... 2

Cal. Corp. Code § 25110 .................................................................................................................. 4

Defendant XBR FINANCIAL SERVICES, LLC ("XBR"), having received Plaintiffs' Opposition, hereby submits its Reply in support of its Motion to Dismiss Plaintiffs' First Amended Complaint for Violation of Federal and State Securities Laws ("Motion") in the above-captioned action:

### 1. Introduction

Plaintiffs say XBR is a mystery. But mystery, confusion, and inscrutability are not justifiable grounds for filing suit against this defendant. Why, then, have they sued them? Perhaps the answer is misguided financial desperation. Whatever the reason, it remains clear that Plaintiffs failed to state a claim against XBR and the Court should grant the instant Motion. Plaintiffs rely on equivocation, emotion, and misstatement in their Opposition. They do not refute the fundamental fact that the First Amended Complaint ("FAC") does not allege that XBR had sufficient involvement with the sales of the condominium units to be plausibly liable for the claimed securities violations.

### 2. Request for judicial notice

XBR's request for judicial notice is proper. A 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. The Court must assume all facts alleged are true, but it does not have to accept conclusions or constrain itself to the four corners of the complaint. The doctrine of incorporation by reference is well-established in this circuit. Plaintiffs' efforts to prevent the Court from taking judicial notice reveal that they are trying to muddy the waters in order to save a defective pleading. Contrary to Plaintiffs' contention (Opp. at 2:25-3:1 and 6:19-23), XBR has not argued that this Court must adopt XBR's interpretation of the judicially noticeable documents. Rather, XBR has requested judicial notice in order to present the Court with indisputable, pertinent facts (*e.g.*, dates and record owners). XBR hopes the Court will look at the documents, note the incontrovertible facts visable from the face thereof, and apply the law accordingly. This is an appropriate use of judicial notice in the 12(b)(6) context. Moreover, the authority cited by Plaintiffs, *Wilshire Westwood Associates v. Atlantic Richfield Corporation* (9th Cir. 1989) 881 F.2d 801, simply iterates these fundamentals of judicial notice and actually supports XBR's request. Plaintiffs have not presented any authority defeating XBR's request.

DEFENDANT XBR FINANCIAL SERVICES, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT

The Court should, therefore, take judicial notice of the facts contained in the documents attached to XBR's request when ruling on this Motion.

### 3. Condominium units as securities

Plaintiffs' Opposition makes much ado over whether the condominium units are securities. But this *is completely irrelevant* to XBR's Motion. In fact, XBR voluntarily assumed the units are securities for purposes of this Motion because, even if they are securities (which they are not), Plaintiffs still have not stated a claim against XBR in their FAC. (Motion at 1:23-2:7.) Accordingly, XBR did not "fail" to cite *Hocking v. Dubois* (9 Cir. 1989) 855 F.2d 1449 (Opp. at 4:27-5:21) or any other case addressing the question of whether condominium units constitute securities. This issue is, quite simply, beyond the scope of XBR's Motion. The only plausible explanations for why Plaintiffs would spend so much time arguing a moot point in their Opposition are *pathos* and to further confuse the issues. XBR submits that the Court should ignore Plaintiffs' entire discussion on the character of the condominium units as mere surplusage.

### 4. Status as a holder in due course

Astoundingly, in their Opposition, Plaintiffs mischaracterize their own allegations against XBR. They claim that the FAC alleges that XBR bought notes after Plaintiffs filed this case. (Opp. at 1:7-8.) But this is not what the FAC says at all. The FAC clearly says "[a]fter this legal action was filed, defendant East West Bank *notified* several plaintiffs that it has sold the plaintiffs note to XBR" [*sic.*]. (FAC at ¶ 49 (emphasis added).) The date East West Bank provided and Plaintiffs received notification of the purchase is not the same thing as the date the note was actually purchased. When read plainly, the only thing Plaintiffs allege is that they *learned* that XBR owned their notes after they sued. From this, it follows that Plaintiffs' argument that XBR is not a holder in due course ("HDC") is erroneous.

When a party is an HDC, it takes a note free from an obligor's defenses arising from an occurrence with a third party. (Cal. Com. Code § 3305.) Thus, the purchaser steps into the shoes of the prior holder only with respect to the right to collect the debt. It is not a complete step-into-the-shoes situation. The purchaser of a note is presumed to be an HDC, and the burden of rebutting the presumption rests on the maker of the note. (*Sperry v. Spaulding* (1873) 45 Cal.

544, 549.) The FAC does not contain any allegations that XBR did not pay value for the notes, took the notes in bad faith, or had notice of defect or dishonor. (*See* Cal. Com. Code § 3302(a).) Nor do Plaintiffs allege that XBR obtained the notes by execution, insolvency sale, unordinary bulk sale, or estate succession. (*See* Cal. Com. Code § 3302(d).) Thus, the presumption applies here, and the Court must consider XBR to be an HDC for the purposes of this Motion.

Accepting Plaintiffs' argument that this case is governed by *Finalco, Inc. v. Roosevelt* (1991) Cal.App.3d 1301, it becomes clear that XBR's Motion should be granted. While Plaintiffs contend that this case is different from *Finalco*, it is not truly distinguishable because the allegations of the FAC are analogous to the factual situation in *Finalco*. The purchasers in both cases are HDCs who purchased their notes after the underlying transactions had occurred and before suit was filed. (*Id.* at 1305.) As such, neither are sellers of securities, and their HDC statuses protect them from any wrongs committed by third-parties prior to acquisition of the notes. (*Id.* at 1304.) Therefore, just as the *Finalco* court found in favor of the HDC, this Court should rule in favor of XBR and dismiss it from this action.

5. **Statute of limitations and tolling**

   a. **First cause of action for misrepresentation or omission under federal law**

In their papers, Plaintiffs misstate the statute of limitations for a federal misrepresentation or omission claim. The statute is a two-part statute. On one hand, the first part provides suit must be filed "within one year after the discovery of the untrue statement or the omission." (15 U.S.C. § 77m.) Part two, on the other hand, is a statute of repose providing for a maximum outside limit of three years after the sale. (*Id.*; *see Apollo Capital Fund, LLC v. Roth Capital Partners, LLC* (2007) 157 Cal.App.4th 226, 247, fn. 8.) Plaintiffs have not presented any authority showing that this statute is subject to tolling. (*See S.E.C. v. Seabord Corp* (9th Cir. 1982) 667 F.2d 1301, 1308.) Nor have they offered authority refuting that a securities claim accrues when the parties enter a sale agreement. (*See Finkel v. The Stratton Group* (2d Cir. 1992) 962 F.2d 196, 173.) XBR's request for judicial notice simply asks the Court to note the date on the sales contracts. The latest contract at issue was formed December 1, 2006. Plaintiffs admit the original complaint was filed December 8, 2009. (Opp. at 2:18.) When stripped-down to these

essentials, it is clear that Plaintiffs' claims are time-barred for failing to file before the absolute three-year deadline on December 1, 2009. It does not matter when Plaintiffs discovered their claims.

### b. Second cause of action for failure to qualify under state law

Plaintiffs argue they deserve equitable tolling with respect to their failure to qualify claim (Opp. at 6:3-16), but this is just another attempt to confound the issues. Plaintiffs do not allege in the FAC that they are entitled to tolling, nor does the authority cited in the Opposition (Opp. at 6:10-16) stand for the proposition that tolling is permissible with respect to the alleged securities violation. In fact, under *Lubin v. Sybedon Corporation* (S.D. Cal. 1988) 688 F.Supp. 1425, the statue of limitations is indisputably absolute, and Plaintiffs have not shown *Lubin* to be bad law. Plaintiffs admit that the statute expires upon the _earlier_ of one year from discovery or two years from the violation. (Opp. at 6:2.) The violation happens when a party offers or sells an unqualified security. (Cal. Corp. Code § 25110.) Based on the nature of this violation, the latest date a claim could have accrued in this case is when the last contract was signed on December 1, 2006. Thus, Plaintiffs' claims are barred because they did not file before December 1, 2008. Again, it does not matter when Plaintiffs discovered their claims.

### 6. Conclusion

WHEREFORE, for the reasons provided herein, as well as those in the Motion, XBR respectfully requests that the Court grant its Motion in its entirety and dismiss XBR from this action with prejudice.

Dated: June 17, 2010                    SAMUELS, GREEN & STEEL, LLP

                                        By: Jennifer A. Needs
                                        Attorneys for Defendant
                                        XBR FINANCIAL SERVICES, LLC