| | |
|---|---|
| 1 | MAYER BROWN LLP |
| | JOHN NADOLENCO (SBN 181128) |
| 2 | jnadolenco@mayerbrown.com |
| | CHRISTOPHER P. MURPHY (SBN 120048) |
| 3 | cmurphy@mayerbrown.com |
| | 350 South Grand Avenue, 25th Floor |
| 4 | Los Angeles, California  90071-1503 |
| | Telephone: (213) 229-9500 |
| 5 | Facsimile:  (213) 625-0248 |
| 6 | Attorneys for Defendant |
| | EAST WEST BANK, a California corporation |
| 7 | |

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMER SALAMEH, an individual, et al., | Case No. 09-CV-2739-L-CAB |
| Plaintiffs, | **REPLY MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANT EAST WEST BANK IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| v. | |
| TARSADIA HOTEL, a California Corporation, et al., | DATE:    June 25, 2010 |
| Defendants. | TIME:    1:30 p.m. |
| | PLACE:   Courtroom of the Honorable Dana M. Sabraw, United States District Judge |

## I. INTRODUCTION

In its moving papers ("Mot."), Defendant East West Bank showed that Plaintiffs' claims against it in the First Amended Complaint ("the "FAC") are deficient in a number of respects. First, Plaintiffs fail to allege *facts* (as opposed to mere legal conclusions) showing that East West Bank is liable to them, thereby failing to meet the standards set forth in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U..S. 544 (2007). Second, Plaintiffs do not and cannot allege that East West Bank sold the putative securities to them, which is an essential element of all the claims for relief (First, Second and Third Claims for Relief in the FAC) alleged against East West Bank. Third, Plaintiffs' Second and Third Claims fail to state a claim because (a) they require material misrepresentations or omissions, and (b) there is no allegation that East West Bank made any material misrepresentations or omissions to Plaintiffs. Finally, East West Bank showed, based on transaction documents of which the Court should take judicial notice, that Plaintiffs' First and Second Claims are barred by the statute of limitations.

In their Opposition ("Opp."), Plaintiffs fail to refute any of the arguments made by East West Bank in its moving papers. Instead, Plaintiffs misstate the facts alleged in their FAC, misstate the applicable law, misstate East West Bank's arguments in its moving papers, and waste words opposing arguments which East West Bank did not make or rely upon. Plaintiffs also fail to respond to some of the arguments East West Bank actually made, thereby conceding their validity.

## II. ARGUMENT

### A. Plaintiffs Fail To State A Claim Under Section 12(a)(2) of the 1933 Act

#### 1. East West Bank Is Not A Statutory "Seller"

Plaintiffs claim that they have stated a claim under Section 12(a)(2) of the 1933 Securities Act, 15 U.S.C. § 77l(a)(2), because they have alleged Defendant East West Bank "participated" in the sale of securities to Plaintiffs. Opp. at 6-7 (citing FAC ¶ 114). They base this on assertions that East West Bank made a construction loan to Tarsadia[1] for the construction

---

[1] For the sake of convenience. East West Bank uses "Tarsadia" herein to refer to Tarsadia Hotels, Inc. *and/or* its affiliated entities.

of the Hotel; it made loans to (some of the) Plaintiffs to enable them to pay the remaining amounts owing on their condominium interest purchases; Tarsadia paid back the construction loan with funds derived from Tarsadia's sale of the condominium interests; and East West Bank has a security interest in the alleged securities, that is, as security for its loans. Opp. at 7.

This argument fails for two reasons. First, nothing Plaintiffs allege suggest that East West Bank was the seller of or even participated in the sale of securities. The facts alleged do not show that East West Bank in any way diverged from its traditional role, that of a lender. It made a construction loan to Tarsadia, which Tarsadia paid back. It made loans to some of the Plaintiffs, and took as a security interest for those loans the condominium interests purchased by those Plaintiffs. Again, that is a bank making loans. Nothing more, nothing less; no sale of securities, simply lending money.[2] Even assuming that the condominium interests the Bank took as security for its loan counts as securities under federal or state law, Plaintiffs do not and cannot cite a single case holding that a lender taking a security as a security for a loan is thereby converted into a seller of securities. In summary, the facts alleged do not add up to East West Bank either selling securities or even participating in the sale of securities.

Plaintiffs' argument also fails purely as a matter of law because Section 12 liability cannot be based on mere "participation" in the sale of securities.. Plaintiffs recognize that the governing case defining a statutory seller under Section 12 is *Pinter v. Dahl*, 486 U.S. 622 (1988), but fail to explain what *Pinter* actually held. Under *Pinter*, Section 12 liability as a statutory "seller" is restricted to those who either (1) pass title to the securities or (2) solicit the sale of the securities. 486 U.S. at 642-47. The Court expressly rejected liability under Section 12 for mere "participation" in the sale of securities: "Indeed, § 12's failure to impose express liability for mere participation in unlawful sales transactions suggests that Congress did not intend that the section impose liability on participants collateral to the offer or sale." *Pinter*, 486

---

[2] There was no requirement imposed by Tarsadia (or anyone else) that Plaintiffs borrow from East West Bank. According to Plaintiffs, "[i]nvestors paid cash for *or* arranged for financing to purchase the HRHSD studios or suites." FAC. ¶ 85 (emphasis added). Plaintiffs concede that a number of other lenders (apart from East West Bank) also financed the purchase of the so-called HRHSD Investment Contracts. *Id.* ¶¶ 50-54, 134-37.

U.S. at 650. The Court also rejected a "substantial factor" approach, *id.* at 650-51, and also "reject[ed] the [SEC's] suggestion that persons who 'participate in soliciting the purchase' may be liable as statutory sellers." *Id.* at 651 n. 27.

Thus, even if East West Bank did participate in the sale of securities, as Plaintiffs claim, that would not make the Bank liable under Section 12. It is equally clear that East West Bank is not a statutory "seller" under the positive holding of *Pinter*: East West Bank did not transfer title to the alleged securities, as Plaintiffs concede. FAC ¶ 42 (alleging that "MPK ONE LLC [a Tarsadia affiliate] executed the sales documents by which the investment contracts and properties – studios and suites – were sold to investors.") East West Bank's non-involvement in transferring titles is further confirmed by the actual Purchase Contracts, see East West Bank's Request for Judicial Notice ("RJN") Exs. A-H. The Purchase Contracts and Escrow Instructions executed by Plaintiffs who subsequently borrowed from East West Bank were all executed by MPK on behalf of 5th Rock, both Tarsadia affiliates. RJN Ex A at 13; Ex. B at 13; Ex. C at 13; Ex. D at 11; Ex E at 13; Ex. F at 13; Ex. G at 13; Ex. H at 13.

East West Bank also did not solicit the sale of securities, that is, the condominium interests at issue in this case. There are no allegations in the FAC that East West Bank was involved in the marketing and promotion of these purported securities. There is no allegation that East West Bank prepared or distributed any literature, advertisements, prospectuses or other marketing materials concerning these condominium interests. There is no allegation that East West Bank drafted or prepared any of the "writings that formed the core of the HRHSD Investment Contract," FAC ¶ 86. In summary, East West Bank is not a statutory "seller" and thus is not liable as a matter of law under Section 12.[3]

///

---

[3] This argument should also put to rest Plaintiffs' attempt to label East West Bank as an "underwriter." See Opp. at 2:5. Whether someone is an underwriter is relevant to liability under Section 11 of the 1933 Act, 15 U.S.C. § 77k, but has no specific significance under Section 12. The term is not even used in Section 12. Furthermore as explained in East West Bank's moving papers, an underwriter is basically someone who buys securities from the issuer to sell to third parties. Mot. at 5 (citing and quoting 15 U.S.C. § 77b(a)(11) and Corporations Code § 25022). Since East West Bank did not sell any securities to Plaintiffs, and there is no allegation that it bought any from Tarsadia, East West Bank clearly is not an underwriter.

### 2. The Issue Of Whether The Condominium Interests Were Securities Is Irrelevant To East West Bank's Motion

Plaintiffs criticize East West Bank for failing to cite *Hocking v. Dubois,* 885 F.2d 1449, 1460-61 (9th Cir. 1989) (reversing dismissal of case alleging that condominium purchase was an investment in securities). Opp. at 7-8. Plaintiffs further argue (twice, see Opp. 4-5, 7-8) that under *Hocking* and *Williamson v. Tucker,* 645 F.2ed 404, 424-25 (5th Cir. 1981), the condominium interests at issue here were securities. However, this is irrelevant to East West Bank's Motion. East West Bank made it clear in its moving papers that it was not addressing whether the condominium interests were securities or moving to dismiss on the basis that they were not securities. Mot. at 1-2. That issue is thus irrelevant to this Motion.

The Court should also note what *Hocking* and *Williamson* do *not* hold. Neither of these cases hold that a lender who lends money to someone who purchased a condominium interest is engaged in the sale of a security. Indeed, Plaintiffs fail to cite a single case under either the state or federal securities laws in which a lender is held liable as the seller of securities by virtue of lending money to someone to purchase a security.

### 3. The Section 12(a)(2) Claim is Barred by The Statute of Limitations

East West Bank showed in its moving papers that Plaintiffs' Section 12(a)(2) claim is barred by the three-year absolute statute of limitations under 15 U.S.C. § 77m. Mot. at 13-14. The claim is barred because the Plaintiffs who borrowed from East West Bank all purchased their condominium interests by entering into binding contracts of purchase more than three years before filing suit herein. *Id.* at 14. In their Opposition, Plaintiffs fail to address this argument. They have therefore waived any argument that their Section 12(a)(2) claim is not barred by the statute of limitations.

### 4. Plaintiffs Fail To Allege A Material Misrepresentation or Omission

Plaintiffs claim that East West Bank knew or was reckless in not knowing certain things regarding the condominium interests: that the rental management agreement was not voluntary but was represented as such by Tarsadia in order to avoid registration with the SEC or the Department of Corporations; and that if the HRHSD investment contracts had been presented to

4

the SEC or the Department of Corporations, the offering would have required substantial revision. Opp. at 2:16-21. These assertions are merely unsupported conclusions that the Court need not accept as true on a motion to dismiss. Furthermore, these claims do not add up to the material misrepresentation or omission required to state a Section 12(a)(2) claim. Under Section 12(a)(2), Plaintiffs must allege facts showing that East West Bank sold securities by means of:

> an untrue statement of a material fact or omit[ted] to state a material fact necessary in order to make the statements, in light of the circumstances under which they were made, not misleading.

Plaintiffs' allegations only address East West Bank's alleged knowledge or reckless failure to know. They say nothing about any material misrepresentation or omission by East West Bank. Moreover, as explained above, the FAC fails to allege that East West Bank was in any way involved with the promotion or solicitation of sales of the condominium interests. The FAC thus fails to allege any material misrepresentation or omission by East West Bank in connection therewith. Plaintiffs' only fallback is to claim that East West Bank made material misrepresentations or omissions in its loan documentation, but the FAC says nothing about the loan documentation or any material misrepresentations or omissions therein. In short, Plaintiffs have failed to allege a material misrepresentation or omission by East West Bank required for a claim under Section 12(a)(2) of the 1933 Act.

### B. Plaintiffs Fail to State A Claim Under Corporations Code §§ 25110, 25503

#### 1. East West Bank Did Not Sell Securities To Plaintiffs

Plaintiffs' Second Claim for Relief, under Corporations Code §§ 25110, 25503,[4] depends on the claim that East West Bank sold condominium interests to Plaintiffs. Plaintiffs' opposition on this issue depends on their opposition in support of its Section 12(a)(2) claim on the same issue. As shown above (Section II(A)(1)), Plaintiffs have not stated and cannot state a claim against East West Bank as a statutory "seller". They therefore have not stated and cannot state a claim against East West Bank under Corporations Code §§ 25110, 25503.

///

---

[4] Section 25110 is simply the violation provision (sale of unqualified securities) for which Section 25503 provides the civil liability remedy.

### 2. The Section 25503 Claim is Barred by the Statute of Limitations

In its moving papers, East West Bank showed that Plaintiffs' Second Claim for Relief, under Corporations Code § 25503, was barred by the two-year absolute statute of limitations in Corporations Code 25507(a) (claim must be brought "before two years after the violation upon which it is based") Mot. at 14-15. However you interpret the timing of "the violations upon which it is based", Plaintiffs' claims were filed *more than* two years thereafter. *Id.* at 15.

In their Opposition, Plaintiffs completely miss the boat. Plaintiffs discuss the statute of limitations and "primary liability" (Opp. 8:26-9:9), but what they says bears no resemblance or responsiveness to what East West Bank argued in its moving papers. Since Plaintiffs fail to address East West Bank's actual argument, they have thereby waived any claim that their Second Claim for Relief under Corporations Code § 25503 is not barred by the statute of limitations.

### C. Plaintiffs Fail To State A Claim Under Corporations Code §§ 25401, 25501

#### 1. East West Bank Did Not Sell Securities To Plaintiffs

Plaintiffs' Third Claim for Relief, under Corporations Code §§ 25401, 25501,[5] depends on the claim that East West Bank sold condominium interests to Plaintiffs. Under these statutory provisions, "liability [is] limited to actual sellers." *SEC v. The Seabord Corp.*, 677 F.2d 1289, 1296 (9th Cir. 1982). *See also Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 252-53 (2007) (where investors bought securities from issuer, issuer's placement agent could not be liable under Section 25401). As explained above, Sections II(A)(1) & II(B)(1), Plaintiffs have failed to and cannot state facts a claim against East West Bank as a statutory "seller" or as an actual seller of the purported securities in this case. They therefore have not stated and cannot state a claim against East West Bank under Corporations Code §§ 25401, 25501.

#### 2. Plaintiffs Fail To Allege A Material Misrepresentation or Omission

Plaintiffs' claim for relief under Corporations Code §§ 25401, 25501, depends on the allegation that East West Bank sold securities to Plaintiffs by means of:

---

[5] Section 25401 is simply the violation provision (sale of securities by means of material misrepresentations or omission) for which Section 25501 provides the civil liability remedy.

an untrue statement of a material fact or omit[ted] to state a material fact necessary in order to make the statements, in light of the circumstances under which they were made, not misleading.

Corp. Code § 25401. The statutory language is basically identical to the language in Section 12(a)(2) of the 1933 Act, 15 U.S.C. § 77l(a)(2), discussed above. And, for the reasons discussed above in Section II(A)(4), Plaintiffs have not stated and cannot state a material misrepresentation or omission by East West Bank. Thus, Plaintiffs have failed to allege a material misrepresentation or omission by East West Bank required for a claim under Corporations Code §§ 25401, 25501.

### D. Plaintiffs Fail to State A Claim Under Corporations Code § 25504.1

In its FAC and its Opposition, Plaintiffs claim that their Second and Third Causes of Action, under the California Securities Act, are also claims under Corporations Code § 25504.1. The problem with that claim is that Section 25504.1 requires that the defendant act "with intent to deceive or defraud." See Mot. at 11:25-12:3 (quoting statute). And the FAC nowhere alleges that East West Bank acted with the intent to deceive or defraud. Plaintiffs rely upon *Apollo Capital Fund,* 158 Cal. App. 4th at 257 (Opp, at 10, 11), a case involving a broker-dealer, but the Court of Appeal's holding there does not support Plaintiffs' claim. According to the court:

> [T]o the extent the complaint alleges facts to show Roth materially assisted eNucleus in selling the bridge notes by false or misleading statements, and intended to induce the investors to rely on representations known to be false or misleading, the complaint properly alleges a claim for liability under section 25504.1.

*Apollo Capital Fund,* 158 Cal. App. 4th at 257.[6]

By contrast, the FAC here nowhere alleges facts showing that East West Bank materially assisted Tarsadia in the sale of securities by making false or misleading statements. Indeed, the FAC is devoid of any allegations that East West Bank played any role in marketing or promoting the condominium interests, or preparing or distributing any literature, advertisements, prospectuses or other marketing materials concerning these condominium interests. The FAC is likewise devoid of any allegation of false or misleading statements in East West Bank's loan

---

[6]  Plaintiffs reference joint and several liability under Section 25504.1. (Opp. at 10:11.) But that issue relates solely to damages, not to liability.

1  documentation. The FAC is likewise devoid of any allegations that East West Bank intended to
2  induce Plaintiffs to rely on representations known to be false or misleading. Again, East West
3  Bank is not alleged to have played any role in promoting or marketing the condominium interests
4  and the FAC fails to allege that any representation in East West Bank's loan documentation was
5  false or misleading. In short, Plaintiff do not and cannot state a claim under Section 25504.1.

6  Moreover, even if Plaintiffs were to amend the FAC so as to allege an "intent to deceive
7  or defraud" as required for a claim under Corporations Code § 25504.1, then the complaint
8  would "sound in fraud" and thus require compliance with Federal Rule of Civil Procedure 9(b).[7]
9  Plaintiffs claim that they have complied with Rule 9(b) and base this on a discussion of a
10 Seventh Circuit case, *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467 (7th Cir. 1999),
11 a case which Plaintiffs claim was relied upon by East West Bank. Opp. at 12. However, East
12 West Bank never cited or relied upon *Ackerman* in its moving papers, see Mot. at 12-13
13 (discussing Rule 9(b) but not citing *Ackerman*). Again, Plaintiffs fail to address East West
14 Bank's actual argument, which was that "Plaintiffs do not identify any specific statements made
15 by East West Bank, when those statements were made or who made them, let alone explain how
16 and why such statements are false or misleading." Mot. at 12:25-27. By failing to address that
17 argument, and failing to point to the requisite specificity in the FAC, which is clearly lacking,
18 Plaintiffs have waived any claim that the FAC complies with Rule 9(b). .

19     E.    **The Court Should Grant East West Bank's Request for Judicial Notice**

20 Plaintiffs claim that the Court should deny East West Bank's Request for Judicial Notice
21 ("RJN") (Docket # 15-2). East West Bank requested the Court to take judicial notice of samples
22 of the three types of documents Plaintiffs claim are " three writings that formed the core of the
23 HRHSD Investment Contract" FAC ¶ 86, along with the promissory notes executed by Plaintiffs
24 who borrowed from East West Bank. Plaintiffs provide no basis or reason for the Court to deny
25 East West Bank's RJN. They do not question the authenticity of any of the documents attached

---

[7] Plaintiffs claim that Rule 9(b) does not apply to their Section 12(a)(2) claims. Opp. at 11. Whether Rule 9(b) would also apply to the First Cause of Action under Section 12(a)(2) of the 1933 Act, or only to the Second and Third Causes of Action, would depend upon how the FAC were amended.

to the RJN. They do not claim that the documents attached to the RJN do not "form the basis of Plaintiffs' claims" as set forth in RJN at 2-3. These documents are therefore properly subject to judicial notice. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir.1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir.2002).

Plaintiffs also suggest that East West Bank is improperly "interpreting" or requesting the Court to "weigh" the documents for which it requests judicial notice. However, East West Bank did neither. In its moving papers, East West Bank simply relied on the date(s) of the documents, who the parties to the documents were, and, the plain language of the documents. East West Bank is not requesting the Court to "interpret" any of these documents or to "weigh" them. Plaintiffs' complaint as to East West Bank's RJN are thus groundless.

### III. CONCLUSION

For the reasons stated above and the reasons in East West Bank's moving papers, the Court should grant the Motion of Defendant East West Bank to dismiss this action against East West Bank pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. As shown above, Plaintiffs have not alleged and cannot allege the elements of their claims against East West Bank. And since the facts alleged do not suggest East West Bank was doing anything more than making loans, Plaintiffs' fail to meet the standards set forth in *Iqbal* and *Twombly:* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949, citing *Twombly*, 550 U.S. at 557. East West Bank further requests the Court to award reasonable attorneys fees to East West Bank under Federal Rule of Civil Procedure 11 as modified by 15 U.S.C. § 77z-1(c)(3)(ii).

DATED: June 18, 2010

MAYER BROWN LLP
JOHN NADOLENCO
CHRISTOPHER MURPHY

By: s/Christopher P. Murphy
Christopher P. Murphy
Attorneys for Defendant EAST WEST BANK
E-Mail: cmurphy@mayerbrown.com

9
REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS; NO. 09-CV-2739-DMS-CAB

28830029

# CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; and that I served the individuals on the service list attached hereto the following documents:

Original of:

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANT EAST WEST BANK IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Filed June 18, 2010 on the ECF system and served pursuant to General Order No. 550, with:

- **Michael J Aguirre**

  maguirre@amslawyers.com,mbyrnes@amslawyers.com

- **Scott R. Albrecht**

  scott.albrecht@sgsattorneys.com,jackie.nguyen@sgsattorneys.com

- **Benjamin J.B. Allen**

  ben.allen@bryancave.com,dennis.kissick@bryancave.com

- **Daniel M. Benjamin**

  dbenjamin@labellamcnamara.com,msimental@labellamcnamara.com

- **Lynn T Galuppo**

  lgaluppo@coxcastle.com,mrodriguez@coxcastle.com

- **Thomas W McNamara**

  tmcnamara@labellamcnamara.com,msimental@labellamcnamara.com,amyers@labellamcnamara.com

- **Jennifer A. Needs**

  jennifer.needs@sgsattorneys.com,jackie.nguyen@sgsattorneys.com

- **Edward M. Rosenfeld**

  emrosenfeld@bryancave.com,tlhayes@bryancave.com,chereese.campbell@bryancave.com

- **Bryan D Sampson**

  bsampson@sampsonlaw.net,nyeakey@sampsonlaw.net,b.sampson3@cox.net

1   • **Maria C Severson**
2   mseverson@amslawyers.com,mbyrnes@amslawyers.com
3   • **Logan Smith**
4   lsmith@labellamcnamara.com,amyers@labellamcnamara.com
5   • **Spyglass Partners, Inc.**
6   bsampson@sampsonlaw.net
7   • **Sung-Min Christopher Yoo**
8   cyoo@adorno.com,mault@adorno.com,vdelgado@adorno.com,vwarren@adorno.com

s/Chris Murphy
Chris Murphy
E-mail: cmurphy@mayerbrown.com