1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10   TAMER SALAMEH, an individual, et          CASE NO. 09cv2739-GPC(BLM)
     al.,
11                                             **SUPPLEMENTAL ORDER RE**
                              Plaintiffs,      **TARSADIA DEFENDANTS'**
12        vs.                                  **MOTION FOR ATTORNEYS'**
                                               **FEES AND COSTS**
13
     TARSADIA HOTEL, a California
14   Corporation, et. al.,

15                            Defendants.

16

17        On March 25, 2014, the Court granted in part and denied in part Tarsadia

18   Defendants'[1] motion for attorneys' fees and costs; and denied Defendant Playground

19   Destination Properties, Inc.'s motion for attorneys' fees. (Dkt. No. 240.) Specifically,

20   the Court granted Defendants 5th Rock, LLC and MKP One, LLC's motion for

21   attorneys' fees on the fraud causes of action based on the attorneys' fee provisions in

22   the Purchase Contract, and denied the remaining Tarsadia Defendants' request for

23   attorneys' fees on the federal and state securities causes of action based on the RMA

24   and UMA.  The Court also denied Defendant Playground's motion for attorneys' fees

25   based on § 11(e) of the Securities Act of 1933.  In the order, the Court ordered

26   supplemental documentary evidence to determine what part of the attorneys' fees

27   _____

28        [1]Tarsadia Defendants consist of Tarsadia Hotels, Tushar Patel, B.U. Patel,
     Gregory Casserly, 5th Rock, LLC, MKP One, LLC and Gaslamp Holdings, LLC.

incurred in this case are attributable to the litigation arising out of the fraud causes of action under the Purchase Contract between the signatories. (Id.)  Defendants filed their supplemental response on April 11, 2014. (Dkt. No. 241.)  Plaintiffs[2] filed their supplemental response on April 25, 2014. (Dkt. No. 242.)  Based on the reasoning below, the Court GRANTS Tarsadia Defendants' motion for attorneys' fees in the amount of $405,371.25.

### Background

On December 8, 2009, Plaintiffs, investors in the Hard Rock Hotel San Diego ("Hard Rock"), filed a putative class action against Tarsadia Defendants and others. (Dkt. No. 1.)  On September 10, 2010, Plaintiffs filed a second amended complaint ("SAC") alleging violations of federal and state securities laws and fraud based on misrepresentation and fraud by concealment against numerous defendants involved in the development of the Hard Rock.  (Dkt. No. 86, SAC.)  On October 8, 2010, numerous Defendants, including Tarsadia Defendants and Playground, filed motions to dismiss. (Dkt. Nos. 93, 98.)  On March 22, 2011, District Judge Sabraw granted Defendants' motion to dismiss the second amended complaint with prejudice. (Dkt. No. 158.)  The Court concluded that the SAC failed to sufficiently allege a plausible claim that the Hard Rock transactions constituted securities under federal and state securities law.  (Id. at 12.)  The Court also concluded that even it the Court found that the SAC alleged the existence of a security, Plaintiffs' claim would be time-barred under the applicable statute of limitations. (Id. at 13.)  On the same day, judgment was entered in favor of Defendants and against Plaintiffs.  (Dkt. No. 159.)

---

[2]Plaintiffs are Tamer Salameh; Real Estate 4 Hospitality, LLC; Aleksey Kats; Diana Kats; Mitchell J. Pereira; Gary A.Torretta; Robert Alvarenga; Alexis Cosio; Cesar Mota; Denis B. Rothe Jr.; Charlene Schrufer; David R. Bushy; Dale Curtis; Zondra Schmidt; Dolores Green; Christy Jeske; Tazia Reyna; Mary L. Wee Song; Kerry L. Steigerwalt; Beth Steigerwalt; Stuart M. Wolman; Jeffrey E. Lubin and Barbara L. Lubin, Individually and as CoTrustees of the Lubin Family Trust Dated March 26, 2002; Mikael Havluciyan and Therese Havluciyan Individually and as Co-Trustees of the Havluciyan Family Trust; Sadoux Kim; Vito Micale; Phillip Gutirrez; Danon Slinkard; Joey Clement; Andrew Paul; Steven Paul; Matthew Hoerr; Sylvia Hoerr; Kevin Henry; Kim Henry; Thomas Behrle; Barabara Behrle; Jose Gallanosa; and Virgina Gallanosa.

On March 23, 2011, Plaintiffs filed a notice of appeal. (Dkt. No. 160.) On April 5, 2011, Tarsadia Defendants filed a motion for attorneys' fees and costs. (Dkt. No. 164.) On April 6, 2011, Defendant Playground Destination Properties, Inc. filed a motion for attorneys' fees. (Dkt. No. 168.) On April 22, 2011, District Judge Sabraw continued the hearing on the pending motions for attorneys' fees until the Ninth Circuit resolved Plaintiffs' appeal. (Dkt. No. 174.) On October 12, 2012, the case was transferred to the undersigned judge. (Dkt. No. 215.)

On October 7, 2013, the Ninth Circuit affirmed the district court's decision. (Dkt. No. 224.) On February 24, 2014, the United States Supreme Court denied Plaintiffs' petition for writ of certiorari. Salameh v. Tarsadia, –S.Ct. –, 2014 WL 684134 (U.S. Feb. 24, 2014) (cert. denied). On March 25, 2014, the Court granted Defendants 5th Rock, and MKP One's motion for attorneys' fees and granted Tarsadia Defendants motion for costs in the amount of $163.25. (Dkt. No. 240.) The Court denied attorneys' fees for all other defendants. (Id.)

### Discussion

In the supplemental brief, Tarsadia Defendants now seek attorneys' fees in the amount of $358,490.00[3] for work performed from December 14, 2009 through February 28, 2011. (Dkt. No. 241, Kranz Decl. ¶ 11.) They also seek attorneys' fees and costs in connection with the filing of the instant motion in the amount of $46,881.25[4] for work performed in March and April 2011, November 2013 and March 2014. (Id., Kranz Decl. ¶ 14, Ex. B.) Plaintiffs do not object to the additional attorneys' fees and costs in connection with filing the instant motion. In sum, 5th Rock and MPK One, LLC seek an award of attorneys' fees and costs in the total amount of $405,371.25. (Id. ¶ 17.)

---

[3]In the initial moving papers, Tarsadia Defendants sought attorneys' fees in the amount of $456,490.00. (Dkt. No. 164.)

[4]This also represents a reduced amount. The amount billed during this time to Tarsadia Defendants was $115,098.75 of which $68,217.50 was deducted. (Dkt. No. 241, Kranz Decl. ¶ 16.)

1    The district court has wide discretion in determining the reasonableness of

2    attorneys fees.   Gates v. Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1992);

3    Montgomery v. Bio-Med Specialities, Inc., 183 Cal. App. 3d 1292, 1297 (1986).

4    Attorneys' fees under California Civil section 1717, the provision for attorney's fees

5    in a contract action, are calculated using the lodestar method. PLCM Grp. v. Drexler,

6    22 Cal. 4th 1084, 1095 (2000).  To calculate the amount of attorneys' fees under the

7    lodestar method, a court must calculate "the number of hours reasonably expended

8    multiplied by a reasonable hourly rate." Id.; Ketchum v. Moses, 24 Cal. 4th 1122, 1140

9    (2001).  To determine a reasonable rate for each attorney, the Court must look to the

10    rate prevailing in the community for similar work performed by attorneys of

11    comparable skill, experience and reputation.  PLCM Grp., 22 Cal. 4th at 1095.  The

12    lodestar number can be adjusted upward or downward, based on consideration of

13    factors specific to the case. Serrano v. Priest, 20 Cal. 3d 25, 49 (1977).

14    Plaintiffs only challenge the total number of hours reasonably expended and do

15    not argue for an adjustment of the lodestar amount.

16    **A.    Hours Reasonably Expended**

17    The moving party bears the burden of documenting the appropriate hours spent

18    in the litigation and submit evidence in support of the hours worked.  Hensley v.

19    Eckerhart, 461 U.S. 424, 433 (1983).   Counsel should exclude hours that are

20    "excessive, redundant or otherwise unnecessary." Id. at 434.  The Court should

21    decrease the hours that were not "reasonably expended." Id.

22    Courts in California do not require detailed time records and can award fees

23    based on declarations of counsel describing the work they performed and the court's

24    own review of the number of hours reasonably spent. Syers Props. III, Inc. v. Rankin,

25    226 Cal. App. 4th 691, 698 (2014); Trustees of Cent. States, Southeast & Southwest

26    Areas Pension Fund v. Golden Nugget, Inc., 697 F. Supp. 1538, 1558 (1988) (noting

27    lenient California standard on time records).

28    "Apportionment of a fee award between fees incurred on a contract cause of

action and those incurred on other causes of action is within the trial court's discretion." <u>Abdallah v. United Savings Bank</u>, 43 Cal. App. 4th 1101, 1111 (1996); <u>see also</u> <u>Erickson v. R.E.M. Concepts, Inc.</u>, 126 Cal. App. 4th 1073, 1083 (2005). "Where a cause of action based on the contract providing for attorney's fees is joined with other causes of action beyond the contract, the prevailing party may recover attorney's fees under [Civil Code] section 1717 only as they relate to the contract action." <u>Id.</u> (quoting <u>Reynolds Metals Co.</u>, 25 Cal.3d at 129. However, "[a]ttorney's fees need not be apportioned when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed." <u>Id.</u> As long as the various claims are "inextricably intertwined," <u>Finalco, Inc. v. Roosevelt</u>, 235 Cal. App. 3d 1301, 1308 (1991), making it "impracticable, if not impossible, to separate the multitude of conjoined activities into compensable or noncompensable time units," attorney's fees need not be apportioned.   <u>Fed–Mart Corp. v. Pell Enterprises, Inc.</u>, 111 Cal. App. 3d 215, 227 (1980); <u>see also</u> <u>Thompson Pac. Const., Inc. v. City of Sunnyvale</u>, 155 Cal. App. 4th 525, 555–56 (2007); <u>Int'l Marble & Granite of Colorado, Inc. v. Congress Fin. Corp.</u>, 465 F. Supp. 2d 993, 1003 (C.D. Cal. 2006) (concluding that the contract cause of action are inextricably linked to the other causes of action and attorney's fees need not be allocated).

"Allocation of fees incurred in representing multiple parties is not required when the liability of the parties is 'so factually interrelated that it would have been impossible to separate the activities . . . into compensable and noncompensable time units.'" <u>Cruz v. Ayromloo</u>, 155 Cal. App. 4th 1270, 1277 (2007).  The standard is whether the "issues are so interrelated that it would have been impossible to separate them into claims for which attorney fees are properly awarded and claims for which they are not." <u>Brown Bark III, L.P. v. Haver</u>, 219 Cal. App. 4th 809, 829-30 (2013) (quoting <u>Akins v. Enterprise Rent-A-Car Co.</u>, 79 Cal. App. 4th 1127, 1133 (2000)).

In their supplemental briefing, Tarsadia Defendants state they reviewed the billing statements and removed amounts that related directly to the securities issues;

however, they did not strike entries devoted to general case management and work performed that are so intertwined with the fraud causes of action that it is not possible to segregate the time spent.  (Dkt. No. 241, Kranz Decl. ¶¶ 8, 9.)  Plaintiffs do not object to specific entries but argue generally that 5th Rock and MKP One failed to present appropriate documentary evidence to show the specific fees incurred by them especially since there were seven Tarsadia Defendants and eight causes of action.

The essence of the Second Amended Complaint ("SAC") is the fraud perpetrated by Tarsadia Defendants on Plaintiffs by deceptively inducing them, the investors, to purchase the Hard Rock Units through false misrepresentations and omissions of material facts.  The SAC states "[t]his action arises from defendants' knowing and intentional violation of registration, qualification, and broker licensing requirements of the federal and California State securities laws." (Dkt. No. 86, SAC ¶ 1.)  The SAC asserts eight causes of action: six securities and two fraud causes of action.  The federal and state securities causes of action concern fraudulent misrepresentations and omissions of material facts.  (Dkt. No. 86, SAC at 49-52.)  The two fraud causes of action, subject to the attorneys fees award, are fraudulent misrepresentation and fraudulent concealment which involve affirmative false misrepresentations and concealment of facts.  While the elements of a securities and fraud cause are distinct, there are overlapping elements.  Moreover, all the claims arise from the same core facts.  Tarsadia Defendants' attorneys conducted legal research on issues common to all causes of action.  In addition, while there were seven Tarsadia Defendants, and only two were awarded attorneys' fees, these parties were named and collectively labeled "Tarsadia Defendants."  The SAC does not allege different causes of action as to each Tarsadia Defendant.  Therefore, the attorneys would have had to do the same legal research and analysis despite the number of defendants.  See Cruz, 155 Cal. App. 4th at 1278.  Lastly, Tarsadia Defendants' attorney states that he has already removed entries that related directly to the securities issues.  Plaintiffs do not point to specific entries to challenge any entries that were or were not struck.  Based on this, the Court

concludes that the issues and facts are so interrelated and inextricably intertwined that apportioning fees would be "impracticable, if not impossible." <u>Fed-Mart Corp.</u>, 111 Cal. App. 3d at 227.

### Conclusion

Based on the reasoning above, the Court awards Defendants 5th Rock and MKP One, LLC attorneys' fees in the amount of **<u>$405,371.25</u>** which breaks down to $358,490.00 for work performed from December 14, 2009 through February 28, 2011, and $46,881.25 for attorneys' fees in connection with the instant request for attorneys' fees and for work performed in March and April 2011, November 2013 and March 2014.

IT IS SO ORDERED.

DATED:  July 31, 2014

HON. GONZALO P. CURIEL
United States District Judge

[09cv2739-GPC(BLM)]