# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMER SALAMEH, an individual, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>TARSADIA HOTEL, a California Corporation, et. al.,<br><br>Defendants. | CASE NO. 09cv2739-GPC(BLM)<br><br>**ORDER DENYING PLAINTIFFS'** ***EX PARTE*** **MOTION**<br><br>[Dkt. No. 399.] |

On April 14, 2015, Plaintiffs filed an *ex parte* motion seeking a stay of enforcement of judgment through appeal. (Dkt. No. 399.) On April 15, 2015, Tarsadia Defendants filed a notice that they intended to file an opposition on May 1, 2015. (Dkt. No. 400.)

"Ex parte applications are a form of emergency relief that will only be granted upon an adequate showing of good cause or irreparable injury to the party seeking relief." Clark v. Time Warner Cable, No. CV 07 1797 VBF(RCX), 2007 WL 1334965 at *1 (C.D. Cal. May 3, 2007) (citing Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995)). An *ex parte* application must address why the regular noticed motion procedures must be bypassed. Mission Power Eng'g Co., 883 F. Supp. at 492. The reasons provided "must be supported by deposition transcripts or by affidavits or declarations whose contents would be admissible if the deponents, affiants or declarants were testifying in court." Id. Second, the moving

party must be "without fault" in creating the need for *ex parte* relief or establish that the urgency occurred as a result of excusable neglect. Id.; see also Langer v. McHale, Civil No. 13cv2721-CAB-NLS, 2014 WL 4922351, *2 (S.D. Cal. Aug. 20, 2014) (denying *ex parte* motion because defendants failed to make an adequate showing of good cause or irreparable injury to warrant ex parte relief).

Here, Plaintiffs provide no basis for filing an *ex parte* motion.[1] The fact that Defendants intend to file a response over two weeks from the date of the *ex parte* motion indicates that there is no urgency to this issue. Accordingly, Court DENIES Plaintiffs' motion for an *ex parte* motion for a stay of enforcement of judgment pending appeal. Plaintiffs may file a properly noticed motion according to the Local Civil Rules.

IT IS SO ORDERED.

DATED: April 16, 2015

HON. GONZALO P. CURIEL
United States District Judge

---

[1] Plaintiffs have also failed to file the required affidavit as required under the Civil Local Rule 83.3(g) when filing an *ex parte* application.