Bruce A. Hatkoff, State Bar No. 66146
Natalia A. Minassian, State Bar No. 227664
BRUCE A. HATKOFF, A LAW CORPORATION
18757 Burbank Blvd., Suite 100
Tarzana, CA 91356

Telephone: (818) 990-5180
Fax: (818) 990-2463

Attorneys for Judgment Creditors, 5TH Rock LLC and MKP One, LLC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

TAMER SALAMEH, et al.,

Plaintiffs,

vs.

TARSADIA HOTELS, et al.

Defendants.

Case No. 09cv2739-GPC (BLM)

NOTICE OF MOTION AND MOTION FOR AN ORDER DETERMINING CLAIM OF EXEMPTION OF ALEXIS COSIO, MICHELE CURTIS, DALE CURTIS, ALEKSEY KATS, DIANA KATS, CESAR MOTA, DANON SLINKARD, BENJAMIN STEIGERWALT AND EDEN STEIGERWALT; POINTS AND AUTHORITIES IN SUPPORT THEREOF

Date: August 6, 2015
Time: 3:00 PM
Place: Courtroom 1B
Judge: Barbara Lynn Major

FRCP Rule 69; C.C.P. §703.560, 703.570 & 703.580

[Filed concurrently with Declaration of Natalia A. Minassian; Notice of Opposition to Claim of Exemption]

TO THE JUDGMENT DEBTORS AND ANY ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that, on August 6, 2015, at 3:00 p.m. in Courtroom 1B of the above-entitled court located at 221 West Broadway San Diego, California 92101, Judgment Creditors 5TH Rock LLC and MKP One, LLC (hereinafter collectively referred to "Judgment Creditors") will move this court for an order determining the Claims of Exemption filed by Alexis Cosio, Michele Curtis, Dale Curtis, Aleksey Kats, Diana Kats, Cesar Mota, Danon Slinkard, Benjamin Steigerwalt, and Eden Steigerwalt (hereinafter collectively referred to as "Debtors or "Judgment Debtors"). This motion will be made on the ground that the Debtors have failed to meet their burden of showing that the funds levied are exempt under any statute.

At the Court's request, this Motion has been filed as one single motion to address all nine (9) claims of exemption at issue. This Motion is based upon FRCP Rule 69, C.C.P. §703.560, 703.570 and 703.580.

Plaintiff's Opposition to the Claims of Exemption filed by the Judgment Debtors will be based on this notice, the Notices of Opposition of Claim of Exemption, the Notice of Hearing on Claim of Exemption, the complete files and records in this action, and whatever evidence may be presented at the hearing if a hearing is held.

Dated: July 9, 2015

Bruce A. Hatkoff
A Law Corporation

By: [signature]
Natalia A. Minassian
Attorney for Judgment Creditors

S:\WP\CASES\MISCELLANEOUS (R-Z)\Salameh v. Tarsadia Hotel\PLEADINGS\Motion re Claim of Exemption.wpd 7/9/15 2

NOTICE OF MOTION AND MOTION FOR AN ORDER DETERMINING CLAIM OF EXEMPTION OF ALEXIS COSIO, MICHELE CURTIS, DALE CURTIS, ALEKSEY KATS, DIANA KATS, CESAR MOTA, DANON SLINKARD, BENJAMIN STEIGERWALT AND EDEN STEIGERWALT; POINTS AND AUTHORITIES IN SUPPORT THEREOF

**POINTS AND AUTHORITIES**

**I. INTRODUCTION**

This matter involves the collection of money based upon a judgment awarded by the above captioned court in favor of the Judgment Creditors.

Enforcement remedies allowed by the state of California (and applicable to the enforcement of Federal judgments pursuant to F.R.C.P. Rule 69) apply to the rights of the parties in the collection process.

The Judgment Creditors levied against certain bank accounts standing in the name of Alexis Cosio, Michele Curtis, Dale Curtis, Aleksey Kats, Diana Kats, Cesar Mota, Danon Slinkard, Benjamin Steigerwalt, and Eden Steigerwalt (hereinafter collectively referred to as "Debtors or "Judgment Debtors"), and others. The Judgment Debtors filed nine boilerplate claims of exemption relating to the bank levies seeking to prevent the Judgment Creditors from recovering the levied funds. As required by California law, the Judgment Debtors have the burden of proof to establish that their claims of exemptions must stand and they have failed to meet that burden.

It is an inescapable truth that, without involuntary enforcement, this Judgment will never be paid as Judgment Debtors have never expressed any interest in a voluntary payment proposal. The amount of levied funds at issue in this motion totals less than 10% of the judgment obligation. The Judgment Debtors have fought extensively to avoid their obligations in this case, continue to seek to avoid their obligation to post a bond in exchange for a stay of enforcement of execution efforts, and simultaneously seek to hinder the Judgment Creditors' lawful efforts to seek recovery.

When it became apparent that the Judgment Debtors had no interest or motivation to pay the judgment entered against them, Judgment Creditors initiated certain bank levies which have apparently resulted in the capture of funds available in some of the Judgment Debtors' accounts. While Judgment Creditors are informed and believe that many of the

S:\WP\CASES\MISCELLANEOUS (R-Z)\Salameh v. Tarsadia Hotel\PLEADINGS\Motion re Claim of Exemption.wpd 7/9/15 3

NOTICE OF MOTION AND MOTION FOR AN ORDER DETERMINING CLAIM OF EXEMPTION OF ALEXIS COSIO, MICHELE CURTIS, DALE CURTIS, ALEKSEY KATS, DIANA KATS, CESAR MOTA, DANON SLINKARD, BENJAMIN STEIGERWALT AND EDEN STEIGERWALT; POINTS AND AUTHORITIES IN SUPPORT THEREOF

accounts were closed once the Judgment Debtors became aware of the service of certain bank levies, some were still open when the service of the levies occurred, which has resulted in the capture of funds. The funds at issue in these nine claims of exemption total approximately $30,000.00. This figure has yet to be verified as the Claims of Exemption do not specify what exact sums have been levied from each account. The banks who received the levy instructions have not provided specific dollar amounts corresponding to each specific claimant. Despite being required to do so, the Judgment Debtors have failed to provide that information in their Claims of Exemption. Whether $100.00 or $30,000.00 was levied, the analysis in determining the validity of the Claims of Exemption will be the same, as discussed below.

The Judgment Debtors appear to have misunderstood the claim of exemption procedure. They have used a shot gun approach, pasting in boilerplate fashion inapplicable statutes under the California Code of Civil Procedure relating to claims of exemption. The claims of exemption miss the mark. The only issue here deals with the bank levies processed by Judgment Creditors, and whether the Judgment Debtors have correctly provided adequate evidence to support they are entitled to undo those bank levies in order to have those funds released back to them. The short answer is: no, there is no basis, in law or in fact to support this outcome.

The burden imposed by law does not allow for these Judgment Debtors to make voluntary choices as to those to whom they owe money as a basis to avoid their obligation to the Judgment Creditors.

## II. THE DEBTORS HAVE FAILED TO MEET THEIR BURDEN OF PROOF

The provisions regarding the availability of exemptions from enforcement are found in California Civil Code Sections 703.010 et seq. The Enforcement of Judgments code sections that apply in California apply to the enforcement of Federal judgments pursuant to Federal Rule of Civil Procedure Section 69.

California Code of Civil Procedure §703.580 states, at sub-section (b): "At a hearing

S:\WP\CASES\MISCELLANEOUS (R-Z)\Salameh v. Tarsadia Hotel\PLEADINGS\Motion re Claim of Exemption.wpd 7/9/15 4

NOTICE OF MOTION AND MOTION FOR AN ORDER DETERMINING CLAIM OF EXEMPTION OF ALEXIS COSIO, MICHELE CURTIS, DALE CURTIS, ALEKSEY KATS, DIANA KATS, CESAR MOTA, DANON SLINKARD, BENJAMIN STEIGERWALT AND EDEN STEIGERWALT; POINTS AND AUTHORITIES IN SUPPORT THEREOF

(as to the existence of a valid claim of exemption ) under this section, the exemption claimant has the burden of proof."

In the case at bar, the Debtors have the burden of establishing that the funds levied from their bank accounts are somehow exempt under an available statute. As the below will demonstrate, there is no law applicable to this scenario, nor are there facts to support the claim, under any inapplicable scenario. The claims set forth numerous inapplicable statutes relating to exemptions that have nothing to do with bank levies.

With regard to cited statutes that may relate to bank levies, no factual support has been submitted for the reliance on said statutes. Each claim will be addressed in turn.

**<u>1. ALEXIS COSIO CLAIM (referred to as "Cosio Claim"):</u>**

The Cosio Claim, attached to the Declaration of Natalia A. Minassian [hereinafter "Minassian Dec."], as Exhibit 1, relies upon C.C.P. §704.070(a) and (b). These sections provide as follows:

"(a) As used in this section:
(1) "Earnings withholding order" means an earnings withholding order under Chapter 5 (commencing with Section 706.010) (Wage Garnishment Law).
(2) "Paid earnings" means earnings as defined in Section 706.011 that were paid to the employee during the 30-day period ending on the date of the levy. For the purposes of this paragraph, where earnings that have been paid to the employee are sought to be subjected to the enforcement of a money judgment other than by a levy, the date of levy is deemed to be the date the earnings were otherwise subjected to the enforcement of the judgment.
(3) "Earnings assignment order for support" means an earnings assignment order for support as defined in Section 706.011.
(b) Paid earnings that can be traced into deposit accounts or in the form of cash or its equivalent as provided in Section 703.080 are exempt in the following amounts:
(1) All of the paid earnings are exempt if prior to payment to the employee they were subject to an earnings withholding order or an earnings assignment order for support.
(2) Seventy-five percent of the paid earnings that are levied upon or otherwise sought to be subjected to the enforcement of a money judgment are exempt if prior to payment to the employee they were not subject to an earnings withholding order or an earnings assignment order for support.

In citing this statute, Mr. Cosio appears to argue that, as long as the funds in the levied account are based upon earnings, those funds are not subject to a bank levy. Reliance on sub-section (a) is misguided, as that section merely provides definitions to applicable terms. As

S:\WP\CASES\MISCELLANEOUS (R-Z)\Salameh v. Tarsadia Hotel\PLEADINGS\Motion re Claim of Exemption.wpd 7/9/15 5

NOTICE OF MOTION AND MOTION FOR AN ORDER DETERMINING CLAIM OF EXEMPTION OF ALEXIS COSIO, MICHELE CURTIS, DALE CURTIS, ALEKSEY KATS, DIANA KATS, CESAR MOTA, DANON SLINKARD, BENJAMIN STEIGERWALT AND EDEN STEIGERWALT; POINTS AND AUTHORITIES IN SUPPORT THEREOF

for sub-section (b), Mr. Cosio has not established by any reliable evidence that the levied funds trace back to paid earnings. Even if, for purposes of discussion only, Mr. Cosio had established this threshold requirement, neither of the applicable exemptions to levy exist in this case. Mr. Cosio does not argue (or provide evidence) that the levied funds "were subject to an earnings withholding order or an earnings assignment order for support" nor does he argue (nor can he argue) that the paid earnings are exempt "if prior to payment to [him] they were not subject to an earnings withholding order or an earnings assignment order for support".

As such, C.C.P. §704.070, the only statute upon which Mr. Cosio relies, is wholly inapplicable and his claim of exemption therefore fails and must be denied.

While the inquiry as to Mr. Cosio should end here, a review of his financial statement further weakens any basis for granting his claim of exemption. The statement sets forth $8,971.48 of gross monthly income, net income (without any showing of how the withholdings were calculated or elected by him in each pay stub or identifying the source of the funds by attaching a copy of a representative pay stub) of $4,707.09, and monthly expenses of $4,801.55. The summary of expenses lists $3,048.17 of "rent or house" payment and maintenance and $580 in monthly utilities and phone expenses. In addition, Mr. Cosio reveals that he has elected to repay a 401(k) loan through monthly payments of $1,053.41 and has also elected to pay medical, dental and vision insurance premiums of $114.57.

While Mr. Cosio has not argued the "necessity for support" section of the code of Civil Procedure to attempt to reverse the bank levy (and in fact, no such statute is available in the case of a bank levy), there has been no showing that his life style choices are those minimally necessary for his support. While he may have elected to spend almost 50% of his gross monthly income on housing and utilities expenses (which appear disproportionate when weighed against the obligation he owes to the Judgment Creditors), and while he may have elected to drive an Infinity, those choices are not those consistent with a finding that funds in his bank account should also be returned to him after they were lawfully levied by the Judgment

S:\WP\CASES\MISCELLANEOUS (R-Z)\Salameh v. Tarsadia Hotel\PLEADINGS\Motion re Claim of Exemption.wpd   7/9/15     6

NOTICE OF MOTION AND MOTION FOR AN ORDER DETERMINING CLAIM OF EXEMPTION OF ALEXIS COSIO, MICHELE CURTIS, DALE CURTIS, ALEKSEY KATS, DIANA KATS, CESAR MOTA, DANON SLINKARD, BENJAMIN STEIGERWALT AND EDEN STEIGERWALT; POINTS AND AUTHORITIES IN SUPPORT THEREOF

Creditors following his refusal to voluntarily pay the judgment obligation.

**2. MICHELE AND DALE CURTIS CLAIM (referred to collectively as "Curtis Claims"):**

Mr. and Mrs. Cursti's claims are identical and will be addressed simultaneously. The Curtis' claims, attached as Exhibits 2 and 3 to the Minassian Dec., are predicated on the theory that the funds levied were retirement funds and are exempt from levy. They fail to identify which accounts might have been retirement funds (as provided for by law) or the amount of the funds claimed to have been levied from those accounts. First, they do not cite any statute to support this proposition. They do cite to C.C.P. §1705.115, but Judgment Creditors were unable to locate this statute. In any case, even if Mr. and Mrs. Curtis had provided the appropriate authority, the analysis would be moot, as **the bank did not levy any funds held in any account characterized as a retirement account**. Perhaps Mr. and Mrs. Curtis hold a retirement account, but no such account was levied according to what was reported by the bank. In their response to this motion, the burden will be on them to produce documents to evidence a contrary conclusion by producing account statements that reflect the nature of the account in conjunction with the levy documents that support that the funds levied were, in fact, funds held in a retirement account. Absent such a showing, both their claims of exemption must be denied.

**3. DIANA KATS AND ALEKSEY KATS CLAIM (referred to collectively as "Kats Claims") AND CESAR MOTA CLAIM (referred to as "Mota Claim"):**

The Kats Claims and Mota Claim, attached as Exhibits 4, 5, and 6, respectively, to the Minassian Dec. are almost identical and will be addressed simultaneously. First, the Kats Claims and Mota Claim are fatally defective because they appear to be premised upon a "necessity for support" exemption to levies, which is not available in the context of a bank levy. While the Kats and Mr. Mota have not cited any legal support for the attempt to seek a release of bank-levied funds on a theory that those funds are necessary for the support of the judgment

debtor and the spouse, even assuming such a tool existed, the Kats and Mr. Mota have not satisfied the requirements.

California Code of Civil Procedure §703.530 provides that:

> (a) If property is claimed as exempt pursuant to a provision exempting property to the extent necessary for the support of the judgment debtor and the spouse and dependents of the judgment debtor, the claim of exemption **shall** include a financial statement.
> (b) The financial statement **shall include all of the following information:**
> (1) The name of the spouse of the judgment debtor.
> (2) The name, age, and relationship of all persons dependent upon the judgment debtor or the spouse of the judgment debtor for support.
> (3) **All sources and the amounts of earnings and other income of the judgment debtor and the spouse and dependents of the judgment debtor**.
> (4) A list of the assets of the judgment debtor and the spouse and dependents of the judgment debtor and the value of such assets.
> (5) All outstanding obligations of the judgment debtor and the spouse and dependents of the judgment debtor.
> (c) The financial statement shall be executed under oath by the judgment debtor and, unless the spouses are living separate and apart, by the spouse of the judgment debtor. [Emphasis added].

Conspicuously missing from the Kats Claims and the Mota Claim is this *mandatory* financial statement. Based on this failure alone, these three claims should be denied.

In any case, the statute dealing with exemptions based on basic life necessities only applies in the case of a wage garnishment, not in the case of a bank levy. C.C.P. §706.122 states, in part, that "the judgment debtor may be able to keep more or all of the judgment debtor's earnings if the judgment debtor proves that the additional **earnings** are necessary for the support of the judgment debtor or the judgment debtor's family supported in whole or in part by the judgment debtor.[Emphasis added]. Because of the recurring (and perceptibly permanent) nature of a wage garnishment, the theory behind this statute appears to be predicated upon an analysis of a judgment debtor's monthly income and expenses in order to calculate a reasonable garnishment amount based upon that analysis that takes into account fairness considerations to both the debtor and the creditor. When the exemption claim involves a bank levy where the procedure only involves a single capture (as is the case here), the rationale of the wage

S:\WP\CASES\MISCELLANEOUS (R-Z)\Salameh v. Tarsadia Hotel\PLEADINGS\Motion re Claim of Exemption.wpd 7/9/15 8

NOTICE OF MOTION AND MOTION FOR AN ORDER DETERMINING CLAIM OF EXEMPTION OF ALEXIS COSIO, MICHELE CURTIS, DALE CURTIS, ALEKSEY KATS, DIANA KATS, CESAR MOTA, DANON SLINKARD, BENJAMIN STEIGERWALT AND EDEN STEIGERWALT; POINTS AND AUTHORITIES IN SUPPORT THEREOF

garnishment exemption does not come into play. The Kats's and Mr. Mota's reliance on a **wage garnishment exemption** to attempt to reclaim the **bank** funds properly levied by Judgment Creditors is therefore misleading and misses the point of the bank levy procedure.

While the Mota Claim also cites to C.C.P. §704.070, again, that statute only deals with earnings withholding orders, not bank levies. As discussed above in the context of the Cosio Claim, in citing this statute, Mr. Mota appears to argue that, as long as the funds in the levied account are based upon earnings, those funds are not subject to a bank levy. Reliance on sub-section (a) is misguided, as that section merely provides definitions to applicable terms. As for sub-section (b), Mr. Mota has not provided any reliable evidence that the levied funds trace back to paid earnings. Even if, for purposes of discussion only, Mr. Mota had established this threshold item, neither of the applicable exemptions to levy exist in this case. Mr. Mota does not argue (or provide evidence) that the levied funds "were subject to an earnings withholding order or an earnings assignment order for support" nor does he argue (nor can he argue) that the paid earnings are exempt "if prior to payment to [him] they were not subject to an earnings withholding order or an earnings assignment order for support".

Based on the above, Judgment Creditors request that the two Kats Claims and the Mota Claim be denied.

**4. DANON SLINKARD CLAIM (referred to as "Slinkard Claim"):**

The Slinkard Claim, attached as Exhibit 7 to the Minassian Dec., is based upon two theories: 1. Similar to the Mota Claim and the Cosio Claim, the Slinkard Claim is based on the fact that the levied account is "where my earnings are deposited". 2. One of the two levied accounts (account ending 8033) is a joint account.

With regard to the first argument, as discussed above, there is no authority to support reversing a bank levy based on the theory that the account levied is an account where earnings are deposited. To the extent that Mr. Slinkard seeks sympathy based upon a "necessities of life" exemption, that exemption does not apply in the case of a bank levy, and even if it did, the

S:\WP\CASES\MISCELLANEOUS (R-Z)\Salameh v. Tarsadia Hotel\PLEADINGS\Motion re Claim of Exemption.wpd 7/9/15 9

NOTICE OF MOTION AND MOTION FOR AN ORDER DETERMINING CLAIM OF EXEMPTION OF ALEXIS COSIO, MICHELE CURTIS, DALE CURTIS, ALEKSEY KATS, DIANA KATS, CESAR MOTA, DANON SLINKARD, BENJAMIN STEIGERWALT AND EDEN STEIGERWALT; POINTS AND AUTHORITIES IN SUPPORT THEREOF

statutorily mandated financial statement has not been provided (C.C.P. §703.530).

As for the claim that half of the account funds held in account ending 8033 are held by a non-debtor party, that party was given notice by the marshal (see Minassian Dec., Exhibit 10). It is up to that third party, to file a third party claim (C.C.P. §720.110 through C.C.P. §720.130), and not up to the Judgment Debtor to assert that party's claim as appears to have been intended by the Slinkard Claim. To date, the marshal has no record of any third party claim being filed. If one is not timely filed, the funds must be released to the Judgment Creditors. In either case, there should be no dispute that at least 50% of those funds should be released to the Judgment Creditors (100% of those funds should be released if no third party claim has been filed).

**5. BENJAMIN AND EDEN STEIGERWALT CLAIMS (referred to collectively as "Steigerwalt Claims")**

The basic premise of the Steigerwalt Claims, attached as Exhibits 8 and 9, to the Minassian Dec., is that they are non-debtor parties who jointly hold an account with their parents, who are Judgment Debtors.

C.C.P. §720.130 clearly delineates the requirements of third party claim, and provides as follows:

> (a) The third-party claim shall be executed under oath and shall contain **all of the following**:
> (1) The name of the third person and an address in this state where service by mail may be made on the third person.
> (2) A description of the property in which an interest is claimed.
> (3) A description of the interest claimed, including a statement of the facts upon which the claim is based.
> (4) An estimate of the market value of the interest claimed.
> (b) A copy of any writing upon which the claim is based shall be attached to the third-party claim. At a hearing on the third-party claim, the court in its discretion may exclude from evidence any writing a copy of which was not attached to the third-party claim.

The Steigerwalt Claims are fatally defective as they fail to comply with the above mandatory requirements, namely, the claims fail to provide a description of the property in

S:\WP\CASES\MISCELLANEOUS (R-Z)\Salameh v. Tarsadia Hotel\PLEADINGS\Motion re Claim of Exemption.wpd 7/9/15 10

NOTICE OF MOTION AND MOTION FOR AN ORDER DETERMINING CLAIM OF EXEMPTION OF ALEXIS COSIO, MICHELE CURTIS, DALE CURTIS, ALEKSEY KATS, DIANA KATS, CESAR MOTA, DANON SLINKARD, BENJAMIN STEIGERWALT AND EDEN STEIGERWALT; POINTS AND AUTHORITIES IN SUPPORT THEREOF

which they claim an interest, a description of the interest claimed, or the market value of the interest claim. On this basis alone, the Steigerwalt Claims should be denied.

Moreover, by way of context, it should be noted that Judgment Creditors have attempted to take the judgment debtor examination of judgment debtor Kerry L. Steigerwalt. The above-captioned Court signed Order requiring his appearance and requiring him to produce documents regarding his accounts and other financials. This examination was scheduled for May 6, 2015. However, Mr. Steigerwalt successfully blocked the ability for the Judgment Creditors to examine him by filing a request to vacate the debtor exam, which request was granted. As a result, Judgment Creditors have been completely foreclosed from accessing certain bank accounts and related activity which would have revealed the nature and timing of the transfers in these levied accounts co-held by Benjamin and Eden Steigerwalt.

Mr. Steigerwalt did provide a declaration in conjunction with another Motion currently pending with the Court, where he ambiguously states "Defendants have already seized $9,044.99 from a bank account **which was set up for my daughter**", but there is no information as to who set up that account, when the account was set up, when the deposits were made, and what the sources of the deposits were. See Minassian Dec., Exhibit 11.

The bottom line is that the accounts in question are also owned by the Judgment Debtors Mr. and Mrs. Steigerwalt, and the burden will be on these claimants to produce bank statements that reveal the source of the deposits in order to establish that the deposits were not made by judgment debtors Kerry Steigerwalt and Beth Steigerwalt.

If they fail to establish this basic fact with clear evidence of funds traced to the third parties rather than the Judgment Debtors, the Steigerwalt Claims should be denied.

## III. JUDGMENT CREDITORS REQUEST THAT THE COURT ISSUE AN ORDER TO THE MARSHAL TO RELEASE ALL HELD FUNDS TO THEM

C.C.P. §703.580 provides, in relevant part, as follows:

(d) At the conclusion of the hearing, the court shall determine by order whether or

S:\WP\CASES\MISCELLANEOUS (R-Z)\Salameh v. Tarsadia Hotel\PLEADINGS\Motion re Claim of Exemption.wpd 7/9/15 11

NOTICE OF MOTION AND MOTION FOR AN ORDER DETERMINING CLAIM OF EXEMPTION OF ALEXIS COSIO, MICHELE CURTIS, DALE CURTIS, ALEKSEY KATS, DIANA KATS, CESAR MOTA, DANON SLINKARD, BENJAMIN STEIGERWALT AND EDEN STEIGERWALT; POINTS AND AUTHORITIES IN SUPPORT THEREOF

> not the property is exempt in whole or in part. Subject to Section 703.600, the order is determinative of the right of the judgment creditor to apply the property to the satisfaction of the judgment. No findings are required in a proceeding under this section.
> (e) The court clerk shall promptly transmit a certified copy of the order to the levying officer. Subject to Section 703.610, the levying officer shall, in compliance with the order, release the property or apply the property to the satisfaction of the money judgment.

Judgment Creditors request that the Court issue an order to the Marshal to remit all held funds to Judgment Creditors. The funds are currently being held by the United States Marshals Service (Attn: Patricia Smith) located at 333 West Broadway, Suite 100, San Diego CA 92101.

## IV. CONCLUSION

It is clear that the Judgment Debtors have failed to meet their burden of proof regarding the availability of the claim of exemption as it relates to the funds levied at the various banks in question. Based upon the foregoing, Judgment Creditors respectfully requests that the Court deny all nine Claims of Exemption, and issue an order to the marshal to release all levied funds to Judgment Creditors.

Dated: July 9, 2015

BRUCE A. HATKOFF,
A LAW CORPORATION

By: [signature]
Natalia A. Minassian,
Attorney for Judgment Creditors

S:\WP\CASES\MISCELLANEOUS (R-Z)\Salameh v. Tarsadia Hotel\PLEADINGS\Motion re Claim of Exemption.wpd 7/9/15 12

NOTICE OF MOTION AND MOTION FOR AN ORDER DETERMINING CLAIM OF EXEMPTION OF ALEXIS COSIO, MICHELE CURTIS, DALE CURTIS, ALEKSEY KATS, DIANA KATS, CESAR MOTA, DANON SLINKARD, BENJAMIN STEIGERWALT AND EDEN STEIGERWALT; POINTS AND AUTHORITIES IN SUPPORT THEREOF