Michael J. Aguirre, Esq., SBN 060402
maguirre@amslawyers.com
Maria C. Severson, Esq., SBN 173967
mseverson@amslawyers.com
AGUIRRE & SEVERSON, LLP
501 West Broadway, Suite 1050
San Diego, CA 92101
Telephone: (619) 876-5364
Facsimile: (619) 876-5368

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMER SALAMEH, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>TARSADIA HOTEL, et al.,<br><br>          Defendants. | Case No. 09-cv-02739-GPC(BLM)<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION FOR ORDER DETERMINING CLAIM OF EXEMPTIONS FOR:**<br><br>**ALEXIS COSIO;**<br>**MICHELE CURTIS;**<br>**DALE CURTIS;**<br>**ALEKSEY KATS;**<br>**DIANA KATS;**<br>**CESAR MOTA;**<br>**DANON SLNKARD;**<br>**BENJAMIN STEIGERWALT; AND**<br>**EDEN STEIGERWALT** |

Plaintiffs and Judgment Debtors, and those non-parties whose property was levied despite that they are not Judgment Debtors, respectfully submit this response to Motion for an Order Determining Claim of Exemptions.

I. **INTRODUCTION**

The California Constitution mandates that the Legislature protect "a certain portion" of debtors' property from forced sale (Ca. Const. art. XX, §1.5). The broad purpose is to protect enough property from enforcement to enable judgment debtors

to support themselves and their families, and to help shift the cost of social welfare for debtors from the community to judgment creditors. Exemption laws are liberally construed in the debtor's favor. *Ford Motor Credit Co. v. Waters* (2008) 166 Cal.App.4th Supp. 1, 8; *In re Hernandez* (9th Cir. BAP 2012) 483 BR 713, 724.

Judgment Debtors Alexis Cosio, Cesar Mota, Dale Curtis, Diana and Aleksey Kats, Danon Slinkard, and non-judgment debtors Michele Curtis, Benjamin Steigerwalt and Eden Steigerwalt, filed Claims of Exemption under the penalty of perjury with the Levying Officer, as set forth in ECF No. 465-3, pages 4-33.

## II.  PROPERTY EXEMPT FROM ENFORCEMENT OF MONEY JUDGMENT

The property levied as set forth in Judgment Debtors (and certain family members related to Judgment Debtors)' claims of exemptions previously served on the levying officer and set forth in Judgement Creditors' moving papers (ECF No. 465-3, pages 4-33).

### A.  ALEXIS COSIO (referred to as "Debtor Exemptions")

Ms. Alexis Cosio filed and served a Claim of Exemption and a Financial Statement, both signed by her under the penalty of perjury, to which Judgment Creditors objected. (ECF No. 465-3, pp. 4-7) A portion of levied funds belonging to Alexis Cosio consisted of exempt earnings as defined by California law.

California Code of Civil Procedure § 704.070 provides:

(a) As used in this section:

(1) "Earnings withholding order" means an earnings withholding order under Chapter 5 (commencing with Section 706.010) (Wage Garnishment Law).

(2) "Paid earnings" means earnings as defined in Section 706.011 that were paid to the employee during the 30-day period ending on the date of the levy. For the purposes of this paragraph, where earnings that have been paid to the employee are sought to be subjected to the enforcement of a money judgment other than by a levy, the date of levy is deemed to be the date the earnings were otherwise subjected to the enforcement of the judgment.

(3)   "Earnings assignment order for support" means an earnings assignment order for support as defined in Section 706.011.

(b)   Paid earnings that can be traced into deposit accounts or in the form of cash or its equivalent as provided in Section 703.080 are exempt in the following amounts:

(1)   All of the paid earnings are exempt if prior to payment to the employee they were subject to an earnings withholding order or an earnings assignment order for support.

(2)   Seventy-five percent of the paid earnings that are levied upon or otherwise sought to be subjected to the enforcement of a money judgment are exempt if prior to payment to the employee they were not subject to an earnings withholding order or an earnings assignment order for support.

The funds were levied from an account in which Ms. Cosio's paychecks were directly deposited by her employer. (See Declaration of Alexis Cosio and Exhibits thereto.) They are traceable as they are direct deposit. Cal Code Civ. Proc. 703.080(a); *McMullen v. Haycock* (2007) 147 Cal.App.4th 753, 759-760.

Ms. Cosio filed a financial statement signed under the penalty of perjury. (ECF No. 465-3, pp. 6-7) This was filed consistent with Cal. Code Civ. Proc. § 703.530(a) to show the property exempt is necessary for her support.

B.   **CESAR MOTA**

Mr. Cesar Mota filed and served a Claim of Exemption and a Financial Statement, both signed by him under the penalty of perjury, to which Judgment Creditors objected. (ECF No. 465-3, pp. 16-17) A portion of levied funds belonging to Mr. Mota consisted of exempt earnings as defined by California law. Like the funds levied from Alexis Cosio, the funds levied as to Mr. Mota were from an account in which Mr. Mota's paychecks were directly deposited by her employer. (See Declaration of Cesar Mota and Exhibits thereto.) They are traceable as they are direct deposit. Cal Code Civ. Proc. 703.080(a); *McMullen v. Haycock* (2007) 147 Cal.App.4th 753, 759-760.

/ /

/ / /

### C.  ALEKSEY KATS AND DIANA KATS

Ms. Diana Kats filed and served a Claim of Exemption and a Financial Statement, both signed by her under the penalty of perjury, to which Judgment Creditors objected. (ECF No. 465-3, pp. 14-15) The levied funds belonging to Ms. Kats consisted of exempt earnings as defined by California law. California Code of Civil Procedure § 704.070. They are traceable as they are direct deposit. Cal Code Civ. Proc. 703.080(a)

### D.  MICHELE CURTIS AND DALE CURTIS

Dale Curtis is a plaintiff in the action. He and his wife, a non-party spouse, filed and served a Claim of Exemption, both signed by them under the penalty of perjury, to which Judgment Creditors objected. (ECF No. 465-3, pp. 8-11)

All of the funds levied consists of funds taken from a Wells Fargo accounts ending in #749 and #9401 under the name Curtis Michael Pension Profitsharing Plan, Inc.  (See Dale Curtis Declaration, filed herewith)  Dale Curtis' wife is Michele Curtis. She was not a plaintiff in the action for which judgment was entered in favor of Judgment Creditors, yet funds were taken from her account too.

The property levied was in a private retirement account – a profit-sharing plan designed and used for retirement purposes.  It was set up by a private employer – a corporation not by me acting on my own. It was set up by San Diego Pension Consultants, Inc. as a Money Purchase Pension Plan for the corporation, my employer, Curtis Michael Appraisal, Inc. (See Dale Curtis Declaration, filed herewith)

Curtis Michael Appraisal, Inc. is a California corporation established in 1989, registered with the Secretary of State as entity number C1467318. The Curtis Michael Appraisal, Inc. private pension plan was established in 1991, well before the judgment and levy in this case. (See Dale Curtis Declaration, filed herewith, and Exhibit 1 thereto) There was no other source of funds levied other than that taken

from the Curtis Michael Appraisal, Inc. private pension plan on behalf of Dale and his wife, Michele Curtis. (See Dale Curtis Declaration, filed herewith)

Private retirement plans and profitsharing plans, such as that held by the Curtis', are exempt Cal. Code Civ. Proc. § 704.115(a), with no limit on the exemption amount. Cal. Code Civ. Proc. § 705.115(b); *In re Barnes* (BC ED CA 2002) 275 BR 889, 896. That a corporation is closely-held does not change the exemption. *In re Cheng* (9th Cir. 1991) 943 F2d 1114, 1117.

### E. BENJAMIN STEIGERWALT AND EDEN STEIGERWALT

Eden Steigerwalt and Benjamin Steigerwalt are not plaintiffs or judgment debtors – they are the children of plaintiffs/judgment debtors Kerry and Beth Stiegerwalt. Kerry submitted a declaration signed under the penalty of perjury relating to the funds levied from his children's accounts. (ECF No. 465-3, pp. 32-33)

Eden Steigerwalt is a 24 year-old school teacher. The funds seized from her bank account consisted of monies made from her wages and used by her alone for basic living expenses. The money seized (See Declaration of Eden Steigerwalt, filed herewith)

Funds were levied from my bank account by judgment creditors. The bank account, although set up by her parents years and years before, is Eden's account.

All the money in the account is Eden's, and consists of money she earned from my employment as a second grade school teacher. (See Declaration of Eden Steigerwalt, filed herewith) Her parents do not access the account, and have not since the account was opened. An account was opened for Eden when she was younger, but the funds became exclusively Eden's since at least when she was 18 years-old. Her parents never accessed my money or used it. The money taken is Eden's savings and checking, and exclusively Eden's. She needs that money to pay for her basic living expenses. When her account was reduced to $0, she cried as she

5

did not know where she would get money to pay for her rent or food. (See Declaration of Eden Steigerwalt, filed herewith)

### F. DANON SLINKARD

Danon Slinkard, a judgment creditor, had funds levied from two accounts – one where his earnings are deposited, and the other (account number 7443) as one where a third party who is not a judgment debtor had funds levied. Mr. Slinkard filed and served a Claim of Exemption signed by him under the penalty of perjury, to which Judgment Creditors objected. (ECF No. 465-3, pp. 18-19)

Judgment Creditors admit in their filing that Wells Fargo held funds of a non-party Daryl Slinkard. (See ECF No. 465-3, p. 27)

## III. THE DEBTORS REQUEST THAT THE COURT ISSUE AN ORDER TO THE MARSHAL TO NOT REACH EXEMPTED PROPERTIES

Because the exemption statutes are liberally construed in favor of the claimant, an order should issue to the US Marshal to release the funds levied. *Independence Bank v. Heller* (1969) 275 Cal.App.2d 84, 88.

## IV. CONCLUSION

Based upon foregoing, Judgment Debtors respectfully requests that the Court admit all nine Claims of Exemption, and issue an order to the Marshal to release the property subject to exemptions.

Respectfully submitted,

AGUIRRE & SEVERSON LLP

Dated: August 13, 2015            */s/Maria C. Severson*
                                  Maria C. Severson
                                  *Attorneys for Plaintiffs*