1 │ Bruce A. Hatkoff, State Bar No. 66146
Natalia A. Minassian, State Bar No. 227664
2 │ BRUCE A. HATKOFF, A LAW CORPORATION
18757 Burbank Blvd., Suite 100
3 │ Tarzana, CA 91356

4
Telephone: (818) 990-5180
5 │ Fax:    (818) 990-2463

6 │ Attorneys for Judgment Creditors, 5TH Rock LLC and MKP One, LLC

7

8

9 │              **UNITED STATES DISTRICT COURT**

10 │             **SOUTHERN DISTRICT OF CALIFORNIA**

11

12 │ TAMER SALAMEH, et al.,                    )    Case No. 09cv2739-GPC (BLM)
                                             )
13 │            Plaintiffs,                   )
                                             )
14 │ vs.                                      )
                                             )    REPLY TO RESPONSE TO MOTION
15 │ TARSADIA HOTELS, et al.                  )    FOR AN ORDER DETERMINING
                                             )    CLAIM OF EXEMPTION OF ALEXIS
16 │        Defendants.                       )    COSIO, MICHELE CURTIS, DALE
                                             )    CURTIS, ALEKSEY KATS, DIANA
17 │                                          )    KATS, CESAR MOTA, DANON
                                             )    SLINKARD, BENJAMIN
18 │                                          )    STEIGERWALT AND EDEN
                                             )    STEIGERWALT; POINTS AND
19 │                                          )    AUTHORITIES IN SUPPORT THEREOF
                                             )
20 │                                          )    Original Hearing Date: August 6, 2015
                                             )    Judge: Barbara Lynn Major
21 │                                          )
                                             )    FRCP Rule 69; C.C.P. §703.560, 703.570
22 │                                          )    & 703.580
                                             )
23 │                                          )
                                             )
24 │                                          )
                                             )
25 │                                          )
   │ _____        )
26

27 │ S:\WP\CASES\MISCELLANEOUS (R-Z)\Salameh v. Tarsadia Hotel\PLEADINGS\reply brief exemtion claims.wpd  8/20/15    **1**

28

REPLY TO RESPONSE TO MOTION FOR AN ORDER DETERMINING CLAIM OF
EXEMPTION OF ALEXIS COSIO, MICHELE CURTIS, DALE CURTIS, ALEKSEY KATS,
DIANA KATS, CESAR MOTA, DANON SLINKARD, BENJAMIN STEIGERWALT AND EDEN
STEIGERWALT; POINTS AND AUTHORITIES IN SUPPORT THEREOF

## I. Introduction

On August 6, 2015, the parties through their respective counsel appeared to argue whether or not the claims of exemptions filed by Alexis Cosio, Michele Curtis, Dale Curtis, Aleksey Kats, Diana Kats, Cesar Mota, Danon Slinkard, Benjamin Steigerwalt, and Eden Steigerwalt (hereinafter collectively referred to as "Debtors or "Judgment Debtors" ) . There was no response filed to the motion of Judgment Creditors 5TH Rock LLC and MKP One, LLC (hereinafter collectively referred to "Judgment Creditors").  Judgment Debtors' counsel requested a further opportunity to provide additional evidence supporting the position of their clients to the claims of exemption sought.

The court required the Judgement Debtors' counsel to submit the additional support for the exemption claims on or before August 13, 2015, and allowed Judgment Creditors the right to reply on or before August 20, 2015.

In response to the Court's directive, Judgement Debtors submitted four declarations signed by Alexis Cosio (hereafter referred to as "Cosio"),  Dale Curtis (hereafter referred to as "Curtis") , Cesar Mota (hereafter referred to as "Mota")  and Eden Steigerwalt (hereafter referred to as "Eden")   in further support of the position of these Judgment Debtors' claim of exemption.

Presumably and because declarations were not submitted on their behalf, there was nothing further that could be provided as to Michele Curtis, Aleksey Kats, Diana Kats, Danon Slinkard and, Benjamin Steigerwalt (hereafter collectively referred to as the "Other Judgment Debtors")  to support their position regarding their claims of exemptions other than the original claims (copies of which were attached to the declaration of Natalia Minassian in support of Judgment Creditors' objection) filed with the Marshall's office.

REPLY TO RESPONSE TO MOTION FOR AN ORDER DETERMINING CLAIM OF EXEMPTION OF ALEXIS COSIO, MICHELE CURTIS, DALE CURTIS, ALEKSEY KATS, DIANA KATS, CESAR MOTA, DANON SLINKARD, BENJAMIN STEIGERWALT AND EDEN STEIGERWALT; POINTS AND AUTHORITIES IN SUPPORT THEREOF

## II. Judgment Debtors Continue to Ignore their Burden of Proof in Establishing their
## Purported Exemption Claims

It is important to note as follows:

1. The Response filed by the Judgment Debtors has not addressed nor controverted the substance of the Motion opposing the Claims of Exemption filed and heard on August 6, 2015. While there has been some additional testimony presented in declaration form, none of the declarations add any clarity to the position taken by the Judgment Debtors in establishing their right to the exemptions sought.

2. The Judgment Creditors levied against certain bank accounts standing in the names of the Judgment Debtors; None of the Judgment Debtors have identified how much money was taken from their respective accounts or the type of accounts from which the funds were taken. The failure to do so makes it impossible for anyone (including the Court) to determine if there is a legitimate claim of exemption that exists. For instance, if the claim of exemption is based upon tracing of funds from wages, and the total wages paid during the previous 30 days was $3000, but $10,000 was captured in the account, then obviously $7000 would not be subject to the claim of exemption.

3. None of the nine boiler plate claims of exemption or additional declarations submitted provide documents or competent support or testimony necessary to establish the claims being made; The declarations fail to (1) authenticate any attachments which have been provided, (2) provide competent evidence either from the bank that has withheld the funds or the employer from whom direct deposits are being claimed to have been made into the accounts in question and (3) adequately trace the funds from employment wages to the bank accounts in question (which themselves have not been identified). It would be simple to provide bank statements in conjunction with pay stubs to establish this basic issue, and after two opportunities, Judgments Debtors have failed to do so. This failure can lead to one inescapable

REPLY TO RESPONSE TO MOTION FOR AN ORDER DETERMINING CLAIM OF EXEMPTION OF ALEXIS COSIO, MICHELE CURTIS, DALE CURTIS, ALEKSEY KATS, DIANA KATS, CESAR MOTA, DANON SLINKARD, BENJAMIN STEIGERWALT AND EDEN STEIGERWALT; POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  conclusion: Judgment Debtors' position lacks credibility.

2        4. The Judgment Debtors have the burden of proof to establish that their claims of

3  exemptions must stand and they have failed to meet that burden. California Code of Civil

4  Procedure (hereafter CCP) §703.580 states, at sub-section (b): "At a hearing (as to the existence

5  of a valid claim of exemption ) under this section, the exemption claimant has the burden of

6  proof."

7        CCP Section 703.080 states that: "The exemption claimant has the burden of tracing

8  an exempt fund". Section 500 of the California Evidence code states that: "Except as otherwise

9  provided by law, a party has the burden of proof as to each fact the existence or nonexistence of

10  which is essential to the claim for relief or defense that he is asserting." In the absence of the

11  Judgment Debtors providing adequate proof of their position as to the claims of exemption, their

12  claims of exemption must be denied.

13        5. While the case cited by Judgment Debtors' counsel of <u>Ford Motor Credit Co v.</u>

14  <u>Waters</u> (2008) 166 Cal. App. 4th Supp., suggests that the exemptions sought by Judgment

15  Debtors should be liberally construed, the case was decided on the basis of certain uncontested

16  facts (the parties agreed the funds in the bank account were from wages) which clearly weighed

17  in favor of the judgment debtor in that matter. In this matter, by contrast, there is no agreement

18  as to the facts being contended by the Judgment Debtors, as the Judgment Debtors have failed to

19  adequately set forth the basis for any legitimate exemption.

20        6. The funds at issue in these nine claims of exemption total approximately

21  $30,000.00. This figure has yet to be verified as the Claims of Exemption do not specify what

22  exact sums have been levied from each account and the declarations submitted do not provide

23  this information as well. The banks who received the levy instructions have not provided

24  specific dollar amounts corresponding to each specific claimant. Despite being required to do so,

25  the Judgment Debtors have failed to provide that information in support of their Claims of

26

27

28

REPLY TO RESPONSE TO MOTION FOR AN ORDER DETERMINING CLAIM OF
EXEMPTION OF ALEXIS COSIO, MICHELE CURTIS, DALE CURTIS, ALEKSEY KATS,
DIANA KATS, CESAR MOTA, DANON SLINKARD, BENJAMIN STEIGERWALT AND EDEN
STEIGERWALT; POINTS AND AUTHORITIES IN SUPPORT THEREOF

Exemption.

7. The original arguments articulated in Judgment Creditors' motion still apply, and there has been nothing submitted by the Judgment Debtors that contradicts these arguments.

8. Several of the Judgment Debtors claim an exemption based upon the ability to trace "paid earnings" from wages earned into the bank accounts which were levied upon. Paid earnings are defined by C.C.P. section 704.070 (a)(2), as "earnings...paid to the employee during the 30 day period ending on the date of the levy."  If the judgment debtor is self employed, the exemption does not apply. See In Re Gokey 152 BR 750. CCP section 703.080 (b) states that "The exemption claimant has the burden of tracing an exempt fund". As it will be established below, none of the Judgment Debtors has satisfied this burden. Even if the Judgment Debtors had satisfied this burden, only 75% of the traced funds deposited within the 30 days prior to the levy would be exempt. Judgment Creditors would be entitled to the balance of the wage exempt funds. Without any of the Judgment Debtors satisfying this requirement, none of the Judgment Debtors are entitled to the benefit of the exemption.

The following represents a summary (and deficiencies) of the Declarations filed by Cosio, Mota, Curtis and Eden.  The summary is broken down by type of exemption being claimed:

### a. Exemption pursuant to exempt wage levy:

**Cosio Declaration:**   Cosio states that the funds levied from "my bank account" consists of paid earnings paid to me by my employer. He attaches what appears to be pay vouchers showing net pay of $2602 for April 10, and $4437 for April 24, 2015, for a total take-home pay in April of $7039.  The Cosio financial declaration states that monthly take-home is $4,707.9 (see Exhibit 1, page 3 to the declaration of Natalia Minassian filed in the original motion, hereafter "NAM Dec").  Which inconsistent amount submitted under penalty of perjury does Cosio wish the Court to consider?   Interestingly and very telling as to what is occurring, is the absence of any

REPLY TO RESPONSE TO MOTION FOR AN ORDER DETERMINING CLAIM OF
EXEMPTION OF ALEXIS COSIO, MICHELE CURTIS, DALE CURTIS, ALEKSEY KATS,
DIANA KATS, CESAR MOTA, DANON SLINKARD, BENJAMIN STEIGERWALT AND EDEN
STEIGERWALT; POINTS AND AUTHORITIES IN SUPPORT THEREOF

bank statements establishing the deposits, withdrawals and balances in the account in question. The documents attached have not been properly authenticated and are not competent to establish the position Cosio is seeking to present. Only the employer is competent to provide evidence as to the accuracy of the pay stubs, and only the bank can provide evidence of the deposits (and withdrawals) in the account being claimed to be exempt. This competent testimony is not presented. In addition, and as previously argued, the necessity of the deductions being taken have not been established (why should Cosio be allowed to pick and choose who is paid?)

**Mota Declaration:** Mota states that the funds levied from "my bank account" consists of paid earnings paid to me by my employer. He attaches what appears to be pay vouchers showing net pay of $1,662.68 for April 3, and what appears to be net pay of $1,662.68 (it is not clear because the net pay is inexplicably crossed out) for April 17, 2015, and for May 1, 2015 in the sum of $1,662.68 for a total take-home pay in April of $4,988.04. It is impossible to determine what the deductions are for, or what the gross pay is, because this information is crossed out. There is no financial statement attached to the claim of exemption or declaration, so it is impossible to determine the validity of any claim based upon necessities of life (see Exhibit 6 attached to the NAM Dec.). Interestingly and very telling as to what is occurring, is the absence of any bank statements establishing the deposits, withdrawals and balances in the account in question and the absence of any information actually identifying the gross pay of Mota. The documents attached have not been properly authenticated and are not competent to establish the position Cosio is seeking to present. Only the employer is competent to provide evidence as to the accuracy of the pay stubs, and only the bank can provide evidence of the deposits (and withdrawals ) in the account being claimed to be exempt. This competent testimony is not presented. In addition, and as previously argued, the necessity of the deductions being taken has not been established (why should Mota be allowed to pick and choose who is paid?).

REPLY TO RESPONSE TO MOTION FOR AN ORDER DETERMINING CLAIM OF EXEMPTION OF ALEXIS COSIO, MICHELE CURTIS, DALE CURTIS, ALEKSEY KATS, DIANA KATS, CESAR MOTA, DANON SLINKARD, BENJAMIN STEIGERWALT AND EDEN STEIGERWALT; POINTS AND AUTHORITIES IN SUPPORT THEREOF

### b. Conclusion as to exempt wages:

Judgment Debtors argue that Cosio, Mota , Aleksey Kats, Diana Kats and Danon Slinkard are entitled to the exemptions that flow from section CCP 704.070. Aleksey Kats. Diana Kats and Danon Slinkard have not submitted any evidence in their original claims (see Exhibits 4, 5& 7) supporting the tracing requirements of the code of civil procedure, and have not submitted any declarations with the Judgment Debtors' response which might overcome this deficiency.  There has been no tracing of the funds to allow the claimed exemption to be granted. The lack of information as to  whom these parties work for, how much they make, the nature of their professions and whether or not they are self employed have not been presented even though there has been ample opportunity to do so (first by statutory authority ignored by the Judgment Debtors, and then by the Court's discretion to allow further time). All of these facts are critical in determining the validity of the claim of exemption and are inexplicably ignored by the Judgment Debtors. These parties have failed to provide adequate competent testimony to support their position, and their claims should be denied.

### c. Claims related to Pension Funds:

**Curtis Declaration:** Curtis states that the funds levied consist of funds taken from the accounts standing in the name of his corporate pension plan. **The corporate plan is not a debtor in this action, and there was no levy made against any non-debtor corporation.** While he makes reference to an Exhibit 1 supporting the existence of a plan, there was no attachment submitted with his declaration.  He has failed to state how much was in each of the non-levied corporate accounts in question and has failed to provide any documents that support the position that these accounts were in fact corporate pension plan accounts (as opposed to accounts in his personal name) established under federal or state law and exempt from any bank levies. He has further failed to demonstrate that any money was taken from any corporate pension account. There were no bank statements showing deposits or withdrawals, or declarations from the company that

REPLY TO RESPONSE TO MOTION FOR AN ORDER DETERMINING CLAIM OF EXEMPTION OF ALEXIS COSIO, MICHELE CURTIS, DALE CURTIS, ALEKSEY KATS, DIANA KATS, CESAR MOTA, DANON SLINKARD, BENJAMIN STEIGERWALT AND EDEN STEIGERWALT; POINTS AND AUTHORITIES IN SUPPORT THEREOF

established the pension plans were established and still in effect at the time of the levies.  Had

the accounts been in the name of his corporate pension plan, the bank would not have taken any

such funds. Curtis does not indicate whether he had other accounts at the bank besides the

accounts he claims were in a corporate pension account. The claims of exemption filed by Curtis

and his wife (see Exhibits 2 & 3 attached to the NAM Dec) do not provide any further clarity on

these issues. It would be too simple for Curtis to produce a copy of an account statement

demonstrating his position, which is why the conspicuous refusal to do so leads to only one

inescapable conclusion: the support for the position taken does not exist and the position taken

must be rejected.

### d. Conclusion as to Pension Funds:

Judgment Debtors argue that Curtis and his wife, Michelle, are entitled to the

exemptions that flow from section C.C.P. §704.115(a) and (b).   While these code sections do

provide the exemptions claimed, they also place the burden upon the claimants to properly

establish the existence of the circumstances that give rise to the exemption and indicate when

they would not be applicable.  This is not only made clear by C.C.P. §703.580, but also by the

language of the case cited by Judgment Debtors, of In Re Barnes (BC ED CA 2002) 275 BR

889).  In re Daniel (1985) 771, F2d 1352 also provides further clarity on this issue

Interestingly, the original claims of exemption do not refer to the applicable code section as a

basis for their claim of exemption (See Exhibits 2 & 3 attached to the NAM dec). These parties

have failed to provide adequate competent testimony to support their position, and their claims

should be denied.

### e. Third Party Claims:

**Eden Declaration:** Eden contends in his declaration that the funds in his account are

from funds he deposited. The accounts are apparently in his name and his parents' name.  His

claim of exemption is based upon the fact the funds belong to him and not his parents. His claim

REPLY TO RESPONSE TO MOTION FOR AN ORDER DETERMINING CLAIM OF
EXEMPTION OF ALEXIS COSIO, MICHELE CURTIS, DALE CURTIS, ALEKSEY KATS,
DIANA KATS, CESAR MOTA, DANON SLINKARD, BENJAMIN STEIGERWALT AND EDEN
STEIGERWALT; POINTS AND AUTHORITIES IN SUPPORT THEREOF

is that of a third party pursuant to the provisions of CCP Section 720.110 and not under the exemption claims. He fails to provide any information as to the amounts taken by the bank, or evidence of any deposits made into the account, or copies of the bank statements that might support his position. While the third party claim may be proper, it has not been made in this matter, and the burden of establishing the right to the funds has not been proven. Benjamin Stiegerwalt and Danon Slinkard make similar claims. Benjamin on his own behalf, in his claim of exemption (see Exhibit 8 to the NAM Dec) and Danon Slinkard (see Exhibit 7 to the NAM Dec) on behalf of an unknown third party, claim the funds do not belong to the Judgment Debtors. It should be noted that neither of these claims of exemption is actually signed by either of them. Benjamin's claim should have been processed as a third party claim. The unknown third party that Danon Slinkard claims to be a joint holder of the account should have filed his/her own third party claim, and did not do so. The time for filing such claims has long lapsed.

### f. Conclusion as to Third Party Claims:

Both of the Steigerwalt kids' claims should be denied for failure to provide competent testimony to support their position. Mr. Slinkard can not make a third party claim on behalf of the unknown party and his request should be denied as well.

### III. Conclusion:

The Judgment Debtors have had two opportunities to provide supporting documentation and competent evidence to establish their right to the claims of exemptions sought. They have ignored both opportunities. It is clear that the Judgment Debtors have failed to meet their burden of proof regarding the availability of the claim of exemption as it relates to

///

///

///

REPLY TO RESPONSE TO MOTION FOR AN ORDER DETERMINING CLAIM OF EXEMPTION OF ALEXIS COSIO, MICHELE CURTIS, DALE CURTIS, ALEKSEY KATS, DIANA KATS, CESAR MOTA, DANON SLINKARD, BENJAMIN STEIGERWALT AND EDEN STEIGERWALT; POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   the funds levied at the various banks in question.  Based upon the foregoing, Judgment Creditors

2   respectfully requests that the Court deny all nine Claims of Exemption, and issue an order to the

3   marshal to release all levied funds to Judgment Creditors.

4

5   Dated: August 20, 2015                    HATKOFF & MINASSIAN,
                                              A LAW CORPORATION
6

7                                      By:

8                                             BRUCE A. HATKOFF
                                              Attorney for Judgment Creditors
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   S:\WP\CASES\MISCELLANEOUS (R-Z)\Salameh v. Tarsadia Hotel\PLEADINGS\reply brief exemtion claims.wpd  8/20/15      **10**

28

REPLY TO RESPONSE TO MOTION FOR AN ORDER DETERMINING CLAIM OF
EXEMPTION OF ALEXIS COSIO, MICHELE CURTIS, DALE CURTIS, ALEKSEY KATS,
DIANA KATS, CESAR MOTA, DANON SLINKARD, BENJAMIN STEIGERWALT AND EDEN
STEIGERWALT; POINTS AND AUTHORITIES IN SUPPORT THEREOF