1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          SOUTHERN DISTRICT OF CALIFORNIA

10

11   TAMER SALAMEH, et al.,                    )   Case No. 09cv2739-GPC (BLM)
                                               )
12                   Plaintiff,                )   **REPORT AND RECOMMENDATION**
                                               )   **RE: MOTION FOR ORDER**
13   v.                                        )   **DETERMINING CLAIMS OF**
                                               )   **EXEMPTION**
14   TARSADIA HOTELS, et al.,                  )
                                               )   [ECF No. 465]
15                   Defendants.               )
                                               )
16                                             )
                                               )
17   ────────────────────────────────────────

18          This Report and Recommendation is submitted to United States District Judge

19   Gonzalo P. Curiel pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(c) and 72.3(f)

20   of the United States District Court for the Southern District of California.

21                      **FACTUAL AND PROCEDURAL BACKGROUND**

22          On December 8, 2009, Plaintiffs filed a class action complaint against Tarsadia

23   Hotels, Tushar Patel, B.U. Patel, Gregory Casserly, 5th Rock, LLC, MKP One, LLC, and

24   Gaslamp Holdings, LLC (collectively, "Tarsadia Defendants") and other defendants involved

25   in the development of the Hard Rock Hotel in San Diego. ECF No. 1. On September 10,

26   2010, Plaintiffs filed a second amended complaint ("SAC") alleging violations of federal and

27   state securities laws, fraud based on misrepresentation, and fraud by concealment against

28   numerous defendants, including Tarsadia Defendants. ECF No. 86. On March 22, 2011,

1   District Judge Dana M. Sabraw granted Tarsadia Defendants' motion to dismiss Plaintiffs'

2   SAC with prejudice, and on March 23, 2011, the Court entered a judgment against Plaintiffs.

3   ECF Nos. 158 & 159.  On October 7, 2013, the Ninth Circuit affirmed the District Court's

4   order.  ECF No. 224.

5       On October 12, 2012, the case was transferred to District Judge Gonzalo P. Curiel.

6   ECF No. 215.  On July 31, 2014, Judge Curiel granted Defendants' 5th Rock, LLC and MKP

7   One, LLP (collectively "Judgment Creditors") motion for attorney's fees.  ECF No. 245 at 7.

8   On August 22, 2014, Plaintiffs filed a notice of appeal from the Court's order.  ECF No. 246.

9   Staring on January 16, 2015, Judgment Creditors began requesting the Court to enter

10  abstracts of judgment, which the Court subsequently entered against each Plaintiff.  See

11  ECF Nos. 250-329, 332-71, 378-95.

12      On March 3, 2015 and April 7, 2015, Judgment Creditors filed writs of execution

13  against numerous Plaintiffs.  See ECF Nos. 373 & 398.  Plaintiffs filed a motion to stay

14  enforcement of judgment pending appeal without posting a supersedeas bond on April 20,

15  2015.  ECF No. 402.  The Court denied Plaintiff's motion on May 19, 2015, but granted a

16  temporary stay of thirty days to allow Plaintiffs to post a supersedeas bond.  ECF No. 411

17  at 7-8.  Plaintiffs did not post a supersedeas bond within the thirty-day period, and on

18  June 17, 2015, the Ninth Circuit denied Plaintiff's motion to stay enforcement of judgment

19  pending appeal.  See Docket; ECF No. 419.

20      On May 7, 2015, Judgment Creditors initiated bank levies which resulted in the

21  capture of funds in bank accounts associated with Plaintiffs.  See ECF Nos. 413; 465-3,

22  Declaration of Natalia A. Minassian ("Minassian Decl.") at 2-3, 26-31; 465-2.  On May 22,

23  2015, Alexis Cosio, Michele Curtis, Dale Curtis, Aleksey Kats, Diana Kats, Cesar Mota, Danon

24  Slinkard, Benjamin Steigerwalt and Eden Steigerwalt (collectively, "Exemption Claimants")

25  each submitted a claim of exemption under California Code of Civil Procedure.  Minassian

26  Decl. at 2, 4-25.  Judgment Creditors filed the instant motion challenging each claim of

27  exemption on July 9, 2015.  ECF No. 465-2 ("Mot.").  Exemption Claimants did not file an

28  opposition or any supplemental support for their exemption claims.  See Docket.

On August 6, 2015, the Court conducted a hearing during which Exemption Claimants' counsel confirmed that he was representing all of the Exemption Claimants, acknowledged that Exemption Claimants had not filed any written response and that there were legal and factual problems with some of the claims, and requested additional time to file a response to Judgment Creditor's motion and to provide additional supporting evidence. ECF Nos. 474; 475 at 1. In accordance with the Court's briefing schedule [ECF No. 475], Exemption Claimants filed an opposition which included additional factual support for some of the Exemption Claimants' claims. ECF No. 477 ("Oppo."). On August 20, 2015, Judgment Creditors filed a timely reply. ECF No. 480 ("Reply").[1]

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 69, a money judgment is enforced by a writ of execution. Fed. R. Civ. P. 69(a)(1). "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Id. Under California law, a judgment creditor may enforce a money judgment by levying the deposit account of the judgment debtor and his spouse or registered domestic partner. See Cal. Code Civ. P. ("CCP") §§ 699.710, 700.160.

After a judgment creditor levies a judgment debtor's deposit account, the judgment debtor and his spouse or registered domestic partner may claim the funds levied as exempt from the enforcement of a money judgment. See CCP §§ 703.010, 703.020, 703.030. The exemption claimant bears the burden to establish the exemption. CCP § 703.580(b). A claim of exemption must include the following: (1) the claimant's name and mailing address; (2) the name and last known address of the judgment debtor if the claimant is not

---

[1] Notably, the parties do not provide any documents establishing the specific amount of the levied funds. Judgment Creditors assert that the levied funds at issue "total approximately 30,000.00," but that the amount is not verified because "the banks who received the levy instructions have not provided specific dollar amounts corresponding to each specific claimant." Reply at 4. Exemption Claimants did not specify the amounts of levied funds in their claims of exemption, during the Court's August 6, 2015 hearing, and in their Opposition filed on August 13, 2015. See Minassian Decl. at 4-25; Oppo.

1    the judgment debtor; (3) a description of the property claimed to be exempt; (4) a financial

2    statement if required by section 703.530[2]; (5) a citation to the provision relied upon for the

3    exemption; and (6) a statement of the facts necessary to support the claim.   CCP

4    § 703.520.  An opposition to a claim of exemption must include: "(a) [a]n allegation either

5    (1) that the property is not exempt under the provision of this chapter or other statute

6    relied upon or (2) that the equity in the property claimed to be exempt is in excess of the

7    amount provided in the applicable exemption" and "(b) [a] statement of facts necessary to

8    support the allegation."  CCP § 703.560.

9           "The claim of exemption and notice of opposition to the claim of exemption

10   constitute the pleadings, subject to the power of the court to permit amendments in the

11   interest of justice."  CCP § 703.580(a).  The court may make its determination if it finds that

12   the claim of exemption, financial statement, if required by Section 703.530, and the notice

13   of opposition provide sufficient facts.  CCP § 703.580(c).  Otherwise, the court may

14   continue the hearing for the production of additional oral or documentary evidence.  Id.

15          The court should construe the exemption statutes to the benefit of the judgment

16   debtor in order to "facilitate the debtor's financial rehabilitation" and to "shift[] social

17   welfare costs from the community to judgment creditors."  See Ford Motor Credit Co. v.

18   Waters, 83 Cal. Rptr. 3d 826, 830 (Super. Ct. 2008) (citation omitted); see also Kono v.

19   Meeker, 126 Cal. Rptr. 3d 208, 211 (Ct. App. 2011).  However, "[e]xemptions under

20   California law are wholly statutory and cannot be enlarged [or diminished] by the courts."

21   In re Hernandez, 483 B.R. 713, 724 (B.A.P. 9th Cir. 2012) (citing Ford Motor Credit Co., 83

22   Cal. Rptr. 3d at 829-30)); Sourcecorp, Inc. v. Shill, 142 Cal. Rptr. 3d 414, 416 (Ct. App.

23   2012).

24

25

26

---

27          [2] "If property is claimed as exempt pursuant to a provision exempting property to the extent necessary
     for the support of the judgment debtor and the spouse and dependents of the judgment debtor, the claim of
28   exemption shall include a financial statement."  CCP § 703.530(a).

**DISCUSSION**

Judgment Creditors and Exemption Claimants dispute whether funds in the Exemption Claimants' levied bank accounts are exempt.  Exemption Claimants Alexis Cosio, Cesar Mota, Aleksey and Diana Kats, and Danon Slinkard claim exemptions on the ground that the levied bank accounts contain their paid earnings.  Minassian Decl. at 4-7, 12-17. Exemption Claimants Dale and Michele Curtis claim exemptions on the ground that their levied accounts are retirement accounts.  Id. at 8-11.  Exemption Claimants Danon Slinkard (on behalf of Daryl Slinkard), and Benjamin and Eden Steigerwalt claim exemptions on the ground that they are not judgment debtors, but innocent third parties.  Id. at 20-25.

**I.      Paid Earnings**

Under Section 704.070, debtors can claim exemptions for "[p]aid earnings that can be *traced* into deposit accounts . . . ."  CCP § 704.070(b) (emphasis added).  "Paid earnings" are defined as "compensation payable by an employer to an employee for personal services performed by such employee, whether denominated as wages, salary, commission, bonus, or otherwise" and "that were paid to the employee during the 30-day period ending on the date of the levy."  See CCP §§ 704.070(a)(2), 706.011(b); Ford Motor Credit Co., 83 Cal. Rptr. 3d at 832.  Section 704.070 exempts paid earnings that can be traced into deposit accounts in the following amounts:

> (1) *All* of the paid earnings are exempt if prior to payment to the employee they were subject to an earnings withholding order or an earnings assignment order for support.

> (2) *Seventy-five percent* of the paid earnings *that are levied upon* or otherwise sought to be subjected to the enforcement of a money judgment are exempt if prior to payment to the employee they were not subject to an earnings withholding order or an earnings assignment order for support.

CCP § 704.070(b)(1)-(2) (emphasis added).

The exemption claimant bears the burden of tracing the exempt funds in the levied account to wages paid by the debtor's employer, and should provide the court with bank statements that show the relevant earning payments within the thirty day pre-levy period. See CCP § 703.080(b); see also Franco v. Gennaco, 2015 WL 1383525, at *4-6 (C.D. Cal.

1   Mar. 23, 2015) (debtors who claimed exemptions under Section 704.070 provided the court

2   with bank statements showing their account balances on the date of the levy and the dates

3   and the amounts of earnings payments from their employers within the 30-day pre-levy

4   period); Ford Motor Credit Co., 83 Cal. Rptr. 3d at 828-29, 835 (debtor who sought

5   exemption under Section 704.070 provided bank statements that showed a balance on the

6   date of the levy and the dates and amounts of direct payroll deposits from the debtor's

7   employer during the 30–day period ending on the date of levy).  The court must apply the

8   "lowest intermediate balance principle"[3] to determine the amount of exempt funds in a

9   deposit account, unless the parties demonstrate that another method of tracing "would

10  better serve the interests of justice and equity under the circumstances of the case."  CCP

11  § 703.080(c).  Furthermore, to the extent the exempt earnings remain in the account at the

12  end of the 30-day period, a judgment debtor's basic necessities are deemed to have been

13  satisfied, the earnings lose their exempt character, and may be reached to satisfy an

14  obligation owed to a judgment creditor.  See Sourcecorp, Inc. v. Shill, 142 Cal. Rptr. 3d

15  414, 418 (Ct. App. 2012) ("once a debtor has had 30 days to pay for the necessities of life

16  out of exempt earnings, the remainder becomes available to satisfy the debtor's outstanding

17  obligation to a judgment creditor."); Franco, 2015 WL 1383525, at *3 n.2 (same).

18          Similarly, Section 706.051 allows a debtor to claim an exemption for "earnings" that

19  the debtor proves are necessary for support pursuant to California's Wage Garnishment

20  Law.  CCP § 706.051(b).  However, Section 706.051 only applies to wages withheld

21  pursuant to "earnings withholding orders," and not to paid earnings already deposited in

22  an account.  See Franco, 2015 WL 1383525, at *3-4 (concluding that CCP § 706.051 does

23  not apply to deposit account levies because California's exemptions are wholly statutory and

24  the "plain language" of Section 706.105, which sets forth procedures for claiming and

25

26          [3] Pursuant to this principle, the exempt funds may not exceed the lowest balance occurring at any time
    between the deposit of the exempt funds and the time of levy, and new deposits do not replenish the original

27  exempt funds although the new deposits may themselves be exempt.  See Franco, 2015 WL 1383525, at *4
    n.4; Republic Supply Co. v. Richfield Oil Co., 79 F.2d 375, 379-80 (9th Cir. 1935) (explaining the lowest

28  intermediate balance rule in the context of commingled funds in a trust).

1   opposing a Section 706.051 exemption, does not provide for such an exemption); see also

2   CCP § 706.105 legislative committee comments–assembly to 1982 addition ("[t]he general

3   provisions governing the procedures for claiming exemptions from execution are not

4   applicable.").

5          Judgment Creditors argue that none of the Exemption Claimants have established

6   an exemption under CCP § 704.070 because none of them provided evidence such as bank

7   statements "that the levied funds trace back to paid earnings." See Mot. at 5-6, 9; Reply

8   at 5-7.  Judgment Creditors also argue that Section 706.051 is not applicable to the levied

9   accounts and that, in any event, none of the Exemption Claimants have established

10   entitlement to the exemption.  See Mot. at 6-9; Reply at 6-7.

11          **A.     Alexis Cosio**

12          Exemption Claimant Alexis Cosio asserts that the levied Wells Fargo account ending

13   in 4841 contains her employment earnings and is exempt under CCP § 704.070(a)-(b).

14   Minassian Decl. at 4-5.  In her supplemental submission, Cosio states that her "paycheck

15   is directly deposited into [her] account ending on [sic] '4841'" and "[t]he property levied

16   consists of paid earnings paid to me by my employer during the 30-day period ending on

17   the date of the levy." ECF No. 477-1, Declaration of Alexis Cosio ("Cosio Decl.") at 1.  To

18   support her claim, Cosio attaches two "Pay Vouchers" from her employer, Wells Fargo Bank,

19   which show deposits of $2,402.56 on April 10, 2015, and $4,237.14 on April 24, 2015 into

20   her checking account ending in 4841.  Id. at 1-5.  Cosio does not provide a bank statement

21   or any other evidence indicating when the levy was executed, how much money was in the

22   account when it was levied, the account balance during the relevant time period preceding

23   the levy, and whether any other deposits were made during the relevant time period.  See

24   Oppo.; Minassian Decl. at 4-7.

25          Because Cosio does not provide evidence regarding the funds in her account at the

26   time the levy was executed and during the thirty days preceding the levy, the Court is

27   unable to determine the applicable 30-day period and conduct the required tracing of funds

28   to determine how much of the levied funds are entitled to protection.  Consequently, the

1  Court finds that Cosio has not established that she is entitled to the paid earnings

2  exemption. See CCP § 703.080(b); see also Franco, 2015 WL 1383525, at *4-6 (C.D. Cal.

3  Mar. 23, 2015) (debtors who claimed exemptions under Section 704.070 provided the court

4  with bank statements showing their account balances on the date of the levy and the dates

5  and the amounts of earnings payments from their employers within the 30-day pre-levy

6  period); Ford Motor Credit Co., 83 Cal. Rptr. 3d at 828-29, 835 (debtor who sought

7  exemption under Section 704.070 provided bank statements that showed a balance on the

8  date of the levy and the dates and amounts of direct payroll deposits from the debtor's

9  employer during the 30–day period ending on the date of levy).

10         It is unclear whether Cosio also is seeking an exemption under CCP § 706.051. Cosio

11  does not cite this section but she checked the box indicating that her claim of exemption

12  "is made pursuant to a provision exempting property to the extent necessary for the

13  support of the judgment debtor and the spouse and dependents of the judgment debtor"

14  and she provided a financial affidavit. See Minassian Decl. at 4-7. To the extent Cosio is

15  seeking an exemption under CCP § 706.051, the Court finds Cosio is not entitled to the

16  exemption because that section does not apply to levied funds obtained from a bank

17  account. See Franco, 2015 WL 1383525, at *3-4; see also CCP § 706.105 legislative

18  committee comments–assembly to 1982 addition. Accordingly, the Court **RECOMMENDS**

19  that Cosio's claim of exemption be **DENIED**.

20         **B.    Cesar Mota**

21         Exemption Claimant Cesar Mota also claims an exemption for his paid earnings.

22  Mota's original claim declared that "[t]he money [in Wells Fargo account #4478] is paid

23  earnings from my employment." Minassian Decl. at 16-17. In his supplemental submission,

24  Mota declares that his "paycheck is directly deposited into the account from which funds

25  were levied" and "[t]he property levied consists of paid earnings paid to me by my employer

26  during the 30-day period ending on the date of the levy," and provides three "payroll

27  documents," which appear to be statements showing bank transfers from General Atomics

28  to Wells Fargo Bank of $1,462.68 on April 3, 2015, $1,462.66 on April 17, 2015, and

1  $1,462.68 on May 1, 2015.  ECF No. 477-2, Declaration of Cesar Mota ("Mota Decl.") at 1-2,

2  4-6.

3        Mota's claim suffers from the same inadequacies as discussed above with regard to

4  Cosio.  Specifically, Mota does not provide a bank statement or any other evidence

5  establishing how much money was in the account when it was levied, the date the money

6  was levied, whether other money was deposited into the account during the thirty-days

7  preceding the levy, and the account balance during the relevant thirty days.  As a result,

8  the Court is unable to determine the applicable thirty day period and conduct the required

9  tracing, and therefore finds that Mota has not satisfied his burden of establishing the

10  applicability of the claimed exemption.  Accordingly, for the reasons stated above, the Court

11  **RECOMMENDS** that Exemption Claimant Mota's claim of exemption be **DENIED**.

12        **C.**    **Aleksey and Diana Kats**

13        Exemption Claimants Aleksey and Diana Kats assert in their claims of exemption that

14  the levied Chase bank account ending in 5578 contains "paid earnings from Diana Kats'

15  job . . . deposited directly into the account," and is exempt under CCP 704.070(a)-(b).

16  Minassian Decl. at 12-15.  The Kats argue in their opposition that the levied funds are

17  traceable as direct deposits pursuant to CCP § 703.080(a), but they do not provide any

18  documentation to support the exemption claim.  See Oppo. at 4.  The Kats do not provide

19  a bank statement, a  pay stub, or even a supplemental declaration to support their

20  exemption claim.  See Oppo.  Because Aleksey and Diana Kats have not provided any

21  evidence to support their claims, the Court finds that they have not established a legal right

22  to the exemption and **RECOMMENDS** that their claims of exemption be **DENIED**.

23        **D.**    **Danon Slinkard**

24        Exemption Claimant Danon Slinkard also claims an exemption for the money in the

25  levied Wells Fargo account ending in 7443 because it is "where my earnings are deposited"

26  and "[t]he money is paid earnings from my employment."  Minassian Decl. at 18-19.

27  Slinkard does not provide any evidence (bank statement, pay stub, supplemental

28  declaration etc.) to support his exemption claim.  See id.; Oppo.  Accordingly, and for the

1   reasons set forth above, the Court finds that Slinkard has not established a legal right to

2   the exemption and **RECOMMENDS** that his claim of exemption on this basis be **DENIED**.

3   **II.      Retirement Accounts–Dale and Michele Curtis**

4          CCP § 704.115 provides that "[a]ll amounts held, controlled, or in process of

5   distribution by a private retirement plan, for the payment of benefits as an annuity,

6   pension, retirement allowance, disability payment, or death benefit from a private

7   retirement plan are exempt." CCP § 704.115(b).  Three types of retirement accounts may

8   qualify for exemptions: (1) "[p]rivate retirement plans, including, but not limited to, union

9   retirement plans"; (2) "[p]rofit-sharing plans designed and used for retirement purposes";

10  and (3) "[s]elf-employed retirement plans and individual retirement annuities" included in

11  the Internal Revenue Code of 1986.   CCP § 704.115(a)(1)-(3).   Funds in the first two

12  categories are completely exempt.  CCP § 704.115(b), (e); <u>Century Sur. Co.</u>, 2008 WL

13  2630959, at *9 (S.D. Cal. June 27, 2008).  Funds in the third category are exempt "only to

14  the extent necessary to provide for the support of the judgment debtor when the judgment

15  debtor retires and for the support of the spouse and dependents of the judgment debtor,

16  taking into account all resources that are likely to be available for the support of the

17  judgment debtor when the judgment debtor retires."  CCP  § 704.115(e).

18         Exemption Claimants Dale and Michele[4] Curtis assert in their claims of exemption that

19  the levied Wells Fargo accounts ending in 749 and 9201 under the name "CURTIS MICHAEL

20  PENSION PROFITSHARING PLAN, INC." contain "benefits derived from private retirement

21  plan or profit sharing plan designed and used for purposes of retirement" and are exempt

22  under "CCP § 1705.115(a)(b)(d)."[5]  Minassian Decl. at 9, 11.  Judgment Creditors argue

23  that Exemption Claimants Curtis fail to identify which accounts contain retirement funds or

24

25

26         [4] Michele Curtis was not a named plaintiff in the underlying judgment. <u>See</u> Docket.  However, under
    California law, a judgment creditor may enforce a money judgment by levying the deposit account of the
    judgment debtor and his spouse. <u>See</u> CCP §§ 699.710, 700.160.

27

28         [5] The Court notes that California Code of Civil Procedure does not contain section 1705.115 cited by
    Exemption Claimants Curtis.  It appears that Exemption Claimants Curtis intended to cite CCP § 704.115.

1   specify the amount of the levied funds and therefore fail to establish that the levied funds

2   are held in an exempt retirement account.  Mot. at 7.

3        To establish that an account is exempt as a private retirement plan under CCP

4   § 704.115(a)(1) or a profit sharing plan under CCP § 704.115(a)(2), the claimant must

5   establish two elements.  See CCP § 703.580(b) (an exemption claimant bears the burden

6   of proof to demonstrate that the alleged retirement plan is exempt).  First, the debtor must

7   prove that the retirement plan is "established and maintained by a corporation."  See

8   Century Sur. Co., 2008 WL 2630959, at *10; see also In re Cheng, 943 F.2d 1114, 1116-17

9   (9th Cir. 1991) (holding that retirement benefit plans established by a corporation, which

10  is solely owned by the debtor, constitute fully exempted "private retirement plans" within

11  the meaning of California law).  Second, the debtor must prove that the plan is "designed

12  and used for retirement purposes."  See CCP § 704.115(a)(1)-(2); In re Bloom, 839 F.2d

13  1376, 1378 (9th Cir. 1988) (CCP § 704.115(a)(1) implicitly requires a claimant to prove that

14  the private retirement plan is "designed and used for retirement purposes"); see also In re

15  Crosby, 162 B.R. 276, 283 (Bankr. C.D. Cal. 1993) ("A profit sharing plan constitutes a

16  private retirement plan if it is designed and used for retirement purposes.").  In determining

17  whether a private retirement plan is designed and used primarily for retirement purposes,

18  courts consider the totality of the circumstances, including "evidence as to how the plan

19  was managed by the judgment debtor" and "corroborative detail as to how the plan was

20  created or administered."  See In re Rucker, 570 F.3d 1155, 1160-61 (9th Cir. 2009);

21  Century Sur. Co., 2008 WL 2630959, at *10.

22       Exemption Claimants Dale and Michele Curtis did not provide any supporting

23  evidence in their original claim of exemption.  See Minassian Decl. at 8-11.  They merely

24  identified the accounts and stated that the accounts contained "benefits derived from

25  private retirement plan or profit sharing plan designed and used for purposes of

26  retirement."  Id. at 9, 11.  In the supplemental submission, Dale Curtis states in his sworn

27  declaration

28       The Notice of Levy was served on a bank in which a private retirement

account – a profit-sharing plan designed and used for retirement purposes.
It was set up by a private employer – a corporation not by me acting on my
own. It was set up by San Diego Pension Consultants, Inc. as a Money
Purchase Pension Plan for the corporation, my employer, Curtis Michael
Appraisal, Inc.

ECF No. 477-4, Declaration of Dale Curtis ("Curtis Decl.") at 2. Although Curtis states that

a "copy of the first two pages of the Pension Plan" is attached to his declaration, there are

no attachments. See id.; Oppo. Curtis also declares that "[t]here was no other source of

funds on which the Notice of Levy was served other than Curtis Michael Appraisal, Inc.

private pension plan on behalf of me and my wife, Michele Curtis." Curtis Decl. at 2.

Considering Dale Curtis' declaration and the sworn claims, the Court finds that the

Curtises have satisfied the first element by showing that the plan was established by a

corporation. However, the Curtises have not satisfied the second element as they have not

established that the plan is designed and used for retirement purposes. While Dale Curtis'

declaration states that the account is "a profit-sharing plan designed and used for

retirement purposes," the Curtises do not provide any evidence to support this claim. See

id. For example, there is no evidence showing how the plan is managed and used by the

Curtises, such as bank statements showing deposits, withdrawals, and other account

activity or detailed declarations regarding the use of the funds since the plan was created.

See Century Sur. Co., 2008 WL 2630959, at *5-6 (court considered the following factors to

determine whether the plan at issue was used for retirement purposes: whether deposits

to the account were made close to the time of the attachment, whether funds have ever

been withdrawn from the plan, and whether any of the funds were documented with loan

agreements); In re Jacoway, 255 B.R. 234, 239-40 (B.A.P. 9th Cir. 2000) (listing

nonexhaustive factors considered by courts, most of which relate to plan withdrawals or

loans). After considering the totality of the circumstances, the Court concludes that

Exemption Claimants Curtis fail to prove that the funds at issue were "designed and used

for retirement purposes." See Century Sur. Co., 2008 WL 2630959, at *2-3, 10 (finding

that a debtor's declaration, "Adoption Agreement" and redacted tax returns were insufficient

to establish that the debtor's retirement account was "designed and used for retirement

1  purposes"); see also CCP § 704.115.  Because Exemption Claimants Curtis fail to meet their

2  burden of proof, the Court **RECOMMENDS** that their claims of exemption be **DENIED**.

3  See CCP §§ 703.580(b), 704.115; Century Sur. Co., 2008 WL 2630959, at *2-3.

4  **III.    Third-party Claims**

5       California Code of Civil Procedure provides a procedure for third parties, who are not

6  judgment debtors or creditors, to make claims of exemption for property levied by a writ

7  of execution.  See CCP §§ 688.030, 720.110.  The levying officer is required to "serve a

8  copy of the writ of execution and a notice of levy on any third person in whose name any

9  deposit account described therein stands."  CCP § 700.140(c).  The service has to be made

10 personally or by mail: "(1) [a]t the time of levy or promptly thereafter, if the party seeking

11 the levy informs the levying officer of the person and his, her, or its residence or business

12 address" or "(2) [p]romptly following the levying officer's receipt of a garnishee's

13 memorandum if service was not accomplished pursuant to paragraph (1) if the garnishee's

14 memorandum identifies the person and his, her, or its residence or business address."  Id.

15      After the creditor levies the property pursuant to a notice of levy, the third party

16 must file a claim with "the state department or agency that issued the notice of levy."  See

17 CCP § 688.030(b)(1).  A third-party claim must be executed under oath and must contain

18 the following:

19      (1) The name of the third person and an address in this state where service
        by mail may be made on the third person.
20      (2) A description of the property in which an interest is claimed.
        (3) A description of the interest claimed, including a statement of the facts
21      upon which the claim is based.
        (4) An estimate of the market value of the interest claimed.

22

23 CCP § 720.130.  A third-party claim must be filed with the levying officer before the officer

24 sells the property, delivers possession of the property to the creditor, or pays proceeds of

25 collection to the creditor.  CCP § 720.120.  After the third party files its claim, the levying

26 officer must serve the judgment creditor and debtor with the following:

27      (1) A copy of the third-party claim.
        (2) A statement whether the third person has filed an undertaking to release
28      the property pursuant to Chapter 6 (commencing with Section 720.610).

-13-                                09cv2739-GPC (BLM)

1
2
3
4

> (3) If the third person has filed an undertaking to release the property, a notice that the property will be released unless, within the time allowed as specified in the notice, the creditor objects to the undertaking.
> (4) If the third person has not filed an undertaking to release the property, a notice that the property will be released unless, within the time allowed as specified in the notice, the creditor files with the levying officer an undertaking that satisfies the requirements of Section 720.160.

5   CCP § 720.140. The creditor opposing a third-party claim must object within ten days after

6   it receives the claim. CCP § 720.140(b).

7       Either the creditor or the third party "may petition the court for a hearing to

8   determine the validity of the third-party claim and the proper disposition of the property

9   that is the subject of the claim." CCP § 720.310(a). The third party bears the burden of

10  proof at a hearing and can meet its burden by introducing evidence that it owns the levied

11  property. See CCP § 720.360; see also Whitehouse v. Six Corp., 40 Cal. App. 4th 527, 535

12  (Ct. App. 1995); Chrysler Credit Corp. v. Super. Ct., 22 Cal. Rptr. 2d 37, 43 (Ct. App. 1993)

13  (finding the third parties met their burden of demonstrating a valid interest in the funds

14  deposited in the levied account by filing a declaration stating that the account contained

15  funds to which the judgment creditor had no interest).

16      After the third party claimant presents evidence that it owns the property in

17  question, the burden of proof shifts to the judgment creditor to establish that the third

18  party's claim is invalid or that the judgment creditor's claim is superior. See Oxford St.

19  Prop., LLC v. Rehab. Assoc., LLC, 141 Cal. Rptr. 3d 704, 712 (Ct. App. 2012) (citation

20  omitted). As a general rule, "a judgment or levy reaches only the interest of the debtor in

21  the property because a judgment creditor can acquire no greater right in the property levied

22  upon than that of its judgment debtor." Regency Outdoor Advertising, Inc. v. Carolina

23  Lanes, Inc., 37 Cal. Rptr. 2d 552, 556 (Ct. App. 1995); Oxford St. Prop., LLC, 141 Cal. Rptr.

24  3d at 712 ("A security interest attaches only to whatever rights the debtor has in the

25  collateral.").

26  **A.    Danon Slinkard**

27      Exemption Claimant Danon Slinkard asserts in his claim of exemption that the Wells

28  Fargo account ending in 8033 is a "joint account for someone not a judgment debtor" and

1   that "[t]he property is not the judgment debtor[']s.  Half is a third party who did not receive

2   notice their property was levied."  Minassian Decl. at 19.  Judgment Creditors respond that

3   a U.S. Marshal provided the third party with notice, that the Marshal has not received any

4   third-party claims to date, and that 100% of the levied funds should be released to

5   Judgment Creditors where a third party fails to timely file its claim of exemption.  See Mot.

6   at 10; Minassian Decl. at 26; Reply at 9.

7        In the Notice of Levy mailed on June 30, 2015, Judgment Creditors stated the

8   following: "You are notified as a person other than the judgment debtor . . . .  Third Party

9   Account Daryl Slinkard."  Minassian Decl. at 26.  The Notice further stated that the

10  "property to be levied" included "all commercial accounts, all monies, all bank accounts, all

11  certificates of deposit, and all personal property standing in any account . . . any of the

12  names listed in Attachment A," and listed the name of "Daryl D. Slinkard" in the referenced

13  Attachment A.  Id. at 26-27.  As such, Exemption Claimant Danon Slinkard's argument that

14  the third party did not receive the Notice of Levy is unpersuasive.  See id. at 19.

15       Further, there is no evidence in the parties' pleadings and exhibits indicating that the

16  third party, Daryl Slinkard, filed a claim with the levying officer.  See Mot., Oppo., Reply.

17  Rather, the evidence presented to the Court consists solely of Danon Slinkard's original

18  claim, with no supplemental evidence.  See Minassian Decl. at 18-19; Oppo. at 6.  As such,

19  Daryl Slinkard has not "availed [himself] of th[e claim exemption] procedure," and thus any

20  discussion as to whether the third party's property is exempt is premature.  See Century

21  Sur. Co., 2008 WL 2630959, at *8.  The Court may not expand or increase claims of

22  exemption because they are purely statutory, and California Code of Civil Procedure does

23  not provide "statutory authorization for the use of third party claim procedures by named

24  defendants in an action."  Commercial & Farmers Nat'l Bank. v. Hetrick, 64 Cal. App. 3d

25  158, 165 (Ct. App. 1976); Century Sur. Co., 2008 WL 2630959, at *8 (same).  Exemption

26  Claimant Danon Slinkard filed the claim of exemption himself, not as a third-party claim,

27  and therefore, his alleged third-party exemption claim for the funds levied in Wells Fargo

28  account ending in 8033 fails.  See id.  Accordingly, the Court **RECOMMENDS** that Danon

1    Slinkard's claim of a third-party exemption for the account ending in 8033 be **DENIED**.

2        **B.      Benjamin and Eden Steigerwalt**

3        Benjamin and Eden Steigerwalt claim exemptions because they jointly hold the levied

4    accounts with their parents, judgment debtors Kerry and Beth Steigerwalt.  See Minassian

5    Decl. at 20-25; Oppo. at 5; ECF No. 477-3, Declaration of Eden Steigerwalt ("Steigerwalt

6    Decl.) at 1.  In the exemption claim and accompanying financial statement filed on behalf

7    of Benjamin, there are statements that Benjamin Steigerwalt is not a judgment debtor, that

8    the levied account is "[m]y savings account.  My parents never access my account and this

9    money is totally and exclusively mine," and "I am a student in the 11th grade.  This was

10   my own personal savings from Birthday/Holiday money gifts to me."  Minassian Decl. at 20,

11   22.   However, this claim is NOT signed by Benjamin Steigerwalt under the penalty of

12   perjury; rather the name "Benjamin Steigerwalt" apparently was signed by an unidentified

13   third person because there are initials by the signature.[6]  Neither Benjamin nor his parents,

14   judgment debtors Kerry and Beth Steigerwalt, provide an explanation as to who signed the

15   claim and financial statement or the purpose of the initials by the signature.

16       The original claim of exemption and accompanying financial statement filed on behalf

17   of Eden Steigerwalt also were not signed under the penalty of perjury by Eden but rather

18   by an unidentified person whose initials are by the signature.  See id. at 23, 25.  Again,

19   neither Eden, nor her parents, provide an explanation for the signature or for the initials by

20   the signature.   The exemption form states that Eden is not a judgment debtor and

21   describes the levied funds as "[i]t is totally my own money.  It is my life's savings and

22   employment-earned money. My parents never access my account."  Id. at 23 (emphasis in

23   original).  The accompanying financial statement includes the following explanation

24

25

26       [6] The Court notes that the cursive "Steigerwalt" in Benjamin's signature on the financial statement and Eden's signature on the claim of exemption (both of which have initials by them) are similar to each other and to Kerry Steigerwalt's signature on a declaration filed in this case.  Compare Minassian Decl. at 22-23, with id.

27   at 33.  Eden's signatures on the original claim form and financial statement also appear to be different from her signature on the supplemental declaration, which does not contain initials by it.  Compare Minassian Decl.

28   at 23, 25, with Steigerwalt Decl. at 2.

1   I am a 2nd grade school teacher.  All monies in the savings [and] checking
    account seized are exclusively my money which I earned and saved.
2   [Judgment debtor] Beth Steigerwalt was with me when I opened my account
    years ago and is, as I understand, someone who I had to name as a
3   Beneficiary if I died.

4   Id. at 25.  Eden's financial statement indicates that her monthly income is $2,200, her

5   monthly expenses approximate $1,450, and that she owns a 2006 Lexus IS 250 worth

6   approximately $8,000.  Id. at 24-25.

7        CCP § 720.130 dictates that "[t]he third-party claim shall be executed *under*

8   *oath* . . . ."  CCP § 720.130 (emphasis added).  CCP § 2015.5 provides that:

9        Whenever, under any law of this state . . . , any matter is required or
         permitted to be supported, evidenced, established, or proved by the sworn
10       statement, declaration, verification, certificate, *oath*, or affidavit, in writing of
         the person making the same . . . , such matter may with like force and effect
11       be supported, evidenced, established or proved by the unsworn statement,
         declaration, verification, or certificate, in writing of such person which recites
12       that it is certified or declared by him or her to be true under penalty of
         perjury, is *subscribed* by him or her, and . . . , if executed within this state,
13       states the date and place of execution . . . .

14  Id. (emphasis added).  The verb "subscribed" in CCP § 2015.5 means "to sign with one's

15  own hand."  In re Marriage of Reese & Guy, 73 Cal. App. 4th 1214, 1222  (Ct. App. 1999)

16  (for purposes of statute permitting submission of unsworn declarations provided they are

17  certified by the declarant to be true under penalty of perjury and subscribed by him or her,

18  "subscribe" means to sign with one's own hand.).  Because Benjamin and Eden Steigerwalt

19  did not sign their respective claims of exemption under penalty of perjury, the claims do not

20  comply with the requirements of CCP § 720.130.  See id.; see also Commercial & Farmers

21  Nat'l Bank., 64 Cal. App. 3d at 165 (the California Code of Civil Procedure does not provide

22  "statutory authorization for the use of third-party claim procedures by named defendants

23  in an action"); Century Sur. Co., 2008 WL 2630959, at *8 (same).  Benjamin Steigerwalt

24  did not submit a declaration or any supplemental evidence to support his claim of

25  exemption.  See Oppo.

26       In contrast to Benjamin, Eden Steigerwalt submitted a supplemental declaration

27  signed under the penalty of perjury in which she states that the funds in the levied account

28  are exclusively hers, that she earned the funds from her employment as a second grade

                                    -17-                              09cv2739-GPC (BLM)

1  school teacher, that she needs the funds to pay for her basic living expenses, and that her

2  parents have not accessed the account since it was set up when she was a minor.

3  Steigerwalt Decl. at 1-2.  Interestingly, the declaration does not mention the original claim

4  and financial form and does not explain who signed the original documents.  See id.

5  However, the declaration does provide essentially the same facts as set forth in the claim.

6  Compare Minassian Decl. at 23-25, with Steigerwalt Decl. at 1-2.  Because the exemption

7  statutes are to be construed to the benefit of the judgment debtors (Ford Motor Credit Co.,

8  83 Cal. Rptr. 3d at 830; Kono, 126 Cal. Rptr. 3d at 211), the Court will consider Eden

9  Steigerwalt's claim as if she had signed the original declaration under the penalty of perjury.

10        Judgment Creditors argue that Benjamin and Eden Steigerwalt failed to comply with

11  the requirements for third-party claims set forth in CCP § 720.130 because they did not

12  provide "a description of the property in which they claim an interest, a description of the

13  interest claimed, or the market value of the interest claim[ed]," as well as evidence showing

14  deposits into the accounts at issue or copies of the bank statements.  See Mot. at 10-11;

15  Reply at 9.  Judgment Creditors also argue that judgment debtors Kerry and Beth

16  Steigerwalt failed to produce documents showing that they did not deposit funds into the

17  levied accounts.  Mot. at 11.

18        As noted earlier, a third-party claim must be executed under oath and contain the

19  following:

20        (1) The name of the third person and an address in this state where service
          by mail may be made on the third person.
21        (2) A description of the property in which an interest is claimed.
          (3) A description of the interest claimed, including a statement of the facts
22        upon which the claim is based.
          (4) An estimate of the market value of the interest claimed.

23

24  CCP § 720.130.  The form submitted on behalf of Benjamin Steigerwalt lists his parents'

25  attorney's address, asserts that all the funds in the levied bank account are "exclusively"

26  his personal savings derived from birthday and holiday gifts, and that his parents "never"

27  access the account.  Minassian Decl. at 20-22.  As such, the claim submitted on behalf of

28  Benjamin Steigerwalt satisfies the first three elements of a third-party claim (although it is

1  not signed under the penalty of perjury by Benjamin as required).  The form submitted on

2  behalf of Benjamin Steigerwalt does not satisfy the fourth element because it does not

3  provide any evidence of the amount of seized funds, and thus fails to establish "the market

4  value of the interest claimed."  See CCP § 720.130(a)(4).  Because Benjamin Steigerwalt

5  did not sign the claim of exemption under the penalty of perjury and did not satisfy the

6  statutory requirements for a valid third-party claim, the Court **RECOMMENDS** that his

7  claim of exemption be **DENIED**.

8      Eden Steigerwalt lists her parents' attorney's address, asserts under oath in the

9  declaration that the funds in the levied account are exclusively hers, that the funds were

10  earned from her employment as a second grade school teacher, that she needs the funds

11  to pay for her basic living expenses, and that her parents have not accessed the account

12  since her mother set it up when Eden was a minor.  Minassian Decl. at 23-25; Steigerwalt

13  Decl. at 1-2.  Accordingly, Eden Steigerwalt satisfies the first three elements of a third-party

14  claim under CCP § 720.130(a).  With respect to the last element, "the market value of the

15  interest claimed," Eden Steigerwalt's father, judgment debtor Kerry Steigerwalt, asserts

16  under oath in his declaration, filed in support of a motion to stay the proceedings, that

17  $9,044.99 was seized from a bank account set up for his daughter.  ECF No. 465-3,

18  Declaration of Kerry Steigerwalt ("Kerry Steigerwalt Decl.") at 32.   Although Mr.

19  Steigerwalt's declaration is not part of Eden Steigerwalt's claim of exemption and does not

20  specifically reference his daughter's bank account number, it provides sufficient information

21  to establish the fourth element of CCP § 720.130.  See Ford Motor Credit Co., 83 Cal. Rptr.

22  3d at 830 (courts are required to construe the exemption statutes to the benefit of the

23  judgment debtor); Kono, 126 Cal. Rptr. 3d at 211 (same).  The Court also finds that Eden

24  Steigerwalt has presented sufficient evidence in her sworn declaration to establish that she

25  owns the funds in the levied account.  See CCP § 720.360; Chrysler Credit Corp., 22 Cal.

26  Rptr. 2d at 43 (the third parties met their burden of demonstrating a valid interest in the

27  funds deposited in the levied account by filing a declaration stating that the account

28  contained funds to which the judgment creditor had no interest).  Because Eden Steigerwalt

1  presented evidence of her ownership of the funds in the levied bank account, the burden

2  of proof shifted to Judgment Creditors to establish that Eden Steigerwalt's claim is invalid

3  or that their claim is superior.  See Oxford St. Prop., LLC, 141 Cal. Rptr. 3d at 712.

4  Judgment Creditors do not present any evidence in their pleadings and exhibits establishing

5  that judgment debtors Kerry and Beth Steigerwalt or anyone other than Eden Steigerwalt

6  contributed funds to the account at issue, or any other evidence undermining Eden's

7  ownership claim in the funds at issue, and thus the Court finds that Judgment Creditors

8  failed to meet their burden of proof.  See id.  Accordingly, the Court **RECOMMENDS** that

9  Eden Steigerwalt's claim of exemption be **GRANTED** in the amount of $9,044.99.

10                          **CONCLUSION AND RECOMMENDATION**

11          Based on the forgoing, the Court **RECOMMENDS** that the District Court enter an

12  Order: (1) approving and adopting this Report and Recommendation; (2) denying the

13  claims of exemption filed by Alexis Cosio, Cesar Mota, Aleksey and Diana Kats, Dale and

14  Michele Curtis, Danon Slinkard and Benjamin Steigerwalt; and (3) granting the claim of

15  exemption filed by Eden Steigerwalt.

16          **IT IS HEREBY ORDERED** that any written objections to this Report must be filed

17  with the Court and served on all parties **no later than September 18, 2015**.  The

18  document should be captioned "Objections to Report and Recommendation."

19          **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the

20  Court and served on all parties **no later than October 2, 2015**.  The parties are advised

21  that failure to file objections within the specified time may waive the right to raise those

22  objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th

23  Cir. 1998).

24          **IT IS SO ORDERED**.

25  DATED:  September 3, 2015

26                                                    _Barbara L. Major_

27                                                    BARBARA L. MAJOR
                                                     United States Magistrate Judge

28