# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMER SALAMEH, an individual, et al., <br><br>　　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>TARSADIA HOTEL, a California Corporation, et. al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 09cv2739-GPC(BLM)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION GRANTING IN PART AND DENYING IN PART MOTION FOR ORDER DETERMINING CLAIMS OF EXEMPTION**<br><br>[Dkt. No. 465.] |

On July 9, 2015, Judgment Creditors 5th Rock, LLC and MKP One, LLP filed a motion for an order determining claims of exemption of Judgment Debtors Alexis Cosio, Michele Curtis, Dale Curtis, Aleksey Kats, Diana Kats, Cesar Mota, Danon Slinkard, Benjamin Steigerwalt and Eden Steigerwald. (Dkt. No. 465.) A hearing was held before Magistrate Judge Barbara L. Major on August 6, 2015. (Dkt. No. 474.) At the hearing Judgments Debtors requested additional time to file a response and provide additional supporting evidence. (Dkt. No. 475.) On August 13, 2015, Judgment Debtors filed an opposition to the motion for order determining claim of exemption. (Dkt. No. 477.) Declarations from Alexis Cosio, Cesar Mota, Eden Steigerwalt and Dale Curtis were attached to the opposition. (<u>Id.</u>) On August 20, 2015, Judgment Creditors filed a reply. (Dkt. No. 480.) On September 4, 2015, Magistrate Judge Major issued a report and recommendation re: motion for order

determining claims of exemptions. (Dkt. No. 484.) In the order, the Magistrate Judge recommends that the Court deny the claims of exemption filed by Alexis Cosio, Cesar Mota, Aleksey and Diana Kats, Dale and Michele Curtis, Danon Slinkard and Benjamin Steigerwalt; and grant the claim of exemption filed by Eden Steigerwalt. (Id. at 20.) Objections were not filed by the deadline of September 18, 2015.

## Background

On March 22, 2011, District Judge Dana M. Sabraw granted Defendants' motion to dismiss Plaintiff's second amended complaint with prejudice. (Dkt. No. 158.) On March 22, 2011, judgment was entered against Plaintiffs. (Dkt. No. 159.) On October 7, 2013, the Ninth Circuit affirmed the district court's order. (Dkt. No. 224.) On October 12, 2012, the case was transferred to the undersigned judge. (Dkt. No. 215.) On July 31, 2014, the Court granted Defendants' 5th Rock, LLC, and MKP One, LLP's (collectively "Judgment Creditors") motion for attorney's fees. (Dkt. No. 245.) On August 22, 2014, Plaintiffs filed a notice of appeal of the Court's order. (Dkt. No. 246.)

Plaintiffs filed a motion to stay enforcement of judgment pending appeal without posting a supersedeas bond on April 20, 2015. (Dkt. No. 402.) The Court denied Plaintiff's motion on May 19, 2015, but granted a temporary stay of thirty days to allow Plaintiffs to post a supersedeas bond. (Dkt. No. 411.) Plaintiffs did not post a supersedeas bond within the thirty-day period, and on June 17, 2015, the Ninth Circuit denied Plaintiff's emergency motion to stay enforcement of the district court's judgment pending appeal without posting a supersedeas bond. (Dkt. No. 419.) On June 29, 2015, certain Plaintiffs filed an ex parte motion to stay proceedings with a partial bond. (Dkt. No. 461.) The Court denied the ex parte motion to stay proceedings with a partial bond on July 20, 2015. (Dkt. No. 468.)

On March 3, 2015 and April 7, 2015, Judgment Creditors filed writs of execution against numerous Plaintiffs. (Dkt. Nos. 373, 398.) On May 7, 2015, Judgment Creditors initiated bank levies. (Dkt. Nos. 407, 412-417.) On May 20, 2015, certain

1 Judgment Debtors filed claims of exemption. (Dkt. No. 465-3, Minassian Decl. at 4-25[1].)

On July 9, 2015, Judgment Creditors filed its opposition to the claims of exemption, and motion to the court for an order determining claim of exemption. (Dkt. No. 465-1.) On August 13, 2015, the Judgment Debtors filed an opposition. (Dkt. No. 477.) The report and recommendation was filed on September 4, 2015. (Dkt. No. 484.)

**A.  Standard of Review of Magistrate Judge's Order**

The district court's role in reviewing a Magistrate Judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. Under this statute, "the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir.) (en banc), cert. denied, 540 U.S. 900 (2003); see Thomas v. Arn, 474 U.S. 140, 149 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

**B.  Paid Earnings Exemption**

Exemption claimants Alexis Cosio, Cesar Moto, Aleksey and Diana Kats, and Danon Slinkard seek an exemption based on the paid earnings exemption. (Dkt. Nos. 465-3, Minassian Decl. at 4-7; 12-19.)

Because the exemption laws are designed to facilitate the debtor's financial rehabilitation and have the effect of shifting social welfare costs from the community to judgment creditors, the exemption statutes should be construed, so far as practicable, to the benefit of the judgment debtor. Ford Motor Credit Co. v. Waters, 166 Cal. App. 4th Supp. 1, 8 (2008) (citation omitted). "[E]xemptions are wholly statutory and cannot

---

[1] The page numbers are based on the CM/ECF pagination.

be enlarged by the courts." Id. at 8.

Under section 704.070, debtors can claim exemptions for "[p]aid earnings that can be traced into deposit accounts . . . ." Cal. Civ. Proc. Code § 704.070(b). "Paid earnings" are defined as "compensation payable by an employer to an employee for personal services performed by such employee, whether denominated as wages, salary, commission, bonus, or otherwise", id. § 706.011(b), and "that were paid to the employee during the 30-day period ending on the date of the levy." Id. § 704.070(a)(2).

The exemption claimant bears the burden of tracing the exempt funds in the levied account to wages paid by the debtor's employer, and should provide the court with bank statements that show the relevant earning payments within the thirty day pre-levy period. See Cal. Civ. Proc Code § 703.080(b); see also Franco v. Gennaco, No. LA CV 09-893 VBF-FFMx, 2015 WL 1383525, at *4-6 (C.D. Cal. Mar. 23, 2015) (debtors who claimed exemptions under section 704.070 provided the court with bank statements showing their account balances on the date of the levy, and the dates and the amount of earnings payment from their employers within the 30-day pre-levy period); Ford Motor Credit Co. v. Waters, 166 Cal. App. 4th Supp. 1, 6-7 (2008) (debtor who sought exemption under section 704.070 provided bank statements that showed a balance on the date of the levy and the dates and amounts of direct payroll deposits from the debtor's employer during the 30-day period ending on the date of levy). The court must apply the "lowest intermediate balance principle" to determine the amount of exempt funds in a deposit account, unless the parties demonstrate that another method of tracing "would better serve the interests of justice and equity under the circumstances of the case." Cal. Civ. Proc. Code § 703.080(c).

**1.   Alexis Cosio**

The Magistrate Judge recommends that the Court deny her claim of exemption because she has not established she is entitled to the paid earnings exemption. Her claim of exemption states that the money is exempt under sections 704.070(a) and (b) because "the money is paid earnings from my employment." (Dkt. No. 465-3,

Minassian Decl. at 4-5.) In her opposition, her declaration states that the funds levied are subject to section § 704.070(a)-(b) as they consist of paid earning paid to her by her employer during the 30 day period ending on the date of the levy. (Dkt. No. 477-1, Cosio Decl.)

Judgment Debtors appear to contend that the only proof necessary to seek an exemption is that paid earning can be traced into a deposit account and submit copies of their paychecks; however, tracing involves demonstrating the "lowest intermediate balance" which requires submission of bank statements. See Cal. Civ. Proc. Code § 703.080.[2]

Cosio attaches her paycheck to show that money was deposited into her deposit account but she has failed to provide any evidence about the funds in her deposit account at the time of levy was executed, the date the money was levied, and the account balance during the thirty days preceding the levy. Therefore, the Court is unable to determine the applicable 30 day period to determine how much of the levied funds are entitled to protection. See Cal. Code Civ. Proc. § 703.080; Franco, 2015 WL 1383525 at 4-6 (debtors who claimed exemptions under 704.070 provided the court with bank statements). Accordingly, the Court ADOPTS the Magistrate Judge's recommendation that Cosio's claim of exemption be DENIED.

**2.  Cesar Moto**

The Magistrate Judge recommends that the Court deny his claim of exemption because he has not established he is entitled to the paid earnings exemption. Moto's

---

[2]Section 703.080 entitled "Tracing exempt funds" provides,

(a) Subject to any limitation provided in the particular exemption, a fund that is exempt remains exempt to the extent that it can be traced into deposit accounts or in the form of cash or its equivalent.
(b) The exemption claimant has the burden of tracing an exempt fund.
(c) The tracing of exempt funds in a deposit account shall be by application of the lowest intermediate balance principle unless the exemption claimant or the judgment creditor shows that some other method of tracing would better serve the interests of justice and equity under the circumstances of the case.

Cal. Civ. Proc. Code § 703.080.

claim of exemption states that the "money is paid earnings from my employment." (Dkt. No. 465-3, Minassian Decl. at 16-17.) In his opposition, he attaches his paycheck showing the source of the levied funds. (Dkt. No. 47, Moto Decl. at 4-6.) However, similar to Cosio, Moto failed to provide a bank statement or any other evidence to establish how much money was in the account when it was levied, the date the money was levied and the account balance during the relevant thirty days. Thus, he has failed to establish that the exemption applies to him. Accordingly, the Court ADOPTS the Magistrate Judge's recommendation that Moto's claim of exemption be DENIED.

### 3. Aleksey and Diana Kats

The Magistrate Judge recommends that the Court deny the Kats' claims of exemption. In their claims of exemption, they state that the "money is paid earnings from Diana Kats' job and deposited directly into the account. Aleksey Kats is her husband." (Dkt. No. 465-3, Minassian Decl. at 12-15.) In the opposition, they contend that the levied funds consisted of exempt earning under section 704.070 and are traceable as they are direct deposits. Besides their statements in a declaration, Aleksey and Kats do not provide any documentation to support their exemption claim. Therefore, they have not demonstrated that they are entitled to an exemption. As such, the Court ADOPTS the Magistrate Judge's recommendation that Aleksey and Diana Kats' claims of exemption be DENIED.

### 4. Danon Slinkard

The Magistrate Judge recommends that the Court deny Slinkard's claim of exemption for failing to comply with the statutory requirement. He claims an exemption because it is "where my earnings are deposited" and the "money is paid from my employment" (Dkt. No. 465-3, Minassian Decl. at 18-19.) Slinkard provides no documentation to support his exemption claim. Accordingly, the Court ADOPTS the report and recommendation that Slinkard's claim of exemption be DENIED.

### C. Retirement Accounts

Judgement Debtors Dale and Michele Curits seek an exemption based on the

exemption for private retirement plan or profit sharing plan designed and used for purposes of retirement. (Dkt. Nos. 465-3, Minassian Decl. at 8-11.)

Private retirement accounts are exempt as a private retirement plan or profit sharing plan designed and used for retirement purposes. Cal. Civ. Proc. Code § 704.115(b).[3] Three types of retirement accounts may qualify for exemptions: (1) "[p]rivate retirement plans, including, but not limited to, union retirement plans"; (2) "[p]rofit-sharing plans designed and used for retirement purposes"; and (3) "[s]elf-employed retirement plans and individual retirement annuities" included in the Internal Revenue Code of 1986. Id. § 704.115(a)(1)-(3). Funds in the first two categories are completely exempt. Century Sur. Co. v. 350 W.A., LLC, Civil No. 05cv1548-L(LSP), 2008 WL 2630959, at *9 (S.D. Cal. June 27, 2008).

To establish that an account is exempt as a private retirement plan under section 704.115(a)(1) or a profit sharing plan under section 704.115(a)(2), the claimant must establish two elements. See Cal. Civ. Proc. Code § 703.580(b) (an exemption claimant bears the burden of proof to demonstrate that the alleged retirement plan is exempt). First, the debtor must prove that the retirement plan is "established and maintained by a corporation." Cal. Civ. Proc. Code §§ 704.115(a)(1), (2); Century Sur. Co., 2008 WL 2630959 at *10; see also In re Cheng, 943 F.2d 1114, 1116-17 (9th Cir. 1991) (holding that retirement benefit plans established by a corporation, which is solely owned by the debtor, constitute fully exempted "private retirement plans" within the meaning of California law). Second, the claimant must prove that the plan is "designed and used for retirement purposes." Cal. Civ. Proc. Code §§ 704.115(a)(1), (2); Century Sur. Co., 2008 WL 2630959 at *10; In re Bloom, 839 F.2d 1376, 1378 (9th Cir. 1988) (section 704.115(a)(1) implicitly requires a claimant to prove that the private retirement plan is "designed and used for retirement purposes.").

---

[3]California Civil Procedure Code section 704.115 provides that "[a]ll amounts held, controlled, or in process of distribution by a private retirement plan, for the payment of benefits as an annuity, pension, retirement allowance, disability payment, or death benefit from a private retirement plan are exempt." Cal. Code Civ. Proc. § 704.115(b).

In determining whether a private retirement plan is designed and used primarily for retirement purposes, courts consider many factors but no one is dispositive, but all must be considered in light of the policy of whether the plan was designed and used for a retirement purpose. In re Bloom, 839 F.2d at 1379-80. Courts have also considered the "extent of a debtor's withdrawals or loans from the plan" and a "debtor's subjective intent in deciding whether the plans have a retirement purpose." In re Rucker, 570 F.3d 1155, 1160 (9th Cir. 2009). Courts also consider evidence as to how the plan was managed by the judgment debtor. Century Sur. Co., 2008 WL 2630959 at 10.

### 1. Dale and Michele Curtis

Claimants Dale and Michele[4] Curtis filed a claim exemption stating that the two accounts under the account name Curtis Michael Pension Profitsharing Plan, Inc. contain "benefits derived from private retirement plan or profit sharing plan designed and used for purposes of retirement." (Dkt. No. 465-3, Minassian Decl. at 9, 11.) In the opposition, Dale Curtis states that the private retirement account was set up by a private employer, a corporation, not by him acting on his own. (Dkt. No. 477-4, Curtis Decl. ¶ 5.) The account was set up by San Diego Pension Consultants, Inc. as a Money Purchase Pension Plan for the corporation, his employer, Curtis Michael Appraisal, Inc. (Id.)

The Magistrate Judge concluded that while the Judgment Debtors demonstrated that the plan was established by a corporation, they failed to satisfy the second element of establishing that the plan is designed and used for retirement purposes. Judgment Debtors present a conclusory allegation that the profit sharing plan is designed and used for retirement purposes but fail to provide any documents to show how the plan was designed and used for retirement purposes. As noted by the Magistrate Judge, "there is no evidence showing how the plan is managed and used by the Curtises, such

---

[4]Michele Curtis was not a named plaintiff in the underlying judgment; however, under California law, a judgment creditor may enforce a money judgment by levying the deposit account of the judgment debtor and his spouse. See Cal. Civ. Proc. Code § 700.160.

as bank statements showing deposits, withdrawals, and other account activity or detailed declarations regarding the use of the funds since the plan was created." (Dkt. No. 484 at 12); see also Century Sur. Co., 2008 WL 2630959 at *5-6 (court considered whether deposits to the account were made close to the time of the attachment, whether funds had ever been withdrawn from the plan, and whether any of the funds were documented with loan agreements and finding that a debtor's declaration, "Adoption Agreement" and redacted tax returns were insufficient to establish that the debtor's retirement account was "designed and used for retirement purposes"). Since Judgment Debtors provided no evidence to support the purpose of the profit sharing plan, the Court ADOPTS the Magistrate Judge's recommendation that the Curtis' claims of exemption be denied.

**D.     Third Party Claims**

Exemption claimants Danon Slinkard, and Benjamin and Eden Steigerwalt filed an exemption claim based the third party exemption.

California Code of Civil Procedure provides a procedure for third parties, who are not judgment debtors or creditors, to make claims of exemption for property levied by a writ of execution. Cal. Civ. Proc. Code §§ 688.030, 720.110. After the creditor levies the property pursuant to a notice of levy, the third party must file a claim with "the state department or agency that issued the notice of levy." Id. § 688.030(b)(1). A third-party claim must be executed under oath and must contain the following:

> (1) The name of the third person and an address in this state where service by mail may be made on the third person.
> (2) A description of the property in which an interest is claimed.
> (3) A description of the interest claimed, including a statement of the facts upon which the claim is based.
> (4) An estimate of the market value of the interest claimed.

Cal. Civ. Proc. Code § 720.130. After filing a claim with the levying officer, the third-party or the creditor may petition the court for a hearing to determine the "validity of the third-party claim and the proper disposition of the property that is the subject of the claim." Id. § 720.310(a). At the hearing, the third party has the burden of proof. Id.

§ 720.360. After the third party claimant presents evidence that it owns the property in question, the burden of proof shifts to the judgment creditor to establish that the judgment creditor's claim is superior. Oxford Street Props., LLC v. Rehab. Assoc., LLC, 141 Cal. App. 4th 296, 307 (2012) (citation omitted).

### 1. Danon Slinkard

The Magistrate Judge recommends that the Court deny Danon Slinkard's claim of exemption, on behalf of Daryl Slinkard, a third party, because Danon cannot file a claim on behalf of a third party. Danon Slinkard filed a claim of exemption on behalf of Daryl Slinkard as to account number ending in 8033 stating it is a "joint account for someone not a judgment debtor." (Dkt. No. 465-3, Minassian Decl. at 19.) He also asserts that "[h]alf is a third party who did not receive notice their property was levied." (Id.)

Under the statute, the third party, not the judgment debtor, must file the claim of exemption. See Cal. Civ. Proc. Code § 688.030. Morever, even if the Court considered Danon's claim of exemption, he argues that the third party did not receive notice of the levy. However, the Notice of Levy issued by the U.S. Marshals Service, dated June 30, 2015, states that the notice was mailed on June 30, 2015 to Daryl D. Slinkard, a third party. (Dkt. No. 465-3, Minassian Decl. at 26-27.)

Danon Slinkard has not established a right to exemption on behalf of a third party, Daryl Slinkard. Accordingly, the Court ADOPTS the Magistrate Judge's recommendation that Danon Slinkard's claim of exemption, on behalf of third party, Daryl Slinkard, be DENIED.

### 2. Benjamin and Eden Steigerwalt

The Magistrate Judge recommends that the Court deny Benjamin's claim of exemption, but grant Eden's claim of exemption. Benjamin and Eden Steigerwalt seek an exemption arguing that they jointly hold the levied accounts with their parents, Judgment Debtors Kerry and Beth Steigerwalt.

First, neither claim of exemption is signed under oath as required by the statute.

Benjamin and Eden both submitted an exemption claim and financial statement, but neither claim was signed by them as the names are hand written and initials are placed by the written names. (Dkt. No. 465-3, Minassian Decl. at 9-10; 20-22.) As a result, the claim of exemption is faulty. See Cal. Civ. Proc. Code 720.130 ("third party claim shall be executed under oath . . .").

In addition, according to the Magistrate Judge, Benjamin does not satisfy the fourth element and did not produce evidence of the amount seized and did not establish "the market value of the interests claimed." Cal. Civ. Proc. Code § 720.130(a)(4). The Court agrees. Benjamin did not submit an argument or declaration or supplemental evidence in the opposition. Therefore, the Court ADOPTS the report and recommendation and DENIES Benjamin Steigerwalt's claim of exemption.

Eden, on the other hand, submitted a supplemental declaration signed under the penalty of perjury in which she states that the funds in the levied account are exclusively hers, that she earned the funds from her employment as a second grade teacher, and needs the money to pay for her basic living expenses and her parents have not accessed the account since it was set up for her as a minor. (Dkt. No. 477-3, Eden Steigerwalt Decl. ¶¶ 3-5.) Her declaration satisfies the first three elements of a third party claim under section 720.130(a). In addition, in construing the exemption statutes to the benefit of the judgment debtor, the Magistrate Judge took into consideration Kerry Steigerwalt's declaration, which provides sufficient information to establish the fourth element, which is "the market value of the interest claimed." (Dkt. No. 465-3, Minassian Decl. at 32-33.)

Even though Eden did not submit a proper claim of exemption by signing her exemption under the penalty of perjury, the Magistrate Judge considered her claim as if she signed the original declaration based on the supplemental declaration. Based on this, the Magistrate Judge recommends that the Court grant Eden's claim of exemption. After having reviewed the documents and argument, the Court agrees with the Magistrate Judge's decision, and ADOPTS ths report and recommendation and

GRANTS Eden Steigerwalt's claim of exemption.

## Conclusion

Based on the above, the Court ADOPTS the Magistrate Judge's report and recommendation, and DENIES the claims of exemption filed by Alexis Cosio, Cesar Mota, Aleksey and Diana Kats, Dale and Michele Curtis, Danon Slinkard and Benjamin Steigerwalt and GRANTS the claims of exemptions filed by Eden Steigerwalt.

IT IS SO ORDERED.

DATED: October 14, 2015

HON. GONZALO P. CURIEL
United States District Judge