UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMER SALAMEH, et al.,<br><br>                    Plaintiffs,<br><br>v.<br><br>TARSADIA HOTEL, et al.,<br><br>                    Defendants. | Case No.:  9cv2739-GPC (BLM)<br><br>**ORDER:**<br><br>**(1) GRANTING JUDGMENT CREDITORS' APPLICATION FOR ORDER TO APPEAR FOR THIRD PARTY EXAMINATION OF NORMAN NYBERG**<br><br>**AND**<br><br>**(2) DENYING AS MOOT JUDGMENT CREDITORS' APPLICATION FOR ISSUANCE OF CIVIL SUBPOENA DUCES TECUM**<br><br>**[ECF No. 487]** |

      On November 19, 2015, Defendants 5th Rock, LLC and MKP One, LLC (collectively "Judgment Creditors") filed an "Application for Order to Appear for Third Party Examination of Norman Nyberg, for Issuance or Civil Subpoena Duces Tecum at Examination, and Declaration

of Natalia A. Minassian in Support Thereof." ECF No. 487 ("Mot."). In accordance with the Court's briefing schedule [ECF No. 490], Judgment Debtor Tamer Salameh filed an opposition on December 14, 2015. ECF No. 494 ("Oppo."). Judgment Creditors filed a timely reply on December 18, 2015. ECF No. 495 ("Reply"). Having considered all of the briefing and supporting documents presented, and for the reasons set forth below, the Court **GRANTS** Judgment Creditors' application for an order to appear for third party examination of Norman Nyberg and **DENIES** as moot their application for the issuance of civil subpoena duces tecum.

**FACTUAL AND RPOCEDURAL BACKGROUND**

On December 8, 2009, Plaintiff Tamer Salameh and other Plaintiffs filed a class action complaint against Tarsadia Hotel, Tushar Patel, B.U. Patel, Gregory Casserly, 5th Rock, LLC, MKP One, LLC, and Gaslamp Holdings, LLC (collectively, "Tarsadia Defendants") and other defendants involved in the development of the Hard Rock Hotel in San Diego. ECF No. 1. On September 10, 2010, Plaintiffs filed a second amended complaint ("SAC") alleging violations of federal and state securities laws, fraud based on misrepresentation, and fraud by concealment against numerous defendants, including Tarsadia Defendants. ECF No. 86. On March 22, 2011, District Judge Dana M. Sabraw granted Tarsadia Defendants' motion to dismiss Plaintiffs' SAC with prejudice, and on March 23, 2011, the Court entered a judgment against Plaintiffs. ECF Nos. 158 & 159. On October 7, 2013, the Ninth Circuit affirmed the District Court's order. ECF No. 224.

On October 12, 2012, the case was transferred to District Judge Gonzalo P. Curiel. ECF No. 215. On July 31, 2014, Judge Curiel granted Judgment Creditors' motion for attorney's fees. ECF No. 245 at 7. Starting on January 16, 2015, Judgment Creditors began requesting the Court

to enter abstracts of judgment, which the Court subsequently entered against each Plaintiff, including Tamer Salameh ("Judgment Debtor"). See ECF Nos. 250-329, 332-71, 378-95.

On September 9, 2015, Judgment Creditors conducted an examination of Judgment Debtor Tamer Salameh. ECF No. 485; see also Mot. at 3. On November 19, 2015, Judgment Creditors filed the instant motion seeking an order requiring a third party, Norman Nyberg, to appear at a third party examination and to "furnish information to aid in enforcement of the Judgment." Mot. at 2. Mr. Nyberg is Judgment Debtor's Salameh's accountant, and Judgment Creditors seek to examine Mr. Nyberg in his individual capacity and in his capacity as a representative of Nyberg Financial Service. ECF No. 487, Declaration of Natalia A. Minassian ("Minassian Decl.") at 2; see also ECF No. 487 at 5 (containing Mr. Salameh's statement that Norman Nyberg is a corporate accountant of IB4B, a corporation). In case the Court denies the request for an order requiring Mr. Nyberg to appear for an examination, Judgment Creditors ask the Court to authorize the issuance of a subpoena requiring Mr. Nyberg to produce documents. Id. at 3. Judgment Debtor Salameh opposes Judgment Creditors' requests arguing that they are ambiguous, procedurally defective, and lack legal support. Oppo. at 1-3.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 69, a money judgment is enforced by a writ of execution. Fed. R. Civ. P. 69(a)(1). "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Id. This Court thus is required to follow California's statutory provisions for the enforcement of judgments, known collectively as the Enforcement of Judgments Law, as set forth in CCP

1  §§ 680.010-724.260.  See Richard McKnight & Shirley J. McKnight 2000 Family Trust v. Barkett,
2  2015 WL 1956430, at *1 (S.D. Cal. Apr. 29, 2015); 21st Century Fin. Servs., LLC, 2014 WL
3  7467806, at *2.

4  Pursuant to California law, judgment debtor proceedings "permit the judgment creditor
5  to examine the judgment debtor, or third persons who have property of or are indebted to the
6  judgment debtor, in order to discover property and apply it toward the satisfaction of the money
7  judgment."  United States v. Feldman, 324 F. Supp. 2d 1112, 1116 (C.D. Cal. 2004) (quoting
8  Imperial Bank v. Pim Elec., Inc., 33 Cal.App.4th 540, 546-47 (1995); CCP §§ 708.110-708.205));
9  21st Century Fin. Servs., LLC, 2014 WL 7467806, at *2 (same).  Debtor examinations are
10 intended "to allow the judgment creditor a wide scope of inquiry concerning property and
11 business affairs of the judgment debtor," and "to leave no stone unturned in the search for
12 assets which might be used to satisfy the judgment."  Feldman, 324 F. Supp. 2d at 1116 (quoting
13 Hooser v. Superior Court, 84 Cal. App. 4th 997, 1002 (2000); Troy v. Superior Court, 186
14 Cal.App.3d 1006, 1014 (1986)).

15 **DISCUSSION**

16 Judgment Creditors assert that Mr. Nyberg's third party examination is warranted because
17 he "has knowledge, custody and control" over Judgment Debtor Salameh's "financial activities"
18 and "documents."  See Minassian Decl. at 2-3.  Judgment Creditors also seek "any and all original
19 documents and copies of documents" in Mr. Nyberg's "possession, custody or control relating to
20 Tamer Salameh and any business with which he is associated (except for personal tax returns)"
21 as described in twenty categories.  See id., Exh. 1.  Judgment Creditors claim that they need
22 the requested documents to "determine Tamer Salameh's financial condition and explore

avenues of enforcement of the Judgment," and that Mr. Salameh failed to produce during his recent judgment debtor exam some of the documents Judgment Creditors now seek to obtain from Mr. Nyberg.  Mot. at 3.

Judgment Debtor Salameh objects, arguing that Judgment Creditors' "filing is ambiguous, without authority, and lacks procedural due process."  Oppo. at 1.  Judgment Debtor Salameh challenges Judgment Creditors' application on procedural grounds and argues that their proposed subpoena is flawed and fails to cite legal authority.  Id. at 2.  Judgment Debtor Salameh also argues that the requested documents "go well beyond any foundation for the witness as there is no showing the witness has any more involvement than as to IB4B," and asserts that he has produced tax returns for IB4B.  Id. at 2-3; see also ECF No. 494-1, Declaration of Maria C. Severson ("Severson Decl.") at 1-2 (stating that prior to and during Judgment Debtor's Salameh's examination, his counsel provided documents "responsive to the order for examination and the request to produce documents set forth therein," and that the produced documents included tax documents for Mr. Salameh and "corporations with which he was affiliated, including IB4B.").  Judgment Debtor Salameh asserts that the "matters" sought by Judgment Creditors are "overly broad," and asks the Court to deny their requests.  Oppo. at 3.

Judgment Creditors reply that their application is not procedurally deficient, and argue that they are entitled to examine Mr. Nyberg because he "more than likely" will have "information that would lead to the discovery of assets of the judgment debtor," and rely in support on California Code of Civil Procedure ("CCP") § 708.130, CCP § 187, and 21st Century Fin. Servs., LLC v. Manchester Fin. Bank, 2014 WL 7467806 (S.D. Cal. Dec. 30, 2014).  Reply at 3-4.

Judgment Creditors explain that Mr. Nyberg "has received information about the finances of [Judgment] Debtor [Salameh] during his course and dealings with Debtor," and that as a result, Mr. Nyberg "can testify as to the location of assets that would lead to the enforcement of the judgment entered against Debtor." Id. at 2. Judgment Creditors further state that they seek Mr. Nyberg's examination because Mr. Salameh failed to produce some of the requested documents and "to reveal a clear picture . . . of his current financial condition." Id. at 4. Judgment Creditors therefore ask the Court to order Mr. Nyberg to appear at a third party examination and further ask to reset the examination to a "Wednesday in February 2016." Id. at 5.

### A. Procedural Challenges

Judgment Debtor Salameh challenges Judgment Creditors' application on procedural grounds. See Oppo. at 2. Even if some of Judgment Debtor's objections have merit, the Court may exercise its discretion under CCP § 187 and Civil Local Rule 1.1(d) in the interest of justice to accept the application despite the alleged deficiencies. See Civ. LR 1.1(d) (providing that "[i]n the interest of justice, a judge may waive the applicability of these rules."); CCP § 187; see also 21st Century Fin. Servs., LLC, 2014 WL 7467806, at *5 (considering judgment creditors' motion for order to appear at a third party examination despite any alleged procedural flaws). Therefore, the Court will exercise its discretion and consider the merits of Judgment Creditors' application.

### B. Application for Third Party Examination of Norman Nyberg

Judgment Creditors argue that Mr. Nyberg's examination is warranted because he "has knowledge, custody and control" over Judgment Debtor Salameh's "financial activities" and

"documents," and likely has "information that would lead to the discovery" of Judgment Debtor's Salameh's assets. See Reply at 1-2; Minassian Decl. at 2-3. CCP § 708.120 permits a judgment creditor to examine third parties under certain circumstances as follows:

> Upon ex parte application by a judgment creditor who has a money judgment and proof by the judgment creditor by affidavit or otherwise to the satisfaction of the proper court that a third person has possession or control of property in which the judgment debtor has an interest or is indebted to the judgment debtor in an amount exceeding two hundred fifty dollars ($250), the court shall make an order directing the third person to appear before the court, or before a referee appointed by the court, at a time and place specified in the order, to answer concerning such property or debt. The affidavit in support of the judgment creditor's application may be based on the affiant's information and belief.

CCP § 708.120(a). Accordingly, a judgment creditor seeking to examine a third party is required to establish that the third party "has possession or control of property in which the judgment debtor has an interest" or is "indebted to the judgment debtor in an amount exceeding two hundred fifty dollars ($250)." See id.; see also Levin v. Sellers, 2013 WL 6057942, at *3 (N.D. Cal. Nov. 15, 2013); Richard McKnight & Shirley J. McKnight 2000 Family Trust, 2015 WL 1956430, at *3. In this case, Judgment Creditors do not assert that the third party, Mr. Nyberg, possesses or controls Mr. Salameh's property, or that Mr. Nyberg owes Mr. Salameh more than $250. See id.; see also CCP § 708.120(a). As such, the requirements of CCP § 708.120(a) are not satisfied, and the third party examination cannot be ordered pursuant to this provision.

However, Judgment Creditors rely on CCP §§ 187 & 708.130 and 21st Century Fin. Servs., LLC, 2014 WL 7467806, in arguing that the requested third party examination is authorized by the California law. See Reply at 3-4. The 21st Century court authorized a third party examination pursuant to CCP §§ 187 & 708.130, because there was a "close nexus" between the third party and the judgment debtor. 21st Century Fin. Servs., LLC, 2014 WL 7467806, at

\*3. In reaching its decision, the court reasoned that the third party was "intimately involved at all stages of the operations of the Judgment Debtor, including its creation and dissolution," and likely "possess[ed] documents pertaining to Judgment Debtor that [we]re not otherwise available to Judgment Creditor." Id.  The court found that the third party examination was appropriate and in the interest of justice and fundamental fairness in order to obtain information about Judgment Debtor's property and assets.  Id. at \*2-3.

Pursuant to CCP § 708.130(a), cited by the 21st Century court, "[w]itnesses may be required to appear and testify before the court or referee in an examination proceeding under this article in the same manner as upon the trial of an issue." CCP § 708.130(a); 21st Century Fin. Servs., LLC, 2014 WL 7467806, at \*3-4.  The 21st Century court interpreted the provision to indicate that "any witness with relevant information may be compelled to submit to an examination in connection with a judgment enforcement, so long as that witness could be called upon to testify as a witness in a trial on the issue." See id.  Further, the court in 21st Century cited CCP § 187, which provides the following: "[w]hen jurisdiction is, by the Constitution or this Code, or by any other statute, conferred on a Court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this Code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code." CCP § 187; 21st Century Fin. Servs., LLC, 2014 WL 7467806, at \*4-5.  The 21st Century court observed that numerous state and federal courts invoked CCP § 187 "to effectuate judgment enforcement through procedures not specifically authorized under the Enforcement

of Judgments Law," and exercised its discretion to order a third party examination.  See id. (citations omitted).

Judgment Creditors specifically invoke CCP §§ 187 & 708.130 in arguing that they are entitled to examine Mr. Nyberg.  Reply at  3-4.  As discussed above, courts may order a third party examination pursuant to those provisions, even if the requirements of CCP § 708.120 are not met.  21st Century Fin. Servs., LLC, 2014 WL 7467806, at *3, *4 n.3.  Judgment Debtor Salameh stated during his recent examination that he is a sole shareholder of IB4B, a corporation, and that Mr. Nyberg is the corporation's accountant.  Mot., Exh. 1 at 5.  Furthermore, the parties' pleadings indicate that Mr. Nyberg has served as a corporate accountant for at least several years, as indicated by his filing of corporate tax returns for IB4B.  See Oppo. at 3, Severson Decl. at 1-2; Reply at 2.  As such, Mr. Nyberg likely possesses information and documents concerning Judgment Debtor Salameh's finances, property and assets.  Further, because Judgment Debtor Salameh allegedly failed to produce some of the requested documents during his examination on September 9, 2015, Mr. Nyberg may possess "documents pertaining to Judgment Debtor that are not otherwise available."  See 21st Century Fin. Servs., LLC, 2014 WL 7467806, at *3; Oppo. at 4; Mot. at 3; see also ECF No. 485.  Judgment Creditors have established the requisite close nexus between Mr. Nyberg and Judgment Debtor Salameh, and the examination of Mr. Nyberg will help Judgment Creditors assess Judgment Debtor Salameh's financial condition and explore potential avenues to enforce the judgment in this case.  See 21st Century Fin. Servs., LLC, 2014 WL 7467806, at *2-3.  The Court therefore, **GRANTS** Judgment Creditors' application for an order to appear for third party examination of Norman Nyberg.  See CCP §§ 187 & 708.130; 21st Century Fin. Servs., LLC.

### C. Application for the Issuance of Civil Subpoena Duces Tecum

Judgment Creditors ask the Court to authorize the issuance of a subpoena requiring Mr. Nyberg to produce the documents, in case the Court denies the request for an order requiring Mr. Nyberg to appear for an examination. See Mot. at 3. Because the Court grants Judgment Creditors' application to conduct a third party examination of Mr. Nyberg, the Court **DENIES as moot** the application to authorize the issuance of a subpoena.

### SUMMARY AND CONCLUSION

(1) The Court **GRANTS** Judgment Creditors' application for an order to appear for third party examination of Norman Nyberg. Judgment Creditors are instructed to confer with counsel for Mr. Nyberg (or Mr. Nyberg if he is unrepresented) and the Court Clerk assigned to judgment enforcement cases in this District to obtain a mutually-agreeable date and time for the examination, and then to submit a proposed order to this Court's chambers with a copy to opposing counsel. At that time, the Court will issue the Order compelling the examination.

(2) The Court **DENIES** as moot Judgment Creditors' application for the issuance of civil subpoena duces tecum.

**IT IS SO ORDERED.**

Dated: 1/4/2016

Hon. Barbara L. Major
United States Magistrate Judge