1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10   TAMER SALAMEH, an individual, et          CASE NO. 09cv2739-GPC(BLM)
     al.,
11                                             **ORDER DENYING PLAINTIFF**
                                               **SALAMEH'S EX PARTE MOTION**
12                              Plaintiffs,     **TO REQUEST HOMESTEAD**
          vs.                                  **EXEMPTION**
13
                                               **[Dkt. No. 544.]**
14   TARSADIA HOTEL, a California
     Corporation, et. al.,
15
                               Defendants.
16

17       On December 27, 2016, Plaintiff Tamer Salameh filed an amended ex parte

18   motion to request homestead exemption.  (Dkt. No. 544.)  On January 3, 2016,

19   Defendants/Judgment Creditors 5th Rock, LLC and MKP One ("Judgment Creditors")

20   filed an opposition.  (Dkt. No. 546.)  Pursuant to the Court's order, Plaintiff filed a

21   reply on January 6, 2017.  (Dkt. Nos. 547, 548.)  Based on the reasoning below, the

22   Court DENIES Plaintiff Salameh's ex parte motion to request homestead exemption.

23                              **Discussion**

24       On January 16, 2015, Judgment Creditors filed an abstract of judgment against

25   Plaintiff Salameh based on the Court's order filed on July 31, 2014 awarding Judgment

26   Creditors' attorneys' fees in the amount of $405,371.25 against numerous named

27   Plaintiffs.  (Dkt. Nos. 245, 250, 343.)  On February 29, 2015, Judgment Creditors

28   recorded the abstract of judgment with the San Diego County Recorder's office for the

total amount of judgment. (Dkt. No. 546-1, Minassian Decl., Ex. A.) On September 21, 2016, Salameh recorded a Homestead Declaration with the San Diego County Recorder's office. (Dkt. No. 544-2, Salameh Decl., Ex. 1.)

On January 19, 2016, Judgment Creditors filed a motion for order of sale of property against Salameh. (Dkt. No. 500.) Salameh filed bankruptcy on February 4, 2016. (Dkt. No. 510.) As a result, on March 23, 2016, the Court denied Judgment Creditors' motion for order of sale due to the automatic stay triggered by the bankruptcy petition. (Dkt. No. 518.) On June 15, 2016, Salameh's debts were discharged and he was able to maintain his home. (Dkt. No. 544-2, Salameh Decl. ¶ 10; id., Ex. 4.)

Due to financial hardships and unemployment, Salameh has been unable to pay his mortgage for six or more months. (Dkt. No. 544-2, Salameh Decl. ¶ 12.) As a result, the loan servicer recorded a notice of default and election to sell his home on September 13, 2016. (Id. ¶ 13; id., Ex. 6.) Because there is equity in the home beyond what is owed to the lender, and in order to contribute to the Judgment and maintain the equity of the home for living expenses, Salameh sought to list his home for sale. (Id. ¶ 14.) Judgment Creditors' attorney declined to stipulate to a homestead of $175,000. (Id.) On October 25, 2016, Salameh listed his home located at 1038 Pavo Ct., San Marcos, CA 92078 for sale. (Id. ¶ 15.) After a reduction in the sales price, Salameh accepted an offer and is now in escrow and set to close on January 18, 2017. (Id. ¶¶ 16, 17.) Escrow is requesting direction on how to distribute the proceeds. (Id. ¶ 18.)

Plaintiff Salameh seeks ex parte relief asking the Court to order the application of homestead exemption of $175,000. Judgment Creditors oppose arguing that neither the declared homestead nor the automatic homestead apply.

"Homestead laws are designed to protect the sanctity of the family home against a loss caused by a forced sale by creditors." Amin v. Khazindar, 112 Cal. App. 4th 582, 588 (2003). "This strong public policy requires courts to adopt a liberal construction of the law and facts to promote the beneficial purposes of the homestead

1   legislation to benefit the debtor." Id.

2        A homestead exemption may be asserted in two ways.  Title Trust Deed Serv.

3   Co. v. Pearson, 132 Cal. App. 4th 168, 174 (2005).  One is through a recording a

4   homestead declaration pursuant to California Code of Civil Procedure section 704.920,

5   which protects the property from execution by certain creditors to the extent of the

6   amount of the exemption.  Id.  Recording a homestead declaration applies to a

7   voluntary sale.[1]  Id.  However, in order to obtain the protection under a declared

8   homestead, the homestead declaration must be recorded prior to the date of recording

9   of the abstract of judgment.  See Cal. Code Civ. Proc. § 704.950.[2]

10        Here, Salameh seeks the protection under the homestead declaration as he seeks

11   to sell his home in a voluntary sale.  However, the homestead declaration was recorded

12   on September 21, 2016 which is after the recorded date of the abstract of judgment of

13   February 29, 2015.  Therefore, Salameh cannot obtain the protection from a homestead

14   declaration.[3]

15   _____

16        [1]California Code of Civil Procedure section 704.960 states,

17   (a) If a declared homestead is voluntarily sold, the proceeds of sale are
18   exempt in the amount provided by Section 704.730 for a period of six
     months after the date of sale.

19   Cal. Code Civ. Proc. § 704.960(a).

20        [2]Section 704.950 provides,

21   (a) Except as provided in subdivisions (b) and (c), a judgment lien on
22   real property created pursuant to Article 2 (commencing with Section
     697.310) of Chapter 2 does not attach to a declared homestead if both
23   of the following requirements are satisfied:

24   (1) **A homestead declaration describing the declared homestead
     was recorded prior to the time the abstract or certified copy of the
25   judgment was recorded to create the judgment lien.**

26   (2) The homestead declaration names the judgment debtor or the
     spouse of the judgment debtor as a declared homestead owner.

27   Cal. Code Civ. Proc. § 704.950 (emphasis added).

28        [3]In reply, Salameh concedes he cannot seek a declared homestead and seeks an
     automatic homestead exemption.  (Dkt. No. 548 at 2, 5.)

The second way to assert a homestead exemption is through an automatic homestead exemption, also known as a "residential exemption" provided in California Code of Civil Procedure section 704.720.[4]  An automatic homestead exemption does not require the recordation of any document and is automatic and "available when a party has continuously resided in a dwelling from the time that a creditor's lien attaches until a court's determination in a forced sale process that the exemption does not apply."  Amin, 112 Cal. App. 4th at 588-89.  "In California . . . the automatic homestead exemption protects a debtor only in the context of a forced lien sale."  In re Wilson, 90 F.3d 347, 351 (9th Cir. 1996).  For the automatic exemption, "the judgment creditor is required to obtain a court order for sale of the real property homestead."  Amin, 112 Cal. 4th at 589.  Further, the court of appeal has held that the automatic homestead exemption does not apply to proceeds of a trustee's sale pursuant to a power of sale under a deed of trust.  Spencer v. Lowery, 235 Cal. App. 3d 1636, 1637 (1991).

In reply, Plaintiff shifts course acknowledging that he cannot obtain a declared homestead exemption, and now seeks an automatic homestead exemption of $175,000[5] arguing that the foreclosure proceeding initiated by the loan servicer is a forced or involuntary sale pursuant to section 704.720(b). (Dkt. No. 548 at 5.)  Plaintiff contends that the foreclosure proceedings is an involuntary one because "it has been initiated pursuant to a first-in-line lienholder's foreclosure proceedings to satisfy Plaintiff's default on his outstanding mortgage." (Dkt. No. 548 at 3.)  He further states, without providing proof, that the "mortgagee has applied for a court order to force a sale of Plaintiff's homestead and has given proper notice of both the default and the application of a forced sale."  (Id.)

---

[4]Section 704.720 states, "[i]f a homestead is sold. . . the proceeds of sale . . . are exempt in the amount of the homestead exemption provided in Section 704.730." Cal. Code Civ. Proc. § 704.720(b).

[5]The parties dispute whether Salameh is entitled to the maximum exemption of $175,000 under section 704.730; however, the Court need not address the amount of exemption since Plaintiff has not demonstrated he is entitled to either a declared homestead or an automatic homestead exemption.

[09cv2739-GPC(BLM)]

Without providing proof that the loan servicer has obtained a court order to force a sale, the automatic homestead exemption does not apply.  According to the documents presented in the ex parte motion, the notice of default and letter informed Plaintiff that the mortgage has been referred to foreclosure proceedings pursuant to California Civil Code section 2924.9.  (Dkt. No. 544-2, Salameh Decl., Ex. 6 at 36.)  Civil Code section 2924.9 is a provision under the non-judicial foreclosure process, a procedure to foreclose without a court order.  See Valbuena v. Ocwen Loan Serv., LLC, 237 Cal. App. 4th 1267, 1272 (2015).  Moreover, the notice of default states that the property may be sold "without any court action."  (Dkt. No. 544-2, Salameh Decl., Ex. 6 at 33, 38.)  Furthermore, the court of appeal has held that the proceeds from a foreclosure on a deed of trust is not exempt under the automatic homestead exemption.  See Spencer, 235 Cal. App. 3d at 1639.  Thus, Plaintiff has not demonstrated he is entitled to relief in this ex parte application.

**Conclusion**

Based on the foregoing, the Court DENIES Plaintiff Salameh's ex parte motion to request homestead exemption.

IT IS SO ORDERED.

DATED:  January 10, 2017

HON. GONZALO P. CURIEL
United States District Judge

[09cv2739-GPC(BLM)]